UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MISSOURI PRIMATE FOUNDATION, CONNIE BRAUN CASEY, individually, ANDREW SAWYER, individually, and JANE DOES 1 and 2, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:16-cv-2163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. and ANGELA SCOTT a/k/a ANGELA G. CAGNASSO, individually, | ) ) ) ) ) | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendants. | ) ) | |

## COMPLAINT

COME Now Plaintiffs, Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and Jane Does 1 and 2 ("Plaintiffs"), by and through their attorneys, Goldberg Segalla, LLP, and attorneys Kurtis B. Reeg and Lynn A. Lehnert, and respectfully state as follows.

### JURISDICTION, VENUE, and GENERAL ALLEGATIONS

1. Plaintiff Missouri Primate Foundation is a nonprofit Missouri corporation, not open to the public, located at 12338 State Rd. CC, Festus, Missouri, 63028. Connie Braun Casey is the President of Missouri Primate Foundation. Andrew Sawyer is a private individual residing in Las Vegas, Nevada. Jane Does 1 and 2 have yet to be named (collectively, "Plaintiffs").

2. Defendant People for the Ethical Treatment of Animals, Inc. (PETA) is a militant, activist, animal rights group using its cloak as a non-profit organization to threaten and bring litigation under the Endangered Species Act as the basis for some of its fundraising activities and makes claims for attorneys' fees under the Equal Access to Justice Act (28 U.S.C. 2412) and

1

other similar laws to fund its litigation war chest in furtherance of two of its goals, which are to end private ownership of animals and to have human or non-property rights bestowed upon non-wild, non-human primates, which under applicable law are considered to be private property. Defendant Angela Scott a/k/a Angela G. Cagnasso, upon information and belief, was previously a volunteer at the Missouri Primate Foundation, is and/or in this case acted as an informer, snitch, agent, and/or representative of PETA, acted under false pretenses to gain access to the facilities of the Missouri Primate Foundation to take videos, photographs and/or to obtain certain information for PETA's letter described more fully below in par. 5, and she is a private citizen residing in Maryland (collectively, "defendants").

3. Defendants have threatened in writing to Plaintiffs and certain federal officers to file a lawsuit against Plaintiffs herein under the Endangered Species Act, 16 U.S.C. § 1538 (a)(1)(B), and its implementing regulation, 50 C.F.R. § 17.21(c)(1). Specifically, defendants allege that Plaintiffs' possession of approximately sixteen (16) chimpanzees by Missouri Primate Foundation and Connie Braun Casey constitutes a "taking" in violation of the Endangered Species Act, 16 U. S. C. § 1538(a)(1)(B)[1] ("ESA"). *See* November 2, 2016 correspondence, attached as Exhibit A.

4. Chimpanzees are listed as endangered under the ESA, 50 C.F.R. §17.11(h), and non-wild chimpanzees are animals included within the list of endangered wildlife under the ESA as of September 14, 2015. 80 Fed.Reg. 34499 (June 16, 2015).

---

[1] (a) Generally.
    (1) Except as provided in sections 6(g)(2) and 10 of this Act [16 USCS §§ 1535(g)(2), 1539], with respect to any endangered species of fish or wildlife listed pursuant to section 4 of this Act [16 USCS § 1533] it is unlawful for any person subject to the jurisdiction of the United States to:…
        (B) take any such species within the United States or the territorial sea of the United States;
16 U.S.C. § 1538(a)(1)(B).

5. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1331, because a federal question is presented, *i.e.,* whether or not the possession of the chimpanzees by Plaintiffs constitutes a "take" in violation of the ESA.

6. Pursuant to 28 U.S.C. § 2201(a) and 28 U.S.C. § 2202, and as more fully set forth herein, an actual, ripe, justiciable controversy exists between Plaintiffs and Defendants so that the Court is authorized to provide Plaintiffs the requested declaratory and injunctive relief.

7. Pursuant to 16 U.S.C. § 1540(g)(5), the injunctive relief provided by citizen suits (such as the one Defendants allege will be filed against the Plaintiffs) to enjoin persons who are alleged to be in violation of any provision of the ESA, shall not restrict any right which any person, or class of persons, may have under any statute or common law to seek enforcement of any standard or limitation or to seek any other relief. As such, Plaintiffs have the authority and right to file this action.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), because this is the District in which a substantial part of the events giving rise to the question presented occurred.

## COUNT I - Declaratory Judgment

9. The ESA makes it unlawful, with certain exceptions, for any person subject to the jurisdiction of the United States to "take" any endangered species of fish or wildlife "within the United States or the territorial sea of the United States."

10. The ESA defines a "take" of an endangered species as to "**harass**, **harm**, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19) (emphasis added).

11. The Defendants' notice of their intent to file a lawsuit against Plaintiffs asserts that the bases for their "take" claims against Plaintiffs are grounded on the "harass" and "harm" elements of the statutory definition of the term "take."

12. The implementing regulations under the ESA, 50 C.F.R. Part 17, define "harass" as used in the definition of "take" to mean "an intentional or negligent act or omission which creates the likelihood of injury to wildlife by annoying it to such an extent as to significantly disrupt normal behavioral patterns which include, but are not limited to, breeding, feeding, or sheltering." 50 C.F.R. § 17.3. The term "harm" means "an act which actually kills or injures wildlife. Such act may include significant habitat modification or degradation where it actually kills or injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering." *Id*.

13. Defendants falsely assert in their notice of claim to Plaintiffs that Plaintiffs are violating the ESA by an ongoing "take" of chimpanzees (named in Exhibit A as Chloe, Mikayla, Joey, Tonka, Tammy, Connor, Candy, Allie, Kirby, Daisy, KK, Kimmy, Crystal, Kerry, Cooper, and Coby, collectively "chimpanzees") as follows:

   a. Missouri Primate Foundation, Connie Casey, and Andrew Sawyer keep Joey in isolation;
   b. Plaintiffs deny the chimpanzees complex environments;
   c. Plaintiffs deny the chimpanzees a sanitary environment.

*See* Exhibit A.

14. Plaintiffs deny Defendants' allegations set forth in their November 2, 2016 letter, Exhibit A attached hereto.

4

15. Plaintiff Missouri Primate Foundation, Connie Braun Casey, and Andrew Sawyer deny Defendants' claim that Joey is housed at the facilities of the Missouri Primate Foundation located in Festus, Missouri.

16. Plaintiffs deny Defendants' claim that sixteen (16) chimpanzees are housed at the facilities of the Missouri Primate Foundation located in Festus, Missouri.

17. Plaintiffs deny Defendants' claim that each and every one of the chimpanzees named in Defendants' November 2, 2016 letter, Exhibit A, as set forth in par. 13 above, are housed at the facilities of the Missouri Primate Foundation located in Festus, Missouri.

WHEREFORE, Plaintiffs respectfully pray that this Court enter its judgment and decree: declaring that Plaintiffs' housing, care and treatment of the chimpanzees housed at the Missouri Primate Foundation facilities in Festus, Missouri, do not constitute a "take" thereof under the Endangered Species Act and are, in fact, in compliance with the Endangered Species Act; awarding Plaintiffs their reasonable attorney fees and litigation costs incurred in preparing for, bringing and prosecuting this action, pursuant to Endangered Species Act, 16 U.S.C. §1540(g)(4), <u>Scales v. J.C. Bradford and Co.</u>, 925 F.2d 901. 909-10 (6th Cir. 1991), and <u>Shakopee Mdewakanton Sioux Community v. City of Prior Lake</u>, 771 F.2d 1153, 1160 (8th Cir. 1985); and granting for such other and further relief that this Court deems just and proper.

## **COUNT II – Injunction**

COMES NOW Plaintiffs, and for their cause of action for issuance of an Injunction, state as follows:

18. Each and every allegation set forth above in pars. 1-17 inclusive is incorporated herein in Count II by reference, as if fully set forth herein.

19. Defendants have threatened to file suit against Plaintiffs unless Plaintiffs relinquish chimpanzees to an unidentified, undisclosed facility of their own choosing.

20. Pursuant to 16 U.S.C. § 1540(g)(5) and 28 U.S.C. §2202, this Court has the authority to issue in favor of Plaintiffs and against Defendants "further necessary or proper relief based on a declaratory judgment or decree," including an injunction prohibiting Defendants from filing their threatened lawsuit against Plaintiffs in which they intend to claim that Plaintiffs are violating the ESA.

21. If Defendants are not enjoined and barred from filing their threatened lawsuit against Plaintiffs, as set forth herein, Defendants would be filing harassing, duplicative litigation and over-burdening the Court in violation of the doctrine and tenets of judicial economy, while in reality attempting to implement their true strategy as set forth in paragraph 2 above.

22. This Court can adequately declare the rights and remedies of the Plaintiffs and Defendants under the Endangered Species Act involving the private property at issue herein in this pending declaratory judgment proceeding.

WHEREFORE, based on the foregoing, Plaintiffs respectfully request that this court: issue an injunction in favor of Plaintiffs and against Defendants, enjoining and barring Defendants from filing any action against Plaintiffs based on or arising from any issues or matters asserted, addressed, or raised in their letter of November 2, 2016, attached as Exhibit A herein; waive the requirement of a bond or set a de minimus bond given that Defendants themselves will not suffer any harm during the pendency of this litigation that they would not have otherwise suffered if they had proceeded with their threatened ESA action; and grant such other and further relief as this Court deems just and proper.

## COUNT III – Defamation

COMES NOW Plaintiffs, and for their pendent state law claim of Defamation, state as follows:

23. Each and every allegation set forth above in pars. 1-17 inclusive is incorporated herein in Count II by reference, as if fully set forth herein.

24. On multiple occasions, Defendant PETA has posted and made statements and issued at least three (3) press releases/features (attached hereto as Exhibits B, C, and D which are incorporated herein) on its website which:

    A.    are false and defamatory toward Plaintiffs;

    B.    have identified the Plaintiffs;

    C.    were published through the fault of Defendants by actual malice, with knowledge the statements were false and/or a reckless disregard for whether the statements were true or false, and Defendants had serious doubt the statements were true; and

    D.    have damaged Plaintiffs' reputation.

25. Defendant PETA's false, misleading and defamatory statements were made with the knowledge that there was a high probability said statements would injure Plaintiffs and/or were issued with complete indifference to or conscious disregard of the Plaintiffs' rights, so that punitive damages are appropriate to be awarded in this case against Defendant PETA.

26. Since the publication by Defendant PETA their false, misleading and defamatory statements, Plaintiffs have been subject to ridicule, attorney's fees and costs, and other damages to be proven at trial.

WHEREFORE, Plaintiffs respectfully request that this Court: find that Defendant PETA has defamed Plaintiffs; award Plaintiffs compensatory and exemplary damages; award Plaintiffs

their reasonable attorney fees and litigation costs incurred in preparing for, bringing and prosecuting this action; and grant such other and further relief that this Court deems just and proper.

Date: December 30, 2016

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By:    /s/ Kurtis B. Reeg
Kurtis B. Reeg, MO Bar #27684
*kreeg@goldbergsegalla.com*
Lynn Lehnert, MO Bar #54546
*llehnert@goldbergsegalla.com*
8000 Maryland Suite 640
St. Louis, Missouri 63105
Telephone: 314-446-3350
Facsimile: 314-446-3360

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2016, I electronically filed the foregoing United States District Court – Eastern District of Missouri by using the CM/ECF system.

/s/ Kurtis B. Reeg