UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, ) <br> CONNIE BRAUN CASEY, individually, ) <br> ANDREW SAWYER, individually, and ) <br> JANE DOES 1 and 2, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PEOPLE FOR THE ETHICAL ) <br> TREATMENT OF ANIMALS, INC. and ) <br> ANGELA SCOTT a/k/a ANGELA G. ) <br> CAGNASSO, individually, ) <br> ) <br> Defendants. ) | Case No. 4:16-cv-02163 |

### DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Defendants People for the Ethical Treatment of Animals, Inc. ("PETA") and Angela Scott a/k/a Angela G. Cagnasso ("Scott") (collectively, "Defendants"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully move this Court to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. In support of this motion, Defendants respectfully state as follows:

### Introduction

1. PETA is an animal protection charity concerned about the treatment and living conditions of the chimpanzees living at the Missouri Primate Foundation (MPF), located in Festus, Missouri. Scott is a former volunteer at MPF who grew concerned about the treatment and conditions of the chimpanzees held there.

2. On November 2, 2016, pursuant to the statutory framework of the Endangered

Species Act (ESA), PETA and Scott sent Plaintiffs the required 60-day notice of intent to sue for alleged ongoing violations of the ESA. Before the 60-day period expired, Plaintiffs apparently moved several of the chimpanzees and filed the instant Complaint.

3. Now, Plaintiffs purport to bring three claims against PETA and Scott—a declaratory judgment (and ancillary injunctive relief) and a defamation claim—all related to Plaintiffs' possession of several chimpanzees and allegations of violations of the ESA.

4. The Court should reject this improper attempt at a preemptive strike and dismiss all counts for lack of subject matter jurisdiction and failure to state a claim.

**Summary of Argument**

5. In Count I, Plaintiffs ask the Court to declare that they are not in violation of the ESA.

6. This Court does not have subject matter jurisdiction over the declaratory judgment action because Plaintiffs' claims fail to present a justiciable controversy and are not ripe for judicial determination. The Complaint asks the Court to make a determination as to the legality of conditions identified by Defendants that require, and indeed hinge upon, a fact-intensive inquiry, and the Plaintiffs have also materially altered such conditions both before and after the filing of the Complaint. There are disputes of fact regarding the number of chimpanzees at the facility, the identity of the chimpanzees at the facility, the conditions in which they are held, the care they receive, and the effects of being held at MPF on their physical and psychological well-being—all determinative issues in this case. Plaintiffs allege no injury from the existing circumstances and a declaratory judgment would serve no useful purpose. Plaintiffs are using the declaratory judgment claim in an attempt to race to the courthouse.

7. In Count II, Plaintiffs ask this Court to enjoin Defendants from taking any further

action against them for violations of the ESA. This Count fails because Plaintiffs have failed to satisfy the pleading requirements for any viable claim for injunctive relief, or plead any justification for this extreme remedy.

8. Plaintiffs' claims for declaratory and injunctive relief are not authorized by the ESA, which allows for citizen suits against alleged violators of the Act, and they therefore cannot seek statutory attorney's fees pursuant to the ESA. The fact-intensive inquiry required for an ESA "take" claim is appropriately considered via an authorized affirmative claim by a citizen or the government against the alleged violator.

9. Finally, Count III also fails to state a claim because Plaintiffs fail to plead the required elements of a defamation claim, including because they fail to identify the alleged statements, no statements identity any individual Plaintiffs, and Plaintiffs have not suffered any actual harm to their reputation or otherwise because of the alleged statements.

10. Defendants file contemporaneously herewith their Memorandum in Support of this Motion, which is incorporated herein by reference.

WHEREFORE, Defendants respectfully requests that this Court grant their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, enter an order dismissing Counts I-III of the Complaint with prejudice, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

POLSINELLI PC


By: /s/James P. Martin
    JAMES P. MARTIN (#50170)
    MARISSA L. CURRAN (#61943)
    100 S. Fourth Street, Suite 1000
    St. Louis, MO 63102
    314.889.8000
    Fax No: 314.231.1776
    jmartin@polsinelli.com

    JARED S. GOODMAN (#1011876DC)
    (*Pro hac vice* admission pending)
    2154 W. Sunset Blvd.
    Los Angeles, CA 90032
    323.210.2266
    Fax No. 213.484.1648
    jaredg@petaf.org

    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on **February 28, 2017**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Kurtis B. Reeg and Lynn Lehnert
8000 Maryland, Suite 640
St. Louis, MO 63105
(314) 446-3350
Fax No. (314) 446-3360
kreeg@goldbergsegalla.com
llehnert@goldbergsegalla.com

ATTORNEYS FOR PLAINTIFFS


    /s/James P. Martin

4