UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, ) <br> CONNIE BRAUN CASEY, individually, ) <br> ANDREW SAWYER, individually, ) <br> and JANE DOE 2, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PEOPLE FOR THE ETHICAL ) <br> TREATMENT OF ANIMALS, INC. and ) <br> ANGELA SCOTT a/k/a ANGELA ) <br> G. CAGNASSO, individually, ) <br> ) <br> Defendants. ) | No. 4:16-cv-02163 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

COME NOW Plaintiffs Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and Jane Doe 2 (collectively "Plaintiffs"), by and through counsel, Goldberg Segalla LLP, for their memorandum in opposition to Defendants People for the Ethical Treatment of Animals, Inc. and Angela Scott, a/k/a Angela G. Cagnasso (collectively "PETA"), hereby state as follows.

## I.   ARGUMENT

PETA has filed a motion to dismiss plaintiffs' claims for a declaratory judgment and injunction, arguing that this Court has no jurisdiction and plaintiff has failed to state claims. In reality, PETA is perturbed by the fact that instead of being the named plaintiff, the position in which it is used to serving, it is now a defendant.

The United States Supreme Court long ago summarized the principles of the Declaratory Judgment Act in the case of *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937). The

Declaratory Judgment Act is limited to cases of actual controversy; a "controversy" in this sense must be one that is appropriate for judicial determination, as distinguished from a difference or dispute of a hypothetical or abstract character, academic, or moot. *Aetna,* 300 U.S. 227, 240-241 (citations omitted). It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *Id*. (citations omitted). Further, where there is such a concrete case, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages; it is likewise not essential to the exercise of judicial power that an injunction be sought or allegations of irreparable injury be threatened. *Id*. (citations omitted).

In this case, Plaintiffs seek a definitive determination that their care, treatment and possession of the chimpanzees at issue does not violate the Endangered Species Act's (ESA's) "take" provision. For various reasons detailed below, PETA's motion to dismiss should be denied.

### A. The ESA Expressly Authorizes Declaratory Judgments.

Not only do 28U.S.C. §§ 2201(a), 2202 authorize this declaratory judgment action, but the ESA also expressly authorizes declaratory judgments such as these. Doc. 12 p. 12. Notably absent from PETA's argument in its Motion is recognition of the authority granted to the court by 16 U.S.C. § 1540(g)(5) and 28 U.S.C. §2202 to issue "further necessary or proper relief based on a **declaratory judgment** or decree." (emphasis added). Federal courts have recognized plaintiffs' right to seek declaratory relief under the Declaratory Judgment Act, citing 16 U.S.C. § 1540(g)(5) in stating that the injunctive relief provided by the ESA's citizen-suit provision does not foreclose this relief. *Aransas Project v. Shaw*, 835 F. Supp. 2d 251, (S.D. TX. 2011), reversed on other grounds, 756 F.3d 801 (5th Cir. 2014).

Additionally, there is nothing in the Declaratory Judgment Act or the Endangered Species Act barring plaintiffs from seeking a declaratory judgment on this issue. Declaratory judgments are commonly filed by private parties against alleged violators of the "take" provision found in the ESA. *People for the Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, 189 F. Supp. 3d 1327 (S.D. Fl. 2016) (Complaint alleging violation of ESA "take" provision filed by PETA seeking declaratory and injunctive relief); *Kuehl v. Sellner*, 161 F. Supp. 3d 678 (N.D. Ia. 2016) (Complaint against private persons filed by Animal Legal Defense Fund, seeking a declaratory and injunctive relief claiming that defendants violated the "take" provision of the ESA).[1]

As noted by the United States Supreme Court: "It is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative." *Aetna*, 300 U.S. at 244 (Complaint for declaratory judgment brought by insurer presented a real controversy; the character of the controversy and of the issue to be determined was essentially the same, whether presented by the insured or by the insurer). Should the court decline jurisdiction on this issue PETA, through its Notice of Intent letter (Doc. 1-1), has clearly stated its intention to file its own declaratory judgment and injunction case against Plaintiffs on the exact same issue as set forth in Plaintiffs' Complaint, thus thwarting the clear provisions of the ESA and the doctrine of judicial economy. PETA's argument that Plaintiffs cannot sue under the ESA is incorrect.

---

[1] Notably, this argument has not stopped PETA from itself filing declaratory judgments on a variety of issues. See, for example: *People for the Ethical Treatment of Animals v. United States Fish & Wildlife Service*, 59 F. Supp. 3d 91, 2014 U.S. Dist. LEXIS 97782 (D.C. 2014) (Declaratory judgment filed by PETA against Fish & Wildlife Service regarding pattern and practice of actions); *People for the Ethical Treatment of Animals v. NIH HHS*, 853 F. Supp. 2d 146, 2012 U.S. Dist. LEXIS 49823 (D.C. Cir. 2012), affirmed in part and vacated in part by *People for the Ethical Treatment of Animals v. NIH, HHS*, 745 F.3d 535, 409 U.S. App. D.C. 15 (2014) (Plaintiff PETA sought a declaratory judgment that defendant violated FOIA); *People for the Ethical Treatment of Animals v. Gittens*, 396 F.3d 416, 364 U.S. App. D.C. 386 (D.C. Cir. 2005)(amended complaint filed by PETA pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201-2002, requesting actual damages for the loss of First Amendment rights as it may prove at trial); *People for the Ethical Treatment of Animals v. Giuliani*, 2000 U.S. Dist. LEXIS 15819, 2000 WL 1639423 (S.D. N.Y. 2000) (PETA complaint sought, among other things, a declaratory judgment as to PETA's federal and state constitutional rights to exhibit its rejected cow design in a CowParade).

### B. This Court Has Subject Matter Jurisdiction.

The Declaratory Judgment Act states: "…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). As noted by the United States Supreme Court, both federal and state courts have long accepted jurisdiction in cases involving application of the Declaratory Judgment Act to situations in which the plaintiff's self-avoidance of imminent injury is coerced by threatened enforcement action of a private party. *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 130 (2007) (citations omitted). Here PETA, a private party, is threatening action against Plaintiffs, and Plaintiffs rightly filed a Declaratory Judgment Case to provide a concrete outcome to an actual controversy because: (1) Plaintiffs satisfy the standards adopted by the 8th Circuit in determining whether to hear the declaratory judgment, and (2) Plaintiffs' case is ripe for review.

### 1. Plaintiffs Satisfy the Test Adopted by the 8th Circuit In Determining Court Discretion to Hear Declaratory Judgments.

The full scope of a district court's discretion to grant a stay or abstain from exercising jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), differs depending upon whether a "parallel" state court action involving questions of state law is pending. Where no such parallel state action is pending, as in this case, the discretion to abstain or grant a stay is less broad and is to be exercised according to a six factor test adopted by the 8th Circuit:

(1) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue";

(2) whether the declaratory judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding";

\*\*\*\*\*

(6)"whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.'"[2]

*Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967-968 (8th Cir. 2013), citing *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998 (8th Cir. 2005) (alteration in original) (quoting and adopting a test articulated by the Fourth Circuit in *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998) (per curiam)). Since there is no parallel state action pending, factors (3), (4), and (5) are inapplicable.

So, as to the first factor, this declaratory judgment will clarify and settle the legal relations at issue. The "useful purpose" served by the declaratory judgment act is the clarification of legal duties for the future. *AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004). Plaintiffs ask the court to determine whether its continuing care and treatment of the chimpanzees at issue constitutes a "take" under the ESA, such that in the future they can act in accordance with the ESA and this court's decision. As noted above, declaratory judgments are commonly used by the courts to determine these exact issues; the only difference here is a reversal of roles. See, for example, *People for the Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, 189 F. Supp. 3d 1327 (S.D. Fl. 2016); *Kuehl v. Sellner*, 161 F. Supp. 3d 678 (N.D. Ia. 2016), cited *supra*.

Second, this declaratory judgment affords relief from the "**uncertainty, insecurity, and controversy**" giving rise to this federal proceeding. (emphasis added) Plaintiffs received from PETA an intent to sue letter. Given PETA's penchant for filing ESA-related lawsuits, this case would occur in any event – it was only a matter of time. The uncertainty, insecurity and

---

[2] The other factors, inapplicable to this case, include: (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law…'

controversy resulting from an impending lawsuit by a well-heeled, militant activist group such as PETA is considerable for the Plaintiffs. Settling a controversy such as this with a declaratory judgment action is precisely what the law intends. Stated differently, the law does not dictate that Plaintiffs should wait for PETA to act, when an actual controversy is now before the Court and ready to be decided.

PETA also argues that Plaintiffs allege no injury. Doc. 12, p. 7. A plaintiff does not have to await consummation of threatened injury before bringing a declaratory judgment action; rather, an action is ripe for adjudication if the plaintiff faces injury that is certainly impending. *South Dakota Mining Association, Inc. v. Lawrence County*, 155 F.3d 1005, 1008 (8th Cir. 1998) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 60 L. Ed. 2d 895, 99 S. Ct. 2301 (1979). The judiciary may still exercise this function even if an injunction is not sought and irreparable injury is not threatened. *Aetna Life Ins.*, 300 U.S. at 241. Contrary to PETA's argument, the ESA does not give PETA bridled authority to sue who, what, when, where, and why it chooses. While PETA claims that "Plaintiffs would suffer no hardship in waiting to defend a potential lawsuit," (Doc. 12 p. 5), the uncertainty, stress, insecurity, controversy, doubt, emotional hardship and attorneys' fees suffered by plaintiffs waiting in a corner until PETA decides to pull the trigger is actionable now.

Third, PETA argues Plaintiffs are guilty of "procedural fencing," but offers no real or valid reason why Plaintiffs should not have this actual controversy decided now. Instead, they argue that their own coercive action by PETA and Scott should resolve the issues. Doc. 12 p. 9. PETA concedes that procedural fencing is generally considered within the context of forum shopping, which is not involved in this case. Doc. 12 p. 8. Indeed, the cases cited by PETA on this issue involved forum issues. *Internet Transaction Sols., Inc. v. Intel Corp.*, 2006 WL

Page **6** of **12**
6365807.1

1281654, 20-21 (S.D. Oh. 2006) (In trademark infringement action, declaratory plaintiff filed first to get choice of forum); *Sealco Int'l, Inc. v. Control De Deschechos Industriales Y Monitoreo Ambiental, S.A.*, 2000 WL 380251, 14 (N.D. Tex. 2000) (Declaratory plaintiff filed action in both state and federal court to pick the forum venue and to preempt suit by defendant). Notably, the Eastern District of Missouri has already addressed this issue. In a trademark infringement action, Express Scripts filed a declaratory judgment after receiving correspondence from Intel insisting that Express Scripts abandon its trademark application. *Express Scripts, Inc. v. Intel Corp*., 2010 U.S. Dist. LEXIS 18933 (E.D. Mo. 2010). Express Scripts (ESI) received this correspondence in early May 2009, and filed a declaratory judgment on May 22, 2009. *Id*. at 3-4. The court denied Intel's motion to dismiss. In so doing, it stated: "Intel's arguments in favor of discretionary dismissal are not persuasive. First, the cases cited by Intel in which courts have dismissed declaratory judgment actions as improperly attempting to usurp the true plaintiff's choice of forum and for failing to show an adverse effect on the use of the intellectual property at issue, all involve situations in which a declaratory judgment action and an infringement action were pending in different federal courts." *Id*. at 16. (citations omitted). Intel had not filed another action in a different forum. *Id*. at 16-18. Further, the court did not agree with Intel that discretionary dismissal of this suit would promote informal settlement. While Express Scripts filed this suit on May 22, 2009 (the response deadline in Intel's letter), ESI was under no obligation to negotiate with Intel if it had concluded that it had the right to use the marks it sought to register with the Patent and Trademark Office. *Id*. at 18-19 (citations omitted). In this current case, Plaintiffs' rights have been challenged and the issues have been joined; Plaintiffs have a right to seek a declaration of their rights.

PETA also neglects to include the full language of the third factor in its motion. Doc. 12, p. 7. The full language of this provision includes: "a device for 'procedural fencing'—**that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable**." (emphasis added). Plaintiffs have neither filed a declaratory judgment to achieve res judicata, nor to achieve a federal hearing on a state matter that is not removable. There are no forum issues here. If the court dismisses this case, PETA will file its own lawsuit against Plaintiffs, likely in this same forum, regarding exactly the same issues already joined in this case– whether Plaintiffs' care, treatment and possession of the chimpanzees constitutes a "take" under the ESA. This Court should deny Defendants' Motion to Dismiss and let this case proceed.

    **2. Plaintiffs' Action is Ripe Because A Concrete Dispute Exists and Hardship Will Result if Jurisdiction is Declined.**

Ripeness is demonstrated by a showing that a live controversy exists such that the plaintiffs will sustain immediate injury from the operation of the challenged provisions." *South Dakota Mining*, *supra*, 155 F. 3d at 1008, citing *Employers Ass'n, Inc. v. United Steelworkers*, 32 F.3d 1297, 1299 (8th Cir. 1994). An action is ripe for adjudication if the plaintiff faces injury that "is certainly impending." *Id*. (citations omitted). Here, plaintiffs face imminent injury from PETA that their chimpanzees will be removed from their care.

A ripeness inquiry also requires examination of whether the issues are fit for judicial decision at this stage of the proceedings and the hardship to the parties if the court withholds consideration. *Jones v. Henry Indus*., 2017 U.S. Dist. LEXIS 17669, 12 (E.D. Mo. February 8, 2017), citing *Pub. Water Supply Dist. No. 10 of Public Water Supply Dist. No. 10 v. City of Peculiar,* 345 F.3d 570, 572-573 (8th Cir. 2003). Whether a case is "fit" depends on whether it would benefit from further factual development. *Pub. Water Supply*, 345 F.3d at 573. Here,

PETA argues further factual development is required and as such, declaratory judgments are unsuitable to determine a violation of the ESA "take" provision. Doc 12 p. 5.

PETA itself has filed declaratory judgments to determine this exact issue. See *People for the Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, supra. In *Miami Seaquarium*, PETA sought declaratory and injunctive relief, claiming that the defendant had committed an unlawful "take" of a killer whale named Lolita in violation of the ESA section 9(a)(1)(B). 189 F. Supp. 3d at 1334. More specifically, PETA alleged that a "take" had occurred because Lolita was suffering "harm" and "harassment." *Id*. This is the precise situation at issue in this case as set forth in their notice of intent letter.

With respect to hardship, this court has found that parties "need not wait until the threatened injury occurs, but the injury must be certainly impending." *Pub. Water Supply,* 345 F.3d at 572-573. Declaratory judgments are typically sought before a completed "injury-in-fact" has occurred, and, as here, an "actual controversy" exists. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000), citing *Pic-A-State Pa., Inc. v. Reno*, 76 F.3d 1294, 1298 (3d Cir. 1996), and *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 81 L. Ed. 617, 57 S. Ct. 461 (1937). Here, PETA issued a notice of intent to sue, and indeed concedes that it would in fact sue – Plaintiffs only had to wait. Direct injury to Plaintiffs was threatened and is certain to occur.

PETA cites this Court's holding that it will decline to hear actions where <u>material changes</u> are made <u>after the lawsuit is filed</u>. *Rexam, Inc. v. Mueller*, 2005 WL 2491458, 2 (E.D. Mo. 2005). However, Plaintiffs did not make a material change. Three (3) chimps were transferred **before** this action was filed based on transfer discussions that occurred "well before receipt of PETA's Notice of Intent to sue…." (Declaration of Connie Braun Casey, attached

hereto as Exhibit A, ¶ 3.) Two (2) chimps were transferred after the lawsuit was filed (one as admitted by PETA in its Memorandum to a sanctuary as requested by PETA [Doc. 12 p. 2]); eleven (11) chimps remain. Given that approximately 85% of the original chimps remain, there was no material change after this lawsuit was filed.

There is no reason for this Court to withhold its Declaratory Judgment, because should the Court dismiss this action for lack of jurisdiction, it is virtually guaranteed that PETA will file its lawsuit against Plaintiffs to determine the exact same issues.

### C. Plaintiffs Have Stated Valid Claims for An Injunction And Defamation.

As alleged in paragraph 7 of their Complaint, 16 U.S.C. § 1504 (g)(5) provides that the injunctive relief provided by citizen suits shall not restrict <u>any right</u> which <u>any person</u>, or class of persons, may have <u>under any statute or common law</u> to seek enforcement <u>of any standard</u> or limitation <u>or to seek any other relief</u>. Thus, 16 U.S.C. § 1504 (g)(5) permits not only Plaintiffs' declaratory judgment claim, but its injunction claim as well.

PETA moves to dismiss for failure to state Plaintiffs' claims for an injunction and defamation. In reviewing a motion to dismiss for failure to state a claim, the Court presumes all factual allegations to be true and all reasonable inferences from those allegations are construed in favor of the non-moving party. *Mousel v. Knutson Mortgage Corp.*, 823 F. Supp. 658, 662-663 (D. Minn. 1993), citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Palmer v. Tracor, Inc.*, 856 F.2d 1131, 1132 (8th Cir. 1988). The appropriate inquiry is not whether plaintiff will ultimately prevail but whether she will be allowed to introduce evidence to support her claims. *Id.*, citing *Scheuer*, 416 U.S. at 236. Because dismissal on the pleadings is an extreme remedy it is not favored by the courts and is employed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*,

citing *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957) (footnote omitted) (further citations omitted).

PETA argues in absurd, circular fashion that Plaintiffs have failed to state a claim for an injunction, so that since they are not entitled to a declaratory judgment, they are also not entitled to an injunction. Yet, in the same breath, PETA continues to argue the Court should evaluate the merits of this case in PETA's own declaratory judgment and injunction action, and there is no harm to Plaintiffs if the Court hears the exact same case if it is filed by PETA. Doc. 1-1 p. 9; 12 p. 11-12. Again, Plaintiffs should not have to wait for an action to be filed against them by PETA to determine the exact same ripe issues. As shown above, Plaintiffs are entitled to a declaratory judgment. The public interest is still served with this Court evaluating the merits of this case now before it. Indeed, the public interest is better served, because these issues are already before the Court, versus dismissing this case and waiting for PETA to file exactly the same action. Indeed, Plaintiffs allege in their Complaint that should an injunction not issue, harassing, duplicative litigation will result. Doc. 1 ¶ 21.

With respect to the defamation claim, PETA complains about combing through a whole "seven pages of Exhibits," whereas only five pages actually contain statements, and which statements alleged to be actionable are obvious. Plaintiffs have pleaded the elements of defamation under Missouri law. Moreover, the statements identify both Missouri Primate Foundation and Connie Braun, or Connie Braun Casey. Docs. 1-3, 1-4.[3] Additionally, Plaintiffs have alleged reputational harm and expenditure of attorneys' fees and costs. All that is required of Plaintiffs at this point is a notice pleading, a standard it has met.

---

[3] PETA also complains about the Jane Doe plaintiffs. Jane Doe 1 has been dismissed. Doc. 10.

Page **11** of **12**
6365807.1

Since dismissal on the pleadings is an extreme remedy disfavored by the courts, Plaintiffs request that PETA's motion to dismiss for failure to state a claim for injunction and defamation be denied.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendants' motion to dismiss, and grant such other and further relief that this Court deems just and proper.

Date: March 22, 2017

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: /s/ Kurtis B. Reeg
Kurtis B. Reeg, MO Bar #27684
*kreeg@goldbergsegalla.com*
Lynn Lehnert, MO Bar #54546
*llehnert@goldbergsegalla.com*
8000 Maryland Suite 640
St. Louis, Missouri 63105
Telephone: 314-446-3350
Facsimile: 314-446-3360

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2017, I electronically filed the foregoing United States District Court – Eastern District of Missouri by using the CM/ECF system.

/s/ Kurtis B. Reeg