UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MISSOURI PRIMATE FOUNDATION, et al.,** <br><br> Plaintiffs and Counterclaim Defendants; <br><br> v. <br><br> **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al.,** <br><br> Defendants and Counterclaim Plaintiffs. | **Case No. 4:16-cv-02163** |

## NOTICE OF FILING ANSWER TO COUNT I AND MEMORANDUM TO CLERK REGARDINGREMAINING CLAIMS AT ISSUE IN THE PENDING MOTION TO DISMISS

COME NOW Defendants and Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. ("PETA") and Angela Scott (collectively, "Defendants"), by and through their undersigned counsel, and hereby give notice that they have filed an Answer to Count I of the Complaint filed by Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and Jane Doe 2 (collectively, "Plaintiffs").

Because the answer is only as to Count I, this filing does not impact the portions of Defendants' previously filed motion to dismiss (and memoranda in support) relating to Counts II and III [*see* ECF. No. 12 at Sections III. B. and III.D, pp. 10-15; ECF No. 22 at Sections I and II, pp. 1-5.] Defendants also respectfully submit that this filing should not affect the portions of Defendants' motion to dismiss (and memoranda in support) relating to Count I; specifically, the Court should decline to exercise jurisdiction over Count I, which is not authorized by the Endangered Species Act ("ESA"). [*See* ECF No. 12 at Section III.A.2, pp. 6-10, Section III.C, pp.12-13; ECF No. 22 at Section III.A, pp. 5-8,

Section III.C, pp. 11-14.]

A. **Current Procedural Posture**

On November 2, 2016, Defendants sent Plaintiffs written notice that they intended to file suit under the ESA, as required under 16 U.S.C. § 1540(g)(2)(A)(i). *See* Exhibit to Complaint [ECF No. 1-1]. Plaintiffs responded by filing a three-count Complaint against Defendants. [ECF No. 1.] Defendants filed their motion to dismiss on February 28, 2017, seeking dismissal of Count I for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and dismissal of Counts II and III for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and supporting memoranda. [ECF Nos. 11, 12 and 22.] The motion remains pending.

B. **Memorandum to Clerk Regarding Remaining Claims at Issue in the Motion to Dismiss.**

Defendants explained in their reply in support of the motion to dismiss that they intended to file appropriately pled claims that accurately reflect the factual developments and establish that Plaintiffs are violating the ESA. [ECF No. 22, at 14.] To facilitate the prompt resolution of these claims, Defendants have now filed an Answer to Count I and their ESA counterclaim [ECF No. 23], even though the motion to dismiss remains pending. Defendants believe that the conditions at the Missouri Primate Foundation are so inadequate to provide for the chimpanzees' health and well-being that serious—if not fatal—consequences could result if the prosecution of their ESA claims is further delayed. Defendants are also gravely concerned that, after they sent their initial notice letter, Plaintiff Connie Braun Casey transferred ownership and possession of three chimpanzees to another facility [ECF No. 17-1], and Plaintiff Andrew Sawyer absconded with chimpanzee Joey to an unknown location [ECF No. 12-1 at 2, ¶ 5].

Because the Defendants have only filed an answer as to Count I of the Complaint, the portion of the motion to dismiss regarding Count II and Count III remain before the Court, have been fully briefed, and are ready for a ruling.[1]

Moreover, although Defendants have filed an Answer to Count I, Defendants submit that this filing should not affect the portion of the previously filed motion to dismiss relating to Count I. The Court may consider this portion of the motion—arguing that Count I should be dismissed for lack of subject-matter jurisdiction—under Fed. R. Civ. P. 12(h)(3) or 12(c). First, a court must dismiss a claim if it "determines at any time that it lacks subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3), and "[a] motion to dismiss for lack of subject matter jurisdiction may be brought at any time pursuant to Fed. R. Civ. P. 12(h)(3)." *Asarco LLC v. NL Indus., Inc.*, No. 4:11-CV-00864-JAR, 2012 WL 4480738, at *1 (E.D. Mo. Sept. 28, 2012); *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2010 WL 1329593, at *1 (E.D. Mo. Apr. 6, 2010). Parties may also challenge subject-matter jurisdiction after pleadings have closed by filing a motion for judgment on the pleadings.[2] *E.g.*, *Raus v. Bhd. Ry. Carmen of U.S. & Canada*, 663 F.2d 791, 799 (8th Cir. 1981) ("[W]e affirm the order of the district court granting the railroad's motion for judgment on the pleadings on the basis of a lack of subject matter jurisdiction.").

In analyzing a Rule 12(c) or 12(h)(3) motion challenging subject-matter jurisdiction, courts apply the same standard that they would under Rule 12(b)(1). *Asarco*

---

[1] Defendants' now-partial motion to dismiss as it relates to Counts II and III of the Complaint is unaffected by their filing of an Answer to only Count I. *See generally, e.g.*, *Miller v. Albright*, No. 4:07-CV-1086 CAS, 2008 WL 1840785, at *1 (E.D. Mo. Apr. 23, 2008) (finding that where defendant filed a partial motion to dismiss plaintiff's federal claims, defendant was in default for not filing an answer to plaintiff's state law claims).

[2] This Court has previously explained that, where a party could simply re-file a motion to dismiss as a motion for a judgment on the pleadings, it serves "the ends of justice [and] the needs of judicial economy" to simply convert the already-filed motion instead of requiring the party to file a new motion. *Myers v. Sander*, No. 4:13 CV 2192 CDP, 2014 WL 1303647, at *1 (E.D. Mo. Apr. 1, 2014). If, however, the Court prefers that Defendants re-file the portion of their Motion to Dismiss relating to Count I as a discrete motion pursuant to Rule 12(c) or 12(h)(3), Defendants will do so promptly.

*LLC,* 2012 WL 4480738, at *1 ("A 12(h)(3) motion to dismiss is evaluated under the same standards as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed.) ("[I]f a party raises an issue as to the court's subject matter jurisdiction on a motion for a judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1)."). Thus, whether the Court considers the portion of the motion to dismiss relating to Count I under Rule 12(c) or Rule 12(h)(3) will have no substantive impact on the Court's analysis of the jurisdictional arguments raised by Defendants.

Date:   June 23, 2017                              Respectfully submitted,

                                                    By: /s/ Jared S. Goodman
                                                        JARED S. GOODMAN (#1011876DC)
                                                        (Admitted *pro hac vice*)
                                                        PETA Foundation
                                                        2154 W. Sunset Blvd.
                                                        Los Angeles, CA 90032
                                                         323.210.2266
                                                         Fax No: 213.484.1648
                                                         jaredg@petaf.org

                                                         POLSINELLI PC
                                                         JAMES P. MARTIN (#50170)
                                                         MARISSA L. CURRAN (#61943)
                                                         100 S. Fourth Street, Suite 1000
                                                         St. Louis, MO 63102
                                                         314.889.8000
                                                         Fax No: 314.231.1776
                                                         jmartin@polsinelli.com

                                                         *Attorneys for Defendants/*
                                                         *Counterclaim Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on **June 23, 2017**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Kurtis B. Reeg and Lynn Lehnert
8000 Maryland, Suite 640
St. Louis, MO 63105
(314) 446-3350
Fax No. (314) 446-3360
kreeg@goldbergsegalla.com
llehnert@goldbergsegalla.com

*Attorneys for Plaintiffs/
Counterclaim Defendants*

                                            /s/ Jared S. Goodman