UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MISSOURI PRIMATE FOUNDATION, CONNIE BRAUN CASEY, individually, ANDREW SAWYER, individually, and JANE DOE 2, | ) ) ) ) ) | |
| Plaintiffs and Counterclaim Defendants | ) ) ) | |
| vs. | ) ) | No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. and ANGELA SCOTT a/k/a ANGELA G. CAGNASSO, individually, | ) ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MOTION TO STRIKE**

Plaintiffs/Counterclaim Defendants Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer and Jane Doe 2 ("Plaintiffs" or "Counterclaim Defendants") submit the following memorandum in support of their Motion to Strike.

**I.     Introduction**

Defendants/Counterclaim Plaintiffs' ("Defendants" or "Counterclaim Plaintiffs") filed a Counterclaim against Plaintiffs asserting a litany of alleged deficiencies related to the conditions under which Plaintiffs hold 16 chimpanzees. Defendants' complaints range from allegations that the enclosures are unsanitary to claims that the chimpanzees lack appropriate enrichment items. [Doc. 23, ¶4]. Defendants allege that these conditions "harm" and "harass" the chimpanzees in violation of the Endangered Species Act's ("ESA") "take" prohibition. [Doc. 23, ¶4]. In support

of those claims, Defendants make a number of allegations that are wholly immaterial to any recognized theory of recovery and serve only to scandalize and impugn Plaintiffs. Accordingly, Plaintiffs bring this motion to strike those materials from Defendants' Counterclaim.

## II. Standard of Review

### a. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike "any redundant, immaterial, impertinent, or scandalous matter" set forth in the pleadings. "Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys 'liberal discretion' thereunder." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). In ruling on a motion to strike pursuant to Rule 12(f), a court must construe the pleadings in the light most favorable to the nonmoving party. *Giblee v. RJW Transp., Inc.*, 2010 WL 4974863, at *2 (E.D.Mo. 2010). When allegations are determined to be redundant or immaterial, they should be stricken "only if prejudicial to the moving party." *Id*. "A prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike." *Id*.

## III. Discussion

### A. Defendants have pleaded numerous allegations that are immaterial and/or scandalous.

For absolutely no discernable legitimate reason, Defendants plead allegations related to purported tax liens against Plaintiffs. In addition, despite specifically acknowledging that Plaintiffs are not currently publicly displaying the chimpanzees, Defendants spend an inordinate amount of time citing and discussing the Association of Zoos and Aquariums' ("AZA") Chimpanzee Care Manual. Similarly, Defendants provide allegations related to the allegedly

preferred practices of a voluntary trade association and the opinions of an actor that worked with a chimpanzee currently housed at the Missouri Primate Foundation; allegations that are essentially the immaterial opinions of third parties. None of these allegations serve to provide any actual support for any of Defendants' claims. Instead, they are merely the smear tactics of a well-funded and organized interest group that appears to see any means as justifying its ends.

**1. Allegations related to tax liens.**

In paragraphs 40 and 41, Defendants make allegations related to purported tax liens against Plaintiff Casey. Defendants provide no context or explanation as to the purpose or relevance of the allegations. [Doc. 23, ¶¶40, 41]. Defendants don't even provide a year or any other factual information to support the allegations.

A motion to strike is appropriate if "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Mark Andy, Inc. v. Cartonmaster Int'l (2012), Inc.*, 2014 WL 7140630, at *1 (E.D. Mo. Dec. 12, 2014).

In this case, there is no possible relation or connection between some date uncertain purported tax liens against an individual defendant and any of Defendants' claims. The only purpose of the allegations is to attempt to cause embarrassment and to harass Plaintiffs. Both of those purposes are inappropriate and the allegations should be stricken from Defendants' Counterclaim.

**2. Allegations related to AZA Chimpanzee Care Manual, GFAS Standards and Alan Cummings.**

Defendants spend paragraphs 71, 79, 80, 81, 84, 86, 87, 120, 122 and 132 of their Counterclaim discussing the AZA Chimpanzee Care Manual. [Doc. 23]. Defendants also allege

that Plaintiffs fail to comply with the Global Federation of Animal Sanctuaries' ("GFAS") "Standards for Great Ape Sanctuaries." [Doc. 23, ¶78]. Finally, Defendants offer the opinion of Alan Cumming that he is "deeply troubled by the conditions in which [one of the chimpanzees] is held." [Doc. 23, ¶51]. While those allegations, as compared to paragraphs 40 and 41, do at least contain the word "chimpanzee," they are otherwise wholly immaterial to any of Defendants' claims.

Defendants admit that Plaintiffs are not currently displaying any of the chimpanzees. [Doc. 23, ¶38]. Thus, any standards related to the appropriate means to house animals in a zoo have no relation or logical connection to Defendants' claims in this matter. Further, the GFAS, as alleged by Defendants, is a voluntary "international certification body for animal sanctuaries," and not a source of legally enforceable standards. [Doc. 23, ¶12]. Finally, Defendants' allegations regarding the supposed opinions of Alan Cummings provide no basis to conclude that his speculation is informed or based on any relevant or material information. [Doc. 23, ¶51].

These allegations provide no support for Defendants' claims. Instead, they serve only to provide a confusing array of purported standards and conditions of care for chimpanzees, many of which are not even applicable to how Plaintiffs' chimpanzees are housed. As discussed in Plaintiffs' Motion to Dismiss, the only standards for the care of the chimpanzees that are relevant to this matter are those provided by United States Department of Agriculture ("USDA"). Plaintiffs are significantly prejudiced by these allegations as they serve to only add confusion and complexity to Defendants' claims and require meticulous efforts to sort through to determine any information that possibly supports Defendants' claims. It is clear these allegations are made only to provide background noise to distract from the lack of actual substance purportedly

supporting Defendants' Counterclaim. Accordingly, a motion to strike those allegations is appropriate.

## IV. Conclusion

Based on the foregoing reasons and authorities, Plaintiffs/Counterclaim Defendants Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer and Jane Doe 2 respectfully request that paragraphs 40, 41, 51, 71, 77, 78, 79, 80, 81, 84, 86, 87, 120, 122, 132 of Defendants' Counterclaim be stricken, and for such further relief as the court deems just and proper.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: /s/ Kurtis B. Reeg
Kurtis B. Reeg, MO Bar #27684
*kreeg@goldbergsegalla.com*
Lynn Lehnert, MO Bar #54546
*llehnert@goldbergsegalla.com*
8000 Maryland Suite 640
St. Louis, Missouri 63105
Telephone: 314-446-3350
Facsimile: 314-446-3360

*Attorneys for Plaintiffs/Counterclaim Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2017, I electronically served the foregoing through filing it with the United States District Court – Eastern District of Missouri by using the CM/ECF system.

/s/ Kurtis B. Reeg