# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES GRAHAM, ET. AL. | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 5:15-CV-1054-XR |
| SAN ANTONIO ZOOLOGICAL SOCIETY | § § § | |
| *Defendant*. | § § § § § | |

**ORDER**

On this date, the Court considered Defendant's motion to dismiss (Docket No. 8) and Defendant's motion to stay (Docket No. 13), and the various responses.

**I.**
**Background**

Plaintiffs bring this suit alleging that the San Antonio Zoo has violated the Endangered Species Act ("ESA") by possessing, harming and harassing an endangered Asian elephant named Lucky.[1]

The Zoo allegedly violates the Act by keeping Lucky: "(a) without the companionship of any other Asian elephants; (b) in a small enclosure; (c) with virtually no shelter from the sun; and (d) on a hard, unnatural, species-inappropriate substrate."

---

[1] Defendant does not challenge that Plaintiffs have standing to bring this suit. This Court independently concludes that the ESA eliminates any prudential standing requirement and that Plaintiffs have satisfied Article III standing by showing that they have suffered an injury in fact, fairly traceable to the defendant's action, and capable of judicial redress. *See Am. Soc'y For Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334, 336 (D.C. Cir. 2003)

Plaintiffs seek a declaratory judgment that the Zoo's current treatment of Lucky violates Section 9 of the Endangered Species Act and request that this Court grant injunctive relief either by ordering the transfer of Lucky to an elephant sanctuary in Tennessee, or in the alternative ordering the zoo to remedy its treatment of Lucky.

## II.

### Motion to Dismiss

Defendant seeks dismissal of this lawsuit arguing that Plaintiffs have failed to state a claim upon which relief can be granted. Specifically, Defendant claims that the ESA does not regulate a zoo animal's living conditions, the Animal Welfare Act ("AWA") regulates a zoo animal's living conditions, and the AWA does not provide for the filing of private lawsuits.

## III.

### Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the grounds for entitlement to relief, including factual allegations that when assumed to be true raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). In other words, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. A pleading

need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555.

### IV.

### Analysis

Plaintiffs concede that the Animal Welfare Act does not provide for a private lawsuit to enforce its terms. *See International Primate Protection League v. Institute for Behavioral Research, Inc.*, 799 F.2d 934, 940 (4th Cir. 1986), *cert. denied*, 481 U.S. 1004 (1987); *In Def. of Animals v. Cleveland Metroparks Zoo*, 785 F. Supp. 100, 103 (N.D. Ohio 1991).

Plaintiffs, however, argue that the ESA allows a private suit and they have sufficiently pled causes of action under the ESA.

Section 9 of the ESA prohibits the "take" of any endangered species. 16 U.S.C. § 1538(a)(1)(B). The term "take" is broadly defined to mean "harass, *harm*, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19)(italics added). The regulations promulgated under the ESA have defined "harm" under the taking definition above to include any act that "actually kills or injures wildlife," including actions that "significantly impair[ ] essential behavioral patterns, including breeding, feeding or sheltering." 50 C.F.R. § 17.3.

"Harass" under the ESA means:

> an intentional or negligent act or omission which creates the likelihood of injury to wildlife by annoying it to such an extent as to significantly disrupt normal behavioral patterns which include, but are not limited to, breeding, feeding, or sheltering. This definition, when applied to captive wildlife, does not include generally accepted:
> (1) Animal husbandry practices that meet or exceed the minimum standards for facilities and care under the Animal Welfare Act,

>    (2) Breeding procedures, or
>    (3) Provisions of veterinary care for confining, tranquilizing, or anesthetizing, when such practices, procedures, or provisions are not likely to result in injury to the wildlife.

50 C.F.R. § 17.3.

The ESA includes a citizen-suit provision, which provides that any person may commence a civil suit on his own behalf to enjoin any person who is alleged to be in violation of any provision of the Act.  16 U.S.C.A. § 1540(g)(1).

Plaintiffs plainly and clearly allege facts that state that the Zoo has deprived Lucky of companionship with other Asian elephants; has kept her in a small enclosure with virtually no shelter from the sun; and Lucky walks on a hard, unnatural, species-inappropriate substrate. These allegations could constitute a "harm," i.e. any act that "significantly impair[s] essential behavioral patterns, including breeding, feeding or sheltering." *See Hill v. Coggins*, No. 2:13-CV-00047-MR-DLH, 2014 WL 2738664, at *5 (W.D.N.C. June 17, 2014)("The Complaint alleges that Defendants mistreat the bears by confining the bears to conditions that result in harm to the bears, including wounds to the head and footpad, (see e.g. Pls.' Compl. ¶¶ 37–41.) Any such harm could constitute a take within the meaning of the ESA.").

The Zoo's argument that captive wildlife is not protected under the ESA is also undercut by the language in the ESA that defines "harass."  Specifically, excluded from the definition is animal husbandry practices that meet or exceed the minimum standards for facilities and care under the Animal Welfare Act.  Accordingly, Congress meant to apply captive wildlife to the protections under the ESA, but exempted certain acceptable animal husbandry practices. Plaintiffs have stated a cause of action upon which relief can be granted at this procedural stage. Accordingly, Defendant's motion to dismiss is denied.  This ruling, of course, is no ruling on the

merits of whether acceptable animal husbandry practices have been met.  Defendant's motion to stay discovery (Docket no. 13) pending a ruling on the motion to dismiss is now dismissed as moot.

The parties are ordered to meet and confer regarding this case pursuant to Fed. R. Civ. P. 26(f) and to propose a scheduling order no later than February 11, 2016.  Upon receipt of the parties' proposed scheduling order, the Court will schedule a Rule 16 conference.

It is so ORDERED.

SIGNED this 27th day of January, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE