UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | )<br>)<br>) |
| Plaintiffs and<br>Counterclaim Defendants, | )<br>)<br>) |
| v. | )     Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL<br>TREATMENT OF ANIMALS, INC., et al., | )<br>)<br>)<br>) |
| Defendants and<br>Counterclaim Plaintiffs. | )<br>)<br>) |

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Defendants and Counterclaim Plaintiffs' People for the Ethical Treatment of Animals, Inc. and Angela Scott (collectively "Counterclaimants"), without objection[1], hereby submit their Motion for Leave to File Supplemental Authority in Support of Counterclaim Plaintiffs' Opposition to Counterclaim Defendants' Motion to Dismiss [ECF No. 36], and Counterclaim Plaintiffs' Memorandum in Opposition to Counterclaims Defendants' Motion to Strike [ECF No. 35], and state as follows:

Counterclaim Defendants have filed a Motion to Strike [ECF No. 27] and Memorandum in Support thereof [ECF No. 28] asking the Court to strike, among other allegations, certain references to the guidance on proper care for chimpanzees provided by two recognized accreditation and certification bodies as "immaterial and/or scandalous." Counterclaim Defendants have also filed a Motion to Dismiss [ECF No. 29] and Memorandum in Support

---

[1] Counsel for the Plaintiffs and Counterclaims Defendants has been contacted and has no objection to the submission of the *Hill v. Coggins* case referenced in this Motion.

thereof [ECF No. 30] based primarily on their arguments that Counterclaimants cannot file a citizen suit under the ESA to address conditions at a facility licensed pursuant to the Animal Welfare Act.

Since Counterclaimants filed their oppositions to the pending motions, the U.S. Court of Appeals for the Fourth Circuit issued its decision in *Hill v. Coggins*, No. 16-1457, 2017 WL 3471259 (4th Cir. Aug. 14, 2017) (a copy of which is attached for the Court's convenience as **Exhibit A**), a case in which the citizen plaintiffs sued the Cherokee Bear Zoo, alleging that that the zoo's poor maintenance of protected grizzly bears constitutes an unlawful take proscribed by the Endangered Species Act (ESA). *Id.* at 3. The district court ruled against the plaintiffs, basing its decision "entirely on its determination that the Zoo's animal husbandry practices complied with applicable standards under the Animal Welfare Act (AWA). The court explicitly declined to consider whether the Zoo's practices complied with 'generally accepted' animal husbandry practices, despite language in the relevant regulation referencing a 'generally accepted' standard." *Id.* at 7 (citations omitted).

In reversing this decision, the Fourth Circuit found that the exemption in FWS's definition of the term harass—on which Counterclaim Defendants heavily rely—"is comprised of both a 'generally accepted' requirement and an AWA compliance requirement," and that the district court improperly "narrow[ed] the scope of what constitutes harassment and, by extension, the scope of what constitutes a proscribed taking of protected animals under the ESA." *Id.* at 18. The Court reasoned that "[t]his protection-narrowing, Secretary of Agriculture-centered outcome is in tension with what the Supreme Court has explained Congress had in mind in enacting the ESA: a 'broad purpose to protect endangered and threatened wildlife,' which was to be advanced in large part through 'broad administrative and interpretive power [delegated] to the Secretary

[of the Interior].' *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Oregon*, 515 U.S. 687, 700, 708 (1995) (citing 16 U.S.C. §§ 1533, 1540(f))." *Id.* The Court remanded the case to the district court to determine whether the conditions in which the bears were held—whether or not they were in compliance with the AWA—were "generally accepted." *Id.* at 19.

*Hill* is of significant relevance to both of Counterclaim Defendants' motions. Specifically, Counterclaim Defendants have argued (1) that the AZA and GFAS standards, which reflect generally accepted guidance on the proper care of chimpanzees to avoid physical and psychological harm, are "irrelevant" and "have no relation or logical connection to [Counterclaimants'] claims" [ECF No. 28 at 4]; (2) that "[n]o authority supports an ESA Section 9 'taking' claim involving animals in captivity pursuant to a USDA … license issued under the AWA" [ECF No. 30 at 4]; and (3) the AWA supersedes application of the ESA to captive animals [ECF No. 28 at 3-8]. *Hill* provides further support for the relevance of the generally accepted husbandry practices reflected in the AZA and GFAS standards, and unequivocally supports the continued applicability of the ESA to an AWA-licensed entity—even where, unlike Counterclaim Defendants MPF and Casey, the licensee has not been repeatedly cited by the USDA for violations of the AWA standards [ECF No. 23 ¶¶ 101, 102, 112-114].

Thus, good cause exists for Counterclaimants to provide the Court with this supplemental authority.

Counterclaimants respectfully request that the Court GRANT their motion for leave and consider the Fourth Circuit's decision in *Hill v. Coggins* in making its decision as to Counterclaim Defendants' pending motions.

3

Respectfully submitted,

POLSINELLI PC

By: /s/James P. Martin
    JAMES P. MARTIN (#50170)
    KELLY J. MUENSTERMAN (#66968)
    100 S. Fourth Street, Suite 1000
    St. Louis, MO 63102
    314.889.8000
    Fax No: 314.231.1776
    jmartin@polsinelli.com
    kmuensterman@polsinelli.com

    JARED S. GOODMAN (#1011876DC)
    (Admitted *Pro Hac Vice*)
    2154 W. Sunset Blvd.
    Los Angeles, CA 90032
    323.210.2266
    Fax No: 213.484.1648
    jaredg@petaf.org

ATTORNEYS FOR DEFENDANTS/
COUNTERCLAIM PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on **August 15, 2017**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent to all parties of record:

Kurtis B. Reeg and Lynn Lehnert
GOLDBERG SEGALLA LLP
8000 Maryland, Suite 640
St. Louis, MO 63105
(314) 446-3350
Fax No. (314) 446-3360
kreeg@goldbergsegalla.com
llehnert@goldbergsegalla.com
ATTORNEYS FOR PLAINTIFFS/
COUNTERCLAIM DEFENDANTS

                                                /s/James P. Martin