UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No. 4:16 CV 2163 CDP ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al. | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

On November 2, 2016, defendant People for the Ethical Treatment of Animals (PETA) sent a letter to plaintiffs Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and Jane Does 1 and 2. This letter served as a sixty-day notice of intent to file a lawsuit by defendants PETA and Angela Scott. The notice alleged plaintiffs were in violation of the Endangered Species Act because the poor living conditions of chimpanzees housed at the facility constituted a "take" pursuant to the Act. Before the conclusion of the sixty-day notice period, plaintiffs filed this lawsuit asserting three claims against PETA and Scott. In Counts I and II, plaintiffs seek declaratory and injunctive relief. In Count III, plaintiffs allege a claim for defamation against defendant PETA.

This action is before me now on defendants' motion to dismiss all three of the claims. Because I find that this court does not have subject-matter jurisdiction to hear plaintiffs' claims for declaratory and injunctive relief, Counts I and II must be dismissed. Also, as plaintiffs have failed to state a claim for which relief can be granted, I will dismiss Count III.

**I.   Background**[1]

The Missouri Primate Foundation is a private, nonprofit corporation located in Festus, Missouri. Connie Braun Casey is the president of the organization. People for the Ethical Treatment of Animals, Inc. (PETA), is a nationwide nonprofit organization focused on animals' rights. Defendant Angela Scott previously worked as a volunteer at the Missouri Primate Foundation. Plaintiffs allege that under false pretenses, Scott gained access to the facility, took pictures, and videos, and later provided this information to PETA.

Plaintiff Andrew Sawyer is the owner of a chimpanzee named Joey, who was allegedly housed at the MPF facility. Jane Doe 2 is the owner of a chimpanzee named Chloe, who was also alleged to have been held at the facility.

---

[1] The facts contained herein are taken from the allegations set out in plaintiffs' complaint. They are considered true for the purpose of this Memorandum and Order. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989).

Jane Doe 1, originally another plaintiff in this case, has since dismissed herself from the lawsuit.[2]

On November 2, 2016, PETA and Scott sent a written notice to plaintiffs of their intention to file a lawsuit against them under the Endangered Species Act, 16 U.S.C. §§ 1540(g)(1)(A), (2)(A). In this letter, defendants alleged that plaintiffs' possession of approximately sixteen chimpanzees[3] (named in the notice letter as Chloe, Mikayla, Joey, Tonka, Tammy, Connor, Candy, Allie, Kirby, Daisy, KK, Kimmy, Crystal, Kerry, Cooper, and Coby) constitutes a "taking," in violation of the Endangered Species Act, 16 U.S.C. § 1538 (a)(1)(B) and its implementing regulation, 50 C.F.R. § 17.21(c)(1).

The ESA defines a "take" of an endangered species as to "harass, harm, pursue, hunt, shoot, wound, kill capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C § 1532(19). Defendants' notice letter asserted that their claims against plaintiffs involved the "harass" and "harm" elements of a take. Under the implementing regulations of the ESA, the term "harass" is defined as "an intentional or negligent act or omission which creates the likelihood of injury to wildlife by annoying it to such an extent as to significantly disrupt normal

---

[2] Jane Doe 1, the prior owner of chimpanzee Allie, voluntarily dismissed her claims against PETA and Scott. (ECF No. 9). After learning of the Notice of Intent to Sue, Jane Doe 1 asserts she transferred ownership and possession of Allie to an accredited sanctuary.

[3] Chimpanzees are listed as endangered under the ESA, 50 C.F.R. § 17.11(h). As of September 14, 2015, non-wild chimpanzees are also included in the list of endangered wildlife protected under the ESA. 80 Fed. Reg. 34499 (June 16, 2015).

behavioral patterns which include, but are not limited to, breeding, feeding, or sheltering." 50 C.F.R. § 17.3. The term "harm" is defined as "an act which actually kills or injures wildlife. Such act may include significant habitat modification or degradation where it actually kills or injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering." *Id.*

In the notice letter, defendants assert three grounds for alleging that plaintiffs have committed a "take" of chimpanzees housed at their facility. First, they claim the Missouri Primate Foundation, Connie Casey and Andrew Sawyer keep the chimpanzee "Joey" in isolation, depriving him of the social interaction and psychological stimulation fundamental to his well-being. Defendants also assert that plaintiffs deny the chimpanzees complex and sanitary environments, constituting a "take." The notice letter states that the living conditions at Missouri Primate Foundation can cause serious harm to the health and well-being of chimpanzees as they have complex physical, psychological, and social needs. Defendants' letter advises plaintiffs that unless the violations cease, PETA and Scott intend to file suit seeking declaratory relief and an injunction against continued violations, including the transfer of the chimpanzees to an accredited sanctuary.

Before the sixty-day notice period elapsed, plaintiffs filed suit against PETA and Scott. In Count I of their complaint, plaintiffs ask this Court to grant declaratory relief in their favor. Specifically, plaintiffs ask the Court to issue a decree stating that the housing, care and treatment of the chimpanzees at Missouri Primate Foundation does not constitute a "take," and that plaintiffs are in compliance with the ESA. Plaintiffs deny that Joey, along with "each and every one of the chimpanzees named in [d]efendants' November 2, 2016 letter . . . are housed at the facilities of the Missouri Primate Foundation." (ECF No. 1 at 5). In Count II, plaintiffs ask the Court to issue an injunction, enjoining and barring defendants from filing their threatened law suit.

Lastly, in Count III, plaintiffs allege a state law claim against defendants for defamation. This claim arises out of a series of statements and press releases made by PETA regarding the care of the chimpanzees at the Missouri Primate Foundation. Plaintiffs seek compensatory and exemplary damages, as well as attorney fees and litigation costs.

Defendants have filed a motion to dismiss, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiffs lack subject matter jurisdiction and have failed to state a claim upon which relief can be granted. On June 23, 2017, defendants filed an answer to Count I of the

complaint.[4] Defendants also filed a counterclaim alleging MPF, Casey, Sawyer and Jane Doe 2 are in violation of the "take" prohibition of the ESA. Defendants seek declaratory and injunctive relief in their counterclaim. In response, plaintiffs have filed a motion to dismiss defendants' counterclaim, which the Court will address in a later order.

## II. Discussion

### A. Count I – Declaratory Judgment

In Count I of their complaint, plaintiffs ask the Court to declare they are not in violation of the ESA. Defendants argue Count I should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because defendants filed an answer to Count I after filing their motion to dismiss, in the interests of judicial economy I will consider defendants' request to dismiss Count I pursuant to Rule 12(b)(1) as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(h)(3).

A motion to dismiss for lack of subject matter jurisdiction may be brought at any time pursuant to Fed. R. Civ. P. 12(h)(3). A Rule 12(h)(3) motion to dismiss is evaluated under the same standards as a motion to dismiss pursuant to Rule 12(b)(1). *Asarco LLC v. NL Indus., Inc.*, No. 4:11-CV-00864-JAR, 2012 WL 4480738, at *1 (E.D. Mo. Sept. 28, 2012). Under Rule 12(b)(1), dismissal is

---

[4] Defendants did not file an answer to Counts II and III of plaintiffs' complaint.

appropriate if the party asserting jurisdiction has failed to satisfy a threshold jurisdictional requirement. *See Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013). Here, plaintiffs maintain they have satisfied this threshold as federal question jurisdiction exists. Defendants, however, contend no federal question is presented as the ESA does not authorize plaintiffs' action for declaratory judgment.

In their complaint, plaintiffs ask this Court to enter a judgment and decree that they are not in violation of the ESA, specifically that their care and housing of the chimpanzees does not constitute a "take" under the act. Plaintiffs assert the Court has federal subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201(a), 2202, and the ESA, 16 U.S.C. 1540(g)(5).

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he Declaratory Judgment Act ... does not provide an independent basis for federal jurisdiction." *Zutz v. Nelson,* 601 F.3d 842, 850 (8th Cir. 2010) (citing *Victor Foods, Inc. v. Crossroads Econ. Dev.,* 977 F.2d 1224, 1227 (8th Cir. 1992)). "[I]t is well settled that the declaratory judgment statute is strictly remedial in nature and does not provide a separate basis for

subject matter jurisdiction." *First Fed. Sav. & Loan Ass'n of Harrison, Ark. v. Anderson*, 681 F.2d 528, 533 (8th Cir. 1982).

The parties dispute whether the ESA provides an independent basis for federal subject matter jurisdiction. Plaintiffs claim the ESA authorizes this Court to grant the declaratory relief requested in Count I. However, while the ESA expressly authorizes the issuance of declaratory judgments, the language of the statute states that such judgments are for the *enforcement* of the Act. 16 U.S.C. § 1540 (emphasis added). The language of the ESA does not sanction anticipatory suits by alleged violators of the law.

Plaintiffs have failed to cite a single case in which a declaratory judgment was sought under the ESA by an alleged violator of the Act against a potential plaintiff. In their memorandum in opposition to defendants' motion to dismiss, plaintiffs cite to *People for the Ethical Treatment of Animals, Inc. v. Miami Seaquarim*, 189 F.Supp. 3d 1327 (S.D. Fl. 2016), along with *Kuehl v. Sellner*, 161 F. Supp. 3d 678 (N.D. Ia. 2016). Instead of supporting plaintiffs' argument that they are authorized to seek declaratory relief by way of the ESA's citizen-suit provision, these cases do the opposite. Neither case was filed by an alleged violator of the ESA. They were both properly filed, after the requisite sixty-day notice period, by private citizens against alleged violators of the Act's "take"

provision. Both cases mirror the counterclaim filed by defendants PETA and Angela Scott in this case.

Plaintiffs also cite to *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 244 (1937), in support of their argument. Plaintiffs rely on *Aetna* for the proposition that because PETA and Scott have the right to seek a declaratory judgment under the citizen suit provision of the ESA, plaintiffs are likewise entitled to bring suit under this provision. I find plaintiffs' reliance misplaced as *Aetna* is distinguishable from the facts and issues presented here. The *Aetna* decision involved an insurance-contract dispute where the insurer sought a declaration that policies held by an insured were null and void. The *Aetna* court, in finding the district court had jurisdiction pursuant to the Declaratory Judgment Act, held that the character of the controversy and issue presented was the same, whether it had been brought by the insurer or by the insured. *Id.* However, unlike here, in *Aetna* there was no federal statute specifically governing the dispute. In this case, the ESA citizen suit provision expressly states that a person may commence a citizen suit in three specific circumstances:

> (A) to enjoin any person, including the United States and any other governmental instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution) *who is alleged to be in violation* of any provision of this chapter or regulation issued under authority thereof; or (B) to compel the Secretary to apply, pursuant to [certain provisions] with respect to the taking of any resident endangered species or threatened species within any State; or (C) against the Secretary where there is alleged a failure of the Secretary

to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary.

16 U.S.C. § 1540(g)(1) (emphasis added). Congress has expressly determined the type of suits that are authorized under the ESA, and plaintiffs' claim for declaratory judgment is not one of them.[5]

Because plaintiffs' have not clearly pled a claim that arises under the "Constitution, laws or treaties of the United States," I find there is no federal question jurisdiction here. *See* 28 U.S.C. § 1331; *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (federal-question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint). Accordingly, I will dismiss Count I of plaintiff's complaint.

### B. Count II – Injunctive Relief

In Count II, plaintiffs ask the Court to enjoin defendants from taking any further action against them for violations of the ESA. Defendants argue that because plaintiffs are not entitled to declaratory relief under Count I, they are likewise not entitled to ancillary injunctive relief to enforce a declaration of non-liability.

---

[5] Furthermore, even if this lawsuit was authorized under the ESA's citizen suit provision, plaintiffs failed to provide PETA and Angela Scott the requisite sixty-day notice period before filing the suit. 16 U.S.C. §1540(g)(2)(i). "As a general rule, if an action is barred by the terms of a statute, it must be dismissed." *Hallstrom v. Tillamook County*, 493 U.S. 20, 32 (1989). The language of the statute here is clear. In order to properly bring a claim for declaratory relief under the Endangered Species Act, plaintiffs would have had to provide to defendants their own sixty-day notice of intent to file suit.

In Count II, as in Count I, plaintiffs assert the Court has the authority to issue injunctive relief pursuant to the Declaratory Judgment Act and the citizen suit provision of the ESA. The Declaratory Judgment Act, 28 U.S.C. § 2202, provides that "[f]urther necessary or proper relief *based on a declaratory judgment or decree* may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." (emphasis added). Here, plaintiffs are not entitled to this ancillary relief. I have already considered and determined that plaintiffs' claim for declaratory relief under Count I is not authorized under the statutory language of the ESA. Accordingly, I will dismiss Count II for the same reason.

### C. Count III – Defamation

In Count III of their complaint, plaintiffs assert a claim for defamation under Missouri law against defendant PETA. PETA argues Count III should be dismissed as plaintiffs have failed to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes that the factual allegations in the complaint are true, and construes them in favor of the plaintiff. *Neitzke*, 490 U.S. at 326-27.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain, "a short plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 566 U.S. 662, 678-79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Neitzke*, 490 U.S. at 327.

Under Missouri law, a plaintiff must show six elements in order to make a sufficient claim for defamation. These elements are 1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation. *Overcast v. Billings Mutual Insur. Co.*, 11 S.W.3d 62, 70 (Mo. 2000) (en banc).

PETA claims plaintiffs fail to *specifically* identify any alleged defamatory statements. Under Missouri law, a plaintiff must set forth specifically in the complaint the words or statements which are alleged to be defamatory. *See King*

*v. Union Station Holdings, LLC*, No. 4:12CV696SNLJ, 2012 WL 5351598, at *3 (E.D. Mo. Oct. 30, 2012); *Nazeri v. Missouri Valley College*, 860 S.W.2d. 303, 313 (Mo. 1993); *The Missouri Church of Scientology v. Adams*, 543 S.W.2d. 776, 777 (Mo. 1976) (a petition seeking recovery for libel must state in the petition the exact words or statements alleged to be libelous); *Shurn v. Monteleone*, 769 S.W.2d. 188, 191 (Mo. App. 1989) (in order to state a cause of action for libel or slander, plaintiff must allege the specific words which are alleged to be defamatory); *Angelina Casualty Co. v. Pattonville-Bridgeton Terrace Fire Protection Dist.*, 706 S.W.2d. 483, 485 (Mo. App. 1986) ("In order to state a claim for libel or slander the specific words claimed to be defamatory must be alleged in the petition or complaint.").

In the complaint, plaintiffs indicate three PETA press releases constitute the alleged defamatory statements made against them. However, plaintiffs fail to explicitly set forth the words or statements in these releases alleged to be defamatory. Instead, plaintiffs refer in a general way to the three attached exhibits, claiming the statements are "obvious." This is an insufficient means to identify alleged defamatory statements. More specificity is required in order to properly plead a claim for defamation.

PETA further contends Count III fails to establish any facts showing damage to plaintiffs' reputation. Proof of *actual* harm to the plaintiff's reputation is an

absolute prerequisite in a defamation action. *Cockram v. Genesco, Inc.*, 680 F.3d. 1046, 1053-54 (8th Cir. 2012). "To demonstrate actual damages [in Missouri], plaintiffs must show that defamatory statements caused a quantifiable professional or personal injury, such as interference with job performance, psychological or emotional distress, or depression." *Id*. at 1054 (quoting *Arthaud v. Mutual of Omaha Ins. Co.*, 170 F.3d. 860, 862 (8th Cir. 1999)).

In their complaint, plaintiffs state that the statements and press releases "have damaged Plaintiffs' reputation" and "…Plaintiffs have been subject to ridicule, attorney's fees and costs, and other damages to be proven at trial." However, plaintiffs provide no concrete examples as to how their reputation has been damaged. I find conclusory statements such as these, lacking any factual support, insufficient. Moreover, in response to PETA's contention that Count III fails to allege the necessary prerequisite of reputational harm, plaintiffs offer no counterargument and merely reassert the same formulaic recitation set forth in their complaint. Accordingly, I find Count III fails to state a cause of action upon which relief can be granted and will dismiss plaintiffs' defamation claim against PETA.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [11] is **GRANTED** as to Counts I, II and III of plaintiffs' complaint.

Defendants' counterclaim remains pending before the Court. I will rule on plaintiffs' motion to dismiss defendants' counterclaim in a later order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2017.