UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MISSOURI PRIMATE FOUNDATION, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs and Counterclaim Defendants, | ) ) ) |  |
| v. | ) ) | Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. et al., | ) ) ) ) |  |
| Defendants and Counterclaim Plaintiffs. | ) ) |  |

## MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AUTHORITY

Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. ("PETA"), and Angela Scott (together with PETA, "Counterclaimants") hereby submit their Motion for Leave to File Second Supplemental Authority in Support of Counterclaim Plaintiffs' Opposition to Counterclaim Defendants' Motion to Dismiss [ECF No. 36], and Counterclaim Plaintiffs' Memorandum in Opposition to Counterclaims Defendants' Motion to Strike [ECF No. 35], and state as follows:

Counterclaim Defendants have filed a Motion to Strike [ECF No. 27] and Memorandum in Support thereof [ECF No. 28] asking the Court to strike, among other allegations, certain references to the guidance on proper care for chimpanzees provided by two recognized accreditation and certification bodies as "immaterial and/or scandalous." Counterclaim Defendants have also filed a Motion to Dismiss [ECF No. 29] and Memorandum in Support thereof [ECF No. 30] based primarily on their arguments that Counterclaimants cannot file a citizen suit under the Endangered Species Act ("ESA") to address conditions at a facility licensed pursuant to the

Animal Welfare Act ("AWA").

Since Counterclaimants filed their oppositions to the pending motions, the U.S. District Court for the District of Maryland issued a ruling in a motion to dismiss in *People for the Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of Western Maryland, Inc*., 2018 WL 434229, at *1 (D.Md., Jan. 16, 2018), in which it addressed strikingly similar issues as those presented in the pending motions. (**Exhibit A**, attached hereto). The *Tri-State* case involves a suit by PETA against a zoo in Maryland, alleging that the defendant's poor maintenance of protected animals constitutes an unlawful "take" and "possession" proscribed by the ESA. *Id.* at *1. The zoo moved to dismiss PETA's complaint for failure to state a claim.

The *Tri-State* decision is of significant relevance to both of Counterclaim Defendants' motions because it addresses—and emphatically rejects—the identical arguments that Counterclaim Defendants asserted in the pending motions. Specifically, like the Counterclaim Defendants here, the *Tri-State* defendant argued that the AWA supersedes or nullifies any action brought under the ESA, and that animals regulated under the AWA are no longer subject to a "take" under the ESA. Like the Counterclaim Defendants here, the *Tri-State* defendant also asserted that PETA failed to state a claim because any alleged mistreatment of protected animals could only be remedied by the administrative process established by the AWA, as administered by the USDA. *Compare id.*, at *4 *with* ECF No. 28 at 3-8. In rejecting these arguments, the *Tri-State* court found the Fourth Circuit's analysis in *Hill v. Coggins*, 867 F.3d 499 (4th Cir. 2017)—which raised virtually identical arguments and Counterclaim Plaintiffs have submitted to this Court as supplemental authority [ECF No. 39]—particularly compelling. As summarized by the *Tri-State* decision:

> the Fourth Circuit explained that one of the enumerated exclusions under the

definition of "harass" can only be interpreted to excuse animal husbandry practices that are <u>both</u> (1) generally accepted and (2) AWA compliant.The district court erred by only considering the latter and not the former, and its erroneous interpretation "makes it so that the first enumerated exclusion is necessarily satisfied whenever a defendant complies with the Secretary of Agriculture-administered AWA." To accept the district court's interpretation of the exception would be a "protection-narrowing, Secretary of Agriculture-centered outcome," which is "in tension with what the Supreme Court has explained Congress had in mind in enacting the ESA: a 'broad purpose to protect endangered and threatened wildlife,' which was to be advanced in large part through 'broad administrative and interpretive power [delegated] to the Secretary [of the Interior].'"

*Tri-State*, at \*5 (internal footnote and citations omitted). Guided by the Fourth Circuit's analysis, the *Tri-State* court held that "the ESA and AWA do not pursue conflicting objectives. *Rather, the ESA provides for separate and heightened protections for the subset of captive animals that are threatened or endangered.*" *Id.* at \*6 (emphasis added). Therefore, since the AWA does not supersede, nullify, or restrict the application of the ESA in any way, the court denied Tri-State's motion to dismiss the ESA claim.

Given the identity of the issues raised by the motion to dismiss ruling in *Tri-State* to the issues raised by the pending motions, good cause exists for Counterclaimants to provide the Court with this supplemental authority.

Counterclaimants respectfully request that the Court GRANT their motion for leave and consider the district court's decision in *PETA v. Tri-State* in making its decision as to Counterclaim Defendants' pending motions.

Date: January 30, 2018                    Respectfully submitted,


By: /s/ Jared S. Goodman
    JARED S. GOODMAN (#1011876DC)
    (Admitted *Pro Hac Vice*)
    2154 W. Sunset Blvd.
    Los Angeles, CA 90032
    323.210.2266

3

Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
MARISSA L. CURRAN (#61943)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for*
*Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on **January 30, 2018**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Kurtis B. Reeg and Lynn Lehnert
8000 Maryland, Suite 640
St. Louis, MO 63105
(314) 446-3350
Fax No. (314) 446-3360
kreeg@goldbergsegalla.com
llehnert@goldbergsegalla.com

*Attorneys for*
*Counterclaim Defendants*

/s/ Jared S. Goodman