UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MISSOURI PRIMATE FOUNDATION, et al.,** | |
| Plaintiffs and Counterclaim Defendants; | |
| v. | **Case No. 4:16-cv-02163** |
| **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al.,** | |
| Defendants and Counterclaim Plaintiffs. | |

## COUNTERCLAIM PLAINTIFFS' RESPONSE TO MOTION OF COUNTERCLAIM DEFENDANTS' COUNSEL TO WITHDRAW

Counsel for Plaintiffs and Counterclaim Defendants Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and Jane Doe 2 (collectively, "Defendants") have filed a Verified Emergency Motion to Withdraw [ECF No. 44] and Proposed Order [ECF No. 44-1] (collectively, "Motion"). Without conferring about the requested discovery stay and without meeting their burden of showing good cause for the extent of the stay, Defendants ask that the Court give them "at least 45 days following the entry of an order granting said Motion" to retain substitute counsel, and that all discovery be stayed until substitute counsel enters an appearance in this case. Despite Defendants' counsel's representation, Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs") object to such an extensive stay, and Defendants' counsel never conferred about the requested relief before filing this Motion. Although Plaintiffs' counsel did not (and does not) object to Defendants' counsel's withdrawal, they do oppose the requested stay, because it would cause undue prejudice and is unnecessary under the circumstances.

1

On Friday, February 23, 2018, the parties held their Rule 26(f) conference. During the conference, Defendants' counsel Mr. Reeg informed Plaintiffs' counsel of his intent for himself and his law firm, Goldberg Segalla, to withdraw from this case. The parties also discussed extending the deadline by which mandatory initial disclosures would be required until 14 days after Mr. Reeg and Ms. Lehnert's motion to withdraw was filed with the Court. The parties did not discuss any stay of discovery in this matter.

Pursuant to Rule 26(d), following the conference on February 23, Plaintiffs served their First Set of Interrogatories, First Requests for Production of Documents, and First and Second Requests for Admission, specifically noting that the parties had discussed that they "may now seek discovery pursuant to Rule 26(d)." That evening, Mr. Reeg requested "an extension to respond to your discovery until new counsel is obtained." Given that the request was sent Friday evening, the undersigned acknowledged Mr. Reeg's request and informed him that Plaintiffs' counsel would respond to his request "early next week." On Saturday, February 24, Mr. Reeg "suggest[ed] we tie responses to the discovery for all of us at least to the permissible time limit which starts ticking with the deadline the judge permits new counsel to enter." At 9:32 a.m. on Monday, February 26, without awaiting a response or further conferring, Mr. Reeg filed the Motion. *See* Email Correspondence between Kurtis B. Reeg, Goldberg Segalla, and Jared Goodman, PETA Foundation (Feb. 23-26, 2018) ("Exhibit A").

After receiving the Motion, the undersigned contacted Mr. Reeg to inform him that Plaintiffs did not consent to the terms of the proposed withdrawal as set forth in the Motion, proposing alternative terms upon which they would agree (including a 30-day stay), offering to confer further, and requesting that he immediately file a corrected motion reflecting those alternative terms or that Plaintiffs do not consent to the terms of the proposed withdrawal. Mr. Reeg responded that he was traveling and "not presently able to amend [the] pleadings," and instead invited Plaintiffs to file this response. *See* Exhibit A.

Federal Rule of Civil Procedure 26(c) requires that "good cause" be shown for an order protecting a party from discovery, and the burden is on the movant to show the necessity of such relief, which contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973) (internal quotations and citations omitted); *G-Met, LLC v. St. Paul Mercury Insurance Company*, 2017 WL 5180963, at *2 (W.D.Mo. Nov. 8, 2017) ("The party seeking a discovery stay bears the burden to establish good cause for the requested stay."). Defendants have not even attempted to meet their burden of showing that any discovery stay is required, much less that the stay should be at least 45 days from the date of the Court's order on the Motion.

Even assuming it would take 45 days from the date of the Court's order on the motion to locate substitute counsel, present counsel can proceed with discovery in the meantime, particularly given the additional 30-day extension that Plaintiffs' counsel proffered to complete such discovery. It bears noting here that Mr. Reeg is not a sole practitioner with no additional resources for representing his clients in this matter. Another attorney in his firm, Ms. Lehnert, has entered an appearance in this case. She is a seasoned attorney barred in the State of Missouri who has appeared in this case on behalf of Goldberg Segalla's St. Louis office, and must be presumed to be sufficiently competent to handle routine discovery matters that are pending.

While Plaintiffs do not object to the firm's desire to withdraw from the case, it should not come at the undue prejudice to Plaintiffs. Notably, this is a case seeking to mitigate ongoing and substantial suffering to animals in Defendants' possession. Each day this case is delayed causes such suffering to continue unabated, and the harm caused by such delays is plainly irreparable. There simply is no basis for staying all discovery for forty-five days following the grant of Defendants' Motion, as discovery could well proceed in the meantime. The Motion provides no justification for the need for such a long delay,

and Defendants have provided no support for their tacit assumption that no discovery can proceed while Defendants search for and retain counsel.

Lastly, Defendants' request for relief overlooks that one of the Defendants is a corporation that can only act through its agents, and must be represented by counsel. *See, e.g., Schoemehl v. All-Tech Sec., Inc*., 2007 WL 1464379, at *2 (E.D.Mo. May 17, 2007); *Carpenters' Dist. Council of Greater St. Louis v. Evans Concrete, Inc*., 2008 WL 5191338, at *3 (E.D.Mo. Dec. 10, 2008). If present counsel's request to withdraw were granted as proposed in its Motion, before substitute counsel enters an appearance, Defendant Missouri Primate Foundation will be in default. *See id.* To avoid the possibility of such a default, it is presumed that Defendants will continue to be represented, and present counsel will continue to attend to their clients' discovery obligations until substitute counsel has entered an appearance. For this additional reason, no stay or delay of discovery is warranted.

For all of these reasons, the Motion, as styled, should be denied. To the extent that the Court allows withdrawal before substitute counsel is retained and grants a stay of discovery pending retention of substitute counsel, Plaintiffs request that the stay be for no longer for 30 days from the date of the filing of this Motion.

Dated: February 26, 2018                    Respectfully submitted,

/s/ Jared Goodman
JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
MARISSA L. CURRAN (#61943)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102

4

314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/*
*Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Kurtis B. Reeg and Lynn Lehnert
8000 Maryland, Suite 640
St. Louis, MO 63105
(314) 446-3350
Fax No. (314) 446-3360
kreeg@goldbergsegalla.com
llehnert@goldbergsegalla.com

*Attorneys for*
*Counterclaim Defendants*

/s/ Jared Goodman