# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MISSOURI PRIMATE FOUNDATION, et al.,

    Plaintiffs and Counterclaim Defendants,

v.

PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al.,

    Defendants and Counterclaim Plaintiffs.

Case No. 4:16-cv-02163

## JOINT PROPOSED SCHEDULING PLAN UNDER RULE 26(F)

Defendants and Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. (together, "Plaintiffs") and Plaintiffs and Counterclaim Defendants Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and Jane Doe 2 (collectively, "Defendants"), by and through their respective counsel, set forth the following.

## INTRODUCTORY STATEMENT

In accordance with Fed. R. Civ. P. 26(f)(1), the parties conferred on February 23, 2018. Defendants' counsel Mr. Reeg informed Plaintiffs' counsel during the conference that he and his co-counsel, Ms. Lehnert, will be withdrawing from the case for reasons related to his health. On February 26, 2018, Defendants' counsel filed a motion to withdraw from this matter and to stay all discovery pending the appearance of substitute counsel. [ECF No. 44.] Plaintiffs responded only to object to the requested stay. [ECF No. 45.] In light of this motion, counsel anticipates that the Court will want to seek input on certain

dates set forth herein from substitute counsel before conducting the Rule 16 scheduling conference.

1. **Track Assignment**

   The parties agree that assignment of this case to Track 2 is appropriate.

2. **Settlement or Resolution of the Case**

   The parties have engaged in settlement discussions and agree that settlement is unlikely. Pursuant to this agreement, the parties do not request mediation. If the Court should order mediation, the parties will agree upon a mediator from the Court's list of neutrals.

3. **Pre-Discovery Initial Disclosures**

   The parties agree that no changes to the timing, form, or requirement for disclosures are needed, and mandatory initial disclosures should be made by March 9, 2018, pursuant to the fourteen-days provided by Rule 26(a)(1)(C).

4. **Motion to Add Parties or Amend Pleadings**

   The parties agree that motions to add parties or amend pleadings must be filed by May 1, 2018. Any such motion to be filed after this deadline requires leave of court.

5. **Discovery Plan**

   Defendants believe that all discovery in this action should be stayed pending the appearance of substitute counsel. Plaintiffs agree to a stay of opposing party depositions until the appearance of substitute counsel, but believe that each party should comply with pending obligations to respond to interrogatories (Fed. R. Civ. P. 33), requests for production and inspection (Fed. R. Civ. P. 34), requests for admission (Fed. R. Civ. P. 36),

and subpoenas directed to third parties (Fed. R. Civ. P. 45), without regard to counsel's withdrawal.

The parties agreed on the following dates and discovery plan. If, following the March 12, 2018, hearing on Defendants' counsel's motion to withdraw, the Court should stay discovery for any period of time upon Defendants' request, opposed by Plaintiffs, the parties agree that the following dates shall be extended only for the length of that stay (e.g., should the Court grant Defendants' request for a 45 day stay, the agreed-upon date for the completion of fact discovery will be extended from July 2 to August 16, 2018).

| **Deadline or Event** | **Agreed Date** |
| --- | --- |
| Completion of fact discovery | July 2, 2018 |
| Disclosure of experts, summaries, and reports | August 2, 2018 |
| Disclosure of rebuttal experts, summaries, and reports | August 27, 2018 |
| Completion of expert discovery | September 24, 2018 |

The parties further agree with respect to the following discovery-related matters:

a. There is no need to conduct discovery in phases or limit or focus discovery beyond the limitations set forth in Rule 26(b)(1).

b. The parties anticipate the disclosure or discovery of electronically stored information ("ESI") in this case. The parties agree that ESI should be produced in native or near-native format and should not be converted to imaged formats, and anticipate working through any potential areas of disagreement if they arise.

c. Claims to privilege or protection, including inadvertent disclosure, will be governed by Rule 26(b)(5). No party shall file a document under seal without first obtaining an order granting leave to file under seal on a showing of particularized need.

d. The presumptive limit of twenty-five (25) interrogatories set forth in Rule 33(a) shall apply.

e. The presumptive limit of ten (10) depositions set forth in Rule 30(a)(2)(A) shall apply to the co-parties together, not to any individual party—Plaintiffs are allowed ten (10) depositions, and Defendants are allowed ten (10) depositions. Any additional depositions desired by either side will require stipulation among the parties or leave of court. Each deposition shall be limited to one day of seven hours, per Rule 30(d)(2).

f. Expert discovery will be governed by Rule 26(a)(2). Expert depositions will be near the expert's place of business. The party that wishes to depose an expert will pay the expert's fees for preparing for and appearing at the deposition.

g. The parties may agree by stipulation on other limits on discovery.

6. **Dispositive Motions**

Dispositive pretrial and *Daubert* motions shall be due by October 29, 2018. Local Rule 7-4.01 shall govern the filing of motions, oppositions to motions, and replies in support of motions, with the exception that the parties shall have fourteen (14) days to file an opposition to dispositive motions.

**7.     Realignment**

In light of the Court's dismissal of all claims in Defendants' Complaint at this early stage of the proceedings, the parties request that they be formally realigned to accurately reflect the only remaining claims in this matter.


Dated: March 9, 2018                                              Respectfully submitted,

/s/ Jared Goodman
JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Counterclaim Plaintiffs*

GOLDBERG SEGALLA
KURTIS B. REEG (#27684)
8000 Maryland Suite 640
St. Louis, MO 63105
314.446.3350
Fax No: 314.446.3360
kreeg@goldbergsegalla.com

*Attorney for Counterclaim Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Kurtis B. Reeg
8000 Maryland Suite 640
St. Louis, MO 63105
314.446.3350
Fax No: 314.446.3360
kreeg@goldbergsegalla.com

*Attorneys for Counterclaim Defendants*

/s/ Jared Goodman