# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) | |
|     Plaintiffs and Counterclaim Defendants, | ) ) ) ) | |
| v. | ) ) | Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) | |
|     Defendants and Counterclaim Plaintiffs. | ) ) | |

## COUNTERCLAIM PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (collectively, "Plaintiffs"), respectfully move this Court to enter a default judgment against Counterclaim Defendants Missouri Primate Foundation ("MPF") and Connie Braun Casey ("Casey"). In support of this motion, Defendants submit the accompanying memorandum of law, incorporated herewith, and respectfully state as follows:

1. On February 26, 2018, counsel for Counterclaim Defendants moved to withdraw. The Court granted the motion following a hearing on March 12, 2018, and ordered that the case be stayed until May 1, 2018, and that if no counsel entered an appearance for Defendants by that time, "they will be deemed to be representing themselves." MPF did not retain new counsel by May 1, 2018.

2. On May 8, 2018, Plaintiffs moved for an entry of default, which the clerk entered on May 15.

3. In denying Counterclaim Defendants' motion to dismiss, the Court has already determined, on the basis of the sufficiency of the complaint and the substantive merits of Plaintiffs' claims, that the unchallenged facts constitute a legitimate cause of action.

4. The Endangered Species Act ("ESA") specifically empowers private citizens to file suit to enjoin any alleged violation of the statute or its implementing regulations, and empowers the courts to award attorney's fees and costs to prevailing plaintiffs.

5. Casey controlled MPF from its inception, including long prior to its incorporation and at all times relevant to this litigation.

6. Casey used MPF as an instrumentality to join her in filing baseless claims, submitting a meritless motion to dismiss, and spoliating key evidence, and then deliberately caused MPF to default in this action.

7. As the alter ego of MPF, Casey must be precluded from relitigating MPF's dispositive admissions.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an Order, in the form submitted herewith, granting Plaintiffs' motion as follows:

**ORDERING** that a default judgment be entered in favor of Plaintiffs and against MPF on all claims pending before the Court.

**ORDERING** that all allegations in the Complaint be deemed admitted by Casey, directing the clerk to enter a default in favor of Plaintiffs and against Casey on all claims pending before the Court, and ordering that a default judgment be entered in favor of Plaintiffs and against Casey on all claims pending before the Court.

**DECLARING** that MPF and Casey have violated the ESA by illegally taking sixteen chimpanzees, and continue to violate the ESA by illegally taking at least nine chimpanzees.

**DECLARING** that MPF and Casey have violated the ESA by possessing sixteen chimpanzees who have been illegally taken, and continue to violate the ESA by possessing at least nine chimpanzees who have been illegally taken.

**ENJOINING** MPF and Casey from continuing to violate the ESA and its implementing regulations with respect to the sixteen chimpanzees, including the prohibitions on taking a listed species and possessing a listed species that has been unlawfully taken.

**ENJOINING** MPF and Casey from owning or possessing any endangered or threatened species in the future.

**ENTERING** a permanent injunction against Defendants MPF and Casey that terminates all Defendants' ownership and possessory rights with respect to the sixteen chimpanzees;

**APPOINTING** a special master or guardian ad litem to identify reputable wildlife sanctuaries and to determine the most appropriate placement for the forfeited animals, including those improperly transferred during the pendency of this litigation, consistent with the animals' best interests;

**ORDERING** that Plaintiffs may present their claims pursuant to item (e) of the relief sought in Counts I and II of Plaintiffs' Counterclaim in an appropriate post-judgment motion.

Dated: June 4, 2018  Respectfully submitted,

/s/ Jared S. Goodman
JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2018, the foregoing Motion for Entry of Default Judgment was served by electronic mail and regular mail as follows:

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Brian Klar, bklar@lawsaintlouis.com
Daniel T. Batten, dbatten@lawsaintlouis.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Missouri Primate Foundation
c/o Connie Braun Casey
12338 State Rd. CC
Festus, MO 63028

Vito Stramaeglia
ICS
832 Jones Creek Rd.
Dickson, TN 37055

/s/ Jared S. Goodman