Geordie Duckler, OSB #873780
9397 SW Locust St.
Tigard, Oregon 97223
Telephone: (503) 546-8052
Facsimile: (503) 241-5553
geordied@animallawpractice.com
Attorney for Defendant Sean Skelding

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et. al.,<br><br>    Plaintiffs and Counter-Defendants,<br><br>vs.<br><br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et. al.,<br><br>    Defendant and Counter-Plaintiff. | Case no. 4:16 CV 2163 CDP<br><br>DEFENDANT ANDREW SAWYER'S OPPOSITION TO COUNTERCLAIM PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE |

Plaintiff and Counter-Defendant Andrew Sawyer ("Sawyer"), by and through counsel, hereby opposes Defendant and Counter-Plaintiff's Motion For Sanctions For Spoliation Of Evidence as follows:

I. No Evidence Has In Fact Been "Spoliated" By Counter-Defendant Sawyer

Spoliation is the destruction or significant alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. See West v. Goodyear Tire & Rubber Co., 167 F3d 776, 779 (2d Cir 1999). Crucially distinct from the erasure or deletion of a computer file, or the burning or disassembly of a vehicle or record, the

1

animal Joey has not been "destroyed" at all, nor has Counter-Defendant Sawyer "failed to preserve" the animal in any fashion. To the contrary, Counter-Plaintiff's own evidence at most shows simply that the animal Joey has merely been moved from one location to another. Not only is it the moving party's burden to show that the purported evidence has in fact been "destroyed" in the accepted physical and permanent sense, not the opposing party's burden to show that it has not, but, to the extent that it is ever deemed appropriate via a formal Court order to have such done, Counter-Plaintiff's own statements disclose that a relocation of an animal simply does not in any manner effectively prohibit the animal from being evaluated and examined – again, if evaluation is even later required. Since Counter-Plaintiff has no proof at all of Counter-Defendant Sawyer's actual "destruction" or "failed preservation" as the rules command, then no sanctions can be imposed at all on that Counter-Defendant since there has been no spoliation in the first place. See, Donohoe v. Am. Isuzu Motors, Inc., 157 FRD 238, 244 (MD Pa 1994).

II. The Requisite Intent To Destroy And Suppress Are Absent As To Counter-Defendant Sawyer

In addition, a spoliation-of-evidence sanction requires "a finding of intentional destruction indicating a desire to suppress the truth." Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1035 (8th Cir.2007) (quoting Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 746 (8th. Cir.2004)); Fid. Nat. Title Ins. Co. v. Captiva Lake Inv., LLC, 4:10-CV-1890 CEJ, 2015 WL 94560, at *2 (ED Mo Jan 7, 2015). As a related consequence of the fact that Counter-Plaintiff has no proof at all of any actual "destruction" or "failed preservation" by Counter-Defendant Sawyer, neither does Counter-Plaintiff have any proof at all of Counter-Defendant Sawyer's intentional or wilful conduct designed to suppress some determination by the fact-finder. A litigant's anxious speculation does not satisfy the standard of a showing of willfulness or confirm

2

that the allegedly relevant evidence—namely, the animal itself—was "destroyed" at all, much less destroyed out of a specific malicious intent to put it beyond the reach and inquiry of Counter-Plaintiff in the civil action. Hyperbole alone by Counter-Plaintiff cannot substitute in for the direct evidence required to demonstrate such malicious intent; before even a reasonable inference could be drawn regarding that topic, there would first have to be a sufficient foundational showing by the moving party, entirely absent here, that the party who destroyed the evidence, Counter-Defendant Sawyer, personally had notice both of the potential claim *and of the item's potential relevance*." Nation-Wide Check Corp. v. Forest Hills Distributors, Inc., 692 F.2d 214, 218 (1st Cir. 1982). Counter-Plaintiff's exhortation of personal belief that the animal itself is "relevant" does not equate to that claim being true, or to Counter-Defendant's individual knowledge or awareness of such purported relevance. In circumstances where no such evidence exists, no sanctions are warranted and anything such as an order of an ultimate sanction by the dismissal of claims or default judgment would be considered reversible error. See, Mayes v. Black & Decker (U.S.), Inc., 931 F Supp 80, 83 (DNH 1996).

III. A Sanction Of Dismissal Of Counter-Defendant Sawyer's Claims Is Inappropriate

Finally, it is critical to note here that in cases where sufficient proof is made of spoliation and probative evidence adduced of the requisite intent, still the sanction imposed must nevertheless be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." Shelton v. Am. Motors Corp., 805 F2d 1323, 1329 (8th Cir 1986). Prejudice, bad faith, *and* evidence of an effort to suppress the truth are all required to impose the most severe sanction of dismissal based upon spoliation. Menz v. New Holland N. Am., Inc., 440 F3d 1002, 1006 (8th Cir 2006). None of those elements are met here at all as to Counter-Defendant Sawyer.

The federal courts are clear that an applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine, and should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore "the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party. West v. Goodyear Tire & Rubber Co., 167 F3d 776, 779 (2d Cir 1999).

There is a strong policy favoring a trial on the merits and against depriving a party of his day in court." Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 996 (8th Cir. 1975); Edgar v. Slaughter, 548 F2d 770, 772 (8th Cir 1977). Default judgment as a sanctions option should be employed *only* when a litigant's misconduct is particularly egregious or extreme. Estate of Solis–Rivera v. United States, 993 F.2d 1, 2 (1st Cir.1993); Northern Assurance Co. v. Ware, 145 F.R.D. 281, 282 n. 2 (D.Me.1993) (Gene Carter, C.J.) (noting "that the most severe sanction of dismissal should be reserved for cases where a party has maliciously destroyed relevant evidence with the sole purpose of precluding an adversary from examining that relevant evidence"). Again, no sanction, and certainly no extreme sanction, is warranted by the paucity of facts presented to this Court that were required in the motion to meet the high standards imposed for such a claim of sanctions against Counter-Defendant Sawyer.

DATED: June 11, 2018                                GEORDIE DUCKLER, P.C.

                                                    By: *s/ Geordie Duckler*
                                                    Geordie Duckler, OSB #873780
                                                    Attorney for Plaintiff and Counter-
                                                    Defendant Andrew Sawyer

Geordie Duckler, OSB #873780
9397 SW Locust St.
Tigard, Oregon 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com
Attorney for Plaintiff and Counter-Defendant Andrew Sawyer

4