UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) ) |

**MEMORANDUM IN SUPPORT OF COUNTERCLAIM PLAINTIFFS'
MOTION FOR AN ORDER COMPELLING DISCOVERY AGAINST
COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (together, "Plaintiffs") seek an order compelling Counterclaim Defendant Connie Braun Casey ("Casey") to cure discovery defaults and ongoing failures to comply with Court ordered discovery deadlines.

**I.   FACTUAL AND PROCEDURAL BACKROUND**

On February 23, 2018, Plaintiffs served their "First Requests for Production of Documents" ("Document Requests") pursuant to Federal Rule of Civil Procedure 34 on, among others, Casey. [Exhibit A to Plaintiffs' accompanying Motion.] On February 26, 2018, Casey's counsel filed a motion to withdraw. [ECF No. 44.] On March 12, 2018, the Court granted the motion to withdraw and stayed this case until May 1, 2018, in order for Casey and the other defendants to have time to find new counsel. [ECF No. 52, at 1.] The Court also set a new

deadline for all parties to respond to outstanding discovery requests "on or before **May 31, 2018.**" [*Id*. at 2 (emphasis in original).] Also on March 12, 2018, the Court set a deadline for the parties to "make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than **May 18, 2018**." [ECF No. 54, at 2 (emphasis in original).]

On May 17, 2018, attorneys Daniel T. Batten and Brian D. Klar entered their appearances on behalf of Casey in this matter. [ECF Nos. 62-65.]

Although the stay has long been lifted and Casey is now represented by counsel, she still ignored both Court ordered discovery deadlines and to date, has produced not a single document, or served any responses or supplemental disclosures. Specifically, Casey failed to serve any responses or objections to Plaintiffs' Document Requests or produce any documents on or before the May 31st deadline ordered by the Court, and she remains in violation of the Court's order as of the date of the filing of this motion.

Casey similarly disregarded her obligation pursuant to Rule 26(a). Pursuant to Local Rule 26 - 3.01(A), "Disclosure of documents and electronically stored information pursuant to Rule 26(a)(1)(A)(ii) shall be made by providing a copy to all other parties, except as otherwise ordered by the Court." Casey failed to provide copies of any documents on or before the May 18th deadline ordered by the Court, and she remains non-compliant with the Court's order as of the date of the filing of this motion.

In the hopes of avoiding the need for Court intervention, Plaintiffs' counsel conferred in good with Casey's counsel and gave Casey additional extensions of time to cure her default. Notwithstanding assurances from Casey's counsel that efforts would be made to bring his client into compliance, the extended deadlines also came and went without any documents provided by Casey.

## II. APPLICABLE STANDARD

"Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery." *Precision Rx Compounding, LLC v. Express Scripts Holding Company*, No. 4:16-CV-69 RLW, 2018 WL 2100281, at *2 (E.D. Mo. May 7, 2018). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." *Id.* 37(a)(3)(B)(iv).

Upon granting a motion to compel, Rule 37(a)(5)(A) authorizes the Court to award "reasonable expenses incurred in making the motion, including attorney's fees." *Id.* 37(a)(5)(A); *see also Koenig v. Bordeau Const. LLC*, No. 4:13CV477 SNLJ, 2015 WL 1636988, at *1 (E.D. Mo. April 10, 2015).

"[C]ourts uniformly conclude that an objection [to a Rule 34 request for production of documents] may be waived if it is not timely raised and good cause for the delay is not shown." *Parshall v. Menard, Inc.*, 4:16-CV-828 (CEJ), 2016 WL 7188125, at *1 (E.D. Mo. Dec. 12, 2016) (internal quotations and citations omitted).

## III. ARGUMENT

This motion should be granted because Casey failed to disclose documents required by Rule 26(a), and failed to produce documents as requested under Rule 34, by the dates required by the Court, or even an extended deadline agreed to by Plaintiffs. *See* Fed. R. Civ. P. 37(a)(3)(A) and (B)(iv).

Additionally, the Court should find that all objections to Plaintiffs' Document Requests have been waived because Casey failed to serve timely objections without good cause. *See Parshall*, 2016 WL 7188125, at *2 ("The Court finds that plaintiff has not shown good cause to excuse his failure to make timely objections to the discovery. Therefore, the objections are waived.").

Plaintiffs are entitled to an award of reasonable attorney's fees, because Casey's conduct necessitated this motion. *See* Fed. R. Civ. P. 37(a)(5)(A); *see also Liley v. Mitek Corp.*, No. 1:13CV95 SNLJ, 2015 WL 1383958, at *1 (E.D. Mo. March 23, 2015) (awarding attorneys' fees to the party compelling discovery where "counsel made good faith attempts to resolve the dispute before filing the motion, the nondisclosure and failure to respond was not substantially justified, and there are no other circumstances that make an award of fees unjust").

## IV. CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court enter an Order, in the form submitted herewith, ordering Casey to produce all documents responsive to Plaintiffs' Document Requests within seven business days of the date of the order and that objections to Plaintiffs' Document Requests have been waived. In addition, the Court should require Casey to provide to Plaintiffs copies of all documents in accordance with Local Rule 26 - 3.01(A) within seven business days of the date of the Order. Plaintiffs also request an award of costs and attorneys' fees relating to the motion to compel, and that Plaintiffs shall have 14 days from the date of the Order granting this motion for sanctions to file an affidavit detailing these attorneys' fees and costs.

Dated: June 13, 2018                                 Respectfully submitted,

                                                                                  /s/ Martina Bernstein

MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/*

## CERTIFICATE OF SERVICE

I certify that on June 13, 2018, the foregoing Memorandum in Support of Counterclaim Plaintiffs' Motion for an Order Compelling Discovery Against Counterclaim Defendant Connie Braun Casey was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Brian Klar, bklar@lawsaintlouis.com
Daniel T. Batten, dbatten@lawsaintlouis.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

And was served by regular mail on the following:

Missouri Primate Foundation
c/o Connie Braun Casey
12338 State Rd. CC
Festus, MO 63028

Vito Stramaeglia
ICS
832 Jones Creek Rd.
Dickson, TN 37055

/s/ Jared S. Goodman