UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, ) <br> CONNIE BRAUN CASEY, individually, ) <br> ANDREW SAWYER, individually, and ) <br> JANE DOES 1 and 2, ) <br> ) <br>     Plaintiffs and Counterclaim ) <br>     Defendants, ) <br> ) <br> v. ) <br> ) <br> PEOPLE FOR THE ETHICAL ) <br> TREATMENT OF ANIMALS, INC. and ) <br> ANGELA SCOTT a/k/a ANGELA G. ) <br> CAGNASSO, individually, ) <br> ) <br>     Defendants and ) <br>     Counterclaim Plaintiffs. ) <br> ) | Case No. 4:16-cv-02163 |

**COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY'S RESPONSE IN
OPPOSITION TO COUNTERCLAIM PLAINTIFFS' MOTION FOR SANCTIONS FOR
SPOLIATION OF EVIDENCE**

COMES NOW Plaintiff/Counterclaim Defendant Connie Braun Casey ("Ms. Casey"), by and through the undersigned counsel, and in response to Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc.'s and Angela Scott's (collectively "Counterclaim Plaintiffs'") Motion for Sanctions for Spoliation of Evidence ("Motion"), states as follows.

**FACTUAL BACKGROUND**

Counterclaim Plaintiffs hold themselves out as principled litigants with the sole goal of seeking appropriate care and treatment of Ms. Casey's chimpanzees. Their counterclaims arise out of their allegations that Ms. Casey's ownership of chimpanzees is in violation of federal law and regulations because she and Counterclaim Defendant Missouri Primate Foundation ("MPF") "lack the facilities, stability, support, knowledge, expertise, and funds necessary to care for

chimpanzees by providing appropriate enrichment, nesting materials, sanitation, diet, veterinary care, medication, maintenance, and monitoring," and otherwise allegedly fails to provide her chimpanzees with a "minimally acceptable program of environment enhancement." [ECF No. 23, ¶¶42, 43.] Notably, Counterclaim Plaintiffs specifically allege that Ms. Casey's continued possession of the chimpanzees and continuing violation of federal law. [ECF No. 23, ¶135.]

Counterclaim Plaintiffs' prayer for relief in their counterclaims seeks (1) declaratory judgment against Ms. Casey and MPF that their treatment of the chimpanzees violated federal law and regulations, (2) enjoining Ms. Casey and MPF from continuing to violate federal law and regulations respecting the chimpanzees, (3) enjoining Ms. Casey and MPF from owning or possessing any endangered chimpanzees in the future, (4) appointing a special master or guardian ad litem to determine the most appropriate placement for the forfeited chimpanzees, and (5) an award of their legal fees and expenses in pursuing the action. [ECF No. 23, pp. 35, 36.][1] Stated more directly, Counterclaim Plaintiffs don't want Ms. Casey and MPF to own any chimpanzees and wants the ones they have to be sent to another facility (along with their attorneys' fees).

Counterclaim Plaintiffs' Notice of Intent to Sue, dated November 2, 2016, makes similar allegations against Ms. Casey and MPF as to their care and treatment of the chimpanzees, demands that Ms. Casey and MPF remedy their alleged violations of federal law in the treatment of the chimpanzees, and suggests that Counterclaim Plaintiffs take possession of the chimpanzees to be transferred to a facility of their selection. [ECF 1-1.] The Notice of Intent to Sue specifically demands that the violations of federal law "cease immediately." Id. Notably, nowhere in the

---

[1] While Ms. Casey vehemently denies Counterclaim Plaintiffs' allegations and objects to their persistence in mischaracterizing Ms. Casey's treatment of her chimpanzees both in this case in through its publicity smear campaign, which she loves very much and has cared for them for many years, Ms. Casey has offered Counterclaim Plaintiffs a judgment, ECF 78, however Counterclaim Plaintiffs have indicated that they will not accept same for reasons not clear but in any instance not motivated by the best interests of the chimpanzees for which the counterclaim was allegedly filed.

Notice of Intent to Sue do Counterclaim Plaintiffs identify the chimpanzees as "evidence" or advise Ms. Casey and MPF that any transfer of the chimpanzees to any location or person besides one identified by Counterclaim Plaintiffs would be considered spoliation. Id. Counterclaim Plaintiffs did not actually pursue their cause of action until June 23, 2017, eight and a half months later.

Counterclaim Plaintiff PETA sent a similar Notice of Intent to Sue to the DeYoung Family Zoo in Michigan regarding its own chimpanzees. The DeYoung Family Zoo filed suit against Counterclaim Plaintiff PETA regarding same, U.S. District Court for the Western District of Michigan Case No. 2:16-cv-00282. See Complaint, submitted concurrently herewith as **Exhibit 1** and incorporated herein by reference. The case was dismissed on March 29, 2017, after Counterclaim Plaintiff PETA withdrew its Notice of Intent to Sue. See Plaintiff's Notice of Dismissal, submitted concurrently herewith as **Exhibit 2** and incorporated herein by reference. The undersigned is not aware of Counterclaim Plaintiff PETA filing any formal claims against the DeYoung Family Zoo regarding its treatment and care of its chimpanzees.

As stated in the Motion, five MPF transferred five (5) chimpanzees to the DeYoung Family Zoo. Counterclaim Plaintiffs learned about MPF's transfer of at least three (3) of the chimpanzees at least as early as June 23, 2017. [ECF 23, ¶ 46.] Notwithstanding, at no time have Counterclaim Plaintiffs sought a protective order, temporary restraining order, or any other relief from this Court to reverse the transfers or stop future transfers. While Ms. Casey disputes that she cannot transfer her chimpanzees or that doing so constitutes spoliation, Ms. Casey has no plans or intent to transfer any of the other chimpanzees pending resolution of this suit.

**ARGUMENT**

Counterclaim Plaintiffs, for the first time and after at least a year, seek sanctions against Ms. Casey and MPF for transferring the subject chimpanzees and allegedly spoliating evidence. However, Counterclaim Plaintiffs fail to establish spoliation or prejudice as a result of the transfers. Counterclaim Plaintiffs may still inspect Ms. Casey's facility where nine (9) chimpanzees at issue reside and discover what facts, if any, exist to support their claims. Counterclaim Plaintiffs fails to state how the mere presence of the transferred chimpanzees would assist in their fact-gathering. To the extent Counterclaim Plaintiffs complain that they cannot inspect the actual chimpanzees to determine their care, this is just not true; they are scheduled to inspect the donated chimpanzees in a matter of weeks. To the extent Counterclaim Plaintiffs complain that the donated chimpanzees may be in a better condition at their new home and receiving better care so they don't exhibit any poor care, that is the very purpose of their claims. Counterclaim Plaintiffs' are still able, as easily as before the subject chimpanzees were transferred, to determine whether Ms. Casey has violated (and continues to violate) federal law and regulations regarding the chimpanzees she owns and/or possesses, which all remain at Ms. Casey's facility.

Counterclaim Plaintiffs also fail to establish, assuming that there was spoliation, how evidence was spoliated any greater than the mere passage of time. Counterclaim Plaintiffs claim that Ms. Casey abuses and mistreats her chimpanzees. While Ms. Casey denies these offensive claims, she nonetheless took steps in the hopes that she could relieve Counterclaim Plaintiffs of their concerns and ensure she was complying with federal laws and regulations. One of these steps was to assist in the donation of five (5) of her chimpanzees to the DeYoung Family Zoo. See U.S. Department of Agriculture Record of Acquisition, Disposition or Transport of Animals for the subject chimpanzees, attached herewith as **Exhibit 3** and incorporated herein by reference. Of

note, the USDA transfer documents reflect that the chimpanzees were **<u>donated</u>** to the DeYoung Family Zoo and, at the time of the transfer, all of the chimpanzees were in **<u>excellent</u>** condition.

While Counterclaim Plaintiff PETA has previously similarly challenged the DeYoung Family Zoo's ownership and treatment of chimpanzees, as reflected in the amicable resolution of the DeYoung Family Zoo's suit against Counterclaim Plaintiff PETA, it withdrew its Notice of Intent to Sue, presumably because it was satisfied that the DeYoung Family Zoo was not abusing its chimpanzees or violating federal law or regulations regarding same. In other words, the DeYoung Family Zoo satisfied Counterclaim Plaintiffs' high standards. To complain now that five (5) chimpanzees were donated to the DeYoung Family Zoo is inimical to the whole purported purpose of the counterclaims: to remove the chimpanzees from Ms. Casey and MPF and place them in a facility that will provide the best care to them pursuant to federal law and regulations.

Counterclaim Plaintiffs' argument for sanctions is also undercut by the passage of time caused by its own inexplicable delay. Counterclaim Plaintiffs waited eight (8) months after their Intent to Sue to actually assert their claims. Counterclaim Plaintiffs have only recently sought to inspect Ms. Casey's facility, almost twenty (20) months after its Notice of Intent to Sue. In fact, Counterclaim Plaintiffs sought to inspect the DeYoung Family Zoo's premises several weeks before contacting the undersigned counsel about potential inspection dates, which was only sought after the undersigned counsel raised this issue to Counterclaim Plaintiffs' counsel's attention.

Additionally, even if no transfer had occurred, the state of the chimpanzees and Ms. Casey's facility is not "static." Ms. Casey had a duty and deep desire to continue to provide her chimpanzees the best care and to that end has, as she did before receiving the Notice of Intent to Sue, made repairs and improvements to her facility. She has also cleaned, fed, and secured veterinary care as appropriate for her chimpanzees. Not only are these tasks necessary to ensure

the chimpanzees are well-cared-for, Ms. Casey would likely be in violation of federal law and regulations if she had NOT done so. And, Counterclaim Plaintiffs would likely charge that Ms. Casey was further violating federal law and regulations if she had not maintained her facility and otherwise taken these steps.

To the extent this Court concludes that Ms. Casey spoliated evidence by donating several of her chimpanzees to the DeYoung Family Zoo, Ms. Casey adopts the arguments raised by Counterclaim Defendant Andrew Sawyer in his Opposition to the Motion, filed on June 11, 2018, and incorporate those arguments herein. Counterclaim Plaintiffs fail to establish that Ms. Casey's conduct was in bad faith or an effort to suppress the truth. Instead, Ms. Casey simply sought and obtained a resolution regarding the transferred chimpanzees that would, if nothing else, relieve Counterclaim Plaintiffs' concerns that Ms. Casey was not properly taking care of them.

In light of the foregoing, Counterclaim Defendant Connie Braun Casey respectfully requests that this Court deny Counterclaim Plaintiffs' Motion for Sanctions for Spoliation of Evidence, and such other and further relief as this Court deems just and proper.

Dated this 18th day of June, 2018.

Respectfully Submitted,

KLAR, IZSAK & STENGER, L.L.C.

By: /s/ Daniel T. Batten_____
BRIAN D. KLAR, #36430
DANIEL T. BATTEN, #58810
Attorneys for Co-Defendant
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
Phone: 314-863-1117
Fax: 314-863-1118
Email: bklar@lawsaintlouis.com
dbatten@lawsaintlouis.com

# CERTIFICATE OF SERVICE

I hereby certify that on **June 18, 2018**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served via first class mail, postage prepaid, to the following:

| | |
|---|---|
| POLSINELLI PC<br>KELLY J. MUENSTERMAN (#66968)<br>JAMES P. MARTIN (#50170)<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102<br>314.889.8000<br>Fax No: 314.231.1776<br>kmuensterman@polsinelli.com<br>jmartin@polsinelli.com | Patrick J. Hanley, Esq.<br>214 E. Fourth Street<br>Covington, KY 41011<br>*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaglia*<br><br>Missouri Primate Foundation<br>12338 State Road CC<br>Festus, MO 63028 |
| PETA FOUNDATION<br>JARED S. GOODMAN<br>(Admitted *Pro Hac Vice*)<br>2154 W. Sunset Blvd.<br>Los Angeles, CA 90032<br>323.210.2266<br>Fax No: 213.484.1648<br>*Attorneys for Defendant/Counterclaim Plaintiff* | Geordie Duckler<br>9397 SW Locust Street<br>Tigard, OR 97223<br>geordied@animallawpractice.com<br>*Attorneys for Plaintiff/Counterclaim Defendant Andrew Sawyer* |

                                              /s/ Daniel T. Batten