## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

DEYOUNG FAMILY ZOO, a corporation, )
and HAROLD DEYOUNG, individually, )
                                      )
     Plaintiffs,          )

vs.                          )

PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC. and )
MARTI MCDOWELL, individually, )
                                        )
     Defendants.    )

No.  2:16-cv-282

COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF & DEFAMATION

------------------------------------------------------------------------------------------------

Kurtis Reeg (MO Bar #27684)
Lynn Lehnert (P76279)
Goldberg Segalla LLP
Attorney for DeYoung Family Zoo
8000 Maryland Suite 640
St. Louis, Missouri    63105
314-446-3350
kreeg@goldbergsegalla.com
llehnert@goldbergsegalla.com

Jonathan Frank

Maddin Hauser Roth & Heller P.C.
Attorney for PETA and Marti McDowell
28400 Northwestern Highway
Southfield, Michigan 48034
248-208-0715
jfrank@maddinhauser.com

## COMPLAINT

COME Now Plaintiffs, DeYoung Family Zoo and Harold DeYoung ("Plaintiffs"), by and through their attorneys, Goldberg Segalla, LLP, by and through their attorneys Kurtis B. Reeg and Lynn A. Lehnert, and respectfully state as follows.

### JURISDICTION, VENUE, and GENERAL ALLEGATIONS

1. Plaintiff DeYoung Family Zoo is a private zoo located at located at N5406 County Rd. 577, Wallace, Michigan, 49893; Harold DeYoung is the owner and director of DeYoung Family Zoo (collectively, "Plaintiffs").

2. Defendant People for the Ethical Treatment of Animals, Inc. (PETA) is a militant, activist, animal rights group using its cloak as a non-profit organization to threaten and bring

1



litigation under the Endangered Species Act as the basis for some of its fundraising activities and makes claims for attorneys' fees under the Equal Access to Justice Act (28 U.S.C. 2412) and other similar laws to fund its litigation war chest in furtherance of two of its goals which are to end private ownership of animals and to have human or non-property rights bestowed upon non-wild, non-human primates, which under applicable law are considered to be private property. Defendant Marti McDowell, upon information and belief, is and/or in this case acted as an informer, snitch, agent, and/or representative of PETA, and is a private citizen who made a previous unfounded complaint against the DeYoung Family Zoo to the United States Department of Agriculture-Animal and Plant Health Inspection Service (USDA-APHIS) in 2014, and who resides in Iron Mountain, Michigan (collectively, "defendants").

3.   Defendants have threatened in writing to Plaintiffs and certain federal officers to file a lawsuit against Plaintiffs herein under the Endangered Species Act, 16 U.S.C. § 1538 (a)(1)(B), and its implementing regulation, 50 C.F.R. § 17.21(c)(1).   Specifically, defendants allege that Plaintiffs' possession of two chimpanzees constitutes a "taking" in violation of the Endangered Species Act, 16 U. S. C. § 1538(a)(1)(B)[1] ("ESA").   *See* October 28, 2016 correspondence, attached as Exhibit A.

4.   Contrary to Defendants' allegations set forth in their October 28, 2016, letter, Plaintiffs do not own or possess a chimpanzee named "Tommy" but have a chimpanzee which shall be referred to herein as "Chimpanzee #2."

---

[1] (a) Generally.

    (1)  Except as provided in sections 6(g)(2) and 10 of this Act [16 USCS §§ 1535(g)(2), 1539], with respect to any endangered species of fish or wildlife listed pursuant to section 4 of this Act [16 USCS § 1533] it is unlawful for any person subject to the jurisdiction of the United States to:...

        (B)  take any such species within the United States or the territorial sea of the United States; 16 U.S.C. § 1538(a)(1)(B).

5.  Chimpanzees are listed as endangered under the ESA, 50 C.F.R. §17.11(h), and non-wild chimpanzees are animals included within the list of endangered wildlife under the ESA as of September 14, 2015. 80 Fed.Reg. 34499 (June 16, 2015).

6.  This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1331, because a federal question is presented, *i.e.,* whether or not the possession of the Chimpanzee named Louie and Chimpanzee #2 by Plaintiffs constitutes a "take" in violation of the ESA.

7.  Pursuant to 28 U.S.C. § 2201(a) and 28 U.S.C. § 2202, and as more fully set forth herein, an actual, ripe, justiciable controversy exists between Plaintiffs and Defendants so that the Court is authorized to provide Plaintiffs the requested declaratory and injunctive relief.

8.  Pursuant to 16 U.S.C. § 1540(g)(5), the injunctive relief provided by citizen suits (such as the one Defendants allege will be filed against the DeYoung Family Zoo and/or Harold DeYoung) to enjoin persons who are alleged to be in violation of any provision of the ESA, shall not restrict any right which any person, or class of persons, may have under any statute or common law to seek enforcement of any standard or limitation or to seek any other relief.  As such, Plaintiffs have the authority and right to file this action.

9.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), because this is the District in which a substantial part of the events giving rise to the question presented occurred.

## COUNT I - Declaratory Judgment

10. The ESA makes it unlawful, with certain exceptions, for any person subject to the jurisdiction of the United States to "take" any endangered species of fish or wildlife "within the United States or the territorial sea of the United States."

3

11. The ESA defines a "take" of an endangered species as to **"harass, harm,** pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19) (emphasis added).

12. The Defendants' notice of their intent to file a lawsuit against Plaintiffs asserts that the bases for their "take" claims against Plaintiffs are based on the "harass" and "harm" elements of the statutory definition of the term "take."

13. The implementing regulations under the ESA, 50 C.F.R. Part 17, define "harass" as used in the definition of "take" to mean "an intentional or negligent act or omission which creates the likelihood of injury to wildlife by annoying it to such an extent as to significantly disrupt normal behavioral patterns which include, but are not limited to, breeding, feeding, or sheltering." 50 C.F.R. § 17.3. The term "harm" means "an act which actually kills or injures wildlife. Such act may include significant habitat modification or degradation where it actually kills or injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering." *Id.*

14. Defendants falsely assert in their notice of claim to Plaintiffs that Plaintiffs are violating the ESA by an ongoing "take" of chimpanzee Louie and Chimpanzee #2, because (1) Plaintiffs isolate Louie and Chimpanzee #2 from any other member of their species and deny them a safe, complex environment, and (2) Plaintiffs expose Louie to harassment by visitors. *See* Exhibit A.

15. Plaintiffs deny Defendants' allegations set forth in their October 28, 2016 letter, Exhibit A attached hereto.

WHEREFORE, Plaintiffs respectfully pray that this Court enter its judgment and decree: declaring that Plaintiffs' housing, care and treatment of their private property, Chimpanzee Louie and Chimpanzee #2, do not constitute a "take" of either under the Endangered Species Act and

are, in fact, in compliance with the Endangered Species Act; awarding Plaintiffs their reasonable

attorney fees and litigation costs incurred in preparing for, bringing and prosecuting this action,

pursuant to Endangered Species Act, 16 U.S.C. §1540(g)(4), Scales v. J.C. Bradford and Co.,

925 F.2d 901. 909-10 (6th Cir. 1991), and Shakopee Mdewakanton Sioux Community v. City of

Prior Lake, 771 F.2d 1153, 1160 (8th Cir. 1985); and granting for such other and further relief

that this Court deems just and proper.


## COUNT II – Injunction

COME NOW Plaintiffs, and for their cause of action for issuance of an Injunction, state

as follows:

16. Each and every allegation set forth above in pars. 1-15 inclusive is incorporated herein in

Count II by reference, as if fully set forth herein.

17. Defendants have threatened to file suit against Plaintiffs unless Plaintiffs relinquish their

private property Chimpanzee Louie and Chimpanzee #2 to an unidentified, undisclosed facility

of their own choosing.

18. Pursuant to 16 U.S.C. § 1540(g)(5) and 28 U.S.C. §2202, this Court has the authority to

issue in favor of Plaintiffs and against Defendants "further necessary or proper relief based on a

declaratory judgment or decree," including an injunction prohibiting Defendants from filing their

threatened lawsuit against Plaintiffs in which they intend to claim that Plaintiffs are violating the

ESA.

19. If Defendants are not enjoined and barred from filing their threatened lawsuit against

Plaintiffs, as set forth herein, Defendants would be filing harassing, duplicative litigation and

over-burdening the Court in violation of the doctrine and tenets of judicial economy, while in reality attempting to implement its true strategy as set forth in paragraph 2 above.

20. This Court can adequately declare the rights and remedies of the Plaintiffs and Defendants under the Endangered Species Act involving the private property at issue herein in this pending declaratory judgment proceeding.

WHEREFORE, based on the foregoing, Plaintiffs respectfully request that this court issue an injunction in favor of Plaintiffs and against Defendants, enjoining and barring them from filing any action against Plaintiffs based on or arising from any issues or matters asserted, addressed, or raised in their letter of October 28, 2016, attached as Exhibit A herein; waiving the requirement of a bond or setting a de minimus bond given that Defendants themselves will not suffer any harm during the pendency of this litigation than they would not have otherwise suffered if they had proceeded with their threatened ESA action; and grant such other and further relief as this Court deems just and proper.

## COUNT III – Defamation

COME NOW Plaintiffs, and for their pendent state law claim of Defamation, state as follows:

21. Each and every allegation set forth above in pars. 1-15 inclusive is incorporated herein in Count II by reference, as if fully set forth herein.

22. On multiple occasions, Defendant PETA has posted and made statements and issued at least one (1) press release (attached hereto as Exhibit B which is incorporated herein) on its website, http://www.peta.org/action/action-alerts/deyoung-zoo-retire-louie-sanctuary, and Defendant McDowell has posted and published on social media statements (see Exhibit C incorporated herein), which:

A.      are false and defamatory toward Plaintiffs;

B.      are unprivileged communications to one or more third parties;

C.      exhibit fault on the part of Defendants PETA and McDowell, amounting at least to negligence on the part of these communication publishers PETA and McDowell; and

D.      are either actionable irrespective of special harm (defamation *per se*) or which have resulted in the existence of special harm and damages to Plaintiffs herein.

23. One PETA press release has been picked up by the print and television media which have re-published said false and defamatory statements, thus multiplying the harm experienced by Plaintiffs. *See* Exhibits D and E, which is incorporated herein.

24. Defendants PETA's and McDowell's false, misleading and defamatory statements were made maliciously and/or were so willful and wanton as to demonstrate a reckless disregard of the Plaintiffs' rights, so that exemplary damages are appropriate to be awarded in this case against said Defendants.

25. Since the publication by Defendants PETA and McDowell of their false, misleading and defamatory statements, Plaintiffs have been subject to threats, ridicule, loss of income, attorney's fees and costs, and other damages to be proven at trial.

WHEREFORE, Plaintiffs respectfully request that this Court: find Defendants PETA and/or McDowell have defamed Plaintiffs; award Plaintiffs compensatory and exemplary damages; award Plaintiffs their reasonable attorney fees and litigation costs incurred in preparing for, bringing and prosecuting this action; and grant such other and further relief that this Court deems just and proper.

Date: December 27, 2016

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By:      /s/ Kurtis B. Reeg
Kurtis B. Reeg, (MO Bar #27684) (Lead Attorney)
*kreeg@goldbergsegalla.com*
Lynn Lehnert, P76279
*llehnert@goldbergsegalla.com*
8000 Maryland Suite 640
St. Louis, Missouri 63105
Telephone:   314-446-3350
Facsimile:  314-446-3360

Attorneys for Plaintiff DeYoung Family Zoo and
Harold DeYoung

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2016, I electronically filed the foregoing United States District Court - Western District of Michigan by using the CM/ECF system.

/s/ Kurtis B. Reeg