UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **MISSOURI PRIMATE FOUNDATION,** et al., | ) ) ) | |
|       **Plaintiffs and**       **Counterclaim Defendants,** | ) ) ) | |
| v. | ) ) ) | Case No. 4:16-cv-02163 |
| **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al.,** | ) ) ) | |
|       **Defendants and**       **Counterclaim Plaintiffs.** | ) ) | |

**COUNTERCLAIM PLAINTIFFS'
MOTION TO COMPEL INSPECTION, OR, IN THE ALTERNATIVE, FOR
ENTRY OF DEFAULT AGAINST COUNTERCLAIM DEFENDANT SAWYER**

    Pursuant to Rules 37 and 34(a)(2) of the Federal Rules of Civil Procedure and the Court's inherent authority to manage these proceedings, Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (together, "Plaintiffs") hereby move for an order compelling Counterclaim Defendant Andrew Sawyer ("Sawyer") to produce the chimpanzee named Joey ("Joey") for inspection at the location where Sawyer presently confines Joey, to allow Plaintiffs a full and fair opportunity to discover whether Joey's present conditions of confinement comply with the requirements of the Endangered Species Act ("ESA"). In support of this motion, Plaintiffs state the following:

    1.    Plaintiffs' case against Sawyer centers around the issue of whether Joey presently is, and in the past has been, confined under conditions that violate the ESA.

    2.    In November 2016, Sawyer received Plaintiffs' notice of violation and intent to file suit pursuant to Section 11(g)(2)(A)(i) of the ESA, for keeping Joey at the facilities of

1

Missouri Primate Foundation ("MPF") in conditions that violate the ESA. [ECF No. 1-1; "Notice."]

3. During the mandatory 60-day waiting period between Plaintiffs' service of the Notice and filing suit, Sawyer removed Joey from MPF to a secret location and preemptively sued Plaintiffs in December 2016 for, among other things, a declaration that the manner in which Joey was kept did not violate the ESA. [ECF No. 1.]

4. Subsequently, Sawyer also moved to dismiss Plaintiffs' ESA counterclaims against him, arguing, among other things, that those claims were moot because Joey was no longer at MPF. [ECF No. 30, at 9.] This Court rejected the argument, noting, in part: "the transfer does not render the case moot as it is unknown **whether his current conditions are in violation of the ESA** or whether [Joey's] transfer was merely temporary." [ECF No. 56, at 11 (emphasis added).]

5. As the Court's reasoning makes clear, Joey's "current conditions"—wherever he may be located—are pivotal to Plaintiffs' claims against Sawyer. However, Sawyer has thwarted Plaintiffs' attempts to discover those conditions. To date, Plaintiffs have not even been able to serve a notice pursuant to Rule 34(a)(2) upon Sawyer, requesting entry onto "designated land" to inspect Joey, because Sawyer refused to provide the necessary address of the "designated land" where Joey would be inspected. Sawyer's counsel objected to providing a date or location for the inspection on the ground that this would imperil his client's Fifth Amendment rights.

6. Sawyer's Fifth Amendment claim is, at most, speculative, and moreover belied by Sawyer's own conduct in seeking a declaration from this Court that the manner in which Joey is being held does not violate the ESA.

7. In the event the Court nevertheless finds that the Fifth Amendment applies under

2

these circumstances, the Court should use its inherent authority to protect the integrity of these proceedings and protect Plaintiffs from the egregious prejudice caused by Sawyer's refusal to disclose where he has hidden Joey.

8. Plaintiffs' counsel Jared Goodman and Martina Bernstein conferred by telephone with counsel for Sawyer, Geordie Duckler, at 4:00 p.m. (PT), on June 15, 2018, to discuss Plaintiffs' request for a date and location for inspecting Joey pursuant to Rule 34(a)(2). Mr. Duckler declined to provide a date or location for the inspection, stating that Sawyer invoked his Fifth Amendment privilege. After sincere efforts to resolve their dispute, counsel were unable to reach an accord regarding any or all of the requested relief.

9. By first spoliating key evidence and then asserting the Fifth Amendment privilege to prevent Plaintiffs' access to the evidence, Sawyer has deliberately and completely eviscerated Plaintiffs' ability to obtain a fair trial. The requested discovery, which Sawyer refused to allow on Fifth Amendment grounds, is essential to Plaintiffs' claims, and there exists no effective substitute. If the privilege claim is upheld, the only adequate remedy is to enter a default against Sawyer.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an Order, in the form submitted herewith, granting Plaintiffs' motion as follows:

**OVERULLING** Sawyer's privilege claim, and **ORDERING** that on a date mutually agreed upon by the parties, but in no event later than 21 days from the date of the order, Sawyer shall produce Joey at the location where he is currently kept, and allow Plaintiffs and their experts a full and fair opportunity to discover whether the treatment and manner of confinement of Joey complies with the ESA.

3

**GRANTING** Plaintiffs an award of costs and attorneys' fees relating to the motion to compel, and that Plaintiffs have 14 days from the date of the order granting this motion for sanctions to file an affidavit detailing these attorneys' fees and costs.

**WHEREFORE, IN THE ALTERNATIVE**, Plaintiffs respectfully request that, if the privilege claim is sustained, the Court enter an order:

**ORDERING** that Sawyer's Answer to Plaintiffs' Counterclaim [Doc. # 31] be stricken, and default be entered in favor of Plaintiffs and against Sawyer on all claims pending before the Court.

**ORDERING** that Plaintiffs have 14 days from the date of the order granting this motion to file a motion for entry of default judgment and proposed order concerning items (a) through (d) of the relief sought in Counts I and II of Plaintiffs' Counterclaim.

**ORDERING** that Plaintiffs may present their claims pursuant to item (e) of the relief sought in Counts I and II of Plaintiffs' Counterclaim in an appropriate post-judgment motion.

Dated:   June 18, 2018               Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648

4

jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

5

## CERTIFICATE OF SERVICE

I certify that on June 18, 2018, the foregoing Counterclaim Plaintiffs' Motion to Compel Inspection, Or, in The Alternative, for Entry of Default Against Counterclaim Defendant Sawyer and Proposed Order were electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Brian Klar, bklar@lawsaintlouis.com
Daniel T. Batten, dbatten@lawsaintlouis.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Patrick Hanley, p.hanley@att.net
*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*

And was served by regular mail on the following:

Missouri Primate Foundation
c/o Connie Braun Casey
12338 State Rd. CC
Festus, MO 63028

/s/ Jared S. Goodman