UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) Case No. 4:16-cv-02163 ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) |

## REPLY TO COUNTERCLAIM DEFENDANT CASEY IN FURTHER SUPPORT OF COUNTERCLAIM PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. ("PETA") and Angela Scott (collectively, "Plaintiffs"), pursuant to Local Rule 7-4.01(C), respectfully submit this reply to Counterclaim Defendant Connie Braun Casey [ECF No. 82] and in further support of Plaintiffs' Motion for Sanctions for Spoliation of Evidence [ECF Nos. 66-67]. Casey's opposition—which fails to cite to even a single case—sets forth a revisionist history that disregards the facts and record in this matter in an effort to avoid responsibility for her unlawful conduct.

**I.  Casey Offers a False Post-Hoc Rationalization for Her Spoliation**

First, Casey contradicts her own sworn declaration as to the reasons for her spoliation. She states in her opposition that she sent five chimpanzees subject to Plaintiffs' claims to the DeYoung Family Zoo ("DeYoung") "in the hopes that she could relieve Counterclaim Plaintiffs of their concerns and ensure she was complying with federal laws and regulations." [ECF No. 82, at 5.] Yet she previously submitted a sworn declaration asserting, "The December, 2016, transfer of

three (3) chimpanzees (in which I had ownership rights) from the Missouri Primate Foundation was the result of negotiations and discussions that were initiated well before the receipt of PETA's Notice of Intent to Sue letter dated November 2, 2016." [ECF No. 17-1.] That Casey purportedly began negotiating the transfer of these three chimpanzees prior to the Notice belies her assertion now that it was done—without ever inquiring with or notifying Plaintiffs—in good faith to "relieve Counterclaim Plaintiffs of their concerns."

Casey's removal of two additional chimpanzees implodes this post-hoc rationalization for her spoliation entirely. She transferred these additional chimpanzees just one week after Plaintiffs alerted her counsel that such transfers amount to spoliation, including citations to precedent, and specifically requested an "assurance" that Defendants would "not transport, transfer, or otherwise relocate any other … chimpanzees currently held at Missouri Primate Foundation without prior written approval of the Court or unless and until the parties reach a settlement regarding their transfer to a reputable sanctuary." [ECF No. 67-3.] Casey's counsel confirmed that she was aware of and complied with her preservation obligations, and she then promptly transferred two chimpanzees without seeking court approval or even notifying Plaintiffs. [ECF No. 67, at 3-4.][1] Casey thus could not possibly have understood her actions to "relieve Counterclaim Plaintiffs of their concerns"—PETA explicitly stated, in no uncertain terms, that it deemed her actions to be a violation of law.

Second, Casey's counsel's unsubstantiated argument about why Casey purportedly transferred the chimpanzees is entirely unsupported by any evidence in the record and causes

---

[1] These facts also completely undermine Casey's alternative purported justification for her initial spoliation of three chimpanzees on the ground that Plaintiffs did not "identify the chimpanzees as 'evidence.'" [ECF No. 82, at 3.] Not only is it unnecessary for a plaintiff to specifically inform a defendant in anticipated litigation regarding the care of an animal that the animal cannot be secretly transferred to a third party out of state, but these transfers occurred even after such explicit notice.

prejudice to Plaintiffs, who argue, based on the actual record, that the removal was done in bad faith and therefore warrants sanctions [ECF No. 67, at 6-8]. *See Asarco LLC v. Nl Indus., Inc.*, 106 F. Supp. 3d 1015, 1032 (E.D. Mo. 2015) ("It is the Court's job to eliminate from consideration any argument, conclusions, and assertions unsupported by the documented evidence of record.").

Third, this unsubstantiated argument is particularly disingenuous in light of the fact that Casey has apparently failed to comply with her discovery obligations regarding this very issue. As of the date of the filing of this brief, Casey has produced no records reflecting any communications concerning the purpose or intent of these transfers. Given the critical nature of the transfers, the parties conferred specifically regarding the existence of any such communications, and Casey's counsel could not or would not confirm whether Casey searched for such records, or whether such records did exist but were destroyed. *See* Supplemental Declaration of Jared Goodman ("Supp. Goodman Decl.," attached hereto), at ¶ 2. Casey should not be allowed, on the one hand, to proffer unsupported and self-serving explanations about why she transferred the chimpanzees while, on the other hand, stonewalling Plaintiffs' request for full and fair discovery relating to those transactions.

Accordingly, Casey's attempt to refute the compelling inference that she acted in bad faith in despoiling the chimpanzees with inadmissible hearsay and contrary to the record in this case should be dismissed out of hand.

## II. Plaintiffs Did Not Unreasonably Delay in Seeking Spoliation Sanctions

Without a valid and admissible explanation to refute Plaintiffs' showing that the transfer of the chimpanzees was done in bad faith, to evade judicial scrutiny, Casey raises a red herring and argues that delays in litigation somehow excuse her spoliation after the fact. [ECF No. 82, at 4-5.] Casey cites no case—and Plaintiffs have found none—that supports her proposition that

evidence may be despoiled in cases that are stayed or delayed for various reasons. Casey also omits that many of the delays were of her own making and not caused by Plaintiffs.

Indeed, Casey delayed this matter substantially by requiring Plaintiffs to respond to her baseless and unauthorized preemptive claims, filed before even the conclusion of Plaintiffs' mandatory 60-day waiting period [ECF Nos. 1, 40], which is intended to allow an on opportunity for settlement or other resolution without the need for litigation [ECF No. 12, at 9.] *See generally Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990) ("The law strongly favors settlements."). Notwithstanding this clear purpose, Casey disregarded Plaintiffs' notice that sought to resolve these issues prior to initiating litigation [ECF No. 1-1],[2] and ignored Plaintiffs' further attempts to resolve these issues before any litigation commenced. *See* Exhibit A to Supp. Goodman Decl. Plaintiffs were then burdened with moving to dismiss Casey's own meritless claims and related briefing. [ECF Nos. 11-22.]

Moreover, nearly four months ago, while Casey's motion to dismiss Plaintiffs' claims—the only claims remaining in the case—was still pending, the parties conducted their Rule 26(f)(1) conference to commence discovery. [ECF No. 50.] Just days later, counsel for Casey moved to withdraw and Casey sought and ultimately obtained a stay of all discovery. [ECF No. 44, 52.] Notwithstanding the Court's order that the parties respond to outstanding discovery requests by May 31, 2018, and that Plaintiffs first requests for production of documents were served on February 23, 2018 [ECF No. 72], Casey did not serve a single discovery response or document until June 12. *See* Supp. Goodman Decl., at ¶ 4.

---

[2] Casey incorrectly states that in this notice, Plaintiffs proposed to "take possession of the chimpanzees to be transferred to a facility of their selection." [ECF No. 82, at 2.] At no point have Plaintiffs ever requested possession of the chimpanzees.

4

Finally, Casey disregards that she failed to disclose to Plaintiffs any information related to either of either of her improper transfers, including the state or facility to which the chimpanzees were removed or even that the second transfer occurred. At no point prior to Dr. Pernikoff's production of documents in late March did Plaintiffs receive any confirmation that five of Casey's chimpanzees had been transferred to Michigan. [ECF No. 67-5.] Only when it became clear that no progress was being made in settling Plaintiffs' claims with respect to all of the chimpanzees at issue in this case, and litigation seemed inevitable, did Plaintiffs move for sanctions.

After delaying this litigation by filing a meritless complaint, seeking and obtaining a substantial stay of discovery from virtually the time it began until just last month, and failing to adhere to the Court's ordered deadline for outstanding discovery, Casey cannot now assert in good faith that her spoliation should be excused after the fact because sanctions or an inspection of her facility should have been sought sooner.

## III. Casey's Narrative Regarding DeYoung is Unsupported and Rank Speculation

Casey also seeks to excuse her own conduct by arguing that the despoiled animals are kept in their current location in a manner that no longer violates the ESA. [ECF No. 82, at 3-5.] The argument fails on two grounds: it rests purely on conjecture, because *no evidence has been proffered* in order for the Court to determine the actual conditions of the despoiled chimpanzees; and Casey essentially argues that by despoiling the chimpanzees, she mooted the need for any inquiry into the conditions of the despoiled chimpanzees, an argument which this Court has already rejected.

Even if this motion were the proper vehicle for the Court to determine the conditions in which the despoiled chimpanzees are held, which it clearly is not, Casey merely offers conjecture and speculation that Plaintiffs are "presumably" satisfied that the despoiled chimpanzees in the

custody of the DeYoung are treated well because DeYoung is not currently sued by Plaintiffs. *Id.* at 5. The argument is utterly spurious. Whether or not a plaintiff decides to pursue claims may not be related to the merits of those claims in any way. Casey also provides no information whatsoever as to the conditions in which the chimpanzees are held or the care the chimpanzees receive. In sum, the Court is being asked purely to speculate as to what PETA's decision not to sue may have to do with the unknown conditions of chimpanzees that were not even in DeYoung's custody at the time of PETA's notice of intent.

Casey cites no case in support of this substantial inference, and Plaintiffs are aware of none. In accordance with this Court's ruling on Defendants' motion to dismiss, a decision regarding the conditions of any despoiled chimpanzee must await a ruling on the merits. [ECF No. 56, at 11 ("the transfer does not render the case moot as it is unknown whether his current conditions are in violation of the ESA or whether [the subject chimpanzee's] transfer was merely temporary").] Casey's attempt to evade such a ruling with respect to the chimpanzees she has improperly transferred to DeYoung only buttresses the conclusion that the transfers were made in bad faith, to evade judicial scrutiny.

Moreover, Casey argues that Plaintiffs "fail to establish spoliation or prejudice as a result of the transfers," but offers no legal support whatsoever in response to the motion. Instead, Casey argues that Plaintiffs can inspect the chimpanzees at DeYoung in their current conditions. Yet Plaintiffs been prejudiced by having to the bear the substantial cost of conducting an additional site inspection in the Upper Peninsula of Michigan, and Plaintiffs' attempts have been delayed by DeYoung. Even assuming that Plaintiffs' inspection of the facility will not be obstructed, the ability to inspect the chimpanzees at DeYoung is not an adequate replacement for Casey's spoliation. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776 (2d Cir. 1999), is instructive on

this issue. In *West*, the plaintiff sued Goodyear after a tire exploded and caused him injury. *Id.* at 778. Goodyear's central defense was that the plaintiff over-inflated the tire; however, plaintiff's representatives had deflated the tire, and the tire mounting machine and air compressor used to inflate it at the time of injury had been sold to third parties and were no longer in the same condition, so Goodyear's experts "had no way to determine the condition of the machines when they were in [plaintiff's] shop at the time of the accident." *Id.* at 780. As here, the despoiling party transferred the evidence to another facility and the conditions in which that evidence was kept, which were critical to the case, materially changed. The Second Circuit proposed, and the district court subsequently imposed, the following sanctions to remedy the prejudice to the defendants: (1) an adverse inference that the plaintiff overinflated the tire; (2) an adverse inference that the plaintiff's tire mounting machine and air compressor malfunctioned; and (3) precluded the plaintiff from offering any evidence on these issues. *Id.*; *West v. Goodyear Tire & Rubber Co.*, No. 92 CIV. 0938 (RO), 1999 WL 694261, at *1 (S.D.N.Y. Sept. 8, 1999).

Finally, Casey's statement that "the USDA transfer documents reflect that the chimpanzees were **donated** to the DeYoung Family Zoo and, at the time of the transfer, all of the chimpanzees were in **excellent** condition" [ECF No. 82, at 5], is disingenuous and apparently designed to mislead the court regarding third-party oversight regarding both the nature of the transfer and the condition of the chimpanzees. These "USDA transfer documents" are forms, completed solely by the parties to the transaction and the transporter of the animals, and need not even be submitted to the agency. 9 C.F.R. § 2.75(b)(2) (APHIS Form 7020 is a "form[] which may be used by dealers and exhibitors to keep and maintain the information required by" the regulations regarding the transfer). These forms were completed by Casey and Harold DeYoung on behalf of the Zoo [ECF

7

No. 82-3], and they in no way illuminate the true nature of the transaction or condition of the animals at the time of the transfer.

IV.     **Casey's Adopts Counterclaim Defendant Sawyer's False Representation to the Court**

Casey further argues that, even if the removal of the chimpanzees did amount to spoliation, she incorporates Defendant Sawyer's arguments into her own brief. [ECF No. 82, at 6.] In adopting Sawyer's arguments, Casey fails to reconcile one damning fact: After despoiling the chimpanzee Joey, Sawyer refused to allow Plaintiffs to inspect Joey's current condition.

Specifically, Casey incorporates Sawyer's argument that "relocation of an animal simply does not in any manner effectively prohibit the animal from being evaluated and examined," and therefore does not amount to spoliation. [ECF No. 70.] In light of this assertion, following Plaintiffs' reply to Sawyer [ECF No. 71], Plaintiffs conferred with Sawyer's counsel "to discuss Plaintiffs' request for a date and location for inspecting Joey pursuant to Rule 34(a)(2)." [ECF No. 83, at 3.] Sawyer's counsel objected to providing a date or location for the inspection on the ground that this would imperil his client's Fifth Amendment rights [*id.* at 2], and Plaintiffs were required to file a motion to compel an inspection of Joey. [ECF Nos. 83-84.]

Accordingly, it is evident that contrary to Sawyer, and now Casey's, assertion, Joey's relocation not only "effectively" but *entirely* "prohibit[s] the animal from being evaluated and examined," and precludes Plaintiffs from discovering the evidence they need to establish a present violation of the ESA with respect to Joey. Defendants cannot remove the subject chimpanzees and create hurdles for Plaintiffs to discover their current condition, and then claim that spoliation sanctions are not warranted because Plaintiffs have not been prejudiced as a result of their spoliation. These circumstances represent the essence of spoliation and unfair prejudice.[3]

---

[3] Plaintiffs feel obligated to respond to Casey's baseless assertion that "Plaintiffs have indicated that they will not accept [Casey's Offer of Judgment] for reasons not clear but in any instance not

8

**V.     Conclusion**

For the foregoing reasons, and those set forth in Plaintiffs' Motion for Sanctions For Spoliation of Evidence [ECF No. 66] and Memorandum in Support [ECF No. 67], Plaintiffs' Motion should be granted.

Dated:   June 25, 2018					Respectfully submitted,

							/s/ Jared S. Goodman
							JARED S. GOODMAN (#1011876DC)
							(Admitted *pro hac vice*)
							PETA Foundation
							2154 W. Sunset Blvd.
							Los Angeles, CA 90032
							323.210.2266
							Fax No: 213.484.1648
							jaredg@petaf.org

							MARTINA BERNSTEIN (#230505CA)
							PETA Foundation
							1536 16th St. NW
							Washington, DC 20036
							202.483.7382
							Fax No: 202.540.2208
							martinab@petaf.org

							POLSINELLI PC
							JAMES P. MARTIN (#50170)
							KELLY J. MUENSTERMAN (#66968)
							100 S. Fourth Street, Suite 1000
							St. Louis, MO 63102
							314.889.8000
							Fax No: 314.231.1776
							jmartin@polsinelli.com

							*Attorneys for Defendants/*
							*Counterclaim Plaintiffs*

---

motivated by the best interests of the chimpanzees." [ECF No. 82, at 2 n.1] Casey's offer was filed—improperly per Federal Rule of Civil Procedure 68(a)—the business day prior to her opposition to the motion for sanctions, and as of Casey's filing the parties had not communicated regarding that offer *in any manner whatsoever*, implicitly or explicitly.

9

## CERTIFICATE OF SERVICE

I certify that on June 25, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Brian Klar, bklar@lawsaintlouis.com
Daniel T. Batten, dbatten@lawsaintlouis.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Patrick Hanley, p.hanley@att.net
*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*

And was served by regular mail on the following:

Missouri Primate Foundation
c/o Connie Braun Casey
12338 State Rd. CC
Festus, MO 63028

/s/ Jared S. Goodman