UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, CONNIE BRAUN CASEY, individually, ANDREW SAWYER, individually, and JANE DOE 2, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:16-cv-02163 ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. and ANGELA SCOTT a/k/a ANGELA G. CAGNASSO, individually, | ) ) ) ) ) |
| Defendants. | ) |

## DECLARATION OF MARTINA BERNSTEIN

Pursuant to 28 U.S.C. § 1746, I, Martina Bernstein, declare the following to be true and correct to the best of my knowledge and belief:

1. I am counsel for Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. ("PETA") and Angela Scott ("Scott") (together, "Plaintiffs"). I make this declaration based upon my personal knowledge.

2. **Exhibit A**, attached hereto, is a true and correct copy of Plaintiffs' "First Requests for Production of Documents" ("Document Requests") served on February 23, 2018, upon Counterclaim Defendant Connie Braun Casey ("Casey") pursuant to Federal Rule of Civil Procedure 34.

3. **Exhibit B**, attached hereto, is a true and correct copy of Casey's supplemental disclosures pursuant to Rule 26(a), stating in relevant part that she "intends to seek recovery of damages for . . . defamatory statements against her, the amount of which cannot currently be

1

determined as the damages are continuing, along with her costs, expenses, and attorneys' fees against Counterclaim Plaintiffs in connection with this matter."

4. **Exhibit C**, attached hereto, is a true and correct copy of Casey's responses to Plaintiffs' Document Requests.

5. Between June 14 and June 27, 2018, Plaintiffs received several documents from Casey.

6. Counsel for Plaintiffs, Jared Goodman and I, attempted to confer in good faith with Dan Batten, counsel for Casey, by telephone, on June 21, in order to resolve the apparent gaps in Casey's production. In particular, Mr. Goodman and I attempted to determine (i) whether Casey made a sufficiently good faith search for all responsive records in her possession and control; (ii) whether responsive documents existed but were destroyed; and (iii) whether the production was known to be incomplete and would be supplemented in time of upcoming depositions. **Exhibit D**, attached hereto, is a true and correct copy of my written summary of what transpired during the phone call, consistent with Mr. Goodman's and my recollection and notes.

7. **Exhibits E** and **F**, attached hereto, are true and correct copies of follow-up communications, in which Attorney Batten disagreed with my summary of our June 21 phone-call but declined repeated requests to clarify any supposed inaccuracies. To date, despite my repeated attempts to reach an accord, Attorney Batten's last position on these issues was that "it was not worth responding" further. *See* **Exhibit E**.

July 5, 2018

Corona, CA                                                      */s/ Martina Bernstein*
                                                                        Martina Bernstein