# Exhibit C



HASLER
PRIORITY MAIL
$007.90
06/12/2018 ZIP 63117
012E14641625
US POSTAGE

**KLAR, IZSAK & STENGER, L.L.C.**
Attorneys and Counselors at Law

1505 S. Big Bend Blvd.
St. Louis, MO 63117

POLSINELLI PC
KELLY J. MUENSTERMAN
JAMES P. MARTIN
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102



E-MAILED
DATE: 6-14
BY: 8W

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., <br><br> Plaintiffs and Counterclaim Defendants; <br><br> v. <br><br> PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 4:16-cv-02163 |

## COUNTERCLAIM DEFENDANT'S RESPONSES TO COUNTERCLAIM PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION DIRECTED TO COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY

Pursuant to Federal Rule of Civil Procedure 34, Counterclaim Defendant Connie Braun Casey responds to Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Counterclaim Plaintiffs") First Requests for Production of Documents to Counterclaim Defendants as follows.

1. All documents relating to any chimpanzees in any of the Responding Parties' custody or control during any period of time during the Relevant Time Period.

**RESPONSE:** Produced concurrently herewith.

2. To the extent not already encompassed within the foregoing request, the Chimpanzees' veterinary records, including but not limited to clinical histories and necropsy reports.

**RESPONSE:** Produced concurrently herewith.

3. To the extent not already encompassed within the foregoing requests, all logs or other records documenting the Chimpanzees' day-to-day care and/or behavior.

**RESPONSE:** Produced concurrently herewith.

4. To the extent not already encompassed within the foregoing requests, all documents that set forth or regarding the Responding Parties' policies or practices with respect to caring for, feeding, watering, handling, training, or treating the Chimpanzees, including but not limited to food storage and handling.

**RESPONSE:** Produced concurrently herewith.

5. To the extent not already encompassed within the foregoing requests, all documents that set forth or regarding the Responding Parties' policies or practices relating to cleaning and sanitizing chimpanzee enclosures and other facilities related to their feeding, husbandry, or care.

**RESPONSE:** Produced concurrently herewith.

6. To the extent not already encompassed within the foregoing requests, all documents referring or relating to the maintenance of the Chimpanzees' enclosures, including but not limited to ventilation systems.

**RESPONSE:** Produced concurrently herewith.

7. To the extent not already encompassed within the foregoing requests, all documents relating to licenses or permits, or applications for licenses or permits, any of the Responding Parties have received or submitted regarding the Chimpanzees.

**RESPONSE:** Produced concurrently herewith.

8. To the extent not already encompassed within the foregoing requests, all documents referring or relating to the acquisition, disposition, boarding and/or transfer of the Chimpanzees (whether temporarily or permanently), including but not limited to communications referencing

such acquisition, disposition and/ot transfer, contracts, memoranda of understanding, and proof of payment, if any, including receipts, invoices, or records of banking transactions indicating the receipt or acceptance of funds received in exchange for a transferred chimpanzee, or any non-monetary compensation for the exchange.

**RESPONSE:** Produced concurrently herewith.

9. To the extent not already encompassed within the foregoing requests, all communications with, or from, State, Federal and/or local agencies or authorities referring or relating to the Chimpanzees.

**RESPONSE:** Produced concurrently herewith.

10. To the extent not already encompassed within the foregoing requests, all documents that set forth or regarding the Responding Parties' policies or practices relating to socializing chimpanzees.

**RESPONSE:** Produced concurrently herewith.

11. To the extent not already encompassed within the foregoing requests, all documents that set forth or regarding the Responding Parties' policies or practices relating to breeding chimpanzees, including relating to the separation of chimpanzees from their mothers.

**RESPONSE:** None.

12. To the extent not already encompassed within the foregoing requests, all documents that set for the Responding Parties' policies or practices relating to shifting or transporting chimpanzees.

**RESPONSE:** None.

13. To the extent not already encompassed within the foregoing requests, all documents that set forth the Responding Parties' policies or practices relating to training, treating, controlling, correcting, or disciplining chimpanzees.

**RESPONSE:** None.

14. To the extent not already encompassed within the foregoing requests, all communications with, or from, members of the public (including visitors), referring or relating to the Chimpanzees.

**RESPONSE:** Produced concurrently herewith.

15. To the extent not already encompassed within the foregoing requests, all communications with, or from, paid or unpaid (volunteer) staff, contractors, or other agents referring or relating to the Chimpanzees.

**RESPONSE:** Produced concurrently herewith.

16. To the extent not already encompassed within the foregoing requests, all communications, with, or from, any parties in this case, referring or relating to the Chimpanzees.

**RESPONSE:** Produced concurrently herewith.

17. To the extent not already encompassed within the foregoing requests, all photographs and videos depicting the chimpanzees or any of their enclosures or part(s) thereof.

**RESPONSE:** Produced concurrently herewith.

18. To the extent not already encompassed within the foregoing requests, all training manuals, instructions, handouts, background documents, or other documents provided to or shared with volunteers or employees at MPF.

**RESPONSE:** Produced concurrently herewith.

19. To the extent not already encompassed within the foregoing requests, all documents related to environmental enrichment for nonhuman primates, including but not limited to any plans for environment enhancement to promote the psychological well-being of nonhuman primates and that address social housing, environmental enrichment, special considerations for nonhuman primates requiring special attention, and restrain devices.

**RESPONSE:** Produced concurrently herewith.

20. To the extent not already encompassed within the foregoing requests, all documents related to a nutritional plan or feeding guidelines for chimpanzees.

**RESPONSE:** Produced concurrently herewith.

21. To the extent not already encompassed within the foregoing requests, all certificates of veterinary inspection ("CVIs") and APHIS Forms 7020 related to your acquisition or disposition of any chimpanzees.

**RESPONSE:** Produced concurrently herewith.

22. To the extent not already encompassed within the foregoing requests, all written programs of veterinary care relating to the Chimpanzees, including but not limited to APHIS Form 7002 and/or other records required to be maintained pursuant to the Animal Welfare Act.

**RESPONSE:** Produced concurrently herewith.

23. To the extent not encompassed by the requests above, all documents reflecting budgets, expenses, and expenditures relating to the Chimpanzees' care.

**RESPONSE:** None.

24. PDF's profit and loss statements, accounting ledgers, or income statements for the last five (5) years.

**RESPONSE:** None.

25. MPF's state and federal income tax returns for the last five (5) years.

**RESPONSE:** None.

26. To the extent not already encompassed within the foregoing requests, all documents reviewed, consulted, referenced, and/or relied upon by the Responding Parties in answering interrogatories and requests for admission propounded by the Defendants and Counterclaim Plaintiffs to the Responding Parties.

**RESPONSE:** None.

27. To the extent not already encompassed within the foregoing requests, all documents that reflect or support the contention in the March 21, 2017, Declaration of Connie Braun Casey (ECF No. 017-1), that the transfer of three chimpanzees was based on transfer discussions that occurred "well before the receipt of PETA's Notice of Intent to Sue."

**RESPONSE:** None.

28. To the extent not already encompassed within the foregoing requests, all documents related to chimpanzees' status as endangered under the Endangered Species Act.

**RESPONSE:** None.

29. To the extent not already encompassed within the foregoing requests, documents sufficient to show Responding Parties' sales or revenue related to the use, exhibition, or transfer of chimpanzees.

**RESPONSE:** None.

30. To the extent not already encompassed within the foregoing requests, document sufficient to show the identify of all current and former employees of Responding Parties who had responsibilities for the care of any chimpanzees during the Relevant Time Period.

**RESPONSE:** None.

31. To the extent not already encompassed within the foregoing requests, all documents related to Angela Scott, including but not limited to any communications with or related to her, any personnel records from her employment or her time as a volunteer at MPPF, and any documents you provided to her or received from her.

**RESPONSE:** None.

32. To the extent not already encompassed within the foregoing requests, all documents made during the course of any conversations or meetings regarding the instant litigation, including but not limited to notes, memoranda, or minutes.

**RESPONSE:** None.

33. To the extent not already encompassed within the foregoing requests, all documents provided by the Responding Parties to any expert witnesses who may be called to testify on behalf of Plaintiffs at the trial of this matter.

**RESPONSE:** Produced concurrently herewith.

Dated this 12th day of June, 2018.

        Respectfully Submitted,

        KLAR, IZSAK & STENGER, L.L.C.

By: _____
BRIAN D. KLAR, #36430
DANIEL T. BATTEN, #58810
Attorneys for Co-Defendant
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
Phone: 314-863-1117
Fax: 314-863-1118
Email: bklar@lawsaintlouis.com
       dbatten@lawsaintlouis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **June 12, 2018**, the foregoing was service by first class mail, postage prepaid, to the following:

| | |
|---|---|
| POLSINELLI PC<br>KELLY J. MUENSTERMAN (#66968)<br>JAMES P. MARTIN (#50170)<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102<br>314.889.8000<br>Fax No: 314.231.1776<br>kmuensterman@polsinelli.com<br>jmartin@polsinelli.com<br>ATTORNEYS FOR DEFENDANTS | Vito Stramaeglia<br>ICS<br>832 Jones Creek Rd.<br>Dickson, TN 37055<br>NOT REPRESENTED<br><br>Missouri Primate Foundation<br>12338 State Road CC<br>Festus, MO 63028<br>NOT REPRESENTED |
| PETA FOUNDATION<br>JARED S. GOODMAN<br>(Admitted *Pro Hac Vice*)<br>2154 W. Sunset Blvd.<br>Los Angeles, CA 90032<br>323.210.2266<br>Fax No: 213.484.1648<br>ATTORNEYS FOR DEFENDANTS | Geordie Duckler<br>9397 SW Locust Street<br>Tigard, OR 97223<br>geordied@animallawpractice.com<br>ATTORNEY FOR PLAINTIFF/<br>COUNTERCLAIM DEFENDANT<br>ANDREW SAWYER |

/s/ DSBM