# Exhibit D

# Addison Lantz

| | |
|---|---|
| **From:** | Martina Bernstein |
| **Sent:** | Thursday, June 21, 2018 3:26 PM |
| **To:** | 'Dan Batten'; Jared Goodman |
| **Cc:** | Brian Klar; Jared Goodman; James P. Martin (jmartin@polsinelli.com); Martina Bernstein |
| **Subject:** | PETA v. MPF (follow up, confer re: continuing Rule 26 and Rule 34 defects) |

Dan:

This confirms our discussions earlier today, a follows.

**Casey's Rule 26(a)(1)(A)(i) are complete.**

- You confirmed that Casey does not intend to rely in support of her defenses or claims in this case on the testimony of any person, presently known to her, that she has not yet identified.

**Casey's Rule 26(a)(1)(A)(ii) and (iii) damages disclosures are still incomplete.**

- Casey intends to supplement the disclosures by EOD June 26, providing documents she claims reflect any alleged misleading or defamatory statements. Although we did not discuss this on the phone, given the late disclosures of these documents that Casey would have been required to provide by May 18, we request courtesy copies of those documents to be provided via pdf email by EOD June 26.

- As I informed you, I will be taking Dr. Pernikoff's deposition and will be traveling all day on June 26. We therefore request that one set of this supplemental production be provided to me in hard copy at Dr. Pernikoff's upcoming deposition, so that the documents can be marked as exhibits and the witness may be questioned about them as appropriate.

- **Notwithstanding the clearly established law I referenced in my previous correspondence, Casey refuses to supplement her disclosures at this time to provide any information about how her damages are calculated and the information that supports such calculation.**

**Other issues relating to Casey's Rule 26(a)(1)(A)(ii) disclosures**

- You confirmed that Casey does not intend to rely in support of her defenses or claims in this case on any documents, presently known to her, that she has not yet identified.

- With respect to documents required by USDA licensees, including APHIS Forms 7002, 7003, 7019 or their equivalent, you represented that Casey "has not yet discovered" that she has such documents in her possession, custody or control.

- With respect to "tangible things" in Casey's possession, custody, or control, on which Casey intends to rely in support of her claims and defenses in this case, Casey's disclosure is still incomplete. You stated that Casey will provide supplemental disclosures of those items by EOD June 26. Although we did not discuss this on the phone, given the late supplementation, we request courtesy copies of those supplemental disclosures to be provided via pdf email.

- Additionally, I request that a hard copy of the supplemental disclosures be made available at Dr. Pernikoff's deposition so that it could be marked as an exhibit and the witness may be questioned about the new disclosures, as appropriate.

**Casey's responses to Plaintiffs' requests for production of documents are still incomplete**

- Casey's production appears to be incomplete because Casey did not produce documents required to be maintained by USDA licensees, including APHIS Forms 7002, 7003, 7019 or their equivalent, for the relevant period of time. You could not explain why those records were not produced. We alerted you that these records are material evidence necessary for a full and fair examination of Dr. Pernikoff at his upcoming deposition. We further alerted you that if these records are not provided by EOD June 22, it may prevent us from completing Dr. Pernikoff's deposition, and we would seek costs from your client if it becomes necessary to recall Dr. Pernikoff to examine him about these key records that Casey was required to produce by May 31, pursuant to Court order, but so far still has not provided. You stated that you would not confirm whether they existed or that you would produce the documents, if they existed, any time before June 26.

- You refused to confirm that Casey, to date, made a complete and adequate search of all of her records, including electronically stored records. You refused to confirm whether Casey intends to make such a search in the future and supplement her production with emails, texts or other written communications that have not yet been produced. You refused to confirm whether any records, responsive to Plaintiffs' requests, were destroyed.

- You confirmed that no documents were withheld on the basis of any privilege, except communications between Casey and her present counsel of record.

- With respect to color photographs that were produced to us only in reduced size, in black and white, you confirmed you have the original photographs in your office. You agreed to provide these originals at Dr. Pernikoff's deposition, so that they can be marked as exhibits at that deposition.

If you believe I misunderstood any of your representations or characterizations, please let us know immediately, to correct any misperceptions of your client's position.

Martina Bernstein
Senior Litigation Counsel

PETA Foundation
1536 16th Street NW
Washington DC, 20036
T: 626.376.3744
F: 202.540.2208