UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
|     Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | )    Case No. 4:16-cv-02163 ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
|     Defendants and Counterclaim Plaintiffs. | ) ) |

**MEMORANDUM IN SUPPORT OF COUNTERCLAIM PLAINTIFFS' MOTION FOR AN ORDER COMPELLING DISCOVERY AGAINST <u>COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY</u>**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (together, "Plaintiffs") seek an order compelling Counterclaim Defendant Connie Braun Casey ("Casey") to cure discovery defaults and ongoing failures to comply with Court ordered discovery.

**I.    FACTUAL AND PROCEDURAL BACKROUND**

On February 23, 2018, Plaintiffs served their "First Requests for Production of Documents" ("Document Requests") pursuant to Federal Rule of Civil Procedure 34 on, among others, Casey. [Exhibit A, attached to Declaration of Martina Bernstein ("Bernstein Decl."), filed concurrently herewith] On February 26, 2018, Casey's counsel filed a motion to withdraw. [ECF No. 44.] On March 12, 2018, the Court granted the motion to withdraw and stayed this case until

1

May 1, 2018, in order for Casey and the other defendants to have time to find new counsel. [ECF No. 52, at 1.] The Court also set a new deadline for all parties to respond to outstanding discovery requests "on or before **May 31, 2018."** [*Id*. at 2.] Also on March 12, 2018, the Court set a deadline for the parties to "make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than **May 18, 2018**." [ECF No. 54, at 2.] On May 17, 2018, attorneys Daniel T. Batten and Brian D. Klar entered their appearances on behalf of Casey in this matter. [ECF Nos. 62-65.]

### 1. *Casey's Supplemental Rule 26(a) Disclosure*

In relevant part, on June 14, 2018, Plaintiffs belatedly received Casey's supplemental disclosures pursuant to Rule 26(a), stating that she "intends to seek recovery of damages for . . . defamatory statements against her, the amount of which cannot currently be determined as the damages are continuing, along with her costs, expenses, and attorneys' fees against Counterclaim Plaintiffs in connection with this matter." [Bernstein Decl., Exhibit B] Although Rule 26 requires a party seeking damages to provide both a computation of those damages and supporting documents showing how damages were calculated and supported—and Plaintiffs specifically requested Casey to comply with these requirements—Casey did neither.

### 2. *Casey's Response to Plaintiffs' Document Request*

In relevant part, on June 14, 2018, Plaintiffs belatedly received Casey's written responses to Plaintiffs Document Requests [Bernstein Decl., Exhibit C], as follows:

> **REQUEST NO. 1:** All documents relating to any of the chimpanzees in any of the Responding Parties' custody or control during any period of time during the Relevant Time Period.
>
> **RESPONSE: Produced concurrently herewith.**
>
> **REQUEST NO. 7:** To the extent not already encompassed within the foregoing requests, all documents relating to licenses or permits, or applications for licenses or permits, any of the Responding Parties have received or submitted regarding the Chimpanzees.

**RESPONSE: Produced concurrently herewith.**

**REQUEST NO. 15:** To the extent not already encompassed within the foregoing requests, all communications with, or from, paid or unpaid (volunteer) staff, contractors, or other agents referring or relating to the Chimpanzees.

**RESPONSE: Produced concurrently herewith.**

**REQUEST NO. 22:** To the extent not already encompassed within the foregoing requests, all written programs of veterinary care relating to the Chimpanzees, including but not limited to APHIS Form 7002 and/or other records required to be maintained under the Animal Welfare Act.

**RESPONSE: Produced concurrently herewith.**

**REQUEST NO. 27:** To the extent not already encompassed within the foregoing requests, all documents that reflect or support the contention in the March 21, 20 1 7, Declaration of Connie Braun Casey (ECF No. 017-1), that the transfer of three chimpanzees was based on transfer discussions that occurred "well before the receipt of PETA's Notice of Intent to Sue."

**RESPONSE: None.**

Between June 14 and June 27, 2018, Plaintiffs also received several documents from Casey, but the production appears on its face deficient. Among other things, it omitted documents that all USDA licensees like Casey are *required to have* in their possession, in order to comply with the Animal Welfare Act regulations.

In a phone call with Attorney Batten, intended to resolve these issues, Plaintiffs' counsel attempted to determine the reason for these apparent production gaps, including (i) whether Casey made a sufficiently good faith search for all responsive records in her possession and control; (ii) whether responsive documents existed but were destroyed; and (iii) whether the production was known to be incomplete and would be supplemented in time of upcoming depositions. [Bernstein Decl., Exhibit D] Attorney Batten refused to confirm, or otherwise meaningfully address, these concerns. Indeed, when Plaintiffs' counsel sent an email confirming her understanding of Casey's position, Attorney Batten disagreed with the summary but declined

3

repeated requests to clarify any supposed inaccuracies. [Bernstein Decl., Exhibits E and F] To date, these issues remain unresolved.

## II.    APPLICABLE STANDARD

"Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery." *Precision Rx Compounding, LLC v. Express Scripts Holding Company*, No. 4:16-CV-69 RLW, 2018 WL 2100281, at *2 (E.D. Mo. May 7, 2018). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." *Id.* at 37(a)(3)(B)(iv).

Upon granting a motion to compel, Rule 37(a)(5)(A) authorizes the Court to award "reasonable expenses incurred in making the motion, including attorney's fees." *Id.* at 37(a)(5)(A); *see also Koenig v. Bordeau Const. LLC*, No. 4:13CV477 SNLJ, 2015 WL 1636988, at *1 (E.D. Mo. April 10, 2015).

## III.    ARGUMENT

### A.  Casey Failed to Provide a Computation of Damages and Supporting Documents

Rule 26(a)(1)(A)(iii) "requires parties, without awaiting a discovery request, to provide to the other parties of an action, a computation of each category of damages claimed by the disclosing party." *Custom Hardware Eng'g & Consulting, Inc. v. Dowell*, No. 4:10CV000653 ERW, 2013 WL 451649, at *7 (E.D. Mo. Feb. 6, 2013), *order clarified*, No. 4:10CV000653 ERW, 2013 WL 462080 (E.D. Mo. Feb. 7, 2013) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)). "The disclosing party must also make available for inspection and copying any unprivileged or non-

protected documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Id.*; *see also Curtis v. Daviess-Dekalb Reg'l Jail Dist.*, No. 08-6075-CV-SJ-GAF, 2009 WL 3382930, at *1 (W.D. Mo. Oct. 19, 2009) ("Rule 26 plainly requires a party seeking damages to provide both a computation of those damages and the supporting documents").

Beyond a threadbare claim that she seeks damages and attorneys' fees from the Plaintiffs in this case, Casey provided no analysis or other explanation (or even estimate) for calculating these purported damages. She also produced no documents on which such a damages computation could conceivably be based. To avoid the need for Court intervention, Plaintiffs specifically requested that this information be provided, and even furnished Casey's counsel with case citations to relevant law establishing that Plaintiffs were entitled to receive this information. Casey still did not correct the omission. Under these circumstances, Casey failed to comply with Federal Rule 26(a)(1)(A)(iii) and Rule 26(e), and an order is warranted compelling this discovery.

### B. Casey Failed to Produce All Responsive Documents

#### 1. Written Program of Veterinary Care

Among other things, the Animal Welfare Act regulations require licensees such as Casey to have "an attending veterinarian who shall provide adequate veterinary care to its animals." 9 C.F.R. § 2.40(a); *see also Kuehl v. Sellner*, 161 F. Supp. 3d 678, 713 (N.D. Iowa 2016), *aff'd*, 887 F.3d 845 (8th Cir. 2018). The attending veterinarian must be employed "under formal arrangements." 9 C.F.R. § 2.40(a)(1). In the case of a part-time attending veterinarian, "the formal arrangements **shall include a written program of veterinary care**" ("PVC"). *Id.* (emphasis added).

5

Following repeated requests for Casey's production of these PVCs, on the morning of the deposition of her veterinarian, Dr. Douglas Pernikoff, Casey finally produced a partial PVC from 2008 seemingly bearing Dr. Pernikoff's signature. However, Dr. Pernikoff testified that he was never formally retained to be the attending veterinarian for the chimpanzees, that he never provided any PVC to anyone associated with the Missouri Primate Foundation, and the signature on the document produced by Casey was not his. [ECF No. 87, Exhibits A, C.] Unless Casey presented or intended to present forged PVCs all these years to the USDA, if the PVC was requested during an inspection, she should have no trouble producing actual PVCs, signed by an actual attending veterinarian, for years that she claims to have provided adequate veterinary care to the chimpanzees, in compliance with the Animal Welfare Act regulations.

2. *Plan for Environment Enhancement*

The Animal Welfare Act regulations also require Casey to "document, and follow an appropriate plan for environment enhancement adequate to promote the psychological well-being of nonhuman primates. The plan must be . . . ***directed by the attending veterinarian***." 9 C.F.R. § 3.81 (emphasis added). The plan must be available for review by USDA inspectors. *Id.*; *see generally In Re: Douglas Keith Terranova & Terranova Enterprises, Inc.*, Docket Nos. 15-0058, 15-0059, 16-0037, 16-0038, 2016 WL 6095698, at *23–24 (U.S.D.A. Sept. 28, 2016). After numerous requests for this plan, on the morning of Dr. Pernikoff's deposition, Casey produced a two page document titled ENVIRONMENTAL ENRICHMENT PROGRAM, the signature page bearing the date March 25, 2008, from a facsimile. However, Dr. Pernikoff testified he never saw that document, and the signature on the document—purporting to be his—was also a forgery. [ECF No. 87, Exhibits. B, C.] Unless Casey presented or intended to present forged plans all these years to the USDA inspector, if the plans were requested during an inspection, she should

have no trouble producing the actual plans, signed by an actual attending veterinarian, to the Plaintiffs.

### 3. Other documents may be missing

Due to Attorney Batten's refusal to clarify whether Casey searched for, and/or destroyed, certain responsive documents, Plaintiffs do not know whether responsive documents exist that should be produced, or whether they did exist but were improperly destroyed. Among other things, Plaintiff believes that Casey has (or had) correspondence with the USDA relating to the chimpanzees at issue in this case. Among other things, a log, produced by Casey, includes a note indicating that she sent a letter to the USDA regarding a citation for unsanitary conditions. No copy of such letter was produced. This raises additional concerns that other gaps may exist in Casey's production—especially given Attorney Batten's refusal to confirm that Casey made a good faith search of all records in her possession or control and/or whether previously existing records were destroyed.

Casey also produced no records reflecting any communications relating to the transfer of the five "despoiled" chimpanzees. The production is also bereft of any communications between Casey and any volunteers, staff, contractors or other agents, relating to the chimpanzees. It seems difficult to believe that Casey conducts *all* of her "business" relating to the chimpanzees orally, and that she has no emails, texts, or other written communications with anyone who cares for (or cared for), or otherwise was involved with, the chimpanzees at issue in this case—and it bears repeating that Casey's counsel has not provided any assurance that all responsive records have, in fact, been searched for, and produced.

Plaintiffs should not be required to guess whether they have received all records to which they are entitled under Rule 34, or wait for documents to be produced only after numerous

complaints and requests for such documents on the morning of a related deposition when they were undeniably central to the case and due (per Court order) this past May. Furthermore, Casey should be compelled to confirm the scope of her search for documents, and to disclose, to the extent responsive records existed but are no longer available, the content of those records and why and when they were destroyed.

Lastly, Plaintiffs are entitled to an award of reasonable attorney's fees because Casey's conduct necessitated this motion. *See* Fed. R. Civ. P. 37(a)(5)(A); *see also Liley v. Mitek Corp.*, No. 1:13CV95 SNLJ, 2015 WL 1383958, at *1 (E.D. Mo. March 23, 2015) (awarding attorneys' fees to the party compelling discovery where "counsel made good faith attempts to resolve the dispute before filing the motion, the nondisclosure and failure to respond was not substantially justified, and there are no other circumstances that make an award of fees unjust").

## IV. CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court enter an Order, in the form submitted herewith, granting this motion to compel. Plaintiffs also request an award of costs and attorneys' fees relating to this motion.

Dated: July 5, 2018                                  Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.

Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/*

## CERTIFICATE OF SERVICE

I certify that on July 5, 2018, the foregoing Memorandum in Support of Counterclaim Plaintiffs' Motion for an Order Compelling Discovery Against Counterclaim Defendant Connie Braun Casey was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Brian Klar, bklar@lawsaintlouis.com
Daniel T. Batten, dbatten@lawsaintlouis.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Patrick Hanley, p.hanley@att.net
*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*

And was served by regular mail on the following:

Missouri Primate Foundation
c/o Connie Braun Casey
12338 State Rd. CC
Festus, MO 63028

Dated: July 5, 2018

                                                          /s/ Martina Bernstein