UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) |

**REPLY MEMORANDUM IN SUPPORT OF COUNTERCLAIM PLAINTIFFS'
MOTION FOR AN ORDER COMPELLING DISCOVERY AGAINST
<u>COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY</u>**

Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (collectively, "Plaintiffs"), pursuant to Local Rule 7-4.01(C), respectfully submit this reply to Counterclaim Defendant Connie Braun Casey [ECF No. 90], and in further support of Plaintiffs' Motion for an Order Compelling Discovery Against Casey [ECF Nos. 88-89]. Casey's narrative response is inconsistent with the factual record, fails to support any of its purported facts, and does not cite to even a single authority to support her position.

**A. Casey Failed to Support Her Alleged "Facts," As Required By Local Rule 7-4.01(B)**

Casey's memorandum consists of a series of unfounded complaints about Plaintiffs' conduct, and assertions about her alleged compliance—or purported excuses for why she cannot comply—with her discovery obligations. None of these alleged "facts" appear anywhere in the record. The Court's rule on this point is clear: "If any memorandum in opposition requires

consideration of facts not appearing in the record, the party *shall file with its memorandum all documentary evidence relied upon*." E.D.Mo. L.R. 7-4.01(B) (emphasis added).

Casey ignores this mandate: she submitted no declaration, attached no exhibit, and pointed the Court to no place in the record that even remotely supports her contentions. Therefore, they deserve no consideration. *See, e.g., Bombardier Recreational Prod., Inc. v. Arctic Cat, Inc*., No. 12-CV-2706 (MJD/LIB), 2014 WL 10714011, at *7 n. 5 (D. Minn. Dec. 5, 2014) ("it is not the Court's responsibility to fill-in the blanks and hunt for missing elements" to counsel's unsupported statements (citing *United States v. Stuckey,* 255 F.3d 528, 531 (8th Cir. 2001))); *Daywitt v. Minnesota*, No. CIV. 14-4526 MJD/LIB, 2015 WL 4094199, at *16 (D. Minn. July 6, 2015) ("Defendants have not provided the Court with any type of record whatsoever to confirm or deny these conclusory allegations, and it is not the Court's responsibility to complete Defendants' record for them"); *Kiddie v. Copeland*, No. 3:13-CV-03030, 2016 WL 1698317, at *2 (W.D. Ark. Apr. 27, 2016) ("the Court simply did not consider the response to the extent that the information or statements contained therein were unsupported").

**B. The Actual Evidence Contradicts Casey's Alleged Facts**

Even if the Court were inclined to consider counsel's unsupported statements, they deserve no credence because they are irreconcilable with the actual facts in the record. For example, Casey's counsel presently argues that his client "has no pending claim for damages." [ECF No. 90, at 1.] Yet one month earlier, he signed Casey's Rule 26(a) disclosure stating that she "intends to seek recovery of damages[.]" [Bernstein Decl., Exhibit B.] There is no evidence that this disclosure has been corrected or withdrawn.

Casey's counsel also protests that he "was not even aware" of Plaintiffs' discovery requests until June 5, 2018. [ECF No. 90, at 2.] This ignores that the docket—which counsel presumably studied on or before he entered his appearance—unambiguously refers to the Court's order requiring responses to "outstanding" discovery requests to be served "on or before **May 31, 2018.**" [ECF No. 52, at 2.] Casey's counsel provides no justification as to why he was unaware of what discovery requests were "outstanding" when he entered his appearance on May 17, 2018. [ECF Nos. 62-65.] His failure to inform himself of Court deadlines and outstanding discovery hardly serves as a basis for denying this motion to compel. Nor does it explain why Plaintiffs were required to file their motion more than one month after he admittedly became aware of the requests and his client's delinquency.

Perhaps most troubling is Casey's counsel claim that he "represented" to Plaintiffs' counsel that he "was working with Ms. Casey to ensure that all responsive documents are collected and produced as soon as practicable, including supplementing her responses when additional documents are discovered." [ECF No. 90 at 2]. The record shows the contrary: when Plaintiffs' counsel sought assurances that such production would be forthcoming, Mr. Batten *specifically refused to confirm* whether the production was known to be incomplete and would be supplemented in time for upcoming depositions. [Bernstein Decl., Exhibit D.] Plaintiffs are left to guess as to the scope of the search that has been conducted, whether any documents were intentionally destroyed, whether the production may be incomplete, and when, if ever, Casey will provide any additional documents. *Id.*

### C. Casey Still Offers No Justification for Failing To Produce Documents She Is Required, By Law, To Have In Her Possession

Absent from Casey's brief is any explanation why she has yet to produce documents that, by law, she is required to have in her possession. Among other things, it is undisputed that

pursuant to 9 C.F.R. §§ 2.40(a)(1) and 3.81, Casey must have a "written program of veterinary care," as well as a "plan for environmental enhancement . . . directed by the attending veterinarian" in order to comply with the minimum requirements of the Animal Welfare Act regulations. To the extent Casey would argue that she is (or has been) providing the required care and treatment to the chimpanzees at issue in this case, it defies credence that she is unable to locate and produce any of these documents.

Even if Casey could reasonably argue that she did not keep records for all the years requested by Plaintiffs—and even though she apparently had no trouble locating *forged* versions dating back all the way to 2008—there is no conceivable excuse why she would be unable to produce at least the written program of veterinary care and plan for environmental enhancement that are currently in effect, as required by 9 C.F.R. §§ 2.40(a)(1) and 3.81.

Casey's brief utterly fails to address this crucial issue. Plaintiffs are entitled to these documents. If Casey cannot produce them due to her failure to comply with Animal Welfare Act record keeping requirements, or she has destroyed them in violation of her obligation to preserve this key evidence, she should be required to clearly say so.

**D. Casey's Arguments Are Unsupported by Legal Authority**

Casey's general discontent with having to comply with discovery obligations is not a ground for denying Plaintiffs' motion. Pursuant to Rule 7-4.01(B) of the Local Rules of the Eastern District of Missouri, any "party opposing a motion *shall* file" a memorandum containing "citations to authorities on which the party relies." *Mathews Caldwell v. Missouri State High Sch. Activities Ass'n*, No. 4:18-CV-261 RLW, 2018 WL 1441261, at *1 n.1 (E.D. Mo. Mar. 21, 2018) (citing Rule) (emphasis added). Casey failed to do so.

It is not this Court's function to flesh out Casey's arguments for her, and the Court gave Casey ample time to find an attorney to do just that on her behalf. Courts routinely decline to consider arguments untethered to any discernable legal theory. As one district court cogently noted, "[s]imply tossing generalities on the Court's doorstep and asking the Court to sort, sift, collate, and/or organize the arguments in an effort to ferret out possible favorable items for [a litigant] is not a valid option." *Verizon Bus. Glob., L.L.C. v. Vorst Paving, Inc.*, No. CV 106-064, 2007 WL 9711141, at *2 (S.D. Ga. Apr. 25, 2007).

Judge Posner famously observed that "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Even if this Court were inclined to go on such a hunt here, it would yield absolutely nothing. Other than her naked assertions, Casey offers no legal authority whatsoever why this motion should not be granted.

### E. Attorney's Fees Are Warranted

In her brief, Casey does not address (let alone dispute) that Plaintiffs are entitled to an award of reasonable attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). Nothing in Casey's brief would support the conclusion that her failure to provide the requested discovery was "substantially justified," nor does she point to any "circumstances that make an award of fees unjust." *Id.*; *see also, Liley v. Mitek Corp.*, No. 1:13CV95 SNLJ, 2015 WL 1383958, at *1 (E.D. Mo. March 23, 2015) (awarding attorneys' fees to the party compelling discovery where "counsel made good faith attempts to resolve the dispute before filing the motion, the nondisclosure and failure to respond was not substantially justified, and there are no other circumstances that make an award of fees unjust").

For all of these reasons, and for the reasons stated in Plaintiffs' opening brief, Plaintiffs respectfully submit that their motion should be granted in all respects.

5

Dated: July 16, 2018								Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on July 16, 2018, the foregoing Reply Memorandum in Support of Counterclaim Plaintiffs' Motion for an Order Compelling Discovery Against Counterclaim Defendant Connie Braun Casey was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

>Brian Klar, bklar@lawsaintlouis.com
>Daniel T. Batten, dbatten@lawsaintlouis.com
>*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*
>
>Geordie Duckler, geordied@animallawpractice.com
>*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*
>
>Patrick Hanley, p.hanley@att.net
>*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*
>
>And was served by regular mail on the following:
>
>Missouri Primate Foundation
>c/o Connie Braun Casey
>12338 State Rd. CC
>Festus, MO 63028

/s/ Jared S. Goodman