UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | )<br>)<br>) |
|     **Plaintiffs and**<br>    **Counterclaim Defendants,** | )<br>)<br>) |
| v. | )     Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | )<br>)<br>)<br>) |
|     **Defendants and**<br>    **Counterclaim Plaintiffs.** | )<br>) |

**COUNTERCLAIM PLAINTIFFS'**
**SECOND MOTION FOR AN ORDER COMPELLING DISCOVERY AGAINST**
**COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY**

Pursuant to Rules 26, 33, 36, and 37 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (together, "Plaintiffs") hereby move for an order compelling Counterclaim Defendant Connie Braun Casey ("Casey") to provide certain discovery, as set forth specifically herein. In support of this motion, Plaintiffs' state as follows:

**First Requests for Admission**

1.    On June 20, 2018, Casey served Objections and Responses to Counterclaim Plaintiffs' First Requests for Admission to Counterclaim Defendant Connie Braun Casey ("First RFA Responses," Exhibit A to Declaration of Martina Bernstein ("Bernstein Decl.")). Among other things, Casey was asked to admit that the failures to meet certain needs of chimpanzees cause "'harass[ment]' and/or 'harm' as those terms are used in 16 U.S.C. § 1532(19) and defined by 50 C.F.R. § 17.3." Casey objected to all such requests on the ground that the request "seeks a

legal conclusion," and, to the extent that a response is required, Casey stated that she "is without sufficient knowledge or information to admit or deny this Request, and therefore denies same." (First RFA Responses, Nos. 1-14.)

2. Plaintiffs also sought admissions that certain behaviors are typical of chimpanzees, to which Casey objected in the same boilerplate fashion as calling for a "legal conclusion" and claimed in the alternative that she "is without sufficient knowledge or information to admit or deny this Request, and therefore denies same." (*Id.*, Nos. 15-21.)

3. Plaintiffs also sought admissions that when chimpanzees do not have the opportunity to engage in certain activities, it "significantly disrupts or impairs their normal behavioral patterns." Casey responded with the same boilerplate objection that the requests call for a "legal conclusion" and claimed in the alternative that she "is without sufficient knowledge or information to admit or deny this Request, and therefore denies same." (*Id.,* Nos. 22-28.)

4. Plaintiffs also sought an admission that "[t]he inability of captive chimpanzees to seek privacy from humans or other animals can lead to stress, anxiety, and risk of injury," to which Casey responded with the same boilerplate objection that the requests call for a "legal conclusion" and claimed in the alternative that she "is without sufficient knowledge or information to admit or deny this Request, and therefore denies same." (*Id.*, No. 37.)

5. On July 6, at noon, Plaintiffs' counsel Martina Bernstein and Jared Goodman conferred by telephone with Casey's counsel Dan Batten, in an attempt to gain compliance with Casey's obligations under Rule 36 and to avoid the need for Court intervention. (Bernstein Decl. ¶ 3. In the conference, Plaintiffs' counsel pointed out the specific deficiencies of Casey's responses, but Casey's counsel still declined to agree to correct these deficiencies. (*Id.*)

**First Interrogatories**

6. On June 20, 2018, Casey served Objections and Responses to Counterclaim Plaintiffs' First Interrogatories to Counterclaim Defendant Connie Braun Casey ("Interrogatory Responses," Exhibit B to Bernstein Decl.)

7. Plaintiffs considered many of these objections and responses to be deficient and Plaintiffs' counsel, Martina Bernstein and Jared Goodman therefore sought to confer with Casey's counsel to address each of these deficiencies by conferring with Casey's counsel, Dan Batten, by telephone at noon, on July 6. Although an accord could not be reached on all matters, Mr. Batten did agree that Casey would provide supplemental responses to Interrogatory Nos. 4, 7, 10, 11, 12, 13, 14, 16, 17, 19, 20, 21, in order to avoid the need for Court intervention, as memorialized by Ms. Bernstein in a follow-up email. (Exhibit C to Bernstein Decl.)

8. Casey never served the supplemental responses that her counsel agreed to. Instead, she subsequently instructed her counsel "to conduct no other work on this case besides potentially settling this matter, including any discovery." (Exhibit D to Bernstein Decl.)

**Second Requests for Admission**

9. On June 20, 2018, Casey served Objections and Responses to Counterclaim Plaintiffs' Second Request for Admission to Counterclaim Defendant Connie Braun Casey ("Second RFA Responses," Exhibit E to Bernstein Decl.) All requests asked Casey to admit the genuineness of certain described documents, as specifically contemplated by Rule 36(a)(1)(B) of the Federal Rules of Civil Procedure. Casey responded to each request that she "has no personal knowledge as to the identified document, when, where, how or by whom the document was created, and lacks the knowledge or information sufficient to admit its genuineness, and therefore denies same." (Second RFA Responses, Nos. 1-92.)

10. On July 6, at noon, Plaintiffs' counsel Martina Bernstein and Jared Goodman conferred by telephone with Casey's counsel Dan Batten, in an attempt to gain compliance with Casey's obligations under Rule 36 and to avoid the need for Court intervention. (Bernstein Decl. ¶ 8.)

11. In the conference, Plaintiffs' counsel pointed out that "personal knowledge" about "when, where, how, or by whom the document was created" was simply not an appropriate standard for denying its authenticity, and that Casey's claim of "insufficient information" was moreover inappropriate because "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only** if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36 (emphasis added).

12. Moreover, Plaintiffs' counsel questioned whether Casey made the required "reasonable inquiry" before denying the requests—in light of the fact that the documents at issue are (or relate to) inspection reports and photographs of Casey's own facility, prepared by USDA inspectors. (Bernstein Decl. ¶ 9.) Plaintiffs' counsel pointed out that many of these reports were signed by Casey, and most likely, Casey accompanied the USDA inspector throughout the inspection and received copies of those reports as well, in accordance with USDA policies. (*Id.*)

13. After these facts were pointed out to Casey's counsel, Mr. Batten agreed during the July 6 telephone conference that he would let Plaintiffs' counsel know by the following Tuesday whether and when Casey would supplement her responses. (Exhibit F to Bernstein Decl.) On the following Tuesday, Mr. Batten confirmed that "[o]ur client will serve her supplemental discovery responses as discussed last week during the meet and confer by Tuesday, July 17, 2018." (Exhibit G to Bernstein Decl.)

14. Casey never served the supplemental responses that her counsel agreed to, and she subsequently instructed her counsel "to conduct no other work on this case besides potentially settling this matter, including any discovery." (Exhibit B to Bernstein Decl.)

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an Order overruling Casey's objections and compelling substantive responses to (A) Plaintiffs' First Requests for Admission to Counterclaim Defendant Connie Braun Casey Nos. 1-28 and 37; (B) Plaintiffs' First Interrogatories to Counterclaim Defendant Connie Braun Casey Nos. 4, 7, 10, 11, 12, 13, 14, 16, 17, 19, 20, and 21; and (C) Plaintiffs' Second Requests for Admission to Counterclaim Defendant Connie Braun Casey Nos. 1-92;

**GRANTING** Plaintiffs an award of costs and attorneys' fees relating to the motion to compel; and

**GRANTING** that Plaintiffs have 14 days from the date of the Order granting this motion for sanctions to file an affidavit detailing these fees and costs.

Dated: July 30, 2018

Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266

Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/*
*Counterclaim Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on July 30, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Brian Klar, bklar@lawsaintlouis.com
Daniel T. Batten, dbatten@lawsaintlouis.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Patrick Hanley, p.hanley@att.net
*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*

And was served by regular mail on the following:

Missouri Primate Foundation
c/o Connie Braun Casey
12338 State Rd. CC
Festus, MO 63028

/s/ Jared S. Goodman