## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MISSOURI PRIMATE FOUNDATION, CONNIE BRAUN CASEY, individually, ANDREW SAWYER, individually, and JANE DOE 2, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. and ANGELA SCOTT a/k/a ANGELA G. CAGNASSO, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF MARTINA BERNSTEIN

Pursuant to 28 U.S.C. § 1746, I, Martina Bernstein, declare the following to be true and correct to the best of my knowledge and belief:

1. I am counsel for Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"). I make this declaration based upon my personal knowledge and upon information available to me as Plaintiffs' counsel.

2. **Exhibit A** attached hereto is a true and correct copy of Objections and Responses to Counterclaim Plaintiffs' First Requests for Admission, served by Counterclaim Defendant Connie Braun Casey ("Casey") on June 20, 2018.

3. On July 6, at noon, Plaintiffs' counsel Jared Goodman and I conferred by telephone with Casey's counsel Dan Batten, in an attempt to gain compliance with Casey's obligations under Rule 36 and to avoid the need for Court intervention. In the conference, I pointed out the specific

deficiencies of Casey's responses and objections, but Mr. Batten declined to agree to correct these deficiencies.

4. **Exhibit B** attached hereto is a true and correct copy of Objections and Responses to Counterclaim Plaintiffs' First Interrogatories to Counterclaim Defendant Connie Braun Casey, served by Casey on June 20, 2018.

5. On July 6, at noon, Plaintiffs' counsel Jared Goodman and I conferred by telephone with Casey's counsel Dan Batten about the deficiencies of the foregoing Objections and Responses. During this conference, Mr. Batten agreed that Casey would provide supplemental responses to certain interrogatories in order to avoid the need for Court intervention. **Exhibit C** attached hereto is a true and correct copy of my email memorializing the July 6 conference with Mr. Batten.

6. Casey never served the supplemental responses that her counsel agreed to. Instead, on July 20, her counsel advised Plaintiffs' counsel via email that Casey had instructed them "to conduct no other work on this case besides potentially settling this matter, including any discovery." **Exhibit D** attached hereto is a true and correct copy of that email.

7. **Exhibit E** attached hereto is a true and correct copy of Objections and Responses to Counterclaim Plaintiffs' Second Request for Admission to Counterclaim Defendant Connie Braun Casey, served by Casey on June 20, 2018.

8. On July 6, at noon, Plaintiffs' counsel Jared Goodman and I conferred by telephone with Casey's counsel Dan Batten, in an attempt to gain compliance with Casey's obligations under Rule 36 and to avoid the need for Court intervention. In the conference, I specifically pointed out that "personal knowledge" about "when, where, how, or by whom the document was created" was simply not an appropriate standard for denying its authenticity, and that Casey's claim of

"insufficient information" was moreover inappropriate because "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36.

9. Moreover, I questioned whether Casey made the required "reasonable inquiry" before denying the requests—in light of the fact that the documents at issue are (or relate to) inspection reports and photographs of Casey's own facility, prepared by USDA inspectors. Plaintiffs' counsel also pointed out that many of these reports were signed by Casey, and most likely, Casey accompanied the USDA inspector throughout the inspection and received copies of those reports as well, in accordance with USDA policies.

10. After these facts were pointed out to Casey's counsel, Mr. Batten agreed that he would let Plaintiffs' counsel know by the following Tuesday whether and when Casey would supplement her responses. **Exhibit F** attached hereto is a true and correct copy of my July 6 email memorializing the agreement.

11. On July 10, Mr. Batten confirmed by email that "[o]ur client will serve her supplemental discovery responses as discussed last week during the meet and confer by Tuesday, July 17, 2018." **Exhibit G** attached hereto is a true and correct copy of this email.

12. Casey never served the supplemental responses that her counsel agreed to serve by Tuesday July 17 and her counsel has not indicated that such responses would be forthcoming. Rather, on July 20, her counsel advised Plaintiffs' counsel via email that Casey had instructed them "to conduct no other work on this case besides potentially settling this matter, including any discovery." **Exhibit D** attached hereto is a true and correct copy of that email.

I declare under the penalty of perjury that the foregoing is true and correct.

July 30, 2018

Corona, CA                                         */s/ Martina Bernstein*
                                                   Martina Bernstein