# Exhibit C

| | |
|---|---|
| **From:** | Martina Bernstein |
| **Sent:** | Friday, July 6, 2018 4:48 PM |
| **To:** | 'Dan Batten' |
| **Cc:** | Brian Klar; Jared Goodman; 'James Martin'; Martina Bernstein |
| **Subject:** | follow up re: OBJECTIONS AND RESPONSES TO COUNTERCLAIM PLAINTIFFS' FIRST INTERROGATORIES TO COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY |

Dan:

With respect to our conference regarding Casey's OBJECTIONS AND RESPONSES TO COUNTERCLAIM PLAINTIFFS' FIRST INTERROGATORIES TO COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY, this confirms our understanding as follows:

Interrogatory No. 1:

Casey agreed that she will withdraw her objections and respond in full upon agreement of a suitable protective order that will protect the identity of the persons that are the subject of this interrogatory.

Interrogatory No. 4:

Casey agreed that she will withdraw her objection and respond in full, if Plaintiffs clarify what they mean by the term "social grouping." We offer the following clarification: the term "social grouping" as used in Interrogatory No. 4 shall have the ordinary meaning of the term as it is used in 9 C.F.R. §§ 3.83 and 3.82 and in USDA, Final Report on Environmental Enhancement to Promote the Psychological Well-Being of Nonhuman Primates § III (1999) ["USDA Report"]. Casey has averred in paragraph 43 of her Answer that the USDA Report "speaks for itself," so presumably she needs no further definition of the meaning of that term as used in the USDA Report.

Let us know whether this sufficiently addresses the objection or whether additional clarification and definition is necessary for your client to be able to understand the meaning of the term "social grouping" in the context of this interrogatory.

You will let us know this coming Tuesday by when Casey will provide this supplemental response.

Interrogatory Nos. 7, 10, 12, 13, 16, 19, 20:

Casey agreed to supplement these interrogatories, and you will let us know this coming Tuesday by when we will receive these supplemental responses.

Interrogatory No. 11:

Casey agreed to withdraw her objections, and respond to this interrogatory – rephrased as follows:

> **Interrogatory No. 11:** During the Relevant Time Period, was the size of each of the Chimpanzees' enclosures sufficient to meet their needs? If so, state all material facts upon which you base that conclusion with respect to each of the Chimpanzees.

You will let us know this coming Tuesday by when Casey will provide this supplemental response.

Interrogatory No. 14:

Casey agreed to withdraw her objections, and respond to this interrogatory—rephrased as follows:

> **Interrogatory** No. **14:** During the Relevant Time Period, was the design of the enclosures in which the Chimpanzees were kept sufficient to meet their needs? If so, state all material facts upon which you base that conclusion with respect to each of the Chimpanzees.

You will let us know this coming Tuesday by when Casey will provide this supplemental response.

Interrogatory No. 17:

Casey agreed to withdraw her objections, and respond to this interrogatory—rephrased as follows:

> Interrogatory No. 17: During the Relevant Time Period, was the Chimpanzees' enrichment program was sufficient to meet their needs? If so, state all material facts upon which you base that conclusion with respect to each of the Chimpanzees.

You will let us know this coming Tuesday by when Casey will provide this supplemental response.

Interrogatory No. 21:

Casey agreed to withdraw her objections, and to respond to this interrogatory—rephrased as follows:

> Interrogatory No. 21 Provide a list of the daily husbandry tasks performed by each MPF staff and the approximate amount of time necessary to complete each task, to care for, feed, and maintain the housing of the Chimpanzees, and any other task that is performed on a daily basis in maintaining the Chimpanzees.

You will let us know this coming Tuesday by when Casey will provide this supplemental response.

We were unable to reach an accord on any other objections and responses. Please advise if we misunderstood any of your client's positions regarding these issues.

Martina Bernstein
Senior Litigation Counsel

PETA Foundation
1536 16th Street NW
Washington DC, 20036
T: 626.376.3744
F: 202.540.2208