# Exhibit G

| | |
|---|---|
| **From:** | Dan Batten <dbatten@lawsaintlouis.com> |
| **Sent:** | Tuesday, July 10, 2018 1:32 PM |
| **To:** | Martina Bernstein |
| **Cc:** | Brian Klar; Jared Goodman; 'James Martin' |
| **Subject:** | RE: follow up re: OBJECTIONS AND RESPONSES TO COUNTERCLAIM PLAINTIFFS' SECOND REQUESTS FOR ADMISSION TO COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY. |

Ms. Bernstein,

Our client will serve her supplemental discovery responses as discussed last week during the meet and confer by Tuesday, July 17, 2018.

Sincerely,

Daniel T. Batten, Esq.
Klar, Izsak & Stenger, L.L.C.
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
Phone: (314) 863-1117
Fax: (314) 863-1118

**From:** Martina Bernstein
**Sent:** Monday, July 09, 2018 11:49 AM
**To:** Dan Batten
**Cc:** Brian Klar ; Jared Goodman ; 'James Martin'
**Subject:** RE: follow up re: OBJECTIONS AND RESPONSES TO COUNTERCLAIM PLAINTIFFS' SECOND REQUESTS FOR ADMISSION TO COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY.

Dan:

Thank you for your email below. With respect to your characterization regarding Casey's obligation to conduct a reasonable inquiry, I did not state what, specifically, your client needs to do in order to comply with her duty—since it varies based on circumstances, and I certainly cannot provide legal advice to Casey as to what her duties require under the circumstances of each particular request to admit.

If you need a more fulsome explanation of Plaintiffs' position (since you *obviously misunderstood* what I said during our conference), I am happy to provide it to you. Please provide a time you are available to confer orally about this particular issue.

Lastly, as I informed you repeatedly during past conference relating to discovery issues, I am not the person involved in settlement discussions. I cannot speak to whether your summary of settlement negotiations is even correct, because that is not my area of responsibility in this case. Kindly do not conflate my attempts to confer about discovery defaults with matters that I have not been handling. As I mentioned, settlement matters are handled by (and should be addressed to) Jared. As to discovery issues, I am happy to address any concerns you still have, and available to discuss at your convenience.

Martina Bernstein

Senior Litigation Counsel

PETA Foundation
1536 16th Street NW
Washington DC, 20036
T: 626.376.3744
F: 202.540.2208

---

**From:** Dan Batten [mailto:dbatten@lawsaintlouis.com]
**Sent:** Monday, July 9, 2018 9:30 AM
**To:** Martina Bernstein <MartinaB@petaf.org>
**Cc:** Brian Klar <bklar@lawsaintlouis.com>; Jared Goodman <JaredG@PetaF.org>; 'James Martin' <JMartin@Polsinelli.com>
**Subject:** RE: follow up re: OBJECTIONS AND RESPONSES TO COUNTERCLAIM PLAINTIFFS' SECOND REQUESTS FOR ADMISSION TO COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY.

Ms. Bernstein,

We confirm generally what you present in your below email. However, we are concerned about your definition of Ms. Casey making a "reasonable inquiry." Specifically, your definition (or the definition you believe governs the rules) is different than ours. You indicated that you believe Ms. Casey has a duty to consult the internet and experts in order to satisfy her obligations. We request that you confirm that this is the standard upon which you expect Ms. Casey's responses.

Also, we are anxiously awaiting whether your clients desire to actually resolve this dispute and will make, for the first time, a settlement offer. We have made several, and have advised you that Ms. Casey is essentially capitulating on all of your clients' claims. While you have disagreed with this, your clients have not made any settlement offer or demand that Ms. Casey could consider. Instead, your clients are forcing Ms. Casey to litigate a case she does not want to litigate anymore. It has been almost 2 months since Ms. Casey's first settlement offer. We request that you advise if we can expect any offer or demand so that we can resolve this case in the best interest of the chimpanzees. You mentioned that Ms. Casey's settlement offers have not included attorneys' fees. As we have said before, Ms. Casey cannot in good faith agree to pay something she cannot afford to pay. However, if your clients will only settle this case if a judgment includes legal fees, we simply ask that you tell us same in writing along with whatever additional settlement terms would satisfy your clients, along with an estimate of what attorneys' fees would be included. Your clients have demanded that the chimpanzees donated to the DeYoung Family Zoo be transferred to an accredited facility along with the chimpanzees Ms. Casey still possesses. We have advised you several times that the donations were final, Ms. Casey has not future or reserved interests in those chimpanzees, but we invite you to provide us with any reasonable legal theory under which Ms. Casey could conceivably do as your clients demand.


Sincerely,

Daniel T. Batten, Esq.
Klar, Izsak & Stenger, L.L.C.
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
Phone: (314) 863-1117
Fax: (314) 863-1118

---

**From:** Martina Bernstein <MartinaB@petaf.org>
**Sent:** Friday, July 06, 2018 3:51 PM

**To:** Dan Batten <dbatten@lawsaintlouis.com>
**Cc:** Brian Klar <bklar@lawsaintlouis.com>; Jared Goodman <JaredG@PetaF.org>; 'James Martin' <JMartin@Polsinelli.com>; Martina Bernstein <MartinaB@petaf.org>
**Subject:** follow up re: OBJECTIONS AND RESPONSES TO COUNTERCLAIM PLAINTIFFS' SECOND REQUESTS FOR ADMISSION TO COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY.

Dan:

This follows up on our conference regarding Casey's OBJECTIONS AND RESPONSES TO COUNTERCLAIM PLAINTIFFS' SECOND
REQUESTS FOR ADMISSION TO COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY.

We noted the failure of your client to comply with the requirement of Rule 36(a)(4) that "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

You agreed to let us know this coming Tuesday whether (and/or by when) your client will provide responses that comply with Rule 36(a)(4).

Martina Bernstein
Senior Litigation Counsel

PETA Foundation
1536 16th Street NW
Washington DC, 20036
T: 626.376.3744
F: 202.540.2208