UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) Case No. 4:16-cv-02163 ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) |

**COUNTERCLAIM PLAINTIFFS'**
**MOTION FOR AN ORDER COMPELLING INSPECTION OF PREMISES**
**AGAINST COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY**

Pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (together, "Plaintiffs") move for an order compelling Counterclaim Defendant Connie Braun Casey ("Casey") to permit entry on land, pursuant to a validly noticed Rule 34 Inspection Request. (Declaration of Jared Goodman ("Goodman Decl.") ¶ 4, Exhibit A.) In support of the motion, Plaintiffs state as follows:

1. After extensive consultation with Casey's counsel, Dan Batten, on June 19, 2018, Plaintiffs served a request for entry upon land ("Request") pursuant to Rule 34, to take place on July 25, beginning at 9 a.m. Mr. Batten previously confirmed that the date was acceptable to him and his client. (Goodman Decl. ¶¶ 2-4.)

2. After the Request was noticed and served, counsel for Casey and Plaintiffs had additional conferences to address Casey's counsel's concern about the identities of persons who

would be attending the inspection and the scope of the inspection. (Goodman Decl. ¶ 5, Exhibit B.)

3. Additionally, as a condition to proceed with the inspection, Casey's counsel "require[d]" Plaintiffs to agree to a confidentiality stipulation to protect Casey's privacy. To avoid the need for Court intervention, and even though not required by Rule 34 or any other legal authority, Plaintiffs also acceded to this condition for the inspection. (Goodman Decl. ¶¶ 3, 6, Exhibit C.)

4. On the afternoon of Friday, July 20, Casey's counsel Brian Klar sent an email to Plaintiffs' counsel attempting to unilaterally "cancel" the upcoming inspection. (Goodman Decl. ¶ 8, Exhibit D.) However, Casey had served no objections to the Request, nor sought a protective order, nor conferred in person or per telephone to demonstrate the required "good cause" for such an order. Plaintiffs' counsel Martina Bernstein therefore immediately responded that the "cancellation" was not accepted and that the inspection would proceed as validly noticed and served, pursuant to Rule 34. (Goodman Decl. ¶ 9, Exhibit E.)

5. On Monday, July 23, Plaintiffs' counsel Jared Goodman also confirmed that the inspection would proceed as validly noticed and served pursuant to Rule 34. Casey's counsel did not respond to this email. (Goodman Decl. ¶ 10, Exhibit F.)

6. On Tuesday, July 24, Plaintiffs' counsel Goodman traveled from California to Missouri in order to attend the inspection. Plaintiffs' consultant and experts, likewise, traveled from Canada, Oregon, Illinois, and Washington, D.C. (Goodman Decl. ¶ 11.)

7. While the inspection attendees were en route or had already arrived in Missouri, Casey's counsel, Brian Klar, sent another email purporting to cancel the inspection. (Goodman Decl. ¶ 12, Exhibit G). However, Casey still had served **no objection**, had not sought a

**protective order** from the Court, or requested to confer by telephone or in person as required prior to moving for a protective order. (Goodman Decl. ¶ 13.) Casey's counsel did not address any of those points raised by Plaintiffs' counsel, merely stating that his email would "reconfirm the cancellation." (Goodman Decl. ¶ 12-13.) Plaintiffs' counsel therefore again advised that the cancellation was not effective. (Goodman Decl. ¶ 13, Exhibit H.)

8. At the appointed time, on July 25, Plaintiffs' counsel, consultant, and experts, together with a certified videographer, appeared at the site of the inspection. Casey's counsel of record was not present and Casey refused entry. (Goodman Decl. ¶ 14.)

9. After Plaintiffs' counsel contacted chambers, the Court held an emergency hearing to address Casey's refusal to presently proceed with the inspection. The Court denied Plaintiffs' emergency motion to compel the inspection at that time, and invited Plaintiffs to file a motion to compel an inspection if they so choose. (Goodman Decl. ¶ 18.)

10. The parties agreed to confer regarding this issue on July 30 at 2 p.m., a date and time proposed by Casey's counsel Brian Klar. Plaintiffs' counsel Jared Goodman and Martina Bernstein intended to confirm a date for the re-scheduled inspection and to reach an agreement on the reimbursement for the costs associated with the "cancelled" inspection. Casey's counsel never joined the conference. (Goodman Decl. ¶ 21.)

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an Order compelling compliance with Plaintiffs' validly served Request for Inspection, attached as Exhibit A; and

**GRANTING** Plaintiffs an award of costs and attorneys' fees relating to the motion to compel; and

**GRANTING** Plaintiffs an award of costs and fees to reimburse Plaintiffs' counsel and their experts for the expenses incurred as a result of Casey's failure to comply with the Request; and

**GRANTING** that Plaintiffs have 14 days from the date of the Order granting this motion for sanctions to file an affidavit detailing these fees and costs.

Dated: July 30, 2018

Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on July 30, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Brian Klar, bklar@lawsaintlouis.com
Daniel T. Batten, dbatten@lawsaintlouis.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Patrick Hanley, p.hanley@att.net
*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*

And was served by regular mail on the following:

Missouri Primate Foundation
c/o Connie Braun Casey
12338 State Rd. CC
Festus, MO 63028

/s/ Jared S. Goodman