# Exhibit B

# Jared Goodman

| | |
|---|---|
| **From:** | Jared Goodman |
| **Sent:** | Sunday, July 8, 2018 11:56 AM |
| **To:** | Dan Batten; Martina Bernstein; James P. Martin (jmartin@polsinelli.com) |
| **Cc:** | Brian Klar |
| **Subject:** | RE: Casey v. PETA: Inspection of Premises and Protective Order |

Dan,

The attendees to the inspection will be chimpanzee behaviorists Stephen Ross, Ph.D. and Mary Lee Jensvold, Ph.D., veterinarian Gwendolyn Reyes-Illg, D.V.M., attorney Brittany Peet, and Martina or myself. We believe your request for any additional qualifications and curricula vitae for these individuals is premature, and they will be disclosed as and when required pursuant to Rule 26(a)(2)(b). Their further qualifications clearly are irrelevant to any concern you may have regarding the number of visitors allowed during the inspection. We also question the basis for this alleged concern, given that your client's records indicate that she has had groups of volunteers, summer field trips, and open houses at the facility, seemingly with no similar restraints. Further, we do not request Ms. Casey to "perform," but fully expect that she will do "what may be necessary and appropriate to ensure the care and safety of the chimpanzees" as she would in the normal course of her operation during the inspection.

With respect to a protective order that you will require prior to the inspection or Ms. Casey's deposition, Plaintiffs are willing to stipulate that information they receive in discovery will only be used for purposes of the pending litigation. Plaintiffs are also willing to stipulate that bona fide proprietary and trade secret information can be so designated and filed under seal. The draft order you provided, however, is substantially overbroad and intended to require sealing and other burdensome procedures with respect to things that are not remotely confidential, as defined by Rule 26(c)(1)(G), and have historically been accessible by the general public, as noted above. In an email on Thursday, July 5, I requested your additional comment as to the scope of the draft order to allow us to reasonably assess the order and suggest revisions. You responded that much of the language is from the court's sample order, but the sample order is provided under the court's Patent Rules, for patent cases that traditionally involve legitimate trade secrets and confidential information and require heightened protections. No apparent protection is needed in this matter, and you have not proffered any explanation as what information obtained in discovery (e.g., "facilities and enclosures at which she may keep and/or care for any animals") could even conceivably require these broad confidentiality protections or why, let alone an expansive two-tiered agreement intended to shield a company's "most sensitive information from a competitor." *Hoefer Wysocki Architects, LLC v. Carnegie Mgmt. & Dev. Corp.*, No. 11-00678-CV-W-GAF, 2012 WL 13028901, at *3 (W.D. Mo. Jan. 25, 2012).

The proposed order is also entirely inconsistent with "the presumption in favor of public access to judicial records," and to the extent that Ms. Casey seeks this order to place a shroud of secrecy over the conditions in which these chimpanzees are held and the individuals responsible for them, inconsistent with this Court's acknowledgment that "[t]he mere fact that the production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal its records." *LDM Grp., LLC v. Akers*, No. 4:12-CV-812-JAR, 2013 WL 1316420, at *10–11 (E.D. Mo. Mar. 29, 2013), *on reconsideration*, No. 4:12-CV-812-JAR, 2013 WL 1703927 (E.D. Mo. Apr. 19, 2013) (citation omitted).

Again, Plaintiffs will stipulate that information they receive in discovery will only be used for purposes of the pending litigation, and that any bona fide proprietary and trade secret information that may exist can be so designated and filed under seal. Ms. Casey has yet, however, to even approach an explanation of the "good cause" needed for any of the additional protections she seeks. Fed. R. Civ. P. 26(c)(1). Please provide such a proffer in advance of our meet and confer on Wednesday.

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T: (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

**From:** Dan Batten <dbatten@lawsaintlouis.com>
**Sent:** Friday, July 6, 2018 2:50 PM
**To:** Martina Bernstein <MartinaB@petaf.org>; James P. Martin (jmartin@polsinelli.com) <jmartin@polsinelli.com>; Jared Goodman <JaredG@PetaF.org>
**Cc:** Brian Klar <bklar@lawsaintlouis.com>
**Subject:** Casey v. PETA: Inspection of Premises and Protective Order

Counselors,

Further to our discussion this afternoon regarding the proposed inspection of Ms. Casey's premises, you have confirmed that the inspection will only consist of observing Ms. Casey's chimpanzees and their habitat, and inspection of storage facilities used in connection therewith. There will be no physical inspection of the chimpanzees outside of any visual observations outside of the enclosures. Your clients have generally identified 3 to 4 experts that your clients intend to participate. You agreed to provide us with the names, qualifications, and cv's for each person. We raised a concern about overwhelming the chimpanzees with the proposed number of visitors. We need information in order to confirm that each of the 3-4 experts are specially qualified so that each person is necessary for the inspection. Also, only one attorney for your clients shall attend. Ms. Casey will not perform for your experts or do anything other than what may be necessary and appropriate to ensure the care and safety of the chimpanzees. The inspection can only proceed once an appropriate protective order is in place to ensure that any information gathered from the inspection is protected as confidential and may not be disseminated or used outside of the case.

Although it was not discussed this afternoon, Ms. Casey will require a release and waiver to be signed by each visitor of her facility before they enter the premises.

Because this afternoon you were not able to discuss the proposed protective order that was sent to you on Thursday, July 5th, we are scheduled for a meet and confer on July 11, 2018, at 4 pm central to discuss same.

Sincerely,

Daniel T. Batten, Esq.
Klar, Izsak & Stenger, L.L.C.
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
Phone: (314) 863-1117
Fax: (314) 863-1118

# Jared Goodman

| | |
|---|---|
| **From:** | Jared Goodman |
| **Sent:** | Monday, July 9, 2018 3:53 PM |
| **To:** | 'Dan Batten'; Brian Klar |
| **Cc:** | Martina Bernstein (MartinaB@petaf.org); James P. Martin - Polsinelli (jmartin@polsinelli.com) |
| **Subject:** | RE: DeYoung Family Zoo |
| **Attachments:** | RE: Casey v. PETA: Inspection of Premises and Protective Order |

Dan,

Your continued and repeated attacks on my clients are inappropriate, not well-taken, and entirely baseless. You state below, in response to my email (attached here) regarding the proposed *patent protective order that you have broadened even further* and is neither "very reasonable [nor] standard," that my clients "fully intend to publish and use whatever information is obtained from the inspection for their own fundraising purposes and to intimidate and harass Ms. Casey." As stated *twice* in my email, which you fail to even acknowledge, "Plaintiffs will stipulate that information they receive in discovery will only be used for purposes of the pending litigation." To the extent that you refer to the "intimate" inspection of Ms. Casey's facility, Plaintiffs request inspection only of those areas that relate to the chimpanzees, and your proposed order is not remotely circumscribed to the inspection or any legitimately private information.

It is not Plaintiffs burden to "draft and offer [Plaintiffs'] own version" of a more limited protective order applicable to the actual circumstances in this matter. We are willing to confer and offer revisions to an order that is appropriate given the particular information at issue. To the extent that Ms. Casey believes she is entitled to protections even beyond those typically reserved for patent cases, it is her burden to show good cause for such protections. Thus far, she has not even seen fit to hint at grounds for such good cause, notwithstanding our repeated requests. We remain willing to hear your proffer and consider agreeing to protections consistent with such any such proffer(s) Casey wishes to make.

With respect to the number of individuals who will attend the site inspection, you still have provided no information as to why Plaintiffs are required to justify specific individuals that they deem necessary for the inspection, or why their "necessity" has any bearing on the number of individuals that attend the inspection. In an effort to accommodate Ms. Casey's purported concern, please inform us promptly of the number of individuals that Ms. Casey would deem acceptable, the number of individuals who were allowed to simultaneously observe the chimpanzees during public events, and what "steps taken to ensure the chimpanzees were not upset or harassed" during those events.

Also, note that my clients have no knowledge whatsoever of the alleged persons who park outside of Ms. Casey's facility.

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T: (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

---

**From:** Dan Batten <dbatten@lawsaintlouis.com>
**Sent:** Monday, July 9, 2018 9:06 AM
**To:** Jared Goodman <JaredG@PetaF.org>; Brian Klar <bklar@lawsaintlouis.com>
**Cc:** Martina Bernstein <MartinaB@petaf.org>; James P. Martin - Polsinelli (jmartin@polsinelli.com) <jmartin@polsinelli.com>
**Subject:** RE: DeYoung Family Zoo

Mr. Goodman,

To be clear, Ms. Casey does not desire to void the contract for the donation of the 5 chimpanzees to the DeYoung Family Zoo. First, she has no legal grounds upon which to do so. Ms. Casey adamantly denies that this was a fraudulent transfer or manufactured in order to deprive your clients of access to evidence or in contravention of her duties under the Federal Rules of Civil Procedure (which may make more sense if Ms. Casey had transferred all of them instead of several of them). Instead, as stated before, the transactions were long-contemplated since Ms. Casey is getting older and at some point may not be able to properly care for her chimpanzees. Dr. Pernikoff's testimony confirmed that there was no intent to make a fraudulent transfer, and just because there was no "consideration" does not make it a fraudulent transfer. In fact, we anticipate that your clients' argument at trial will be that Ms. Casey cannot afford to take care of the chimpanzees that she has. It is not uncommon for property to be donated in order to relieve one of excessive expenses, there really isn't a "market" for chimpanzees these days, and presumably PETA would be even more angry if the chimpanzees were sold rather than donated. Furthermore, unless PETA has facts to support otherwise, we understand that the chimpanzees at the DeYoung Family Zoo are very well cared for and in compliance with all applicable laws and regulations.

Second, Ms. Casey successfully voiding the contract and recovering the chimpanzees would only serve to further strengthen the claims against her, namely, that she is unable to care for the chimpanzees and otherwise in violation of federal law and regulations. Obtaining the chimpanzees would only further subject herself to even greater potential liability. We are also unsure why it matters whether Mr. Shank still represents the DeYoung Family Zoo, since he did at the time of our conversation. However, we can confirm for you that on June 29, 2018, we spoke with both Mr. Greeley and Alex Penalta, both of which have, did at the time of the conversation, and presumably still represent the DeYoung Family Zoo, requesting to transfer the chimpanzees received from Ms. Casey to an accredited facility per your clients' demands. The response was an unequivocal "no." Surely this does not surprise you.

As we have stated many times, Ms. Casey has no authority over the DeYoung Family Zoo and no ability to persuade the DeYoung Family Zoo as your clients' desire.  Instead, your clients are clearly intent upon financially destroying a 72 year old woman and intimidating and humiliating her by dragging her through this case. This is underscored by your clients' otherwise inexplicable refusal to agree to very reasonable and standard protective order.

Regarding the visit itself, we do not see any need for more than one behaviorist, unless you provide us with more information that justifies same. We also do not see the necessity for two attorneys, including Ms. Peet, who has not had any role in this case. Ms. Casey has not had summer field trips or open houses at her facility for a very long time, however even in those instances there were steps taken to ensure the chimpanzees were not upset or harassed. In the best interest of the chimpanzees (and, quite frankly, to ensure your experts get a more accurate observation rather than one improperly influenced by an overwhelming number of visitors) we need to ensure that only the necessary number of visitors attend.

Regarding the protective order itself, you are welcome to draft and offer your own version. However, you surely appreciate that the proposed visit is for a lengthy inspection at Ms. Casey's home. There is nothing more intimate and necessitating privacy than this. We find it particularly troubling that you resist such protections because of the

"presumption in favor of public access to judicial records." In other words, your clients fully intend to publish and use whatever information is obtained from the inspection for their own fundraising purposes and to intimidate and harass Ms. Casey. While we had previously hoped that PETA's suit is primarily motivated by what is best for the chimpanzees, it appears that this motivation is secondary. If you require another reason, be advised (to the extent you do not already know) that Ms. Casey is routinely harassed and intimidated by unknown persons who park in front of her house for sometimes hours, observing her facility, taking pictures, etc.

Lastly, regarding your concern that providing evidence under seal is overly burdensome, the procedure is very simple, and this burden does not outweigh our client's need to protect herself from intimidation and harassment and to protect her privacy.

Sincerely,

Daniel T. Batten, Esq.
Klar, Izsak & Stenger, L.L.C.
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
Phone: (314) 863-1117
Fax: (314) 863-1118

---

**From:** Jared Goodman <JaredG@PetaF.org>
**Sent:** Saturday, July 07, 2018 4:11 PM
**To:** Dan Batten <dbatten@lawsaintlouis.com>; Brian Klar <bklar@lawsaintlouis.com>
**Cc:** Martina Bernstein <MartinaB@petaf.org>; James P. Martin - Polsinelli (jmartin@polsinelli.com) <jmartin@polsinelli.com>
**Subject:** DeYoung Family Zoo

Dan,

During our conference yesterday, you noted that you asked DeYoung Family Zoo's counsel Brian Shank whether the zoo would be willing to send the chimpanzees elsewhere. As we discussed, Mr. Shank is no longer representing the zoo in this matter, and the zoo has retained new counsel. If, in an effort to resolve the present settlement impasse, you wish to contact new counsel to advise him that Ms. Casey desires to void the transaction, you may reach Patrick Greeley at pgreeley@kendrickslaw.com.

Jared

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T: (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.