# Exhibit C

# Jared Goodman

| | |
|---|---|
| **From:** | Jared Goodman |
| **Sent:** | Thursday, July 12, 2018 6:04 PM |
| **To:** | 'Dan Batten' |
| **Cc:** | Brian Klar; Martina Bernstein; Geordie Duckler; Patrick Hanley; James P. Martin - Polsinelli (jmartin@polsinelli.com) |
| **Subject:** | RE: Casey v. PETA: Draft Stipulated Protective Order |
| **Attachments:** | Casey v. PETA Stipulated Protective Order 7.12.18 (00314261xB39F9).pdf |

Dan,

Attached please find the order with my signature.

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T: (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

**From:** Dan Batten [mailto:dbatten@lawsaintlouis.com]
**Sent:** Thursday, July 12, 2018 1:09 PM
**To:** Martina Bernstein <MartinaB@petaf.org>; Jared Goodman <JaredG@PetaF.org>; Geordie Duckler <GeordieD@AnimalLawPractice.com>; Patrick Hanley <p.hanley@att.net>
**Cc:** Brian Klar <bklar@lawsaintlouis.com>
**Subject:** RE: Casey v. PETA: Draft Stipulated Protective Order

Counselors,

Attached is a revised draft Stipulation for Protective Order in the above matter. Please let us know if your clients agree to it and, if so, please provide us with a signed version.

Sincerely,

Daniel T. Batten, Esq.
Klar, Izsak & Stenger, L.L.C.
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
Phone: (314) 863-1117
Fax: (314) 863-1118

**From:** Dan Batten
**Sent:** Thursday, July 05, 2018 9:33 AM
**To:** Martina Bernstein <MartinaB@petaf.org>; JaredG@PetaF.org; Geordie Duckler <GeordieD@AnimalLawPractice.com>; Patrick Hanley <p.hanley@att.net>

**Cc:** Brian Klar <bklar@lawsaintlouis.com>
**Subject:** Casey v. PETA: Draft Stipulated Protective Order

Counselors,

Your attention to the attached draft stipulated protective order for the above matter.  We request that you advise at your earliest convenience whether your clients agree to same, which follows the basic format and language of the court's form protective order.  Be advised that our client requires that a protective order be in place before her deposition or inspection of her premises occurs.

Sincerely,

Daniel T. Batten, Esq.
Klar, Izsak & Stenger, L.L.C.
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
Phone: (314) 863-1117
Fax: (314) 863-1118

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **MISSOURI PRIMATE FOUNDATION,** ) <br> **CONNIE BRAUN CASEY, individually,** ) <br> **ANDREW SAWYER, individually, and** ) <br> **JANE DOES 1 and 2,** ) <br> ) <br>     **Plaintiffs and Counterclaim** ) <br>     **Defendants,** ) <br> ) <br> v. ) <br> ) <br> **PEOPLE FOR THE ETHICAL** ) <br> **TREATMENT OF ANIMALS, INC. and** ) <br> **ANGELA SCOTT a/k/a ANGELA G.** ) <br> **CAGNASSO, individually,** ) <br> ) <br>     **Defendants and** ) <br>     **Counterclaim Plaintiffs.** ) <br> ) | Case No. 4:16-cv-02163 <br><br> STIPULATION FOR <br> PROTECTIVE ORDER |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of Counterclaim Defendants Connie Braun Casey and Andrew Sawyer, and Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (collectively, the "Parties"), for an Order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

    1.    As used in the Protective Order, these terms have the following meanings;

        a.    "Attorneys" means counsel of record;

        b.    "Documents" are all materials within the scope of Fed. R. Civ. 34;

        c.    "Written Assurance" means an executed document in the form attached as Exhibit A.

    2.    By identifying a document, material or information as "confidential," the Parties may designate any document, material or information that they, in good faith, contend constitutes

or contains trade secret or similar proprietary information. Additionally, it is hereby stipulated that the following information is deemed "confidential" for purposes of this Protective Order: (a) information obtained as a result of physical inspection of any premises; (b) names and contact information of third party witnesses not previously identified in discovery; (c) financial information.

3. All documents, material and information, along with the information contained in the documents, obtained in discovery (regardless whether designated "confidential" or not) shall be used solely for the purpose of this action.

4. In addition, "confidential" documents, material and information, along with the information contained in the documents, shall not be disclosed or communicated in any way to any person other than those specified in Paragraph 5.

5. Access to any "confidential" document, material and information shall be limited to: (a) The Court and its personnel; (b) Attorneys and their office associates or in-house counsel, legal assistants, and stenographic and clerical employees; (c) the Parties; (d) Court reporters retained to transcribe testimony; and (e) the Parties' testifying or consulting experts.

6. Each person who is to receive "confidential" information, pursuant to Paragraph 5(e), shall execute a "Written Assurance" in the form attached as Exhibit A.

7. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 5 days of receipt of the final transcript. Until the time period for making confidentiality designations has expired, the entire transcript shall be treated as "confidential." The deposition of any witness shall be taken only in the presence of persons who are qualified to have access to confidential information.

8. Parties who intend to file a document containing "confidential" information with the Court, shall make such filing under seal in compliance with Local Rule 13.05(A) and/or the Electronic Case Filing/Case Management procedures manual. Prior to disclosure at trial or a hearing of materials or information designated "confidential," the Parties may seek further protections against public disclosure from the Court.

9. Within 60 days of the termination of this action, including any appeals, the Parties shall destroy all documents designated "confidential" by any of the opposing Parties and shall provide a certification in writing to the opposing Parties as to such destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence and work product generated in connection with the action, including one copy of documents designated as "confidential."

10. The Parties may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent the Parties from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

11. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

12. The obligations imposed by the Protective Order shall survive the termination of this action.

**Stipulated To:**

By: _____
POLSINELLI PC
KELLY J. MUENSTERMAN (#66968)
JAMES P. MARTIN (#50170)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
*Attorneys for Defendant/Counterclaim Plaintiff*

By: *[signature]*
PETA FOUNDATION
JARED S. GOODMAN
(Admitted *Pro Hac Vice*)
2154 W. Sunset Blvd.
Los Angeles, CA 90032
*Attorneys for Defendant/Counterclaim Plaintiff*

By: _____
KLAR, IZSAK & STENGER, L.L.C.
BRIAN D. KLAR
DANIEL T. BATTEN
1505 S. Big Bend Blvd.
St. Louis, Missouri, 63117
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

By: _____
PATRICK J. HANLEY
214 E. Fourth Street
Covington, KY 41011
*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaglia*

By: _____
GEORDIE DUCKLER
9397 SW Locust Street
Tigard, OR 97223
*Attorneys for Plaintiff/Counterclaim Defendant Andrew Sawyer*

# EXHIBIT A

## WRITTEN ASSURANCE

I, _____, declare that:

l. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____
_____.

3. My present relationship to plaintiff(s)/defendant(s) is _____
_____.

4. I have received a copy of the Stipulation for Protective Order (the "Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential information received under the protection of the Protective Order.

6. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____ day of _____, 20__, in the State of _____.


_____
Signature