# Exhibit H

# Jared Goodman

| | |
|---|---|
| **From:** | Martina Bernstein |
| **Sent:** | Tuesday, July 24, 2018 2:46 PM |
| **To:** | Jared Goodman; Brian Klar; Kristen Bonn |
| **Cc:** | Dan Batten |
| **Subject:** | RE: Casey v. PETA |

Mr. Klar:

**The cancellation has not been confirmed, let alone re-confirmed. Please see the highlighted correspondence below**.

As you undoubtedly are aware, following Monday's correspondence, all of plaintiffs' counsel and their experts (whose identity Mr. Batten previously insisted on knowing in advance, and therefore you are aware of) as well as certified videographer have all departed for the site of the inspection. I believe they are presently en-route from various out-of-state locations and I am therefore responding on their behalf to your email below.

If need be, your client will be held fully accountable for her continued abusive and obstructive tactics, including monetary sanctions required to reimburse all attorneys and their experts for their time and travel expenses—amounting to several thousands of dollars.

The inspection will proceed as scheduled, as we advised you previously.

Martina Bernstein
Senior Litigation Counsel

PETA Foundation
1536 16th Street NW
Washington DC, 20036
T: 626.376.3744
F: 202.540.2208

---

**From:** Jared Goodman
**Sent:** Monday, July 23, 2018 10:27 AM
**To:** Brian Klar <bklar@lawsaintlouis.com>; Kristen Bonn <secretary@lawsaintlouis.com>
**Cc:** Dan Batten <dbatten@lawsaintlouis.com>; Martina Bernstein <MartinaB@petaf.org>
**Subject:** RE: Casey v. PETA

Mr. Klar:

This further responds to your email below.

As an initial matter, your assumption that we "know" anything regarding your client's ability to pay your fees is somewhat disingenuous. The point is precisely that we do not know, because your client has refused to provide any discovery on such matters—even though her finances are highly relevant to key issues in this case. Indeed, you state below that Casey sold a number of exotic animals specifically for her defense. Therefore, we are in no position (one way or another) to accept the premise of your email.

With respect to your client's purported "instructions" as to what you can or cannot do in representing her in this matter going forward, those do not trump the Federal Rules of Civil Procedure and local rules of this Court. As you know, while

you are counsel of record, you are required by law to meet and confer with us on discovery disputes, just as your client remains obligated to participate in discovery.

As we have noted in several emails and conferences, your client's responses to requests for production, interrogatories, and requests to admit, remain woefully deficient. You have ignored our multiple requests to meet and confer to discuss those deficiencies. If you will not make yourselves available to confer by the end of business on July 26, we will inform the court accordingly and move to compel outstanding discovery and for costs pursuant to Rule 37. As Ms. Bernstein moreover informed you in a previous email, Casey's attempt to unilaterally "cancel" her obligation to comply with the Rule 34 inspection demand, which was noticed more than one month ago on a date she provided, less than three full business days before the inspection, only compounds her ongoing discovery abuses. ==We fully intend to proceed with the upcoming Rule 34 inspection as well as Casey's deposition.==

Also, because we are precluded from engaging in *ex parte* communications with parties who are represented by counsel, we expect one of Casey's attorneys of record to be present during both the inspection and deposition, as well as for any discovery conferences that are required while you remain counsel of record.

[redacted] If Casey participates in discovery and resolves the many issues above that have plagued it since the moment it commenced, as required by the Federal Rules, my clients will be in a better position to resume settlement discussions.

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T: (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

---

**From:** Kristen Bonn <secretary@lawsaintlouis.com>
**Sent:** Friday, July 20, 2018 2:17 PM
**To:** Jared Goodman <JaredG@PetaF.org>; Martina Bernstein <MartinaB@petaf.org>
**Cc:** Brian Klar <bklar@lawsaintlouis.com>; Dan Batten <dbatten@lawsaintlouis.com>
**Subject:** Casey v. PETA

**FOR SETTLEMENT PURPOSES ONLY**

Counselors,

As you know, Ms. Casey does not have the funds to continue defending against PETA's claims in this case. This includes continuing to pay for our representation. We have therefore been instructed by our client to conduct no other work on this case besides potentially settling this matter, including any discovery. If we cannot settle this matter, Ms. Casey is likely going to be representing herself for the remainder of the case.

In light of this, we are canceling the upcoming inspection so that we can focus on settling this matter. [redacted]

███████████████████████████████████████

███████████████████████████████████████

Very Truly Yours,

# Brian D. Klar

Attorney at Law
Klar, Izsak & Stenger, LLC
1505 S. Big Bend Blvd.
St. Louis, MO 63117
PH: 314-863-1117, Ext. 102
FX: 314-863-1118
e-mail: bklar@lawsaintlouis.com

IRS CIRCULAR 230 DISCLOSURE: In compliance with requirements imposed by the IRS relating to IRS Circular 230, this is to inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.

CONFIDENTIAL PRIVILEGED COMMUNICATION: The information contained in or attached to the above message is or may be confidential and subject to the attorney-client privilege as well as protection under the attorney work-product doctrine. Such information is intended only for use by the individual or entity named as addressee above. If the reader of this message is not the intended recipient, or an employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any reading, copying, duplication, dissemination, forwarding, distributing, or printing of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this message, and thereafter delete it from your computer. Thank you. Klar, Izsak & Stenger, L.L.C.