# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
|     Plaintiffs and<br>    Counterclaim Defendants, | ) ) ) |
| v. | )    Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
|     Defendants and<br>    Counterclaim Plaintiffs. | ) ) |

## DECLARATION OF MARTINA BERNSTEIN

Pursuant to 28 U.S.C. § 1746, I, Martina Bernstein, declare the following to be true and correct to the best of my knowledge and belief:

1. I am counsel for Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"). I make this declaration based upon my personal knowledge and upon information available to me as Plaintiffs' counsel.

2. **Exhibit A** attached hereto is a true and correct copy of the Amended Notice of Deposition of Connie Braun Casey, served by Plaintiffs on Counterclaim Defendant Connie Braun Casey ("Casey") on July 6, 2018. Both the date and the location for Casey's deposition were negotiated and agreed to in advance by Casey's counsel.

3. On July 20, Casey's counsel Brian Klar informed me and my co-counsel that Casey had instructed her attorneys "to conduct no other work on this case besides potentially settling this matter, including any discovery." During the ensuing days, however, after Plaintiffs rejected Casey's inadequate settlement proposal, Casey's counsel made no further efforts to resume or

pursue settlement negotiations. Indeed, when I scheduled a conference pursuant to Local Rule 37-3.04 to discuss Casey's upcoming deposition and other discovery matters, at a date and time provided Mr. Klar (Monday, July 30, at 2 p.m.), neither Mr. Klar nor his co-counsel participated.

4. In response to several requests I made via email, I received no further response or proposals for future dates and times for conferring.

5. In light of Casey's counsel's unwillingness or unavailability to confer by telephone, in an abundance of caution, on July 30, I wrote to confirm whether Casey's duly noticed deposition would still proceed as scheduled. Mr. Klar responded on July 31, "The depo will NOT proceed as scheduled."

6. As apparent justification for the unilateral cancellation, Mr. Klar made another cryptic reference to "possibilities of settlement," but still made no actual attempts to resume or pursue any settlement negotiations. Mr. Klar also failed to respond to several requests from me to schedule a conference—and he proposed no date in the future by which their client would appear for deposition.

I declare under the penalty of perjury that the foregoing is true and correct.

July 31, 2018

Corona, CA  /s/ Martina Bernstein
　　　　　　Martina Bernstein