UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) | |
| v. | ) ) | Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) ) | |

**MEMORANDUM IN SUPPORT OF COUNTERCLAIM PLAINTIFFS'
MOTION TO COMPEL THE DEPOSITION OF
<u>COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY</u>**

**I.     INTRODUCTION**

After a series of litigation abuses chronicled elsewhere (ranging from spoliation to falsifying documents, to submitting argument contrary to her sworn declaration, to failing to abide by discovery agreements), on July 20, Counterclaim Defendant Connie Braun Casey ("Casey") ordered her attorneys to stop all work on discovery, thereby effectively imposing an indefinite stay of discovery without Court approval. Casey moreover announced that she would not proceed with her deposition that had been scheduled and duly noticed for a date and place proposed by her own counsel. Compounding their client's misconduct, Casey's counsel provided no future date for rescheduling the deposition—and even failed to make themselves available to confer about this matter by telephone, as required by Local Rule 37-3.04.

Pursuant to Rules 26, 30, and 37 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G.

Cagnasso (together, "Plaintiffs") therefore move for an order compelling Casey to appear for deposition. In addition, Plaintiffs request that the Court issue a warning that Casey will suffer a default judgment if she continues to instruct her counsel of record not to perform work relating to discovery. *See, e.g., Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997) (holding that district court was within its discretion to enter default against defendant whose "counsel had done nothing regarding this litigation since filing a motion to dismiss, . . . neglected discovery requests, and ignored repeated inquiries from [plaintiff's] counsel").

## II.  FACTUAL BACKGROUND

On July 6, 2018, Plaintiffs served a notice for Casey to appear for deposition on August 8, at the offices of her attorneys. (Exhibit A to Declaration of Martina Bernstein ("Bernstein Decl.")) Both the date and the location were negotiated and agreed to in advance by Casey's counsel. (Bernstein Decl. ¶ 2.) On July 20, Casey's counsel informed Plaintiffs' counsel that they had been instructed by Casey "to conduct no other work on this case besides potentially settling this matter, including any discovery." (*Id.* ¶ 3.) During the ensuing days, however, after Plaintiffs rejected Casey's inadequate settlement proposal, Casey's counsel made no further efforts to pursue settlement negotiations. (*Id.*) Indeed, when Plaintiffs' counsel scheduled a conference pursuant to Local Rule 37-3.04 to discuss Casey's upcoming deposition and other discovery matters, at a date and time provided by Casey's counsel, Casey's counsel failed to participate and appeared to have no time to devote to this matter. (*Id.*) Notwithstanding several requests by Plaintiffs' counsel, Casey's counsel offered no further dates and times for conferring. (*Id.* ¶ 4.)

Given Casey's counsel's unwillingness to confer by telephone, in an abundance of caution, on July 30, Plaintiffs' counsel wrote to confirm whether Casey's duly noticed deposition would still proceed as scheduled. (*Id.* ¶ 5.) Casey's counsel Brian Klar responded on July 31,

"The depo will NOT proceed as scheduled." (*Id.*) As apparent justification for the unilateral cancellation, Mr. Klar made another cryptic reference to "possibilities of settlement," but still made no actual attempts to pursue any settlement negotiations. (*Id.* ¶ 6.) Mr. Klar also failed to respond to several requests from Plaintiffs' counsel to even schedule a conference—and he proposed no date in the future by which their client would appear for deposition. (*Id.*)

**III.    ARGUMENT**

   **A.  Casey's Refusal to Appear For Deposition Was Improper**

It should go without saying that Casey's premise for defaulting on her discovery obligations is flawed. Far from facilitating discovery, a party's failure to participate in discovery can delay and even thwart the prospect of a settlement. *See, e.g., Monsanto Co. v. Hargrove*, No. 4:09-CV-1628(CEJ), 2010 WL 1936182, at *3 (E.D. Mo. May 12, 2010) (noting that "defendants' failure to produce complete and adequate answers and documentation has hampered plaintiffs' ability to conduct depositions and engage in settlement negotiations").

More importantly, for purposes of this motion, it is hornbook law that "[a] party cannot unilaterally cancel a properly notice deposition." Jay E. Grenig & Jeffrey S. Kinsler, Handbk. Fed. Civ. Disc. & Disclosure § 5:15 (4th ed. 2018). Courts thus have no trouble summarily granting motions to compel where, as here, a party was properly noticed for deposition but failed to appear. *See, e.g., Iron Workers St. Louis Dist. Council Annutiy Tr. v. Miller Bldg. Grp., LLC*, No. 4:14-CV-01298-JAR, 2015 WL 153810, at *1 (E.D. Mo. Jan. 12, 2015) (granting motion to compel where party was "properly noticed for deposition but failed to appear"); *Greater St. Louis Const. Laborers Welfare Fund v. Midwest Envtl. Sols., Inc.*, No. 4:07-CV-2094 CAS, 2010 WL 411115, at *1 (E.D. Mo. Jan. 28, 2010) (granting motion to compel where deponent "was properly noticed for deposition but failed to appear"); *Carpenters'*

3

*Dist. Council of Greater St. Louis & Vicinity v. Lanigan Const., LLC*, No. 4:09-CV-878 CAS, 2010 WL 135314, at *2 (E.D. Mo. Jan. 12, 2010) (same); *Greater St. Louis Const. Laborers Welfare Fund v. Empire Gen. Contracting, Inc.*, No. 4:02-CV-1105 CAS, 2009 WL 2175982, at *1 (E.D. Mo. July 21, 2009) (same).

It is not up to Casey to decide when or whether to choose to comply with her obligation to appear for a duly noticed deposition. As the Eighth Circuit has noted, a party may not "fashion his own rule of defense to discovery," and the district court is well within its discretion to impose sanctions against parties for their "intentional disregard" of those rules. *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). Therefore, even assuming Casey subjectively believed a settlement were imminent—an assessment not shared by Plaintiffs—it provided no justification for her to disregard her discovery obligation.

### B. The Court Should Award Reasonable Expenses Incurred by Plaintiffs' in Making This Motion

Upon granting a motion to compel, Rule 37(a)(5)(A) authorizes the Court to award "reasonable expenses incurred in making the motion, including attorney's fees." *Id.* at 37(a)(5)(A); *see also Koenig v. Bordeau Const. LLC*, No. 4:13CV477 SNLJ, 2015 WL 1636988, at *1 (E.D. Mo. April 10, 2015). Plaintiffs are entitled to an award of reasonable attorney's fees because Casey's conduct necessitated this motion following Plaintiffs' good faith attempts to resolve the disputes consistent with this Court's rules. *See* Fed. R. Civ. P. 37(a)(5)(A); *see also Liley v. Mitek Corp.*, No. 1:13CV95 SNLJ, 2015 WL 1383958, at *1 (E.D. Mo. March 23, 2015) (awarding attorneys' fees to the party compelling discovery where "counsel made good faith attempts to resolve the dispute before filing the motion, the nondisclosure and failure to respond was not substantially justified, and there are no other circumstances that make an award of fees unjust").

**IV. CONCLUSION**

Accordingly, Plaintiffs respectfully request that the Court enter an Order, in the form submitted herewith, granting this motion to compel in all respects.

Dated: August 1, 2018

Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on August 1, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

>Brian Klar, bklar@lawsaintlouis.com
>Daniel T. Batten, dbatten@lawsaintlouis.com
>*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*
>
>Geordie Duckler, geordied@animallawpractice.com
>*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*
>
>Patrick Hanley, p.hanley@att.net
>*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*

And was served by regular mail on the following:

>Missouri Primate Foundation
>c/o Connie Braun Casey
>12338 State Rd. CC
>Festus, MO 63028

/s/ Jared S. Goodman