UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | )<br>)<br>) |
| Plaintiffs and<br>Counterclaim Defendants, | )<br>)<br>) |
| v. | ) Case No. 4:16-cv-02163<br>) |
| PEOPLE FOR THE ETHICAL<br>TREATMENT OF ANIMALS, INC., et al., | )<br>)<br>)<br>) |
| Defendants and<br>Counterclaim Plaintiffs. | )<br>) |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF COUNTERCLAIM PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

**I. INTRODUCTION**

Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (together, "Plaintiffs") submit this [Proposed] Supplemental Memorandum in Further Support of Counterclaim Plaintiffs' Motion for Sanctions for Spoliation of Evidence ("Supplemental Memorandum"). This Supplemental Memorandum is limited to a discussion of evidence and information that was unavailable at the time Plaintiffs filed their Memorandum and Reply Memorandum in support of their motion for sanctions for spoliation of evidence ("Spoliation Motion") [ECF Nos. 66, 67, 71].[1]

---

[1] Local Rule 4.01 permits the filing of a motion, a response to a motion, and a reply in support of a motion and specifies that "[a]dditional memoranda may be filed by either party only with leave of Court." E.D. Mo. L.R. 4.01(C). "A party that wishes to file additional briefing after a reply must file a motion for leave of Court to do so, must explain in the motion for leave why additional briefing is necessary, and must submit the proposed additional briefing along with the motion for leave." *Davis v. Jomp*, No. 4:16-CV-229 CAS, 2017 WL 1407293, at *1 (E.D. Mo. Apr. 20, 2017).

In particular, Plaintiffs need to inform the Court that Sawyer refused to confirm at his recent deposition that his attorney's filing of the opposition to the Spoliation Motion [ECF No. 70], and statements contained therein, were authorized by Sawyer, or that they truthfully represent Sawyer's personal views. *See, e.g., infra* II.A. Sawyer's refusal to own up to the representations made to the Court on his behalf compounds the abuse of the judicial process he caused by spoliating material evidence in the first place. When the Court cannot even be assured that representations **purportedly** made on Sawyer's behalf truthfully represent Sawyer's position, the judicial process has become irreparably perverted.

In addition, at his deposition, Sawyer invoked the Fifth Amendment privilege in response to each question eliciting substantive information about the conditions and whereabouts of the chimpanzee Joey, whom Sawyer hid in a secret location in an attempt to evade judicial scrutiny. Sawyer also refused to identify any witnesses, documents, or other evidence relating to the merits of this case. *See infra* II.B. This contradicts Sawyer's counsel's contention that Plaintiffs have not been prejudiced by Sawyer's spoliation. By first hiding Joey and then refusing to provide **any** information about Joey's whereabouts, treatment, or condition—including the identity of witnesses and documents from which such information may be gleaned, Sawyer effectively precluded a determination on the merits of Plaintiffs' case. *See infra* II.C.

Accordingly, good cause exists to grant Plaintiffs' request for leave to present this after-acquired information regarding Sawyer's testimony, because that information is both highly relevant and it will assist the Court in determining the merits of the pending Spoliation Motion. *See, e.g., United States v. Reed*, No. 4:12 CR 59 CDP, 2012 WL 4343406, at *1 (E.D. Mo. Sept. 24, 2012), *aff'd*, 545 F. App'x 579 (8th Cir. 2013) (granting leave to file a supplemental memorandum after a hearing "following receipt of the transcript"); *Kinder v. Geithner*, No. 1:10

CV 101 RWS, 2011 WL 1576721, at *2 (E.D. Mo. Apr. 26, 2011), *aff'd,* 695 F.3d 772 (8th Cir. 2012) (granting motion to file a supplemental memorandum where, subsequent to initial briefing, an additional development "squarely impact[ed]" the issues raised by the pending motion and provided "an additional basis" to rule on the pending motion); *Johnson v. Midcoast Aviation*, No. 4:06-CV-1805(CEJ), 2008 WL 3200801, at *4 (E.D. Mo. Aug. 6, 2008) (providing "leave of Court to subsequently file a supplemental memorandum . . . based on the after-acquired evidence doctrine").

## II. ARGUMENT

### A. The After-Acquired Information Compounds Sawyer's Abuse of The Judicial Process

In response to the Spoliation Motion, Sawyer's counsel argued that Plaintiffs do not "have any proof at all" of Sawyer's "intentional or willful conduct designed to suppress some determination by the fact-finder." [ECF No. 70, at 2]. Beyond the proof previously elucidated by Plaintiffs, Sawyer furnished additional proof at his deposition by essentially leaving the Court to guess whether any statements made by his counsel in pleadings and other filings truthfully represent Sawyer's contentions. Instead of affirming or denying the accuracy of any of his representations to the Court in this case, Sawyer invoked the Fifth Amendment in response to the following questions:

> Q: . . .you are the one who initiated the proceedings in which you are now testifying; is that right?

[ECF No. 99-3 (Deposition Transcript of Andrew Sawyer; "Tr.") at 58:24-25 to 59:1.

> Q: And in those papers and filings your lawyers made various representations to the Court. You're aware of that?

Tr. at 59:22-24.

3

> Q: And these representations in the filings on your behalf, did those filings and representations reflect your views and positions?

Tr. at 60:8-10.

> Q: So because you refuse the question, we have to guess whether or not the filings made on your behalf actually reflect your views and positions; is that right?

Tr. at 60:18-21.

> Q: So you would have to speculate as to whether or not what your lawyers filed on your behalf actually reflected your views and position; is that right?

Tr. at 61:5-7.

> Q: Sitting here today, do any of the filings in which your lawyers make representations on your behalf incorrectly reflect your views?

Tr. at 61:15-17.

> Q: …are you the person who instructed your lawyers to file the various filings that were made in your name in this matter?

Tr. at 64:23-25.

> Q: Just to be clear, did you or did you not authorize your lawyers to file the various filings that they filed under your name in this case?

Tr. at 68:14-16.

If the Court cannot determine if any of Sawyer's filings reflect his position—or were even authorized by him—then a determination of the merits of these positions has become impossible. Leaving the Court to guess whether any of Sawyer's representations in his filings are even true is the ultimate perversion of the judicial process.

### B. The After-Acquired Information Shows That a Default Is the Only Proper Remedy for the Prejudice Caused by Sawyer's Conduct

Sawyer also argued that a default was too drastic a sanction for Joey's "relocation" because it "does not in any manner effectively prohibit the animal from being evaluated and examined." [ECF No. 70, at 2]. It is now abundantly clear that this is incorrect. Sawyer not only

refused Plaintiffs' request of an inspection of Joey [ECF No. 83], but at his deposition provided no substantive response to any questions aimed at discovering Joey's whereabouts and current conditions. Among other things, Sawyer invoked his Fifth Amendment right in refusing to answer the following questions:

> Q: Please identify all persons with whom you communicated about the removal of Joey from the Missouri Primate Foundation and transferring him to another location.

Tr. at 42:4-7.

> Q: Please identify all written communications reflecting Joey's removal and transfer after you received the notice letter.

Tr. at 42:15-17.

> Q: Do you have any communications or e-mails, text messages, written records regarding those communications?

Tr. at 45:9-11.

> Q: Sitting here today, can you identify any documents of which you are aware that contain information describing or reflecting Joey's location or conditions?

Tr. at 51:8-11.

> Q: Can you identify any persons who have information about Joey's whereabouts and present conditions?

Tr. at 51:19-21.

> Q: And you fully intended not to disclose the identity of knowledgeable witnesses to the plaintiff; right?

Tr. at 52:18-20.

> Q: So when you represented to the Court that alternative means certainly exist to obtain this information, you knew full well that plaintiffs had no such means, didn't you?

Tr. at 53:3-6.

Q: Can you identify all persons who have knowledge of the conditions in which Joey is kept?

Tr. at 53:23-24.

Q: Will you please identify all persons who have knowledge of the location in which Joey is kept?

Tr. at 54:7-8.

Q: Will you identify all persons who presently care for Joey?

Tr. at 54:16-17.

Q: Can you identify all documents that reflect Joey's location?

Tr. at 54:25-56:1.

Q: Can you identify all documents that reflect Joey's care?

Tr. at 54:9-10.[2]

In light of Sawyer's initial spoliation of Joey and his subsequent refusal to identify any sources of evidence that would shed light on the salient issues concerning Joey's present conditions and treatment, it is clear that there are no means for Plaintiffs to discover this information. Therefore, and for the additional reasons demonstrated in the Spoliation Motion, an entry of a default is the only means of effectively remedying the prejudice caused to Plaintiffs by Sawyer's conduct.

Dated: August 21, 2018

Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382

---

[2] Invoking his Fifth Amendment right, Sawyer similarly refused to answer **all** other questions pertaining to the merits of the case. Tr. at 8:5 to 72:14.

Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on August 23, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Brian Klar, bklar@lawsaintlouis.com
Daniel T. Batten, dbatten@lawsaintlouis.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Patrick Hanley, p.hanley@att.net
*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*

And was served by regular mail on the following:

Missouri Primate Foundation
c/o Connie Braun Casey
12338 State Rd. CC
Festus, MO 63028

/s/ Jared S. Goodman