UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) ) |

## COUNTERCLAIM PLAINTIFFS' RESPONSE TO CASEY'S MOTION FOR LEAVE TO WITHDRAW

Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (together, "Plaintiffs") respectfully submit this memorandum in response to the motion of Counterclaim Defendant Connie Braun Casey ("Casey") and Daniel T. Batten, Brian D. Klar, and the law firm of Klar, Izsak & Stenger, LLC ("Casey's Counsel") for leave to withdraw. Plaintiffs do not oppose Casey's Counsel's withdrawal, provided Casey shall not be permitted to use it—as she has done on previous occasions—as a pretext for her inability to provide timely discovery and as justification for her ongoing failures to cure pending discovery defaults.

Notably, Casey's Counsel does not disclose in this motion when they were terminated. However, the record is clear that Casey was represented by counsel as of the date of Casey's numerous discovery defaults chronicled in motions pending before the Court and that are the subject of an upcoming hearing. [ECF No. 101.]

Among other things, Rule 4–3.4(d) of the Missouri Rules of Professional Conduct states that "[a] lawyer shall not … fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party." *See also In re Caranchini*, 956 S.W.2d 910, 918 (Mo. 1997), *as modified on denial of reh'g* (Dec. 23, 1997). Casey's Counsel's current request to withdraw should not retroactively exonerate them or their client from their litigation abuses and their collective failures to abide by their obligations to participate in discovery—to make reasonably diligent efforts to comply with Plaintiffs' proper discovery requests, to confer in good faith about discovery disputes, and to live up to agreements made with Plaintiffs' counsel regarding curing discovery defaults. Nor should Casey's Counsel be excused from attending the upcoming hearing on discovery motions that implicate their own conduct and representations made by them while they still represented Casey.

Nor should Casey be allowed to further unfairly prejudice Plaintiffs by virtue of having terminated her counsel of record. This case involves the ongoing mistreatment of animals—which threatens irreparable harm. Discovery in this case has revealed that:

- animals in Casey's care previously may have died due to delayed or inadequate veterinary care [*see, e.g.,* Deposition Transcript of Dr. Pernikoff, ECF No. 103-1, at 142, 174-182, 229-230];
- none of the animals at issue in this case presently receive any preventive veterinary care [*see, e.g., id.*, at 163-64, 168, 192-93, 206, 248];
- at least one of the chimpanzees at issue in this case may currently be ill [*see, e.g., id.,* at 147-49, 240]; and
- Casey lacks the funds to adequately care for the animals at issue in this case [*see, e.g., id.,* at 111, 217-18].

In light of these undisputed facts, the urgency of a resolution of this case to protect the animals from the ongoing and further risk of harm can hardly be overstated.

Over Plaintiffs' objection, the Court previously stayed the case [ECF No. 52] in order to allow Casey to retain substitute counsel for herself and the corporate counterclaim defendant,

Missouri Primate Foundation. The Court already determined that "if no new counsel enters an appearance by [the end of the stay,] these parties will be deemed to be representing themselves." [*Id.* at 2.] Casey chose not to retain counsel for the Missouri Primate Foundation, and to let the corporate defendant default in this case. Therefore, there is no present need to delay the case to protect the rights of any corporate party. Casey may represent herself *pro se* in this matter. 28 U.S.C. § 1654.

Casey's decision to terminate her current counsel of record provides no basis to excuse or delay any of her overdue discovery obligations and to cause further unfair prejudice to Plaintiffs. As the Eight Circuit has made clear, "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (further holding that district court did not abuse its discretion in awarding opponent's attorneys' fees after pro se litigants failed to attend properly-noticed depositions).

Accordingly, Plaintiffs respectfully request that any order by this Court granting Casey's Counsel leave to withdraw (i) specify that there shall be no stay of discovery or any of these proceedings; and (ii) express caution to Casey that withdrawal of her counsel does not excuse her from timely complying with Court orders and all applicable substantive and procedural laws. Additionally, Plaintiffs request that Casey and Casey's Counsel be required to attend the upcoming hearing on pending motions [ECF No. 101], to respond to issues raised as a result of discovery defaults and failures that occurred while Casey's Counsel still represented Casey in this matter.

Dated: August 22, 2018          Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)

PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on August 22, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Brian Klar, bklar@lawsaintlouis.com
Daniel T. Batten, dbatten@lawsaintlouis.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Patrick Hanley, p.hanley@att.net
*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*

And was served by regular mail on the following:

Missouri Primate Foundation
c/o Connie Braun Casey
12338 State Rd. CC
Festus, MO 63028

/s/ Jared S. Goodman