UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) |

Case No. 4:16-cv-02163

**REPLY MEMORANDUM IN SUPPORT OF COUNTERCLAIM PLAINTIFFS'
MOTION TO COMPEL THE DEPOSITION OF
<u>COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY</u>**

To date, Plaintiffs have been unable to obtain **any** meaningful discovery from Casey. Since Plaintiffs served their first discovery requests in February, Casey has been represented by three different sets of attorneys—each claiming various and sundry excuses for why it would be "unreasonable" to require Casey to comply with discovery deadlines. Casey's latest attempt to stonewall Plaintiffs concocts still more excuses why it is too soon for her to appear for deposition. It blithely disregards deadlines set by the Case Management Order and the Rules of this Court, and compounds the unfair prejudice caused by Casey's ongoing failure to participate in discovery.

After instructing her previous counsel to perform no work other than potentially settling this case, and apparently making a calculated decision to let the deadline for opposing this motion lapse [ECF No. 94-2, ¶ 8; ECF No. 94-6, at 2], Casey hired new counsel who filed a purported "memorandum" opposing the motion (over four weeks late), without showing the

required good cause. [ECF No. 112.] The filing is procedurally improper and substantively flawed. For the reasons demonstrated below, even if the Court were inclined to accept the unauthorized filing, Plaintiffs' motion should still be granted in all respects.

### A. The Court Should Disregard Casey's Belated Filing

It bears repeating that Plaintiffs noticed Casey's deposition **on a date and location proposed and agreed upon by her**, through her previous attorneys, Brian Klar and Daniel Batten ("Klar and Batten"). Shortly thereafter—while Klar and Batten were still counsel of record—Casey ordered them to stop all discovery related work, and on July 30th announced that she would not proceed with her deposition. [ECF No. 96-2, ¶¶ 2-3; ECF No. 94-1, ¶ 8.] After Plaintiffs' attempts to reschedule the deposition failed, Plaintiffs filed this motion to compel on August 1. Pursuant to Local Rule 7-4.01(B), Casey was required to respond by August 8. However, apparently following Casey's instruction to do no work relating to discovery motions, Klar and Batten filed no response. Fifteen days after the filing deadline lapsed, Klar and Batten moved to withdraw, and advised the Court that Casey had terminated their representation. [ECF No. 104.] The motion was granted, and the Court advised Casey that she would be representing herself. [ECF No. 109.]

After close of business on Friday, September 7, Casey's latest (third) set of attorneys, Victor Essen and Debbie Champion ("Essen"), entered their appearance and filed a document styled "Plaintiff/Counterclaim Defendant Connie Braun Casey's Response Memorandum of Law to Defendant/Counterclaim Plaintiff's [sic] Motion to Compel Deposition." [ECF No. 112.] Essen did not seek leave to file the Response Memorandum, let alone establish good cause why such leave should be granted more than four weeks after Casey deliberately let the filing deadline expire.

"[W]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010) (quoting Fed. R. Civ. P. 6(b)(1)) (ellipses in original). Excusable neglect allows the court to extend the deadline "on motion" if the failure to meet it was "caused by inadvertence, mistake, or carelessness." *See Kurka v. Iowa Cnty., Iowa,* 628 F.3d 953, 959 (8th Cir. 2010) (quoting *Chorosevic v. MetLife Choices,* 600 F.3d 934, 946 (8th Cir.2010)). Far from presenting a situation of "excusable neglect," Casey **chose** to ignore the filing requirement and deadline. Klar and Batten did not "inadvertently" fail to oppose the motion, but rather acted pursuant to Casey's specific instruction.

Consistent with Casey's instruction that they perform no work related to discovery and solely focus on settling the case—and even though they were still counsel of record—Klar and Batten also refused to confer with Plaintiffs' counsel to avoid the need for this motion to compel, and ignored Plaintiffs' counsel's multiple requests for dates for rescheduling the deposition. [ECF No. 96-2, ¶¶ 3, 4, 6.] The out-of-time memorandum fails to identify a single reason why this Court should condone, much less excuse, Casey's deliberate decision to unilaterally choose to disregard these mandatory obligations.[1]

---

[1] It also bears noting that the purported "reason" for the stoppage of all discovery related activities—focusing on settling the case—turned out to be a sham. Casey made no actual efforts to settle the case at the time the response memorandum was due, or at any time thereafter. **The last settlement communication Plaintiffs received from anyone associated with Casey was July 20**. Declaration of Jared Goodman ("Goodman Decl."), at ¶¶ 3-6. By the time the response memorandum was due, Casey had abandoned all pretext of attempting to settle the case. Neither Klar and Batten, nor Casey (while representing herself) even bothered to respond to any of the settlement communications and follow-up emails and voicemail from Plaintiffs' counsel, sent, among other times, on July 23, August 1, and September 4. *Id.*, at ¶ 5-6. Therefore, even if it were "excusable" to ignore mandatory filing deadlines in order to focus on settlement instead (and it is not), the record belies the existence of such an excuse here.

Compounding Casey's disregard for these proceedings, she ignored the required procedure of filing a motion to extend the time for the out-of-time filing, as required by the plain language of Rule 6(b)(1)(B). Therefore, even assuming her belated filing could qualify for relief under Rule 6(b) (and it does not), "absent such a motion, the Court is not authorized to excuse [this] dilatory filing." *Glob. Control Sys., Inc. v. Luebbert,* No. 4:14-CV-657-DGK, 2015 WL 12868196, at *1 (W.D. Mo. Jan. 20, 2015); *see also Sapp v. City of Brooklyn Park*, No. CV 15-1589 (DWF/LIB), 2017 WL 5157447, at *2 (D. Minn. Nov. 6, 2017) (noting that "Plaintiff has not filed a motion to extend the deadline to file . . . and an informal request for extension is insufficient to raise the issue after the relevant deadline has passed").

### B. A Court Order Is Required to Compel Casey's Deposition

Even if the Court were to consider her unauthorized belated opposition, Casey provides no grounds for denying Plaintiffs' motion. As grounds for denying the motion, her new counsel contend—apparently without a hint of irony—that "Casey will present herself for deposition at a reasonable, mutually agreed time and location." [ECF No. 112, at 1.] As an initial matter, there is nothing "reasonable" about Casey offering to be deposed months after her previously scheduled deposition and well **after** the September 14 due date for disclosing Plaintiffs' expert witness reports. [ECF No. 54, at 2.]

Equally spurious is the tacit assumption that Casey should be taken at her word that she will honor her counsel's agreement. Through Klar and Batten, Casey previously agreed to present herself for deposition at a mutually agreed time and location, but chose to breach that agreement. [ECF No. 96, ¶¶ 2-4.] Through Klar and Batten, Casey also previously agreed to allow an inspection, to provide certain discovery, and to cure certain discovery defaults, at mutually agreed times. [ECF No. 94-2, ¶ 3; ECF No. 92-2 ¶¶ 5, 6 and 10-12.] She subsequently

ignored all of those agreements as well. [*Id.*] Klar and Batten also assured Plaintiffs that the site inspection was cancelled "subject to rescheduling." [ECF No. 94-9, at 2.] Notwithstanding such assurances, to this date, Casey has refused to reschedule the inspection.

Given Casey's demonstrated penchant for ignoring agreements and assurances by her counsel, Essen's representation about what discovery Casey intends to provide in the future provides cold comfort. At this stage in the proceedings, an order of the Court is required to compel Casey's compliance.

### C. Delaying Casey's Deposition Any Further Is Not Warranted and Would Compound Unfair Prejudice

It strains credulity that the two seasoned attorneys who entered their appearance on September 7 cannot adequately represent Casey at deposition two weeks later. The pleadings in this case can be reviewed in less than a day, and the discovery provided thus far has not been extensive—consisting primarily of objections by the co-defendants in this case. Casey should not be allowed to use self-inflicted injuries and the strategically timed hiring and firing of counsel as a cover for the continuing delay of critical discovery.

This is particularly true in light of past discovery delays and the mounting threat of irreparable harm caused by further delays. As this Court is aware, this case involves the ongoing mistreatment of animals—which, by its nature, threatens irreparable harm. Discovery in this case has revealed that:

- animals in Casey's care previously may have died due to delayed or inadequate veterinary care;
- none of the animals at issue in this case presently receive any preventive veterinary care;
- at least one of the chimpanzees at issue in this case may currently be ill; and
- Casey apparently lacks the funds to adequately care for the animals at issue in this case.

[ECF No. 105, at 2.] The situation appears to have become even more precarious recently, because Casey is reportedly "ailing" to such an extent that her daughter has moved in with her in order to care for her mother. Goodman Decl., at ¶¶ 7. Since Casey thus far has not identified anybody but herself as the caretaker of these animals, her apparent inability to care even for herself raises additional concerns for the welfare of the animals and the potential irreparable harm caused by ongoing delays in resolving this case.

### D. The Court Should Award Reasonable Expenses Incurred by Plaintiffs in Making This Motion

In her belated opposition to Plaintiffs' request for an award of attorney's fees, Casey claims "it is not reasonable to award PETA attorneys' fees with respect to the filing of the Motion to Compel Deposition." [ECF No. 112, at 2.] Beyond her cavalier say-so, Casey identifies not a single reason why an award of fee is "not reasonable."

Notably, Casey does not refute that her intentional conduct and disregard for the applicable rules necessitated this motion. The record reflects that Casey unilaterally canceled a deposition that her attorneys had agreed to, and prohibited her attorneys from engaging in any activities relating to discovery—forcing them to breach their obligation to participate in the required good faith efforts to resolve this discovery dispute, as required by Fed. R. Civ. P. 37(a)(5)(A), and precluding them from making "reasonably diligent effort to comply with a legally proper discovery request by an opposing party," as required by Rule 4–3.4(d) of the Missouri Rules of Professional Conduct. Casey's deliberate conduct also caused Plaintiffs to default on the Court imposed deadline for disclosing expert witness reports, and her unauthorized belated filing required Plaintiffs' counsel to prepare this reply over the weekend on the eve of the hearing of this motion. Under these circumstances, an award of fees is clearly appropriate.

For all these reasons, Plaintiffs request that the Court enter an Order, in the form

submitted herewith, granting their motion to compel in all respects.

Dated: September 9, 2018	Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on September 9, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

    Debbie Champion, dchampion@rssclaw.com
    Victor H. Essen, vessen@rssclaw.com
    *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

    Geordie Duckler, geordied@animallawpractice.com
    *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

    Patrick Hanley, p.hanley@att.net
    *Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*

                                                     /s/ Jared S. Goodman