**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MISSOURI PRIMATE FOUNDATION,** **et al.,** | ) ) ) | |
| **Plaintiffs and** **Counterclaim Defendants,** | ) ) ) ) | |
| **v.** | ) ) | **Case No. 4:16-cv-02163** |
| **PEOPLE FOR THE ETHICAL** **TREATMENT OF ANIMALS, INC., et al.,** | ) ) ) ) | |
| **Defendants and** **Counterclaim Plaintiffs.** | ) ) | |

**COUNTERCLAIM PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**COUNTERCLAIM DEFENDANT CASEY'S MOTION FOR EXTENSION OF TIME**

## I.     INTRODUCTION

On July 30, Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc.

and Angela Scott a/k/a Angela G. Cagnasso ("Plaintiffs"), filed two motions against

Counterclaim Defendant ("Casey") to compel an inspection and responses to various discovery

requests. [ECF Nos. 92 and 94 ("Discovery Motions").] On the evening of September 7, long

after the deadline for opposing the Discovery Motions had lapsed—and one business day before

the hearing on the Discovery Motions—Casey moved for an extension of time to respond. The

motion is spurious and merely the latest chapter of Casey's dilatory conduct chronicled in

Plaintiffs' motions.

In a telling omission, Casey's motion gives no consideration to (or even mentions) the

applicable burden of proving "excusable neglect" that must be met when requesting such an

extension. Casey's complete failure to address this issue is sufficient to justify summary denial

of her motion. Plaintiffs also demonstrate below why Casey could not meet the required

"excusable neglect" standard **had she attempted to do so**. For this additional reason, her motion should be denied.

## II.     ARGUMENT

### A.  Applicable Legal Standard

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if a party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). In making this determination, the Court must consider four factors: (1) the danger of prejudice to the non-moving party; (2) the potential impact on the proceedings; (3) the reason for the delay, including whether it was within the party's control; and (4) whether the party acted in good faith. *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 855–56 (8th Cir. 1999). The reason given for the late filing "is *the key consideration* in determining whether there is excusable neglect." *Deloach v. Standard Ins. Co.*, 224 F. Supp. 3d 823, 825 (E.D. Mo. 2016) (citing *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000)) (emphasis added). The movant has the burden to demonstrate "excusable neglect." *See Huggins v. FedEx Ground Package System, Inc*., 592 F.3d 853, 856 (8th Cir. 2010).

### B.     Casey Failed to Meet Her Burden of Proving "Excusable Neglect"

Casey's sole proffered reason for the requested extension relates to an event that happened many weeks after the August 6 deadline for responding to the Discovery Motions lapsed: "**Present counsel** for Casey has just entered this case" on September 7. [ECF No. 113, at 1-2 (emphasis added)] As a matter of law and logic, an occurrence long after the passing of a deadline cannot establish excusable neglect for missing that deadline—and Casey does not even attempt to argue otherwise.

It is undisputed that on August 6, the time at which the responses to the Discovery

Motions were due, Casey was represented by attorneys Brian Klar and Daniel Batten ("Klar and

Batten"). Klar and Batten did not move to withdraw from this case until August 22—more than

two weeks after the deadlines for opposing the Discovery Motions had already lapsed. In her

present request to extend the lapsed deadlines, Casey fails to give **any** explicit reason why Klar

and Batten missed these deadlines.

Because Casey failed to explain why Klar and Batten did not file timely responses, her

motion for an extension of time must be denied as a matter of law. *See, e.g., Pierce by Guardian

v. Pemiscot Mem'l Health Sys.*, 657 F. App'x 613, 615 (8th Cir. 2016), *cert. denied sub

nom. Dodd v. Moore*, 137 S. Ct. 1350, 197 L. Ed. 2d 522 (2017) (concluding that the failure to

offer reasons for the delay "conced[ed] that the failure to file" was not the result of excusable

neglect); *Giles v. Saint Luke's Northland-Smithville*, No. 16-00647-CV-W-DW, 2017 WL

4582468, at *1 (W.D. Mo. July 24, 2017) (because plaintiff did "not explain" why he failed to

file a timely response to defendant's motion, he "thus has failed to meet his burden under FRCP

6(b)"); *Fed. Trade Comm'n v. Vylah Tec LLC*, No. 217CV228FTM99MRM, 2018 WL 2970962,

at *5 (M.D. Fla. June 13, 2018) (because defendants failed to provide any explanation for their

failure to file a timely response to plaintiffs' motion, defendants' Rule 6(b) motion "must be

denied").

### B. The Delay Was Within Casey's Control and Therefore Does Not Constitute Excusable Neglect

Although not required to do so, if the Court were inclined to search the record for the

reasons why Klar and Batten did not oppose the Discovery Motions, it would buttress the

conclusion that there was no excusable neglect. To the contrary: the reasons for missing the

filing deadlines were entirely within Casey's control. Casey herself **instructed** Klar and Batten

to cease all work related to discovery or motions related thereto. [ECF Nos. 94-2, ¶ 8; ECF No. 94-6, at 2.] Her calculated decision that Klar and Batten would not respond to the Discovery Motions goes well beyond simple "inadvertence, mistake, or carelessness" or "intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993)). **Casey chose to disregard the deadlines** set by the Rules of this Court.

Numerous courts have held that a client's subsequent change of heart to pursue a different strategy with new counsel falls far short of establishing "good cause" to grant an extension for deadlines missed by previous counsel. *See, e.g., Katon v. United States,* No. 5:16-CV-05023-JLV, 2018 WL 3079718, at *4 (D.S.D. June 21, 2018) (the fact that new counsel has assumed responsibility for the file, and has decided to pursue a different defense, does not meet requirement for "good cause" to extend filing deadline); *United States for use & benefit of Manganaro Midatlantic LLC v. Grimberg/Amatea JV*, No. CV PX-16-2816, 2018 WL 3818876, at *2 (D. Md. Aug. 10, 2018) (where grounds for motion were known to prior counsel, and the belated filing of the motion was apparently spurred by retention of new counsel, this did not satisfy "good cause" requirement for extending filing deadline); *Fed. Trade Comm'n v. Vylah Tec LLC*, No. 217CV228FTM99MRM, 2018 WL 2970962, at *3–4 (M.D. Fla. June 13, 2018) (the fact that movant have new counsel "is completely irrelevant to why the deadline was missed [by previous counsel] in the first place or whether there was excusable neglect).

### C. Casey's Deliberate Disregard of Filing Deadlines Constitutes Bad Faith

In determining whether a party acted in good faith, the Eighth Circuit has "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines," and it has "rarely,

if ever, excused the former." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.,* 496 F.3d 863, 867 (8th Cir. 2007) (quoting *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998)). The conduct here falls squarely under the rubric of inexcusable, bad faith, failure to meet the deadlines for responding to the Discovery Motions.

This conclusion is further supported by the fact that the purported "reason" for the stoppage of all discovery related activities—focusing on settling the case—turned out to be a sham. Casey made no actual efforts to settle the case at the time the responses to the Discovery Motions were due, or at any time thereafter. **The last settlement communication Plaintiffs received from anyone associated with Casey was July 20**, more than a month before Klar and Batten moved to withdraw. [ECF No. 114-1, at ¶ 3.] By the filing deadline for responding to the Discovery Motions, Casey had long abandoned all pretext of attempting to settle the case. Neither Klar and Batten, nor Casey (while representing herself) even bothered to respond to settlement communications and follow-up emails and voicemail from Plaintiffs' counsel, sent, among other times, on July 23, August 1, and September 4. [ECF No. 114-1, at ¶ 5-6.] Therefore, even if it were ever "excusable" to ignore mandatory filing deadlines in order to focus on settlement instead (and it is not), the record belies the existence of such an excuse here.

### D. Extending the Deadline Will Impact the Proceedings and Compound Unfair Prejudice

The parties are required to complete all discovery in this case "no later than December 18, 2018." [ECF No. 54, at 2.] Pushing a resolution of the Discovery Motions beyond September would unfairly prejudice Plaintiffs, giving them less than three months to complete discovery. This factor further militates against granting the belated extension. *Payne v. N. Callaway Senior Citizens Ctr.*, No. 11-4044-CV-C-NKL, 2011 WL 6337719, at *4 (W.D. Mo. Dec. 19, 2011)

(denying delayed filing since it would "unnecessarily extend this litigation that would be unfair to the [opposing party] especially since this litigation has been delayed" previously).

Significantly, extending the deadline for completing discovery would only compound this unfairness, because it would aggravate the risk of harm to the animals posed by ongoing delays. As this Court is aware, this case involves the ongoing mistreatment of animals—which, by its nature, threatens irreparable harm. Discovery in this case has revealed that:

- animals in Casey's care previously may have died due to delayed or inadequate veterinary care;
- none of the animals at issue in this case presently receive any preventive veterinary care;
- at least one of the chimpanzees at issue in this case may currently be ill; and
- Casey apparently lacks the funds to adequately care for the animals at issue in this case.

[ECF No. 105, at 2.] The situation appears to have become even more precarious recently, because Casey is reportedly "ailing" to such an extent that her daughter needed to move in with her in order to care for her mother. [ECF No. 114-1, at ¶ 7.] Since Casey thus far has not identified anybody but herself as the caretaker of these animals, her apparent inability to care even for herself raises additional concerns for the welfare of the animals and the potential irreparable harm caused by ongoing delays in resolving this case.

## III.    CONCLUSION

For all these reasons, Casey's motion falls woefully short of establishing "excusable neglect" required to grant the requested extension. Plaintiffs respectfully request that Casey's motion to extend the deadlines for responding to the Discovery Motions be denied and that the hearing on those motions, scheduled for September 11, proceed as previously ordered.

Dated: September 9, 2018                  Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/*
*Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 9, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Debbie Champion, dchampion@rssclaw.com
Victor H. Essen, vessen@rssclaw.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Patrick Hanley, p.hanley@att.net
*Attorney for Plaintiff/Counterclaim Defendant Vito Stramaeglia*


        /s/ Jared S. Goodman