**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MISSOURI PRIMATE FOUNDATION,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Plaintiffs and** | ) | |
| **Counterclaim Defendants,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:16-cv-02163** |
| | ) | |
| **PEOPLE FOR THE ETHICAL** | ) | |
| **TREATMENT OF ANIMALS, INC., et al.,** | ) | |
| | ) | |
| **Defendants and** | ) | |
| **Counterclaim Plaintiffs.** | ) | |

Pursuant to the Court's Order entered and filed on 9/11/2018 [ECF No. 118], counsel for Counterclaim Plaintiffs ("Plaintiffs") and for Counterclaim Defendant Connie Braun Casey ("Casey") met and conferred in an attempt to resolve or narrow as many of their current disputes as possible and respectfully submit this joint report setting out the results of their discussions.

## I.     PENDING DISCOVERY MOTIONS

### A.  Motion to Compel Deposition of Casey [DOC. # 96]

Joint Position:

Casey will present herself for deposition on October 29 in accordance with Plaintiffs' Second Amended Notice of Deposition.

**Plaintiffs withdraw this motion**, including their requests for fees and costs.

### B.  Motion to Compel Inspection [DOC. # 94]

Joint Position:

The parties agreed to proceed with the inspection on October 30, pursuant to an Amended Request for Rule 34 Inspection ("Amended Request"), subject to the following provisos:

1

(A) With respect to the activities listed on the Amended Request, Casey would be required to permit inspection only as to those activities that occur in the ordinary course as part of the daily husbandry practices and procedures occurring at the facility during the time of the inspection. To the extent that the Amended Request refers to activities that are not performed in the ordinary daily course during the time when the inspection is occurring, they need not be performed during the inspection.

(B) The parties agree that the information obtained as a result of the inspection will be treated confidentially and shall be used solely for purpose of this action.

**Plaintiffs withdraw this motion**, including their requests for fees and costs.

### C.  Motion to Compel Discovery [DOC. # 88]

Joint Position as to Casey's Supplemental Rule 26(a) Disclosure:

By October 12, Casey will amend her Rule 26 Disclosure by October 12, 2018 with respect to the damages computation section to either (i) provide a computation of each category of damages and produce any unprivileged or non-protected documents or other evidentiary material on which each computation is based; or (ii) withdraw any claim of damages previously asserted in her Rule 26(a) disclosure.

**Plaintiffs withdraw the motion with respect to this claim for relief.**

Joint Position as to Plaintiffs' Document Request:

The parties could not reach a consensus regarding this part of the motion.

**This part of the motion has been fully briefed and the parties request that the Court rule on this part of the motion, as submitted**.

### D.  Second Motion to Compel Discovery [DOC. # 92]

Joint Position as to First Request for Admissions:

The parties could not reach a consensus regarding this part of the motion. Casey will file her response to the motion by October 19, and Plaintiffs will file their reply.

**The parties request that the Court rule on this part of the motion after briefing is completed.**

2

Joint Position as to First Interrogatories:

Casey agreed to respond to Interrogatory No. 4, by providing information about which chimpanzees were housed with which chimpanzees during the "Relevant Time Period," by October 12, 2018.

Casey agreed to respond to Interrogatory No. 7, by providing information as to the individual housing arrangements for each chimpanzees and identifying which enclosure housed which chimpanzee during the "Relevant Time Period," by October 12, 2018.

Casey will make a good faith effort to amend her responses to provide substantive responses to Interrogatories 10, 12, 13, 16, 19, 20, and 21, by October 12, 2018.

Although consensus could not be reached on the remaining interrogatories, **Plaintiffs withdraw this pending motion with respect to this claim for relief.**

Joint Position as to Second Requests for Admissions:

The parties hereby stipulate that the USDA documents attached as Exhibits 1 through 20 to Counterclaim Plaintiffs' Second Requests for Admission meet the requirement of authenticity imposed by Federal Rule of Evidence 901. Casey reserves all other objections to the use of the said documents at trial and to their admissibility.

**Plaintiffs withdraw this pending motion with respect to this claim for relief.**

## II.   SCHEDULE FOR COMPLETING STEPS NECESSARY FOR THIS CASE TO PROCEED TO TRIAL

Joint Positions Related to the Schedule[1]

1.   The parties will supplement their disclosures, pursuant Federal Rule Civil Procedure 26(a)(1), by October 15, 2018.

---

[1] Counterclaim Defendant Sawyer has agreed to the following provisions of the schedules proposed by Plaintiffs and Casey, in the event Plaintiffs' request for a default judgment against

2.      The disclosure or discovery of electronically stored information shall be handled by the parties on an ongoing basis, as necessary, based upon the availability and/or existence of electronically stored information, if any, consistent with the Federal Rules of Civil Procedure.

3.      The party asserting a claim of privilege shall initially handle such claims through the production of a privilege log, which need not include privileged post-lawsuit communications between the party and their counsel, to the extent the communications were not shared with third parties.  The parties anticipate that there may be some desire to protect certain documents through the issuance of an appropriate protective order from the Court, which will be jointly filed on or before the date of the Case Management Conference.

4.      The parties agree that the presumptive limit of twenty-five (25) interrogatories and ten depositions per party should apply in this case.  Depositions will be scheduled by mutual agreement of the parties.

5.      The parties do not anticipate making a request for physical or mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure in this case.

6.      With the exception of pending and anticipated motions to compel, the parties are not aware of any other pending matters pertinent to the completion of discovery in this case.

Plaintiffs' proposal:

Defendants filed their claims in December 2016, nearly two years ago. Plaintiffs propose a schedule that extends the dispositive motion deadline by more than two months, and trial by more than one month, from the deadlines ordered by this Court in March [ECF No. 54]. Plaintiffs

---

Sawyer is denied: items 1-4 of the Joint Positions Related to the Schedule, and items 1-6 and 8-9 of Casey's proposal.

believe this is ample time given the limited record in this case, and strongly disagree that a schedule befitting a newly filed case is appropriate at this stage of the litigation.

1.      Plaintiffs do not believe that any amendments to the pleadings or joinder of additional parties are appropriate without a court order.

2.      Both parties shall disclose expert witness identities and reports, if any, by December 14, 2018.

3.      Both parties shall disclose rebuttal reports, if any, by January 11, 2019.

4.      All discovery shall be completed by February 8, 2019.

5.      Any dispositive motions shall be filed no later than March 15, 2019, with any response to such motion filed no later than April 5, 2019.  Any reply shall be filed on or before April 19, 2019.

6.      Plaintiffs believe that the earliest date by which this case should be expected to be ready for trial is June 24, 2019.

Casey's proposal:

Given the state of this case, this case has not proceeded as it normally would have with respect to discovery.  As a consequence of that, much work remains to be done with respect to discovery and expert identification.  Therefore, a scheduling order more typical of a newly filed case is more appropriate.  In keeping with that, Casey proposes the following scheduling plan:

1.      All amendments to the pleadings and joinder of additional parties shall be made by January 8, 2019.

2.      Counterclaim Plaintiff shall disclose expert witness identities and reports by March 8, 2019.

5

3.     Counterclaim Plaintiff shall make his expert witnesses available for deposition by April 12, 2019.

4.     Counterclaim Defendants shall disclose the identity of their expert witnesses and reports by May 12, 2019.

5.     Counterclaim Defendants shall make their expert witnesses available for deposition by June 13, 2019.

6.     All discovery will be completed by June 31, 2019, with the further understanding that any outstanding discovery issues will be addressed by motion no later than July 11, 2019.

7.     Casey believes that referral of this action to mediation in February 1, 2019 may be beneficial.

8.     Any dispositive motions shall be filed no later than August 1, 2019, with any response to such motion filed no later than August 30, 2019.  Any reply shall be filed on or before September 11, 2019, if the Court believes this provides adequate time to rule on any dispositive motions.

9.     Casey believes that the earliest date which this case should be expected to be ready for trial is November 11, 2019.  The parties expect that the trial will last at least 5 days.

## III.   WHETHER THE PARTIES' DISPUTES HAVE ANY CHANCE OF BEING RESOLVED THROUGH SETTLEMENT

Joint Position as to Settlement:

Settlement discussions have presently been unsuccessful. However, the parties are willing to continue to discuss the issues surrounding settlement.

Respectfully submitted,

/s/ Jared S. Goodman
JARED S. GOODMAN (#1011876DC)

6

(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

MARTINA BERNSTEIN (#230505CA)
(Admitted *pro hac vice*)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com
*Attorneys for Defendants/*
*Counterclaim Plaintiffs*

/s/ Victor H. Essen, II
DEBBIE S. CHAMPION, #38637MO
VICTOR H. ESSEN, II, #57629MO
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorneys for Plaintiff/Counter-Defendant*
*Connie Braun Casey*

7