UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) | |
|---|---|---|
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) | |
| v. | ) ) | Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) ) | |

## COUNTERCLAIM PLAINTIFFS' STATEMENT OF PROPOSED ADVERSE INFERENCES TO BE DRAWN AGAINST COUNTERCLAIM DEFENDANT SAWYER

Pursuant to the Court's Order [ECF No. 118, at 2], Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"), file their statement of proposed adverse inferences that arise from Counterclaim Defendant Andrew Sawyer's spoliation of evidence and assertions of the Fifth Amendment privilege, as established by the citations to the record identified below.[1]

### INFERENCES RELATING TO THE MERITS OF PLAINTIFFS' CLAIMS

**Sawyer Received Notice of Plaintiffs' Intent to Sue [ECF No. 23, ¶¶ 6, 27]**

1. From 2015 through the present, Sawyer was and is the legal owner of the chimpanzee named Joey. [Deposition Transcript of Andrew Sawyer ("Tr.") at 12:12–12:21 (ECF No.99-3).]

---

[1] Counsel for Plaintiffs and Sawyer have conferred in good faith and concluded that Plaintiffs' claims cannot be resolved through settlement. By this filing, Plaintiffs do not waive, and hereby expressly reassert, their contention that an entry of default is the appropriate remedy for the unfair prejudice caused to Plaintiffs by Sawyer's conduct.

2. As of November 2, 2016, Joey was confined at the facilities of the Missouri Primate Foundation ("MPF"). [Tr. 12:22–13:6.]

3. Sawyer received Plaintiffs' notice of intent to sue letter ("Notice") in November 2016. [Tr. 30:24–31:16.]

4. When Sawyer received this Notice, he understood that PETA and Ms. Scott intended to sue him in order to determine that the conditions in which Joey was held were in violation of the Endangered Species Act ("ESA"). [Tr. 32:17–33:3.]

**Sawyer's Failure to Meet Joey's Fundamental Social, Physical, and Psychological Needs Constitutes a "Take" Under the ESA**

*Failure to Provide Necessary Social Contact [ECF No. 23, ¶¶ 62, 73.]*

5. While Joey was at MPF, he was housed in an enclosure by himself. [Tr. 13:7–15.]

6. During the time Joey was at MPF, he did not have an adequate opportunity to engage in social relations with other members of his species. [Tr. 27:14–24; Interrogatory No. 4[2].]

7. Joey is not now held in an adequate social group. [Tr. 56:13–20.]

8. The failure to provide Joey with an adequate opportunity to engage in social relations with other members of his species caused Joey "harass[ment]" and/or "harm" as those terms are used in the ESA and defined by regulation. [Tr. 28:1–12.]

9. Presently, Joey does not have an adequate opportunity to engage in social relations with other members of his species. [Tr. 28:13–22; Interrogatory No. 5.]

10. The present failure to provide Joey with an adequate opportunity to engage in social relations with other members of his species causes Joey "harass[ment]" and/or "harm" as those

---

[2] Plaintiff PETA's interrogatories to Sawyer are attached as Exhibit A. Sawyer's responses to the interrogatories, which do not repeat the interrogatories themselves, are attached as Exhibit B. Accordingly, references to "Interrogatory" herein refer to both the interrogatory and Sawyer's response.

terms are used in the ESA and defined by regulation. [Tr. 28:23–29:9.]

*Failure to Provide a Necessary Spacious and Complex Environment [ECF No. 23, ¶¶ 75, 76, 81, 92, 95.]*

11. During the time Joey was at MPF, the manner in which Joey was held failed to meet his minimum needs for space. [Tr. 20:22–21:7.]

12. The failure to meet Joey's minimum needs for space caused Joey "harass[ment]" and/or "harm" as those terms are used in the ESA and defined by regulation. [Tr. 21:8–18.]

13. Presently, the manner in which Joey is being held fails to meet his minimum needs for space. [Tr. 21:19–22:3.]

14. The present failure to meet Joey's minimum needs for space causes Joey "harass[ment]" and/or "harm" as those terms are used in the ESA and defined by regulation. [Tr. 22:4–14.]

15. Joey does not have regular and sufficient outdoor access. [Tr. 57:5-13.]

16. Joey is not provided with adequate and appropriate space. [Tr. 56:21-57:4.]

17. During the time Joey was at MPF, the manner in which Joey was held failed to meet his basic needs for enrichment. [Tr. 19:5–14; Interrogatory No. 6.]

18. The failure to meet Joey's basic needs for enrichment caused Joey "harass[ment]" and/or "harm" as those terms are used in the Endangered Species Act and defined by regulation. [Tr. 19:15–25.]

19. Presently, the manner in which Joey is being held fails to meet his basic needs for enrichment. [Tr. 20:1–10; Interrogatory No. 7.]

20. The present failure to meet Joey's basic needs for enrichment causes Joey "harass[ment]" and/or "harm" as those terms are used in the Endangered Species Act and defined by regulation. [Tr. 20:11–21.]

21. Joey is not provided with an adequately enriched environment. [Tr. 57:14-22.]

*Joey is Actually Injured and is Likely to Be Further Injured by Being Deprived of Adequate Social Groups, Space, and Enrichment [ECF No. 23, ¶ 105.]*

22. During the time Joey was at MPF, the manner in which Joey was held failed to meet his basic physiological needs. [Tr. 13:16–14:1.]

23. The failure to meet Joey's basic physiological needs caused Joey "harass[ment]" and/or "harm" as those terms are used in the Endangered Species Act and defined by regulation. [Tr. 14:2–12.]

24. Presently, the manner in which Joey is being held fails to meet his basic physiological needs. [Tr. 14:13–22.]

25. The present failure to meet Joey's basic physiological needs causes Joey "harass[ment]" and/or "harm" as those terms are used in the Endangered Species Act and defined by regulation. [Tr. 15:8–17.]

26. During the time Joey was at MPF, the manner in which Joey was held failed to meet his basic psychological needs. [Tr. 17:12–22.]

27. The failure to meet Joey's basic psychological needs caused Joey "harass[ment]" and/or "harm" as those terms are used in the Endangered Species Act and defined by regulation. [Tr. 17:23–18:8.]

28. Presently, the manner in which Joey is being held fails to meet his basic psychological needs. [Tr. 18:9–18.]

29. The present failure to meet Joey's basic psychological needs causes Joey "harass[ment]" and/or "harm" as those terms are used in the Endangered Species Act and defined by regulation. [Tr. 18:19–19:4.]

30. During the time Joey was at MPF, the manner in which Joey was held failed to meet his basic behavioral needs. [Tr. 15:18–16:3.]

31. The failure to meet Joey's basic behavioral needs caused Joey "harass[ment]" and/or "harm" as those terms are used in the Endangered Species Act and defined by regulation. [Tr. 16:4–14.]

32. Presently, the manner in which Joey is being held fails to meet his basic behavioral needs. [Tr. 16:15–24.]

33. The present failure to meet Joey's basic behavioral needs causes Joey "harass[ment]" and/or "harm" as those terms are used in the Endangered Species Act and defined by regulation. [Tr. 17:1–11.]

34. During the time Joey was confined at MPF, Joey was confined in a manner that significantly impaired his normal behavior patterns. [Tr. 13:16–14:1.]

35. Presently Joey is confined in a manner that significantly impairs his normal behavior patterns. [Tr. 13:16–14:1.]

**Sawyer's Confinement of Joey in a Dangerous and Unsanitary Environment Constitutes a "Take" under the ESA [ECF No. 23, ¶¶ 106, 119]**

36. During the time Joey was at MPF, the conditions in which Joey was held were unsanitary. [Tr. 22:15–24; Interrogatory No. 8.]

37. By keeping Joey in unsanitary conditions, it caused "harass[ment]" and/or "harm" to Joey as those terms are used in the ESA and defined by regulation. [Tr. 23:1–11.]

38. Presently, the conditions in which Joey is held are unsanitary. [Tr. 23:12–20; Interrogatory No. 9.]

39. Presently keeping Joey in unsanitary conditions causes "harass[ment]" and/or "harm" to Joey as those terms are used in the ESA and defined by regulation. [Tr. 23:21–24:6.]

**Sawyer's Failure to Provide Joey with a Wholesome and Nutritious Diet Constitutes a "Take" under the ESA [ECF No. 23, ¶¶ 120, 128]**

40. During the time Joey was at MPF, he was not provided with a wholesome and nutritious

5

diet. [Tr. 25:23–26:7; Interrogatory No. 10.]

41. The failure to provide Joey with a wholesome and nutritious diet caused Joey "harass[ment]" and/or "harm" as those terms are used in the ESA and defined by regulation. [Tr. 26:8–18.]

42. Presently, Joey is not provided with a wholesome and nutritious diet. [Tr. 26:19–27:2; Interrogatory No. 11.]

43. The present failure to provide Joey with a wholesome and nutritious diet causes Joey "harass[ment]" and/or "harm" as those terms are used in the ESA and defined by regulation. [Tr. 27:3–13.]

**Sawyer's Failure to Provide Joey with Adequate Preventative and Emergency Veterinary Care Constitutes a "Take" under the ESA [ECF No. 23, ¶¶ 129, 133]**

44. During the time Joey was at MPF, he was not provided with appropriate veterinary care. [Tr. 24:7–16; Interrogatory Nos. 12, 14.]

45. The failure to provide Joey with appropriate veterinary care caused Joey "harass[ment]" and/or "harm" as those terms are used in the Endangered Species Act and defined by regulation. [Tr. 24:17–25:2.]

46. Presently, Joey is not provided with appropriate veterinary care. [Tr. 25:3–11; Interrogatory Nos. 13, 14.]

47. The present failure to provide Joey with appropriate veterinary care causes Joey "harass[ment]" and/or "harm" as those terms are used in the ESA and defined by regulation. [Tr. 25:12–22.]

48. Joey does not receive preventative vet care currently. [Tr. 57:23-58:6.]

49. If Joey's present conditions continue unabated, he will likely suffer future physical and psychological harm. [Tr. 30:6–15.]

6

## INFERENCES RELATING TO SAWYER'S SPOLIATION OF EVIDENCE

**Sawyer Initiated These Proceedings Knowing That Joey's Conditions Were Central and Material to His Claim for Relief**

50. After receiving the Notice and removing Joey, Sawyer filed a complaint against Plaintiffs. [Tr. 33:24–34:18.]

51. Sawyer understood that by filing his complaint he was asking the Court to determine the issue of whether the conditions in which Joey was kept complied with the ESA. [Tr. 34:19–35:4.]

52. At the time he filed his lawsuit, Sawyer did not have any evidence Joey's conditions did not violate the ESA. [Tr. 34:19–35:4.]

**Sawyer Removed Joey to an Undisclosed Location to Deprive Plaintiffs from Accessing Material Evidence [ECF No. 23, ¶ 48]**

53. It was reasonably foreseeable at the time of Plaintiffs' Notice that how Joey was kept at MPF would be material evidence in potential litigation. [Tr. 38:19–39:5.]

54. Sawyer understood at that time that Joey and his conditions at MPF would be used as evidence in upcoming litigation Plaintiffs intended to bring against him. [Tr. 39:6–16, 35:24–36:8.]

55. Sawyer understood that in order to decide Plaintiffs' claims in the upcoming litigation, it would be necessary for a judge to evaluate how Joey was kept and treated. [Tr. 39:17–40:2.]

56. To preclude Plaintiffs from accessing potentially incriminating evidence for use in this proceeding, Sawyer decided to remove Joey from MPF to an unknown location. [Tr. 36:19–37:3, 37:14–38:10, 40:3–13, 42:24–44:2; Request for Production No. 8[3].]

57. Before Sawyer removed Joey from MPF, Sawyer made no effort to preserve evidence of

---

[3] Plaintiffs' first requests for production to Defendants are attached as Exhibit C. Sawyer's responses to the requests, which do not repeat the requests themselves, are attached as Exhibit D. Accordingly, references to "Request for Production" herein refer to both the request and Sawyer's response.

7

the conditions in which Joey was kept [Tr. 40:14–23], such as by taking photographs or videos of Joey's conditions at MPF [Tr. 40:24–41:16], or provide Plaintiffs with the ability to do so [Tr. 41:17–42:2].

58. Sawyer knew that Plaintiffs had no other means to obtain information about Joey's location. [Tr. 53:2–12.]

59. To the extent that Sawyer is aware of documents describing or reflecting Joey's location or present conditions, such documents would be damaging to Sawyer and support Plaintiffs' claims that Joey is being kept under conditions that violate the ESA. [Tr. 51:7–17, 54:24–55:16; Interrogatory No. 1; Request for Production No. 1.]

60. To the extent that Sawyer is aware of persons with knowledge of Joey's location or present conditions, such persons' testimony would be damaging to Sawyer and support Plaintiffs' claims that Joey is being kept under conditions that violate the ESA. [Tr. 51:18–52:2, 53:22–54:23; Interrogatory No. 3; Request for Production No. 15.]

61. Sawyer failed to preserve any email correspondence regarding this lawsuit and/or Joey from after he received the Notice because the correspondence would be damaging to Sawyer and support Plaintiffs' claims that Joey is being kept under conditions that violate the ESA. [Tr. 55:17–56:11.]

Dated: October 12, 2018                    Respectfully submitted,

/s/ Jared S. Goodman
JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

MARTINA BERNSTEIN (#230505CA)
(Admitted *pro hac vice*)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on October 12, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

    Debbie Champion, dchampion@rssclaw.com
    Victor H. Essen, vessen@rssclaw.com
    *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

    Geordie Duckler, geordied@animallawpractice.com
    *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

                                          /s/ Jared S. Goodman