UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MISSOURI PRIMATE FOUNDATION, et al.,** <br><br> Plaintiffs and Counterclaim Defendants; <br><br> v. <br><br> **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al.,** <br><br> Defendants and Counterclaim Plaintiffs. | **Case No. 4:16-cv-02163** |

**COUNTERCLAIM PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO COUNTERCLAIM DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 34, Defendants and Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott request that Plaintiffs and Counterclaim Defendants Missouri Primate Foundation ("MPF"), Connie Braun Casey, Andrew Sawyer, and Jane Doe 2 (collectively, with MPF, the "Responding Parties") produce the following documents in their possession, custody or control for inspection and/or copying within thirty days of service hereof to the office of Polsinelli, 100 S. Fourth Street, Suite 1000, St. Louis, MO 63102.

**INSTRUCTIONS AND DEFINITIONS**

1. The use of the singular form of any word includes the plural and vice versa.

2. All documents produced pursuant hereto shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

3. These requests cover all documents, including electronically stored

information (ESI), in, or subject to, your possession, custody, or control, including, but not limited to, all documents (including ESI) that you have the ability to obtain, that are responsive, in whole or in part, to these requests. ***Information that exists in electronic form is specifically requested to be produced in native or near-native formats*** and should not be converted to imaged formats. Native format requires production in the same format in which the information was customarily created, used and stored by you. The table below supplies examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced.

| Source ESI | Native or Near-Native Form or Forms Sought |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint presentations | .PPT, .PPTX |
| Microsoft Access databases | .MDB, .ACCDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat documents | .PDF |
| Images | .JPG, .JPEG, PNG |
| Video | .AVI, .FLV, .WMV, .MOV, .MP4 |
| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard). For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. For Lotus Notes mail, furnish .NSF files or convert to .PST. If your workflow requires |

| | |
|---|---|
| | that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |
| Databases | Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving metadata values, keys and field relationships. If doing so is infeasible, please identify the database and supply information concerning the schemae and query language of the database, along with a detailed description of its export capabilities, so as to facilitate crafting a query to extract and export responsive data. |

4. Documents that do not exist in native electronic formats or which require redaction of privileged content should be produced in searchable .PDF formats or as single page .TIFF images with OCR text furnished and logical unitization and family relationships preserved.

5. These requests should be regarded as ongoing, whereby you are to timely supplement them as additional documents may become available to you subsequent to your initial response.

6. Unless otherwise specified in a particular request, the documents requested are those that have been generated by or have been in the Responding Parties' possession, custody, or control at any time from November 2, 2010 to the present, referred to below as the "Relevant Time Period".

7. "You" and "your" shall refer to the Responding Parties and any representatives, agents, volunteers, employees, and others acting on their behalf.

8. "MPF" refers to Missouri Primate Foundation and its representatives, including but not limited to Connie Casey and James Michael Casey, as well as all other persons or entities acting or purporting to act at its direction or on its behalf.

9. The word "Chimpanzees," when capitalized, refers to each and every chimpanzee that was housed at MPF at any time during the Relevant Time Period.

10. The words "and" and "or" shall be construed either conjunctively or disjunctively as broadly as necessary to make the requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

11. "Communication" means any oral statement, dialogue, colloquy, discussion, correspondence or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

12. "Document" means all written, typed, or printed documents and tangible things and all magnetic, electronic, or other recording or documentation of any kind in your possession, custody, or control, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of this arbitration. The term "document" includes, without limitation, books, papers, records, letters, notes, schedules, tabulations, vouchers, accounts, statements, financial statements, balance sheets, income or revenue statements, debt summaries, profit-and-loss statements, spreadsheets, data bases, affidavits, memoranda, records, communications, electronic mail ("e-mail"), text messages, minutes, reports, abstracts, agreements, contracts, calendars, drafts, drawings, photographs, blueprints, slides, sketches, video recordings, audio recordings (including voicemails), charts, graphs and similar items, including originals, copies, or reproductions of any kind, and shall also include any kind of transcript, transaction, or recording of any audio or visual presentation or communication of any kind. The term "document" shall further include other data compilations or Electronically Stored Information of any kind, including data or information that can be obtained or translated through detection devices or other means into any reasonably useable or readable format.

13. "Electronically Stored Information" or "ESI" means all documents that are stored in any electronic medium from which information can be obtained.

14. "Relating to" or "related to" means directly or indirectly concerning, respecting, referring to, pertaining to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, arising or resulting from, disagreeing with, showing, describing, analyzing, representing, constituting, including, or in any way legally, logically, or factually connected with the matter discussed.

## REQUESTS FOR PRODUCTION

1. All documents relating to any chimpanzees in any of the Responding Parties' custody or control during any period of time during the Relevant Time Period.
**RESPONSE**:


2. To the extent not already encompassed within the foregoing request, the Chimpanzees' veterinary records, including but not limited to clinical histories and necropsy reports.
**RESPONSE**:


3. To the extent not already encompassed within the foregoing requests, all logs or other records documenting the Chimpanzees' day-to-day care and/or behavior.
**RESPONSE**:


4. To the extent not already encompassed within the foregoing requests, all documents that set forth or regarding the Responding Parties' policies or practices with respect to caring for, feeding, watering, handling, training, or treating the Chimpanzees, including but not limited to food storage and handling.
**RESPONSE**:

5. To the extent not already encompassed within the foregoing requests, all documents that set forth or regarding the Responding Parties' policies or practices relating to cleaning and sanitizing chimpanzee enclosures and other facilities related to their feeding, husbandry, or care.

**RESPONSE**:

6. To the extent not already encompassed within the foregoing requests, all documents referring or relating to the maintenance of the Chimpanzees' enclosures, including but not limited to ventilation systems.

**RESPONSE**:

7. To the extent not already encompassed within the foregoing requests, all documents relating to licenses or permits, or applications for licenses or permits, any of the Responding Parties have received or submitted regarding the Chimpanzees.

**RESPONSE**:

8. To the extent not already encompassed within the foregoing requests, all documents referring or relating to the acquisition, disposition, boarding and/or transfer of the Chimpanzees (whether temporarily or permanently), including but not limited to communications referencing such acquisition, disposition and/or transfer, contracts, memoranda of understanding, and proof of payment, if any, including receipts, invoices, or records of banking transactions indicating the receipt or acceptance of funds received in exchange for a transferred chimpanzee, or any non-monetary compensation for the exchange.

**RESPONSE**:

9. To the extent not already encompassed within the foregoing requests, all communications with, or from, State, Federal and/or local agencies or authorities referring or relating to the Chimpanzees.

**RESPONSE**:

10. To the extent not already encompassed within the foregoing requests, all documents that set forth or regarding the Responding Parties' policies or practices relating to socializing chimpanzees.

**RESPONSE**:

11. To the extent not already encompassed within the foregoing requests, all documents that set forth or regarding the Responding Parties' policies or practices relating to breeding chimpanzees, including relating to the separation of chimpanzees from their mothers.

**RESPONSE**:

12. To the extent not already encompassed within the foregoing requests, all documents that set forth the Responding Parties' policies or practices relating to shifting or transporting chimpanzees.

**RESPONSE**:

13. To the extent not already encompassed within the foregoing requests, all documents that set forth the Responding Parties' policies or practices relating to training, treating, controlling, correcting, or disciplining chimpanzees.

**RESPONSE**:

14. To the extent not already encompassed within the foregoing requests, all

communications with, or from, members of the public (including visitors), referring or relating to the Chimpanzees.

**RESPONSE**:

15. To the extent not already encompassed within the foregoing requests, all communications with, or from, paid or unpaid (volunteer) staff, contractors, or other agents referring or relating to the Chimpanzees.

**RESPONSE**:

16. To the extent not already encompassed within the foregoing requests, all communications, with, or from, any of the parties in this case, referring or relating to the Chimpanzees.

**RESPONSE**:

17. To the extent not already encompassed within the foregoing requests, all photographs and videos depicting the chimpanzees or any of their enclosures or part(s) thereof.

**RESPONSE**:

18. To the extent not already encompassed within the foregoing requests, all training manuals, instructions, handouts, background documents, or other documents provided to or shared with volunteers or employees at MPF.

**RESPONSE**:

19. To the extent not already encompassed within the foregoing requests, all documents related to environmental enrichment for nonhuman primates, including but not limited to any plans for environment enhancement to promote the psychological well-being

of nonhuman primates and that address social housing, environmental enrichment, special considerations for nonhuman primates requiring special attention, and restraint devices.

**RESPONSE**:

20. To the extent not already encompassed within the foregoing requests, all documents related to a nutritional plan or feeding guidelines for chimpanzees.

**RESPONSE**:

21. To the extent not already encompassed within the foregoing requests, all certificates of veterinary inspection ("CVIs") and APHIS Forms 7020 related to your acquisition or disposition of any chimpanzees.

**RESPONSE**:

22. To the extent not already encompassed within the foregoing requests, all written programs of veterinary care relating to the Chimpanzees, including but not limited to APHIS Form 7002 and/or other records required to be maintained pursuant to the Animal Welfare Act.

**RESPONSE**:

23. To the extent not encompassed by the requests above, all documents reflecting budgets, expenses, and expenditures relating to the Chimpanzees' care.

**RESPONSE**:

24. MPF's profit and loss statements, accounting ledgers, or income statements for the last five (5) years.

**RESPONSE**:

25. MPF's state and federal income tax returns for the last five (5) years.

**RESPONSE**:

26. To the extent not already encompassed within the foregoing requests, all documents reviewed, consulted, referenced, and/or relied upon by the Responding Parties in answering interrogatories and requests for admission propounded by the Defendants and Counterclaim Plaintiffs to the Responding Parties.

**RESPONSE**:

27. To the extent not already encompassed within the foregoing requests, all documents that reflect or support the contention in the March 21, 2017, Declaration of Connie Braun Casey (ECF No. 017-1), that the transfer of three chimpanzees was based on transfer discussions that occurred "well before the receipt of PETA's Notice of Intent to Sue."

**RESPONSE**:

28. To the extent not already encompassed within the foregoing requests, all documents related to chimpanzees' status as endangered under the Endangered Species Act.

**RESPONSE**:

29. To the extent not already encompassed within the foregoing requests, documents sufficient to show Responding Parties' sales or revenue related to the use, exhibition, or transfer of chimpanzees.

**RESPONSE**:

30. To the extent not already encompassed within the foregoing requests, documents sufficient to show the identity of all current or former employees of the Responding Parties who had responsibilities for the care of any chimpanzees during the Relevant Time Period.

**RESPONSE**:

31. To the extent not already encompassed within the foregoing requests, all documents related to Angela Scott, including but not limited to any communications with or related to her, any personnel records from her employment or her time as a volunteer at MPF, and any documents you provided to her or received from her.

**RESPONSE**:

32. To the extent not already encompassed within the foregoing requests, all documents made during the course of any conversations or meetings regarding the instant litigation, including but not limited to notes, memoranda, or minutes.

**RESPONSE**:

33. To the extent not already encompassed within the foregoing requests, all documents provided by the Responding Parties to any expert witnesses who may be called to testify on behalf of Plaintiffs at the trial of this matter.

**RESPONSE**:

Dated: February 23, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Jared S. Goodman
　　　　　　　　　　　　　　　　　　　　JARED S. GOODMAN (#1011876DC)
　　　　　　　　　　　　　　　　　　　　(Admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　PETA Foundation

2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
MARISSA L. CURRAN (#61943)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on February 23, 2018, the forgoing requests for production were served by electronic mail on the following:

Kurtis B. Reeg
Goldberg Segalla
kreeg@goldbergsegalla.com

*Attorney for Plaintiffs/*
*Counterclaim Defendants*

/s/ Jared S. Goodman