IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No: 4:16-cv-2163-CDP |
| v | )<br>) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al. | )<br>)<br>)<br>) |
| Defendant | ) |

**COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY'S MEMORANDUM IN OPPOSITION TO COUNTERCLAIM PLAINTIFFS' SECOND MOTION FOR AN ORDER COMPELLING DISCOVERY**

COMES NOW Counterclaim Defendant Connie Braun Casey (hereinafter "Casey"), by and through undersigned counsel, and for her Memorandum in Opposition to Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela Cagnasso ("hereinafter PETA") Second Motion for An Order Compelling Discovery, states as follows:

**INTRODUCTION**

PETA's Second Motion for an Order Compelling Discovery against Casey should be denied. Pursuant to this Court's Order of September 11, 2018 [Dkt. No. 118], PETA and Casey submitted a joint report regarding various discovery disputes [Dkt. No. 121]. Most of the issues in PETA's Second Motion for an Order Compelling Discovery [Dkt. No. 92] have been resolved. The remaining issues relate to certain of PETA's First Requests for Admission. The Requests for Admission at issue are clearly improper. They seek admissions regarding abstract,

hypothetical conclusions of law and expert opinions. Consequently, Casey's objections and responses are proper, and PETA's Motion should be denied.

## DISCUSSION

**A. This Court should deny Plaintiffs' Second Motion for an Order Compelling Discovery as it relates to PETA's First Requests for Admission Nos. 1 through 14 because those requests for admission seek nothing but abstract, hypothetical conclusions of law.**

This Court should deny Plaintiffs' Second Motion for an Order Compelling Discovery as it relates to PETA's First Requests for Admission Nos. 1 through 14 because those requests for admission seek nothing but abstract, hypothetical conclusions of law. It is clear that requests for admission that seek admissions concerning abstract, hypothetical conclusions of law are not proper. It is equally clear that PETA's First Requests for Admission Nos. 1 through 14 seek nothing but admissions on abstract legal issues. Consequently, Casey's objections to these requests should be sustained and PETA's Motion to Compel with respect to those Requests for Admission should be denied.

Requests for admission that seek nothing more than abstract, hypothetical conclusions of law are not proper under Fed. R. Civ. P. 36.

> The purpose of requests for admissions is to narrow the issues and to provide notice of the facts in dispute. It is not to discover additional information, but to force the opposing party to admit the truth of certain facts. *C.C. through Ginnever v. Suzuki Mfg. of Am. Corp.*, 2018 WL 837689, at *2 (E.D. Mo. Feb. 13, 2018) (internal quotations and citations omitted.

Consequently, requests for admission seeking admissions regarding abstract conclusions of law are improper. Courts consistently rule that "pure legal conclusions, or the truth of legal

conclusions, are outside the scope of requests for admission." *Pitts v. City of Cuba*, 2012 WL 3765086, at *2 (E.D. Mo. Aug. 30, 2012) (quoting *Aventure Commc'ns Tech., L.L.C. v. MCI Commc'ns Servs., Inc.*, 2008 WL 4280371, at *1 (N.D. Iowa Sept. 16, 2008)); *see also Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006). Moreover, courts addressing the issue have been clear that requests for admission seeking admissions regarding hypothetical questions of law are improper. *Morley v. Square, Inc.*, 2016 WL 123118, at *3 (E.D. Mo. Jan. 11, 2016).

> Because requests to admit involving legal questions must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission. The core principle is that the requests for admission must be simple, direct and concises so the requests may be admitted or denied with little or no explanation or qualification. Hypothetical requests are not easily answered, and they do not serve Rule 36's purpose, which is to allow the parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree. *Id.* (internal quotations and citations omitted).

From the foregoing, it is very clear that requests for admission that seek nothing more than abstract, hypothetical conclusions of law are improper under the Federal Rules of Civil Procedure.

Here, PETA's First Set of Requests for Admissions Nos. 1 through 14 are improper and objectionable because they seek nothing more than abstract, hypothetical conclusions of law. PETA's Requests for Admission Nos. 1 through 14 all follow the same format. Therefore, it is adequate to look at a single example to illustrate why each of these requests is impermissible. Requests for Admission No. 1 states:

> 1. Confinement that fails to meet a chimpanzee's basic physiological needs can cause 'harass[ment]' and/or 'harm' as those terms are sued in 16 U.S.C. § 1532(19) and defined by 50 C.F.R. § 17.3. See PETA's First Requests for Admission attached to PETA's Second Motion for an Order Compelling Discovery attached as Exhibit A at No. 1.

These Requests plainly seek nothing more than abstract, hypothetical legal conclusions. The clear wording of the Request asks for conclusions about the interpretation of sections of the Endangered Species Act, 16 U.S.C. § 1532(19), and regulations thereunder, 50 C.F.R. § 17.3. None of these Requests references any concrete fact at issue in this case. These Requests for Admission are not even arguably proper because one cannot reasonably conclude that they involve the application of law to facts in this case. They are simply improper.

Casey's objections to PETA's First Requests for Admission Nos. 1 through 14 should be sustained and PETA's Second Motion for an Order Compelling Discovery should be denied as to these requests for admission. Casey's objection that they represent nothing more than efforts to elicit admissions regarding pure legal conclusions is well-taken. No further response from Casey should be compelled.

**B.  This Court should deny Plaintiffs' Second Motion for an Order Compelling Discovery as it relates to PETA's First Requests for Admission Nos. 15 through 21 because those requests seek both improper admissions of abstract legal conclusions and complex expert opinions.**

This Court should deny Plaintiffs' Second Motion for an Order Compelling Discovery as it relates to PETA's First Requests for Admission Nos. 15 through 21 because those requests seek both improper admissions of abstract legal conclusions and complex expert opinions. A

request for admission that seeks abstract legal conclusions and/or expert opinions is improper. Here, PETA's First Requests for Admission Nos. 15 through 21 clearly seek legal conclusions and expert opinions. Therefore, Casey's objections and responses are well-taken and the Second Motion for an Order Compelling Discovery should be denied as to these Requests for Admission.

A request for admission seeking an abstract legal conclusion and expert opinions is improper under the Federal Rules of Civil Procedure. As discussed at some length in Section A. above, requests for admission seeking admissions about abstract conclusions of law are improper. In addition, courts have also found that requests for admissions which seek admissions that require expert opinions are improper. *Emerson v. Lab. Corp. of Am.*, 2012 WL 1564683, at *4 (N.D. Ga. May 1, 2012). Any request that asks for "'scientific, technical, or otherwise specialized' information" calls for the disclosure of an expert's opinion. *Id*. Consequently, a request for admission is not a proper vehicle for such discovery. *Id*. Rather, the proper method of discovering such opinions is through the expert disclosure procedures set out in Fed. R. Civ. P. 26(a)(2) and 26(b)(4)(A). *Id*.

PETA's First Requests for Admission Nos. 15 through 21 are clearly improper because they seek legal conclusions and expert opinions. These requests for admission follow a virtually identical format. Therefore, the Court need only consider an individual example to understand the issue. PETA's First Request for Admission No. 15, a representative example, states:

> 15. Foraging is an essential species-typical behavior of chimpanzees. See PETA's First Requests for Admission attached to PETA's Second Motion for an Order Compelling Discovery attached as Exhibit A at No. 15.

This seeks both a legal conclusion and an expert opinion. First, this request clearly seeks an abstract legal conclusion as to whether "foraging" is a "species-typical behavior." "Species-typical behavior" is a term of art found in the USDA's regulations promulgated under the Animal Welfare Act setting the legal standards for the care of nonhuman primates. *See* 9 C.F.R. § 3.75, *et seq*. The relevant regulations state that "The physical environment in the primary enclosures must be enriched by providing means of expressing noninjurious ***species-typical*** activities." 9 C.F.R. § 3.81(b). At another point, the regulations state that "Dealers, exhibitors, and research facilities must include in the environment enhancement plan special provisions for great apes weighing over 110 lbs. (50 kg), including additional opportunities to express ***species-typical*** behavior." 9 C.F.R. § 3.81(c)(5). A review of the regulations at issue clearly reveals that Requests for Admission Nos. 15 to 21 seek abstract conclusions of law about the definition of "species-typical" behavior as the term is used in USDA regulations under the Animal Welfare Act.

Second, Requests for Admission Nos. 15 through 21 clearly seek complex expert opinions. Looking to Request for Admission No. 15 as a representative example, that request asks Casey to opine as to whether foraging is a species-typical behavior for a chimpanzee. This is an opinion that is not within the scope of common lay understanding. It requires a professional, scientific background in chimpanzee behavior. It is also not a discrete fact that lends itself to a simple admission or denial.

Casey's objections and responses to PETA's First Requests for Admission Nos. 15 through 21 are, therefore, well-taken and PETA's Second Motion for an Order Compelling Discovery should be denied. Casey's responses to the said requests were:

6

> RESPONSE: Objection, this is an improper Request that seeks a legal conclusion. To the extent Ms. Connie Braun Casey ("Ms. Casey") is otherwise required to respond, Ms. Casey states as follows: Ms. Casey is without sufficient knowledge or information to admit or deny this Request, and therefore denies the same.

Given the law and the nature of the requests at issue, this response is appropriate. The requests clearly seek improper legal conclusions. Furthermore, they improperly seek complex expert opinions. The responses are appropriate, and the Motion should be denied as to these Requests for Admission.

**C.   This Court should deny Plaintiffs' Second Motion for an Order Compelling Discovery as it relates to PETA's First Requests for Admission Nos. 22 through 28 because those requests seek both improper admissions of abstract legal conclusions and complex expert opinions.**

This Court should deny Plaintiffs' Second Motion for an Order Compelling Discovery as it relates to PETA's First Requests for Admission Nos. 22 through 28 because those requests seek both improper admissions of abstract legal conclusions and complex expert opinions. As already discussed at length, requests for admission that seek abstract legal conclusions, hypothetical opinions and/or expert opinions are improper. Here, PETA's First Requests for Admission Nos. 22 through 28 do just that. Consequently, Casey's objections and responses are well-taken and the Second Motion for an Order Compelling Discovery should be denied as to these Requests for Admission.

PETA's First Requests for Admission Nos. 22 through 28 clearly improperly seek abstract legal conclusions and expert opinions. Again, these Request for Admission follow a virtually identical format. A representative request, Request for Admission No. 22, states:

22. When chimpanzees do not have the opportunity to forage in captivity, it significantly disrupts or impairs their normal behavioral patterns. See PETA's First Requests for Admission attached to PETA's Second Motion for an Order Compelling Discovery attached as Exhibit A at No. 22.

First, these requests for admission clearly seek abstract legal conclusions. The phraseology comes directly from the U.S. Fish and Wildlife regulations interpreting the definition of "take" under the Endangered Species Act. The critical words are "significantly disrupts…normal behavioral patterns." These words come from 50 C.F.R. § 17.3, which states:

> *Harass* in the definition of ''take'' in the Act means an intentional or negligent act or omission which creates the likelihood of injury to wildlife by annoying it to such an extent as to ***significantly disrupt normal behavioral patterns*** which include, but are not limited to, breeding, feeding, or sheltering.

Looking to the regulation, it is obvious that Requests for Admission Nos. 22 to 28 seek nothing more than abstract legal conclusions.

Second, Requests for Admission Nos. 22 through 28 seek expert opinions. Looking to Request for Admission No. 22 as a representative example, that request asks Casey to opine that denying a chimpanzee an opportunity to forage would significantly disrupt its normal behavioral patterns. This constitutes an expert opinion outside the scope of common lay understanding. It cannot be admitted or denied in any meaningful way.

Casey's objections and responses to PETA's First Requests for Admission Nos. 22 through 28 are proper. Casey's responses to the said requests were again:

> RESPONSE: Objection, this is an improper Request that seeks a legal conclusion. To the extent Ms. Connie Braun Casey ("Ms. Casey") is otherwise required to respond, Ms.

Casey states as follows: Ms. Casey is without sufficient knowledge or information to admit or deny this Request, and therefore denies the same.

Given the law and the nature of the requests at issue, this response is appropriate. The requests clearly seek improper legal conclusions. Furthermore, they improperly seek complex expert opinions. The Motion should be denied as to these Requests for Admission.

**D. This Court should deny Plaintiffs' Second Motion for an Order Compelling Discovery as it relates to PETA's First Requests for Admission No. 37 because that request seeks both improper admissions of abstract legal conclusions and complex expert opinions.**

This Court should deny Plaintiffs' Second Motion for an Order Compelling Discovery as it relates to PETA's First Requests for Admission No. 37 because that request seeks both improper admissions of abstract legal conclusions and complex expert opinions. That request states:

> 37. The inability of captive chimpanzees to seek privacy from humans or other animals can lead to stress, anxiety, and risk of injury. See PETA's First Requests for Admission attached to PETA's Second Motion for an Order Compelling Discovery attached as Exhibit A at No. 37.

This request clearly seeks legal conclusions like so many of the other Requests for Admission at issue, and the Request requires a complex expert opinion. It is simply impossible to admit or deny such a request in any coherent way. Therefore, PETA's Motion should be denied with respect to this final Request for Admission.

## **CONCLUSION**

Plaintiffs' Second Motion for An Order Compelling Discovery should be denied. None of the Requests for Admission still at issue in the said Motion are proper. Casey's objections and responses are clearly appropriate.

WHEREFORE, Counterclaim Defendant Connie Braun Casey respectfully requests that this Court deny Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela Cagnasso Second Motion for An Order Compelling Discovery, and for such other relief as this Court deems proper.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC.

BY:    /s/ Victor H. Essen, II
Debbie S. Champion,    #38637MO
Victor H. Essen, II,    #57629MO
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
***Attorney for Plaintiff/Counter-Defendant Connie Braun Casey***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was mailed by First Class Mail, postage prepaid, and sent by the Court's electronic filing system on this 19th day of October 2018 to:

Daniel T. Batten
LAW OFFICE OF DANIEL BATTEN, LLC
P.O. Box 29576
St. Louis, MO 63126
314-452-5757
dtb@lawofficeofdanielbatten.com
*Attorney for Plaintiff/Counter-Defendant Connie Braun Casey*

Brian D. Klar
KLAR AND IZSAK, LLC
1505 S. Big Bend Blvd.
St. Louis, MO 63117
314-863-1117 / FAX: 314-863-1118
bklar@lawsaintlouis.com
*Attorney for Plaintiff/Counter-Defendant Connie Braun Casey*

Martina Bernstein
PETA FOUNDATION
1536 16th Street NW
Washington, DC 20036
202-483-7382 / FAX: 202-540-2208
martinab@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Marissa Lauren Curran
James P. Martin
Kelly J. Muensterman
POLSINELLI PC
100 S. Fourth Street, Ste. 1000
St. Louis, MO 63102
314-889-8000 / FAX: 314-231-1776
mcurran@polsinelli.com
jmartin@polsinelli.com
kmuensterman@polsinelli.com
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Jared S. Goodman
PETA FOUNDATION
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-210-2266 / FAX: 213-484-1648
jaredg@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Geordie L. Duckler
9397 SW Locust St.
Tigard, OR 97223
503-546-8052
geordied@animallawpractice.com
*Attorney for Andrew Sawyer*

Patrick John Hanley
214 E. Fourth Street
Covington, KY 41011
859-240-5080 / FAX: 859-431-2194
p.hanley@att.net
*Attorney for Vito Stramaeglia*

                                                           /s/ Victor H. Essen, II