UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI PRIMATE FOUNDATION, )
et al., )
 )
   Plaintiffs and Counter-Defendants, )
 )
   vs. )   Case No. 4:16 CV 2163 CDP
 )
PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC., )
et al., )
 )
   Defendants and Counter-Plaintiffs. )

## SECOND AMENDED CASE MANAGEMENT ORDER – TRACK 3: COMPLEX

Having considered the joint proposed scheduling plan filed by the parties, including their areas of disagreement

**IT IS HEREBY ORDERED** that the following schedule shall apply and govern the remainder of this case.

**I.    SCHEDULING PLAN**

1.    Any motions to amend pleadings or add parties must be filed by **January 8, 2019**. If the motion is not by consent, any briefs in opposition must be filed by **January 15, 2019**.

2.    Disclosure shall proceed in the following manner:

(a)  All parties shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2)(B), Fed. R. Civ. P., no later than **February 1, 2019**. All parties may produce rebuttal expert reports containing the information

required by Rule 26(a)(2)(B), Fed. R. Civ. P., no later than **March 15, 2019**. All expert witnesses shall be made available for depositions, and have depositions completed, no later than **April 15, 2019**.

(b) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

(c) The parties shall complete all discovery in this case no later than **May 15, 2019**.

(d) Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

3. This case will be referred to alternative dispute resolution effective **March 1 , 2019**, and that reference shall terminate on **May 1, 2019**.

4. Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or any motions to limit or exclude expert testimony must be filed no later than **June 17, 2019**. Opposition briefs shall be filed no later than twenty-eight days after the motion or **July 17, 2019**, whichever is earlier. Any reply brief may be filed no later than fourteen days following the response brief or **July 29, 2019**, whichever is earlier.

**II. ORDER RELATING TO TRIAL**

This action is set for a **NON-JURY** trial on **Tuesday, October 15, 2019** at **9:00 a.m.** This is a **two**-week docket.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses:**

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

    (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

    (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

    (c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions:**

    (a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**5.** **Findings of Fact, conclusions of Law and Trial Brief:** Submit to the Court and to opposing counsel full, complete, and specific proposed findings of fact and conclusions of law, together with a trial brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems.

**6.** **Motions In Limine:** File all motions in limine to exclude evidence at least ten (10) days before trial.

Failure to comply with any part of this order may result in the imposition of sanctions.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2018.