UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI PRIMATE FOUNDATION,
CONNIE BRAUN CASEY, individually,
ANDREW SAWYER, individually, and
JANE DOES 1 and 2,

    Plaintiffs and Counterclaim
    Defendants,

v.

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC. and
ANGELA SCOTT a/k/a ANGELA G.
CAGNASSO, individually,

    Defendants and
    Counterclaim Plaintiffs.

Case No. 4:16-cv-02163

STIPULATION FOR
PROTECTIVE ORDER

So Ordered
Catherine D. Perry
10/23/18

## STIPULATED PROTECTIVE ORDER

Upon stipulation of Counterclaim Defendants Connie Braun Casey and Andrew Sawyer, and Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (collectively, the "Parties"), for an Order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

    1.    As used in the Protective Order, these terms have the following meanings:

        a.    "Attorneys" means counsel of record.

    2.    It is hereby stipulated that all information obtained by the Parties as a result of a physical inspection of any premises conducted pursuant to a duly served inspection request pursuant to Federal Rule of Civil Procedure 34 is deemed "confidential" for purposes of this Protective Order ("Confidential Inspection Information").

3. Confidential Inspection Information shall be used solely for the purpose of this action.

4. Confidential Inspection Information shall not be disclosed or communicated in any way to any person other than those specified in Paragraph 5.

5. Access to Confidential Inspection Information shall be limited to: (a) The Court and its personnel; (b) Attorneys and their office associates or in-house counsel, legal assistants, and stenographic and clerical employees; (c) the Parties; (d) Court reporters retained to transcribe testimony; and (e) the Parties' testifying or consulting experts.

6. Each person who is to receive Confidential Inspection Information pursuant to Paragraph 5(e) shall execute a "Written Assurance" in the form attached as Exhibit A.

7. Parties who intend to file Confidential Inspection Information with the Court, or refer to such Confidential Inspection Information in Court filings, shall make such filings (or part of such filings, as appropriate) under seal in compliance with Local Rule 13.05(A) and/or the Electronic Case Filing/Case Management procedures manual. Prior to disclosure at trial or a hearing of Confidential Inspection Information, the Parties may seek further protections against public disclosure from the Court.

8. Within 60 days of the termination of this action, including any appeals, the Parties shall destroy all Confidential Inspection Information and shall provide a certification in writing to the opposing Parties as to such destruction within the 60-day period. Attorneys shall be entitled to retain, however, one copy of Confidential Inspection Information and a set of all documents filed with the Court and all correspondence and work product generated in connection with the action regardless whether it contains Confidential Inspection Information.

9. The Parties may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent the Parties from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

10. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

11. The obligations imposed by the Protective Order shall survive the termination of this action.

**Stipulated To:**

Date: 10/9/18      By: _____ Geordie Duckler for Andrew Sawyer

Date: 10/11/18     By: _____
                       Jared Goodman for Counterclaim Plaintiffs

Date: 10/22/18     By: _____ 57629
                       atty for Connie Carey

## EXHIBIT A

## WRITTEN ASSURANCE

I, _____, declare that:

1. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____
_____.

3. My present relationship to plaintiff(s)/defendant(s) is _____
_____.

4. I have received a copy of the Stipulation for Protective Order (the "Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential information received under the protection of the Protective Order.

6. I understand that I am to retain all copies of any Confidential Inspection Information or documents referring thereto, in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all Confidential Inspection Information or documents referring thereto. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____ day of _____, 20__, in the State of _____.

_____
Signature