UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MISSOURI PRIMATE FOUNDATION,** et al., )<br><br>   **Plaintiffs and** )<br>   **Counterclaim Defendants,** )<br><br>v. )<br><br>**PEOPLE FOR THE ETHICAL** )<br>**TREATMENT OF ANIMALS, INC., et al.,** )<br><br>   **Defendants and** )<br>   **Counterclaim Plaintiffs.** ) | Case No. 4:16-cv-02163 |

**REPLY TO COUNTERCLAIM DEFENDANT CASEY IN FURTHER
SUPPORT OF COUNTERCLAIM PLAINTIFFS' SECOND MOTION
<u>FOR AN ORDER COMPELLING DISCOVERY</u>**

Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. ("PETA") and Angela Scott (collectively, "Plaintiffs"), pursuant to Local Rule 7-4.01(C), respectfully submit this reply to Counterclaim Defendant Connie Braun Casey ("Casey") [ECF No. 124] and in further support of Plaintiffs' Second Motion for an Order Compelling Discovery against Casey [ECF Nos. 92, 93]. Only the portion of Plaintiffs' motion related to their First Requests for Admission remain in dispute. [ECF No. 121, at 2.]

**I.  Casey's Responses are Insufficient as a Matter of Law**

In response to each of the requests at issue, after raising the objections discussed below, Casey states that she "is without sufficient knowledge or information to admit or deny this Request, and therefore denies same." [ECF No. 93, at 1-2.] In her brief, Casey repeats—without offering *any* support—that these responses are "proper," [ECF No. 124, at 2, 6, 8], "appropriate" [*id.* at 6, 9, 10], and "well-taken" [*id.* at 5, 6, 7].

Casey does not and cannot dispute that her responses do not comply with the clear requirements of Rule 36—Casey has not asserted that she "has made reasonable inquiry and that the information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny." Fed. R. Civ. P. 36(a)(4). Despite Plaintiffs' conferences with Casey's current and former counsel noting this specific deficiency, and Plaintiffs' attempts to obtain amended responses that comport with Rule 36, Casey has refused. Her responses are insufficient as a matter of law. *See Certified Enters., Inc. v. United States*, No. 4:17-CV-202 SNLJ, 2017 WL 4778558, at *2 (E.D. Mo. Oct. 23, 2017) (where party did not assert that they lack knowledge after making reasonable inquiry, compelling them to respond "in accordance with Rule 36"); *S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Comm'rs*, No. 4:10-CV-2163 CEJ, 2011 WL 6347901, at *2 (E.D. Mo. Dec. 19, 2011) (ordering plaintiff's requests admitted and awarding costs where "Defendants' answers fail to state that they have made a reasonable inquiry" and "the Court is hard-pressed to believe that a reasonable inquiry would fail to disclose information responsive to plaintiff's requests"). Accordingly, should the Court overrule any of Casey's objections, the requests should be deemed admitted or Casey compelled to respond in accordance with Rule 36.

**II.     Requests for Admission Nos. 1 through 14**

In Request Nos. 1-14, Casey was asked to admit that holding chimpanzees in certain conditions and failing to meet certain needs causes the chimpanzees "'harass[ment]' and/or 'harm' as those terms are used in 16 U.S.C. § 1532(19) and defined by 50 C.F.R. § 17.3."

Casey asserts that these "seek nothing but abstract, hypothetical conclusions of law" and "admissions on abstract legal issues" because "one cannot reasonably conclude that they involve the application of law to facts in this case." [ECF No. 124, at 2.] Contrary to Casey's bald assertion, each and every one of these requests involves the application of the relevant law to Plaintiffs'

2

specific allegations in this case—(1) failure to meet chimpanzees' basic physiological needs [ECF No. 23, ¶¶ 75, 78-79]; (2) failure to meet chimpanzees' basic behavioral needs [*id.* ¶¶ 3, 4, 76, 81-92]; (3) failure to meet chimpanzees' basic psychological needs [*id.* ¶¶ 3, 4, 64-73]; (4) failure to meet chimpanzees' basic needs for physical enrichment [*id.* ¶¶ 3, 4, 42, 75, 82-102]; (5) failure to meet chimpanzees' basic needs for physiological enrichment [*id.* ¶¶ 3, 4, 42, 75, 82-102]; (6) failure to provide sufficient space [*id.* ¶¶ 3, 4, 75-81]; (7) confining chimpanzees in unsanitary conditions [*id.* ¶¶ 3, 4, 42, 106-119]; (8) failure to provide appropriate veterinary care [*id.* ¶¶ 4, 42, 129-133]; (9) failure to provide an adequate diet [*id.* ¶¶ 4, 42, 120-128]; (10) failure to meet chimpanzees' needs to engage in social relations [*id.* ¶¶ 3, 4, 62-74]; (11) failure to provide structural enrichment [*id.* ¶¶ 43, 75, 78, 82-86, 88, 93-98, 105]; (12) failure to provide adequate object enrichment [*id.* ¶¶ 43, 75, 82-88, 92-102, 105]; (13) failure to provide adequate food enrichment [*id.* ¶¶ 75, 76, 83, 85-88, 91-92, 105]; and (14) failure to provide adequate social enrichment [*id.* ¶¶ 3, 4, 62-67, 80, 82-88, 92, 99-102, 105].

Indeed, the *only* case cited by Casey for the proposition that requests "seeking admissions regarding hypothetical questions of law are improper" [ECF No. 124, at 3], clearly demonstrates the distinction between such an improper question and the proper requests at issue here. In *Morley v. Square, Inc.*, No. 4:10CV2243 SNLJ, 2016 WL 123118 (E.D. Mo. Jan. 11, 2016), the Court noted that "purely hypothetical questions not connected to facts of the case are not allowed," but that "requests for admissions *requiring application of law to the facts of a case are permitted to clarify an opponent's legal theories*." *Id.* at *3 (emphasis added). The Court reasoned:

> Here, Requests 108 and 109 seek admissions regarding whether Dorsey and McKelvey owed fiduciary duties to one another. These are not purely legal conclusions because they are focused on the individuals involved in this case — they are not, e.g., statements about what a fiduciary duty is. As one court opined, "[t]here are cases that have declined to compel defendants to go through what is perceived to be a useless exercise," "[b]ut that is not the same thing as saying that

3

>the questions are impermissible." *Sommerfield*, 251 F.R.D. at 356. Requests 108 and 109 are uncomplicated. They do not seek admission of legal conclusions unrelated to the facts of this case. They properly seek to clarify the defendants' legal theories as applied to this case. Useless exercise or not, Requests 108 and 109 are not impermissible, and defendants shall answer them.

*Id.* So too here, as each of the fourteen requests relates directly to Plaintiffs' specific factual allegations and "do not seek admission of legal conclusions unrelated to the facts of the case."

The purpose behind the amendments to Rule 36 that authorized a party to request admissions relating to the application of law to fact further supports Plaintiffs' position. "The Notes of the 1970 Advisory Committee on Rules details some of the policy rationale behind the amendment: 'An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues.'" *In Home Health, Inc. v. Shalala*, No. CIV. 3-96-249, 1996 WL 557838, at *1 (D. Minn. July 3, 1996). As such, "A request seeking the application of law to fact, 'merely involve[s] a request to confirm or deny if the requestor's interpretation of a law, regulation etc. concurs and is in agreement with that of the other party.'" *Id.* (citation omitted). Here, Request Nos. 1-14 seek to confirm or deny if Casey is in agreement with Plaintiffs' interpretation of the ESA as it applies to their allegations.

### III.     Requests for Admission Nos. 15 through 21

In Request Nos. 5-21, Casey was asked to admit whether certain activities are "essential species-typical behavior[s]." Casey asserts that these requests "seek both improper admissions of abstract legal conclusions and complex expert opinions." [ECF No. 124, at 4-5.] These objections are unfounded.

First, as the requests do not themselves reference any law or seek Casey's interpretation of any law, Casey argues that the requests "clearly seek[] an abstract legal conclusion" simply because the term "species-typical behavior" is used in the U.S. Department of Agriculture's Animal Welfare Act (AWA) regulations. [*Id.* at 6.] That the term is used in the regulations does

4

not make it legal "a term of art." [*Id.*] "A term of art is a phrase with an established common law meaning." *United States v. Shaffer*, 807 F.3d 943, 945 (8th Cir. 2015) (citing *United States v. Turley,* 352 U.S. 407, 411 (1957)). "Species-typical behavior" has no common law meaning—it is not a legal term at all, but simply the basic proposition that certain behaviors are typical of a species. Casey, who never offered this explanation for her objection during the parties' several conferences regarding these requests, provides nothing to the contrary. Even assuming that "species-typical behavior" were a term of art—which it clearly is not—the requests would not seek "an abstract legal conclusion" because they are, again, tied directly to Plaintiffs' specific allegations in this case: (15) foraging [ECF No. 23, ¶¶ 4, 43, 76, 83, 86, 87, 91, 92, 105, 120]; (16) nest-building [*id.* ¶¶ 4, 42, 86, 91, 92]; (17) climbing [*id.* ¶¶ 4, 76, 85, 86, 92, 96, 97]; (18) brachiating [*id.* ¶¶ 76, 92, 96]; (19) playing [*id.* ¶¶ 4, 83, 85, 92, 105]; (20) tool use [*id.* ¶¶ 4, 86, 87]; and (21) socializing [*id.* ¶¶ 3, 4, 62-74].

Second, Casey asserts the conclusory objection that whether a behavior is species-typical is a "complex expert opinion[]," "is not within the scope of common lay understanding," and "requires a professional, scientific background in chimpanzee behavior." [ECF No. 124, at 6-7.] This is simply not a valid objection. Rule 36 explicitly allows for requests for admission regarding "facts, the application of law to fact, or *opinions about either.*" Fed. R. Civ. P. 36(a)(1)(A). Casey's objection "reflect[s] folklore within the bar which holds that requests for admission need not be answered if the subject matter of the request … 'addresses a subject for expert testimony. . . . [T]he folklore is wrong." *House v. Giant of Maryland LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005) (sanctioning defendant for failing to admit the truth of the requests); *Baugh v. Bayer Corp.*, No. 4:11-CV-525-RBH, 2012 WL 4069582, at *2 (D.S.C. Sept. 17, 2012) (citing *House* and requiring defendants to supplement their responses). "[A] party cannot avoid discovery—whether by an

5

interrogatory, a Rule 36 request, or Federal Rule of Civil Procedure 30(b)(6) deposition testimony—of its own views on a factual matter in dispute (or perhaps, in fact, not in dispute) simply because its view on that matter may be informed by consulting with its retained experts." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 254 (N.D. Tex. 2016).

Even if Casey believes that an expert she may retain may in the future opine on whether these behaviors are species-typical, "such considerations do not transform permissible factual discovery into 'expert discovery.'" *Id.* (quoting *Geer v. Cox*, No. 01–2583–JAR, 2003 WL 21254731, at *3 (D. Kan. May 21, 2003)). She "must answer the Requests with the knowledge and information [she] presently possess[es], or can obtain after reasonable inquiry (independent of [her] experts), and cannot delay [her] responses until after [her] expert disclosure deadline." *Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, No. 16-CV-1094-JTM-TJJ, 2017 WL 1408226, at *3 (D. Kan. Apr. 20, 2017); *see also Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 330 (E.D. Ky. 2006) (where party objected to request on the ground that they "are not experts and will not testify as experts in this matter," ordering party to supplement response and to "consult with their expert prior to supplementing said response"); *see* Section I.

Additionally, Casey does not explain why she—who has bred, sold, and held chimpanzees in captivity for decades—does not know what behaviors are typical of a chimpanzee. Even if the term "species-typical behavior" were a term of art pursuant to the very AWA regulations that she cites, Casey's assertion that she does not understand the term is further undermined by her annual signed certifications to the USDA that she is in compliance with all AWA regulations and standards. *See, e.g.,* Exhibit A, Casey Application for License Renewal (June 13, 2011).

6

## IV.   Requests for Admission Nos. 22 through 28

In Request Nos. 22-28, Casey was asked to admit that depriving chimpanzees of certain opportunities "significantly disrupts or impairs their normal behavioral patterns." Casey raises the same unsupported objections discussed above—that the requests "clearly seek abstract legal conclusions," *see* Section II, and "seek expert opinions," *see* Section III.

Casey objection that these requests seek abstract legal conclusions is based solely on the assertion that the term "significantly disrupts … normal behavioral patterns" is used in the regulatory definition of "harass." [ECF No. 124, at 8.]

As with Request Nos. 1-14, there is nothing "abstract" about any of these requests, as they each involve the application of the relevant law to Plaintiffs' specific allegations in this case—(22) opportunity to forage [ECF No. 23, ¶¶ 4, 43, 76, 83, 86, 87, 91, 92, 105, 120]; (23) opportunity to nest [*id.* ¶¶ 4, 42, 86, 91, 92]; (24) opportunity to climb [*id.* ¶¶ 4, 76, 85, 86, 92, 96, 97]; (25) opportunity to brachiate [*id.* ¶¶ 76, 92, 96]; (26) opportunity to play [*id.* ¶¶ 4, 83, 85, 92, 105]; (27) opportunity to use tools [*id.* ¶¶ 4, 86, 87]; and (28) opportunity to socialize [*id.* ¶¶ 3, 4, 62-74].

Further, whether or not Casey believes that the denial of certain opportunities significantly disrupts normal behavioral patterns is "outside the scope of common lay understanding" is inapposite. [ECF No. 124, at 8.] Casey asserts that "[i]t cannot be admitted or denied in any meaningful way," but Rule 36 requires that she do just that. *Nat'l R.R. Passenger Corp.*, 2017 WL 1408226, at *3; *see also* Section I.

## V.    Request for Admission No. 37

The final request at issue, Request No. 37, seeks Casey's admission that "[t]he inability of captive chimpanzees to seek privacy from humans or other animals can lead to stress, anxiety, and risk of injury." Casey declares that this request "clearly seeks legal conclusions," but this time

7

does not even feign any applicable law or other purported support for the objection. [ECF No. 124, at 9.] Similarly, she asserts that the request "requires a complex expert opinion" without providing any basis as to why she cannot speak to whether this condition will cause stress, anxiety, or injury after holding chimpanzees in captivity for decades, even if it were otherwise a valid objection. Disregarding the clear and fundamental requirements of Rule 36, Casey proclaims without further explanation that "[i]t is simply impossible to admit or deny such a request in any coherent way."

## VI.   Conclusion

For the foregoing reasons, and those set forth in Plaintiffs' memorandum in support of the motion, Plaintiffs' Second Motion for an Order Compelling Discovery against Casey should be granted.

Dated: October 25, 2018                               Respectfully submitted,

/s/ Jared S. Goodman
JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

MARTINA BERNSTEIN (#230505CA)
(Admitted *pro hac vice*)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102

314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

9

## CERTIFICATE OF SERVICE

I certify that on October 25, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

    Debbie Champion, dchampion@rssclaw.com
    Victor H. Essen, vessen@rssclaw.com
    *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

    Geordie Duckler, geordied@animallawpractice.com
    *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

                                             /s/ Jared S. Goodman