UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counter-Defendants, | ) ) |
| vs. | ) ) Case No. 4:16 CV 2163 CDP |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) ) |
| Defendant and Counter-Plaintiff. | ) |

## **MEMORANDUM AND ORDER**

At the September 11, 2018 telephonic hearing, the Court directed the parties to attempt to resolve their numerous discovery and other disputes and to file a joint status report. They have now done so, and I am pleased that they were able to resolve many of the discovery disputes. I urge them to continue cooperating with one another. I have already entered an amended case management order, and this order deals with the remaining disputes.

This case has a somewhat tortured history, arising partly from the issues that plaintiff/counterclaim defendant Connie Braun Casey has had with counsel. The first lawyer withdrew because of illness. The second lawyers were allowed to withdraw after they had irreconcilable differences with Casey. As described in more detail in the various briefs and exhibits relating to the now-resolved motion

to compel inspection of Casey's premises, a major dispute arose related to PETA's attempt to inspect the premises, and, as I discussed with both counsel in a telephone call, although Casey was in the wrong in canceling the inspection, PETA acted unreasonably by having various individuals travel to Missouri even though Casey's lawyers had informed them that the inspection would not go forward.[1] In any event, new counsel has now entered an appearance for Casey, and I am hopeful that this case can proceed with discovery and ultimately be resolved on the merits.

### ECF # 68: Counterclaim Plaintiffs' Motion for Entry of Default Judgment

I earlier dismissed all claims brought by the plaintiffs against PETA, but PETA's counterclaim remains pending. Although all defendants answered the counterclaim [ECF # 31], the answer of Missouri Primate Foundation was stricken and the Clerk entered default when it failed to obtain substitute counsel.[2]

PETA has moved for default judgment against Missouri Primate Foundation and against Connie Casey, even though Casey is not in default. PETA argues that

---

[1] This July 25, 2018 telephone conference was not on the record. The PETA lawyers called my chambers seeking an emergency conference. I was between flights and on an airplane awaiting take-off when I spoke to both counsel; I denied any emergency relief but told PETA they should file a motion if they believed they were entitled to relief. They have done so.

[2] When the first lawyers withdrew, I explained to Casey that although she could represent herself, she could not represent the corporation, nor could it represent itself. I informed her that if Missouri Primate Foundation did not obtain counsel, it could not defend itself and default would be entered. When it did not obtain counsel by the deadline, the Clerk entered default on PETA's request. [ECF # 59, 61].

2

default against Casey is appropriate because she is the alter ego of Missouri Primate Foundation and she failed to renew its fictitious name registration with the Missouri Secretary of State. [ECF # 67-11].

I have carefully reviewed the evidence and argument presented by PETA on this motion, and agree that Missouri Primate Foundation is in default. I conclude that PETA has not proved that default judgment should be entered against non-defaulting defendant Casey, however. Her failure to re-register the fictitious name is not sufficient to find that she is an alter ego of the corporation or that she should be estopped from defending herself. Entry of default judgment and injunctive relief at this time could lead to inconsistent judgments. I will therefore deny the motion for default judgment against Casey, and I will deny the motion for default judgment against Missouri Primate without prejudice.

### ECF # 66: Counterclaim Plaintiffs' Motion for Sanctions for Spoliation of Evidence

PETA asks that I strike the answers and enter default against all counterclaim defendants as a sanction for spoliation of evidence. PETA contends that defendants' act of moving some chimpanzees out of the Missouri Primate Foundation facility after they received PETA's notice of violation and intent to sue constituted spoliation of the evidence. PETA contends that – even before this suit was filed – defendants would be despoiling the evidence if they made any improvements to the conditions of the chimpanzees' confinement without first

3

documenting – by video or photos or by inviting PETA itself to come in and video or photograph – the conditions that existed before any changes. [3]

There is no evidence that any of the chimpanzees have been destroyed. The USDA transfer document as to some of the chimpanzees who have been moved to the DeYoung Family Zoo in Michigan indicates that they were in excellent condition when they were moved.[4] There are factual disputes about exactly where all of the chimpanzees are, and there is no evidence about the conditions under which they are currently being held. Because Casey's issues with her prior counsel prevented discovery and inspection thus far, and because Sawyer has refused to testify about the location of his animal, PETA has been unable to obtain the evidence to show spoliation. That does not, mean, however, that spoliation has actually occurred. As things stand now, it appears to me that discovery can get underway and the evidence needed to proceed in the case against Casey will be available. I conclude that spoliation has not been shown and I will deny the motion for default judgment on that basis.

---

[3] At the hearing the PETA lawyers stressed that they were not claiming that moving the chimpanzees to a better facility with conditions that do not violate the Endangered Species Act would be spoliation, because, obviously, that is the ultimate result they seek in this lawsuit.
[4] PETA disputes the relevance or probative value of this document, and argues that it is not based on any actual determination by the USDA that the animals were, in fact, in excellent condition.

**ECF # 83 – Counterclaim-Plaintiffs' Motion to Compel Inspection or in the Alternative for Entry of Default against Counterclaim Defendant Sawyer**

PETA seeks to compel an inspection of the chimpanzee Joey or, in the alternative, seeks entry of default against counterclaim defendant Sawyer, who moved Joey from the Missouri Primate Foundation after this lawsuit was filed. Sawyer has invoked his Fifth Amendment privilege against self-incrimination and has refused to answer all questions posed in discovery; he has likewise refused to divulge the location of Joey. The current whereabouts and condition of Joey are not known by PETA.

PETA contends that producing Joey for inspection is not testimonial, and further that it would not potentially subject Sawyer to criminal prosecution, so he should not be entitled to invoke the Fifth Amendment to prevent the production.[5] If the Court does not order production of Joey for inspection, then PETA asks for entry of a default judgment as a sanction. In its supplemental memorandum, it argues that default judgment is also appropriate because Sawyer invoked his Fifth Amendment privilege in response to all questions asked at his deposition. After Sawyer's attorneys argued that drawing of adverse inferences was a more appropriate consequence, I directed PETA to provide a list of the adverse inferences they seek. They have now done so. [ECF # 122].

---

[5] Somewhat contradictorily, they argue that Sawyer has committed obstruction of justice by invoking his right not to testify. [ECF # 37 p. 4]. This is not the law.

First, PETA's argument that producing Joey for inspection is not testimonial is not correct. The Supreme Court has recognized that the "act of production" may itself be testimonial. *See United States v. Hubbell*, 530 U.S. 27, 37-38 (2000). In order to produce Joey for inspection, Sawyer would have to acknowledge to PETA that he has or had control over Joey as well as divulge where Joey is currently located. This is testimonial. Additionally, the Endangered Species Act carries criminal penalties in 16 USC Sec 1540(b)(1). I will not order Sawyer to produce Joey.

The privilege against self-incrimination applies in civil as well as criminal proceedings. *Cerro Gordo Charity v. Fireman's Fund American Life Ins. Co.,* 819 F.2d 1471, 1480 (8th Cir. 1987). But unlike a criminal case, in a civil case a jury may draw an adverse inference from the fact that the witness invoked the privilege. *Id.* "[C]ourts are generally free to fashion a response to an invocation of the Fifth Amendment in a civil proceeding that is 'carefully balanced' and no broader than necessary 'to prevent unfair and unnecessary prejudice to the other side.'" *First Bank Bus. Capital, Inc. v. Agriprocessors, Inc.*, No. 08-CV-1035-LRR, 2010 WL 300630, at *7 (N.D. Iowa Jan. 19, 2010).

I do not believe that Sawyer's assertion of the Fifth Amendment should result in a default judgment. It may be that PETA will be able to determine the location of Joey through other discovery and so they may be able to obtain an

inspection notwithstanding Sawyer's assertion of the privilege. The lesser sanction of drawing adverse inferences will sufficiently remedy the harm done to PETA by his refusal to testify. I have reviewed the adverse inferences that PETA requests, and I conclude that those that are factual are appropriate. Many, however, are not factual inferences but are conclusions of law or application of the law to the facts. I agree that the inferences listed in the following paragraphs are appropriate to draw: ¶¶ 1 through 7, 9, 11, 13, 15 through 17, 19, 21, 22, 24, 26, 28, 30, 32, 34 through 36, 38, 40, 42, 44, 46, and 48 through 61. The other inferences proposed are legal conclusions and are not appropriate. I will therefore deny the motion as to entry of default judgment, but will grant it to the extent it seeks the adverse inferences listed here.

**ECF # 88: Counterclaim Plaintiffs' Motion to Compel Discovery from Casey**

The parties' joint statement indicates that they were unable to resolve this motion as to the document requests. At issue are requests to produce Nos. 1, 7, 15, 22 and 27. As to all but Request No. 27, Casey responded "Produced concurrently herewith." As to Request No. 27, Casey responded "None."

PETA does not believe these answers because it believes Casey *must* have additional documents. It asks me to order production of the additional documents that it believes must exist. I will not order a party to produce documents that the party has stated do not exist. Casey now has new counsel, and I am confident that

those lawyers understand both their duty to verify with their client that documents have been produced and their duty to supplement Casey's responses if additional documents are discovered. I will deny this motion.

### ECF # 92: Counterclaim-Plaintiffs' Second Motion to Compel Discovery from Casey

The parties have resolved their disputes except as to the First Requests for Admissions. Both sides filed additional briefs after the telephone hearing, and I have considered those briefs.

I agree with Casey that Requests for Admissions Nos. 1 through 14 seek legal conclusions and need not be considered. Each of these requests asks whether certain things fall within specific statutory definitions. Although it is sometimes appropriate to require answers to legal questions if that will narrow the issues in the case, these are not that type of question. Casey's objections to Requests Nos. 1 through 14 are sustained.

Casey objected to Requests Nos. 15 through 28 and 37 as follows:

> Objection, this is an improper Request that seeks a legal conclusion. To the extent Ms. Connie Braun Casey ("Ms. Casey") is otherwise required to respond, Ms. Casey states as follows: Ms. Casey is without sufficient knowledge of information to admit or deny this Request, and therefore denies same.

Unlike the earlier Requests, these requests ask factual questions such as "Foraging is an essential species-typical behavior of chimpanzees." [Request 15]. Casey

8

argues that the requests use words that are terms of art in the various regulations, and that therefore they call for legal conclusions. Although the requests do track the language of the regulations, the words are plain English and are understandable even without knowing the regulations. These are appropriate requests.

Casey also argues that the requests call for expert opinions. While the topics may be appropriate subjects for expert testimony, this does not mean that Casey cannot necessarily answer them. PETA points out that to the extent Casey purported to answer the Requests by saying she lacked sufficient knowledge or information, she has failed to comply with Rule 36 of the Federal Rules of Civil Procedure. PETA is correct. A party may only assert lack of knowledge in answer to a request for admission if it states "that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Rule 36(a)(4), Fed. R. Civ. P. Casey has not done so here. I will therefore grant the motion to compel as to Requests Nos. 15 through 28 and 37.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Sanctions for Spoliation of Evidence [66] is denied.

**IT IS FURTHER ORDERED** that the Motion for Default Judgment as to Missouri Primate Foundation and Connie Braun Casey [68] is denied.

9

**IT IS FURTHER ORDERED** that the Motion to Compel Inspection of Joey or in the Alternative for Default Judgment [83] is denied except that the adverse inferences listed above will be drawn from Sawyer's assertion of the privilege against self-incrimination.

**IT IS FURTHER ORDERED** that the Motion to Compel Discovery from Connie Braun Casey [88] is denied.

**IT IS FURTHER ORDERED** that the Second Motion to Compel Discovery from Casey [92] is denied as to Requests Nos. 1 through 14 and is granted as to Requests No. 15 through 28 and 37. Casey shall supplement her answers to Requests Nos. 15 through 28 and 37 within twenty-one days of the date of this order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2018.