# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) Case No. 4:16-cv-02163 ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) |

## COUNTERCLAIM PLAINTIFFS' SECOND MOTION TO COMPEL THE DEPOSITION OF COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY

Pursuant to Rules 26, 30, and 37 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott a/k/a Angela G. Cagnasso (together, "Plaintiffs") hereby move for an order compelling Counterclaim Defendant Connie Braun Casey ("Casey") to appear for a follow up deposition at the offices of Plaintiffs' counsel at 100 S. Fourth Street, Suite 1000, St. Louis, MO 63102 for such period of time as to afford Plaintiffs' counsel a reasonable opportunity to examine Casey about any matters as to which Plaintiffs' counsel lacked an opportunity for a full and fair examination during Casey's first deposition, due to Casey's failure to timely disclose such matters in discovery.

In support of this motion, Plaintiffs state as follows:

1. On October 29, 2018, Plaintiffs took the duly noticed deposition of Casey. During the examination, Plaintiffs learned that Casey had yet to produce numerous documents responsive to Plaintiffs' February 23, 2018, discovery requests. [ECF #123-3.]

2.      Among other things, Casey had in her possession a notebook and calendar, to which she referred during her deposition, that had not been produced. [*See, e.g.,* Deposition Transcript of Connie Braun Casey ("Casey Tr.") 120:15-25; 121:1-25; 153:17-25.][1] Demonstrating that she simply had not grasped the extent of her discovery obligations, Casey explained that copies of these documents had not been provided to her counsel because "I write in it every day." [*Id.* 154:14-19.]

3.      Casey also testified that in the past, she had sent and received e-mails relating to her chimpanzees—but as of the date of her deposition, no such emails had been produced, or likely even searched. [*See, e.g., id.* 11:7-18; 169:1-4; 170:18-24; 171:21-25.] When Casey was asked why she had not yet searched for certain emails in her possession, she responded: "I haven't had time." [*Id.* 171:1-2.]

4.      In addition to these discovery lapses, it came to light that Casey had "probably" thousands of photographs or videos of the chimpanzees housed at her facility (including hard copies and photos in her camera and/or stored electronically on her phone), but she did not turn them over to her attorneys to determine if they needed to be produced. [*Id.* 182:10-15; 184:4-7.]

5.      In the late afternoon of Casey's deposition, her counsel, Debbie Champion, handed some documents across the table that she had just received and that Casey had brought with her, including USDA license applications, a calendar, and an enrichment log. [*Id.* 193-194.]

6.      In response to attempts by Plaintiffs' counsel to confer about producing Casey for a follow-up deposition about these (and other belatedly produced) documents, Ms. Champion confirmed that it was her "understand[ing] that you still need e-mails and photos, and to the

---

[1] Copies of relevant pages of Casey's deposition transcript are attached as Exhibit A to the Declaration of Jared Goodman ("Goodman Decl."), filed concurrently herewith.

extent that there are follow-up regarding the things that are going to be subsequently provided to you, assuming that there are these things, obviously you'll need to do your follow-up on those." [*Id.* 331:8-15.] Ms. Champion added the caveat "that we would object to anything that goes beyond anything you haven't already seen." Subject to that understanding, Plaintiffs' counsel suspended the deposition. [*Id.* 335:5-9.]

7. During the months following her deposition, Casey produced, among other things, approximately 100 pages of emails and 250 photographs, on or about December 5, and approximately 300 pages of emails, on or about December 19, 2018. [Goodman Decl. ¶ 4.][2]

8. On November 15 at noon, Plaintiffs' counsel Martina Bernstein and Jared Goodman conferred by telephone with Casey's counsel Victor Essen about the resumption of Casey's deposition. In response to a request for a date for the deposition, Mr. Essen stated that he would wait to provide a date until the outstanding discovery had been produced. On December 19, after Casey had produced more than hundred pages of documents, Plaintiffs' counsel Martina Bernstein and Jared Goodman again conferred by telephone with Casey's counsel Victor Essen about the resumption of Casey's deposition. Plaintiffs' counsel again requested a date for Casey's follow-up deposition about the matters as to which Plaintiffs lacked an opportunity to depose her previously. Casey's counsel refused to provide a date—unless Plaintiffs agreed that the deposition was limited to just one hour. [*Id.* ¶ 5.]

9. While Plaintiffs' counsel agreed that the deposition would be strictly limited to documents that had not been produced before Casey's October 29 deposition, Plaintiffs' counsel explained that Plaintiffs could not commit to concluding the deposition in only one hour, given

---

[2] Casey's counsel also agreed to produce and/or search for additional responsive records that have not yet been produced as of the date of this filing.

the extent and material nature of Casey's belated production. [*Id.* ¶ 6.] Counsel were unable to resolve this dispute.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an Order in the form submitted herewith,

**ORDERING** that, within ten days of the entry of this Order, Casey shall appear for deposition at the offices of Plaintiffs' counsel at 100 S. Fourth Street, Suite 1000, St. Louis, MO 63102 for such period of time as to afford Plaintiffs' counsel a reasonable opportunity to examine Casey about any matters as to which Plaintiffs' counsel lacked an opportunity for a full and fair examination during Casey's first deposition, due to Casey's failure to timely disclose such matters in discovery; and

**FURTHER ORDERING** that Casey shall pay Plaintiffs' costs and attorneys' fees relating to this motion to compel, and that Casey shall reimburse Plaintiffs' counsel for reasonable travel and lodging costs necessitated by having to take the second deposition.

Dated: January 2, 2019

Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 2, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Debbie S. Champion, dchampion@rssclaw.com
Victor Essen, vessen@rssclaw.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

                                                    /s/ Jared Goodman