IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI PRIMATE FOUNDATION, )
et al., )
 )
 )
    Plaintiff, )
 ) Case No: 4:16-cv-2163-CDP
v )
 )
PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC., et )
al. )
 )
    Defendant )

## PLAINTIFFS'/COUNTERCLAIM DEFENDANT CONNIE CASEY'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Plaintiff/Counterclaim Defendant Connie Casey, by and through counsel, and pursuant to Federal Rule of Civil Procedure 8 states as follows for her first amended answer and affirmative defenses to Defendants/Counterclaim Plaintiffs ("Defendants" or "Counterclaim Plaintiffs") counterclaim:

## ANSWER

1. Counterclaim Defendant admits that Counterclaim Plaintiffs state this is a citizen suit brought pursuant to Section 11(g)(1)(A) of the Endangered Species Act ("ESA"). Except as so expressly stated, Counterclaim Defendants deny the allegations in this paragraph.

2. Counterclaim Defendant admits Missouri Primate Foundation ("MPF") was a facility that houses chimpanzees.



3. Counterclaim Defendant admits that chimpanzees are social and intelligent animals. Except as so stated, and since no citation is provided regarding the allegations set forth in this paragraph, Counterclaim Defendant denies said allegations and puts Counterclaim Plaintiffs to their proof.

4. Counterclaim Defendant admits that the counterclaim speaks for itself regarding the entities sued in this matter. Counterclaim Defendant denies the remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

5. Counterclaim Defendant admit that this court would generally have jurisdiction over such claims. Counterclaim Defendant, though, denies that this Court has subject matter jurisdiction over the claims under Article III of the U.S. Constitution in that Counterclaim Plaintiffs lack standing, have not been injured, and/or make claims that are moot.

6. Counterclaim Defendant admits she received a Notice of Violation (ECF #1-1) in November 2016. Counterclaim Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

7. Counterclaim Defendant lacks sufficient information to admit or deny the allegations in this paragraph except to state that to her knowledge, no criminal prosecution by the Secretary of the Interior is pending against Counterclaim Defendants. Except as so expressly stated, Counterclaim Defendant denies the allegations contained in this paragraph.

8. Counterclaim Defendant admits venue is proper.

## PARTIES

9. Counterclaim Defendant states that PETA contends it is a Virginia non-stock corporation pursuant to Section 501(c)(3) of the Internal Revenue Code with its headquarters in

Norfolk, Virginia, but Counterclaim Defendant is without sufficient information to either admit or deny the same. Counterclaim Defendant avers that PETA is a militant, animal activist group which masquerades as a charitable organization the true role of which is to fundraise in order to promote its extremist ideology. Except as so expressly stated, Counterclaim Defendant denies the remaining allegations contained in this paragraph.

10. Counterclaim Defendant denies the allegations contained in paragraph 10.

11. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies she committed any "unlawful" activities. Counterclaim Defendant lacks sufficient information regarding any resources expended by PETA and, therefore, denies same.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies any "unlawful and inhumane conditions." Counterclaim Defendant lacks sufficient information regarding any resources expended by PETA and, therefore, denies same.

13. Paragraph 13 contains hypothetical, speculative statements and legal conclusions, to which no response is required. To the extent that a response is required, Counterclaim Defendant denies the allegations contained in this paragraph.

14. Counterclaim Defendant is without sufficient knowledge regarding resources expended by PETA and, therefore, denies same. Further, this paragraph contains hypothetical, speculative statements and legal conclusions to which no response is required. To an extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph.

### Counterclaim Plaintiff Angela Scott

15. Counterclaim Defendant admits Angela Scott for short periods of time was a former volunteer at MPF. Counterclaim Defendant lacks sufficient information regarding the remaining allegations in this paragraph and, therefore, denies the same.

16. Counterclaim Defendant states that prior to working at MPF, Angela Scott stated she had worked at a research laboratory; the remaining Counterclaim Defendant was not privy to that statement. Counterclaim Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies the same.

17. Counterclaim Defendant admits that for short periods of time Ms. Scott sporadically volunteered at MPF and occasionally assisted Counterclaim Defendant with care of certain chimpanzees. Further responding, Counterclaim Defendant states that Ms. Scott spent a portion of her time as a volunteer taking care of the grandfather of the Counterclaim Defendant Casey's ex-husband away from MPF. Counterclaim Defendant lacks sufficient knowledge to admit or deny the remaining allegations and denies same.

18. Counterclaim Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 18 and therefore denies the same and puts Counterclaim Plaintiffs to their proof.

19. Counterclaim Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 19 and therefore denies same.

20. Counterclaim Defendant denies the allegations contained in this paragraph.

21. Counterclaim Defendant denies the allegations contained in this paragraph.

22. Counterclaim Defendant denies the allegations contained in this paragraph.

23. Counterclaim Defendant denies the allegations contained in this paragraph.

24. Paragraph 24 contains hypothetical, speculative statements and legal conclusions, to which no response is required. Counterclaim Defendant denies that Ms. Scott has sustained any injuries. Except as so expressly stated, and to the extent that a response is required, Counterclaim Defendant denies the allegations contained in this paragraph.

**Counterclaim Defendants**

25. Admit.

26. Admit. Further responding, Counterclaim Defendant further states that in addition to Ms. Casey, several family members, volunteers and owners of certain chimpanzees also assist in the care of the chimpanzees present at MPF.

27. Admit all of the allegations of paragraph 27 except to state that the chimpanzee also known as Joey is no longer present at MPF.

28. Admit that the chimpanzee also known as Chloe has an owner who Counterclaim Defendants claim to be referred to in the Counterclaim as Jane Doe 2.

**STATUTORY BACKGROUND**

29. Counterclaim Defendants admit that the Endangered Species Act ("ESA") speaks for itself.

30. Counterclaim Defendants admit that the ESA and Code of Federal Regulations ("CFR") are enactments which speak for themselves.

31. Counterclaim Defendants admit that the ESA speaks for itself.

32. Counterclaim Defendants admit that the ESA speaks for itself.

33. Counterclaim Defendants admit that the ESA and CFR speak for themselves.

34. Counterclaim Defendants admit that the ESA speaks for itself.

35. Counterclaim Defendants admit that the ESA speaks for itself.

## GENERAL ALLEGATIONS

36. Counterclaim Defendant admits certain non-human primates, including chimpanzees, gibbons, macaques and capuchins are and/or were present at MPF. Counterclaim Defendant denies that any baboons are present at MPF. Counterclaim Defendant denies that Mr. Sawyer has a chimpanzee present at MPF.

37. Counterclaim Defendant denies that they are taking endangered species under 16 U.S.C.A. §1539(a)(1)(A) or that they are required to possess a permit thereunder.

38. Counterclaim Defendant denies that MPF was open to the public for public tours in the past, but states that it was open by appointment only for small private group tours at certain times in the past. Counterclaim Defendant further states that at certain times in the past it sold certain animals and that some of those chimpanzees that have in the past been used by the entertainment industry. Except as so expressly stated, Counterclaim Defendant denies the remaining allegations contained in this paragraph and further that said allegations should be stricken from the Counterclaim and are the subject of a Motion to Strike filed contemporaneously herewith.

39. Counterclaim Defendant denies the allegations contained in this paragraph.

40. Counterclaim Defendant states that the allegations in this paragraph should be stricken from the Counterclaim and are the subject of a Motion to Strike filed contemporaneously herewith.

41. Counterclaim Defendant states that the allegations in this paragraph should be stricken from the Counterclaim and are the subject of a Motion to Strike filed contemporaneously herewith.

42. Denied.

43. Counterclaim Defendant admits that the Animal Welfare Act is a statutory enactment which speaks for itself. Moreover, the USDA Report referenced in this paragraph is a document speaks for itself.

## The Chimpanzees

44. Counterclaim Defendants admit there to the best of their present recollection there were approximately sixteen (16) chimpanzees at MPF at the time of the Notice.

45. Denied.

46. and footnote 1. Counterclaim Defendants admit that three chimpanzees were transferred to another facility as a result of lengthy negotiations that began before the Notice was sent or received. Except as so expressly stated, the remaining allegations contained in this paragraph are denied.

47. Counterclaim Defendant admits that the then owner of a chimpanzee also known as Allie was transferred by her owner from MPF to a different location. Except as so expressly stated, Counterclaim Defendant puts Counterclaim Plaintiffs to their proof.

48. Counterclaim Defendant admits that a chimpanzee known as Joey was transferred from MPF to a new location. Except as so expressly stated, Counterclaim Defendant puts Counterclaim Plaintiffs to their proof.

49. The chimpanzee also known as Joey was eleven years of age. That chimpanzee was born in Texas, bought as a pet with a valid USDA license, thereafter was kept in Arizona and then in Nevada, and taken to MFP in approximately 2013. The chimpanzee also known as Joey had allergies and needed to be fed alone at MPF due to the possibilities of cross-contamination of food, but was otherwise allowed to socialize, interact and play with other chimpanzees. Except

as so expressly stated, Counterclaim Defendant denies the remaining allegations contained in this paragraph.

50. Counterclaim Defendant admits that a chimpanzee also known as Connor was approximately twenty-one years old, born at MPF, and appeared in two movies and on greeting cards and that at one time nipped Ms. Casey's ex-husband on the knee which required no hospitalization. Counter Defendant denies the remaining allegations contained in this paragraph.

51. Counterclaim Defendant admits that a chimpanzee also known as Tonka was approximately twenty-two years old and was brought to MPF around 2003 and that it appeared in some movies. Said Counter defendants deny that Alan Cumming developed a close relationship with Tonka as he has never been to MPF or called or written MPF or Ms. Casey about the animal. Counter Defendant denies the remaining allegations contained in this paragraph.

52. Counterclaim Defendant admits that a chimpanzee also known as Mikayla was nine years old, it was fathered at MPF by Tonka, and that Mikayla was present at a few parties when it was approximately one year of age but not since. Except as so expressly stated, Counterclaim Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, denies the same and put Counterclaim Plaintiffs to their proof.

53. Counterclaim Defendants MPF and Casey state that Chloe has an owner, was eight years old, was born at MPF, and was fathered by Tonka, but denies that Chloe was used at any parties. Except as so expressly stated, Counterclaim Defendant was without sufficient knowledge to admit or deny the allegations contained in this paragraph, denies the same and put Counterclaim Plaintiffs to their proof.

54. Counterclaim Defendant denies that a chimpanzee also known as Candy is approximately thirty to thirty-one years of age, was born at MPF, Coby is the brother of Candy and another chimpanzee also known as Cooper. Except as so expressly stated, Counterclaim Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, denies the same and put Counterclaim Plaintiffs to their proof.

55. Counterclaim Defendant denies that a chimpanzee also known as Coby is around twenty years of age but state that it is approximately thirty-five to thirty-six years of age, was born at MFP, was sold to a private photographer in Florida when it was approximately two months old, and has since returned to MPF. Counterclaim Defendant lacks specific knowledge of the remaining allegations in this paragraph and, therefore, denies the same and puts Counterclaim Plaintiffs to their proof.

56. Counterclaim Defendant admits the allegations contained in this paragraph with respect to a chimpanzee also known as Cooper. The remaining Counterclaim Defendants lack specific knowledge of the remaining allegations in this paragraph and, therefore, deny the same and put Counterclaim Plaintiffs to their proof.

57. Counterclaim Defendant admits that a chimpanzee also known as Kerry was around eleven years old, born at MPF, and later returned. Counterclaim Defendant lacks specific knowledge of the remaining allegations in this paragraph and, therefore, denies same and put Counterclaim Plaintiffs to their proof.

58. Counterclaim Defendant admits the allegations contained in this paragraph with respect to a chimpanzee also known as Crystal. Counterclaim Defendant lacks specific knowledge of the remaining allegations in this paragraph and, therefore, denies same.

59. Counterclaim Defendant states that the chimpanzee Kimmy was around fifty-six years of age which had no teeth when it arrived at MPF. Kimmy in the past was involved in a single chimpanzee entertainment act for private parties

60. Counterclaim Defendant admits Tammy was approximately thirty-two years old.

61. Counterclaim Defendant admit sMPF obtained Tammy at ten years old. Counterclaim Defendant lacks specific knowledge of the remaining allegations in this paragraph and, therefore, denies same and put Counterclaim Plaintiffs to their proof.

## Counterclaim Defendants Take the Chimpanzees by Failing to Meet Their Fundamental Social, Physical, and Psychological Needs

*Failure to Provide Necessary Social Contact*

62. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph.

63. Counterclaim Defendant states that Defendant Casey is partly responsible for the handling and groupings of the chimpanzees at MPF. Further responding Counterclaim Defendant states that a chimpanzee also known as Joey was brought to and relocated from MPF. Except as so expressly stated, the Counterclaim Defendant lacks specific knowledge of the remaining allegations in this paragraph and, therefore, denies the allegations contained in this paragraph.

64. Counterclaim Plaintiffs provide no citations or other references in support of to their statements regarding chimpanzee society, and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Plaintiffs to their proof.

65. Counterclaim Plaintiffs provide no citations or other references to support their statements regarding chimpanzee behavior and, therefore, Counterclaim Defendant lacks

sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Plaintiffs to their proof.

66. Counterclaim Plaintiffs provide no citations or other references to support their statements regarding chimpanzee behavior and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denis the same and puts Plaintiffs to their proof.

67. Counterclaim Defendant states that the referenced USDA Report speaks for itself so that no response it required. To the extent a response is required, Counterclaim Defendant denies the same and put Counterclaim Plaintiffs to their proof.

68. Counterclaim Plaintiffs provide no citations or other references to support their statements regarding chimpanzee behavior and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Plaintiffs to their proof.

69. Counterclaim Plaintiffs provide no citations or other references to support their statements regarding chimpanzee behavior and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Plaintiffs to their proof.

70. Counterclaim Defendants state that the referenced USDA Report speaks for itself so that no response it required. To the extent a response is required, Counterclaim Defendant denies the same and puts Counterclaim Plaintiffs to their proof.

71. Counterclaim Defendant states that MPF is not a zoo. Further responding, Counterclaim Defendant states the Association of Zoos and Aquariums ("AZA") is a zoological accrediting body and its Chimpanzee Care Manual speaks for itself so that no response it

required. To the extent a response is required, Counterclaim Defendant denis the same and puts Counterclaim Plaintiffs to their proof.

72. Denied.

73. Denied.

74. and footnote 2. Denied.

*Failure to Provide Necessary Spacious and Complex Environments*

75. The allegations contained in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph.

76. Counterclaim Defendant Casey admits she is partly responsible for housing and enrichment at MPF, along with some of her family, volunteers and certain owners of chimpanzees located at MPF. Except as so expressly stated, Counterclaim Defendant denies the remaining allegations contained in this paragraph.

77. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Counterclaim Plaintiffs to their proof.

78. Counterclaim Defendant states the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants. Moreover, to the extent said Standards are written they speak for themselves so that no response it required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph.

79. Counterclaim Defendants state the AZA Chimpanzee Care Manual speaks for itself so that no response it required. To the extent a response is required, Counterclaim Defendant denies the same and puts Counterclaim Plaintiffs to their proof.

80. Counterclaim Defendant states the AZA Chimpanzee Care Manual speaks for itself so that no response it required. To the extent a response is required, Counterclaim Defendant denies the same and puts Counterclaim Plaintiffs to their proof.

81. Denied.

82. Counterclaim Defendant Counterclaim Defendant admits that chimpanzees are social and intelligent animals. Except as so stated, and since no citation is provided regarding the allegations set forth in this paragraph, Counterclaim Defendant denies said allegations and puts Counterclaim Plaintiffs to their proof.

83. Counterclaim Defendant admits the USDA Report speaks for itself. To the extent a response is required, Counterclaim Defendant denies the same and puts Counterclaim Plaintiffs to their proof.

84. Counterclaim Defendant admits the AZA Manual speaks for itself. To the extent a response is required, Counterclaim Defendant denies the same and puts Counterclaim Plaintiffs to their proof.

85. Counterclaim Defendants admit the AZA Manual speaks for itself. To the extent a response is required, Counterclaim Defendants denies the same and puts Counterclaim Plaintiffs to their proof.

86. Counterclaim Defendant states the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants. Moreover, to the extent said Standards and the AZA

13

Manual are written they speak for themselves so that no response it required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph and puts Counterclaim Plaintiffs to their proof.

87. Counterclaim Defendant states the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants. Moreover, to the extent said Standards and the AZA Manual are written they speak for themselves so that no response it required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph and puts Counterclaim Plaintiffs to their proof.

88. Counterclaim Defendant states that they had/have an appropriate enrichment program for the animals. Except as so expressly stated, they denies the allegations contained in paragraph 88 and puts Counterclaim Plaintiffs to their proof.

89. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Counterclaim Plaintiffs to their proof.

90. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and pust Counterclaim Plaintiffs to their proof.

91. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lacks sufficient information to admit or deny

the allegations contained in this paragraph, denies the same and puts Counterclaim Plaintiffs to their proof.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Counterclaim Defendant admits the USDA Report speaks for itself. To the extent a response is required, Counterclaim Defendant denies the same and puts Counterclaim Plaintiffs to their proof. Counterclaim Defendant denies the remaining allegations contained in paragraph 97.

98. Denied.

*The Chimpanzees Are Actually Injured and Are Likely to Be Further Injured by Being Deprived of Adequate Social Groups, Space, and Enrichment*

99. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Counterclaim Plaintiffs to their proof.

100. Denied.

101. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Counterclaim Plaintiffs to their proof.

102. and footnote 3. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Counterclaim Plaintiffs to their proof.

103. Denied.

104. Denied.

105. Denied.

**Counterclaim Defendants Take the Chimpanzees by Confining Them to a Dangerous and Unsanitary Environment**

106. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies the same.

107. Counterclaim Defendant states that Ms. Casey is partially responsible for maintaining the enclosures at MPF, along with other family members and volunteers. Except as so expressly stated, Counterclaim Defendant denies the remaining allegations contained in this paragraph and puts Counterclaim Plaintiffs to their proof.

108. Counterclaim Defendant states that applicable USDA regulations speak for themselves. Except as so expressly stated, Counterclaim Defendant puts Counterclaim Plaintiffs to their proof.

109. Counterclaim Defendant states that applicable USDA regulations speak for themselves. Except as so expressly stated, Counterclaim Defendant puts Counterclaim Plaintiffs to their proof.

110. Counterclaim Defendant states the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants. Moreover, to the extent said Standards are written they

speak for themselves so that no response it required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph and puts Counterclaim Plaintiffs to their proof.

111. Counterclaim Defendant states the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants. Moreover, to the extent said Standards are written they speak for themselves so that no response it required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph and puts Counterclaim Plaintiffs to their proof.

112. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Counterclaim Plaintiffs to their proof. Further responding, Counterclaim Defendant states that any USDA citations speak for themselves so that no response is required. The remaining allegations and legal conclusions contained in this paragraph are denied.

113. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, denies the same and puts Counterclaim Plaintiffs to their proof. Further responding, Counterclaim Defendant states that any USDA warning letter speaks for itself so that no response is required. The remaining allegations and legal conclusions contained in this paragraph are denied.

114. Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendant lacks sufficient information to admit or deny

the allegations contained in this paragraph, denies the same and puts Counterclaim Plaintiffs to their proof. Further responding, Counterclaim Defendant states that any USDA warning letter speaks for itself so that no response is required. The remaining allegations and legal conclusions contained in this paragraph are denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies the same.

### Counterclaim Defendants Take the Chimpanzees by Restricting Them to a Dangerously Unhealthy Diet

120. Counterclaim Defendant states that MPF is not a zoo and therefore the AZA Manual is irrelevant to any issue in this case. Further responding, Counterclaim Defendant states that the AZA Manual speaks for itself. To the extent a response is required, Counterclaim Defendant denies the same and put sCounterclaim Plaintiffs to their proof.

121. Counterclaim Defendant Casey states that she is partly responsible for feeding the chimpanzees at MPF, along with other family members and volunteers.

122. Counterclaim Defendant states the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants. Moreover, to the extent said Standards and the AZA Manual are written they speak for themselves so that no response it required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph and puts Counterclaim Plaintiffs to their proof.

123. Counterclaim Defendant states the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants. Moreover, to the extent said Standards are written they speak for themselves so that no response it required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph and puts Counterclaim Plaintiffs to their proof.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied. Further responding, to the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Counterclaim Defendant denies same.

**Counterclaim Defendants Take the Chimpanzees by Failing to Provide Them with Adequate Preventative and Emergency Veterinary Care**

129. Denied.

130. Denied.

131. Counterclaim Defendant states the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants. Moreover, to the extent said Standards are written they speak for themselves so that no response it required. To the extent a response is required, Counterclaim Defendant denies the allegations contained in this paragraph and puts Counterclaim Plaintiffs to their proof.

132. Counterclaim Defendant states that MPF is not a zoo and therefore the AZA Manual is irrelevant to any issue in this case. Further responding, Counterclaim Defendant states that the AZA Manual speaks for itself. To the extent a response is required, Counterclaim Defendant denies the same and puts Counterclaim Plaintiffs to their proof.

133. Denied. Further responding, to the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Counterclaim Defendant denies same.

## CLAIMS FOR RELIEF

## COUNT I

### Unlawful Take of Endangered Chimpanzees

134. Counterclaim Defendant restates and incorporates her responses to the above allegations as though specifically set forth herein.

135. Denied. Further responding, to the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Counterclaim Defendant denies same.

136. Denied. Further responding, to the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Counterclaim Defendant denies same. Additionally, Counterclaim Defendant states the statutes cited by Counterclaim Plaintiffs are legislative enactments which speak for themselves so that no response is required.

WHEREFORE, Counterclaim Defendant respectfully requests the Court deny Counterclaim Plaintiffs its requested relief.

## COUNT TWO

### Unlawful Possession of Taken Chimpanzees

137. Counterclaim Defendant restates and incorporates its responses to the above allegations as though specifically set forth herein.

138. Denied. Further responding, to the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Counterclaim Defendant denies same. Additionally, Counterclaim Defendant states the statutes cited by Counterclaim Plaintiffs are legislative enactments which speak for themselves so that no response is required.

139. Denied. Further responding, to the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Counterclaim Defendants deny same. Additionally, Counterclaim Defendants state the statutes cited by Counterclaim Plaintiffs are legislative enactments which speak for themselves so that no response is required.

WHEREFORE, Counterclaim Defendant respectfully requests the Court deny Counterclaim Plaintiffs its requested relief.

## AFFIRMATIVE DEFENSES

Pleading hypothetically, and in the alternative, Counterclaim Defendant pleads the following defenses, affirmative defense and objections to the Counterclaim:

1. Counterclaim Plaintiffs have failed to state a claim upon which relief may be granted.

2. Counterclaim Plaintiff Angela Scott lacks standing to bring this claim because she has no actual injury which is not based on speculation or conjecture.

3. Counterclaim Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Counterclaim Plaintiffs' claims are barred by the doctrine of laches.

5. The Court lacks jurisdiction over Plaintiffs' claims, including for the reasons set forth in Defendants' pending Motion to Dismiss [ECF No. 11], which is incorporated herein by reference.

6. The Counterclaim of Counterclaim Plaintiffs should be dismissed on the grounds that Plaintiffs' original Petition filed herein is the first filed action and takes priority over the Counterclaim of Counterclaim Plaintiffs under the doctrine of the first filed action.

7. The Counterclaim of Counterclaim Plaintiffs should be dismissed on the grounds that Plaintiffs' original Petition filed herein is the first filed action and takes priority over the Counterclaim of Counterclaim Plaintiffs under the doctrine of judicial economy.

8. The Counterclaim of Counterclaim Plaintiffs is based upon out-of-date information, speculation, conjecture and bootstrapping, and should be dismissed.

9. The alleged "strong connection" to animals (Counterclaim at Par. 16), "strong relationship... to the particular chimpanzees" (Counterclaim at par. 18), and "personal emotional attachment to the particular chimpanzees" (*Id.*) are speculative, based on conjecture, and are unsupported by the facts of this case.

10. The reasons for Counterclaim Plaintiff Scott working "without pay" (Counterclaim at par. 19) is because by her own admission she "volunteered" at MPF (Counterclaim at par. 17).

11. Pars. 40 and 41 of the Counterclaim of Counterclaim Plaintiffs should be stricken by the Court on the grounds that their references to tax liens are irrelevant and immaterial to any issue in this case and impertinent and scandalous pursuant to Rule 12.(f) of the Fed.R.Civ.Proc.

12. Par. 51 of the Counterclaim of Counterclaim Plaintiffs should be stricken on the grounds that its references to Alan Cummings constitute improper attempts to introduce the dated, uninformed, speculative alleged opinions of a non-party into this case, and to prop up Counterclaim Plaintiffs' alleged standing to bring this case.

13. The Counterclaim of Counterclaim Plaintiffs should be dismissed by virtue of their own allegations set forth in pars. 71 of their Counterclaim, as MPF is not a zoo

14. The Counterclaim of Counterclaim Plaintiffs should be dismissed by virtue of their own allegations set forth in pars. 77 and 78 of their Counterclaim, as to the knowledge of Counterclaim Defendants, no sanctuary accredited by the GFAS permit a chimpanzee to range up to 333 square kilometers.

15. Pars. 43, 67, 70, 83, 97, 98, 101-102 and 102 footnote 3, 106-199 of the Counterclaim of Counterclaim Plaintiffs should be dismissed because the USDA has the sole and pre-emptive authority over enforcement of the Animal Welfare Act and USDA has not brought nor is there pending any enforcement or other legal action to revoke the license of Counterclaim Defendants MPF or Casey, as admitted by Counterclaim Plaintiffs in par. 115 of the Counterclaim.

16. Par. 116 of the Counterclaim should be stricken or dismissed because the USDA has advised Counterclaim Defendants MPF and Casey, after repainting the enclosures at MPF, that they do not need to worry about any remaining or new peeling paint.

17. Further answering and in the alternative as an affirmative defense, Counterclaim Defendant states that the claims and causes of action against her are moot in that any violation of the Endangered Species Act and/or the Animal Welfare Act and/or the regulations thereunder have been remedied.

18. Further answering and in the alternative as an affirmative defense, Counterclaim Defendant states that the claims and causes of action against her are moot in that one or more of the animals at issue in the Complaint have been removed from the premises at issue and/or are not within the care, custody and/or control of Counterclaim Defendant.

19. Further answering and in the alternative as an affirmative defense, Counterclaim Defendant states that Counterclaim Plaintiffs' claims for attorneys' fees are barred in that

Counterclaim Plaintiff attorneys' fees are unreasonable and that the costs and litigation expenses incurred are not reasonable.

20.    Further answering and in the alternative as an affirmative defense, Counterclaim Defendant states that Counterclaim Plaintiffs lack an interest in the claims at issue sufficient to confer standing under Article III of the U.S. Constitution.

21.    Further answering and in the alternative as an affirmative defense, Counterclaim Defendant states that there is no injury sufficient to support standing in that any injury is contrived and/or manufactured for the purposes of litigation and that as a result Counterclaim Plaintiffs lack standing for the purposes of the claim at issue.

22.    Further answering and in the alternative as an affirmative defense, Counteclaim Defendant states that Counterclaim Plaintiffs' claims should be barred in that any effort to remove the chimpanzees at issue from their current home and/or living arrangements would represent a harm and/or create a likelihood of harm to the chimpanzees that would represent an improper "taking" of the chimpanzees under the Endangered Species Act.

23. Further answering and in the alternative as an affirmative defense, Counterclaim Defendant states that she reserves her right to amend and/or supplement this pleading to add any additional defense based on the course of discovery and as any such additional defenses are identified and/or to conform to the evidence at trial.

WHEREFORE, Counterclaim Defendant respectfully requests the Court deny Counterclaim Plaintiffs its requested relief.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC.

BY:    /s/ Victor H. Essen, II
          Debbie S. Champion,    #38637MO
          Victor H. Essen, II,    #57629MO

500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
***Attorney for Plaintiff/Counter-Defendant***
***Connie Braun Casey***


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent by email and the Court's electronic filing system on this 8th day of January 2019 to:

Martina Bernstein
PETA FOUNDATION
1536 16th Street NW
Washington, DC 20036
202-483-7382 / FAX: 202-540-2208
martinab@petaf.org
***Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.***

Marissa Lauren Curran
James P. Martin
Kelly J. Muensterman
POLSINELLI PC
100 S. Fourth Street, Ste. 1000
St. Louis, MO 63102
314-889-8000 / FAX: 314-231-1776
mcurran@polsinelli.com
jmartin@polsinelli.com
kmuensterman@polsinelli.com
***Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.***

Jared S. Goodman
PETA FOUNDATION
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-210-2266 / FAX: 213-484-1648
jaredg@petaf.org
***Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.***

Geordie L. Duckler
9397 SW Locust St.
Tigard, OR 97223

503-546-8052
geordied@animallawpractice.com
***Attorney for Andrew Sawyer***

Patrick John Hanley
214 E. Fourth Street
Covington, KY 41011
859-240-5080 / FAX: 859-431-2194
p.hanley@att.net
***Attorney for Vito Stramaeglia***

/s/ Victor H. Essen, II