IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No: 4:16-cv-2163-CDP |
| v | )<br>) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al. | )<br>)<br>)<br>) |
| Defendant. | ) |

## COUNTERCLAIM DEFENDANT CONNIE CASEY'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO COUNTERCLAIM

COMES NOW Counterclaim Defendant Connie Casey, by and through undersigned counsel, and for her Memorandum in Support of her Motion for Leave to File her First Amended Answer, states as follows:

## INTRODUCTION

The Court should grant Counterclaim Defendant Connie Casey's Motion for Leave to File a First Amended Answer. A timely motion for leave to amend a pleading is to be liberally granted. The proposed amendment merely better specifies affirmative defenses that and are based on theories already at issue in the case. Consequently, there could be no prejudice to any party in granting leaving to file the proposed amendment to the answer.

## BACKGROUND

Counterclaim Defendant Connie Casey seeks to file a First Amended Answer, pleading certain affirmative defenses with more specificity. The affirmative defenses all relate to

standing, mootness, equitable defenses and/or other theories previously raised and/or otherwise at issue in this case. See Proposed First Amended Answer attached to Motion for Leave as Exhibit A at Affirmative Defenses ¶¶ 17-23. This Court has entered a Case Management Order giving the parties until January 8, 2019 to make amendments to their pleadings. The discovery cutoff in the said Case Management Order is May 15, 2019.

## DISCUSSION

Under Fed. R. Civ. P. 15, timely applications for leave to amend pleadings are to be liberally granted. "A disctrict court should freely give leave to a party to amend its pleadings when justice so requires." Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 15(a)). A district court is only justified in denying a motion for leave to amend when there is "unduly delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). "Delay alone is insufficient justification; prejudice to the nonmovant must also be shown." Bell, 160 F.3d at 454.[1]

Here, the Motion for Leave to File the First Amended Answer should be granted because there is no basis upon which to deny it. The Proposed First Amended Answer sets forth additional affirmative defenses that do not alter the facts that are already at issue in the case and/or that do not require a change in the course of discovery in the case. The additional affirmative defenses all relate to standing, mootness, equitable defenses, and/or other theories previously raised and/or necessarily at issue in this case. See Proposed First Amended Answer attached to Motion for Leave as Exhibit A at Affirmative Defenses ¶¶ 17-23. They do not

---

[1] The Court applies the less liberal "good cause" standard of Fed. R. Civ. P. 16(b)(4) with respect to untimely motions to amend pleading. See Henson v. Casey's General Stores, 2014 WL 1648812 at *1-2 (E.D.Mo. 2014).

involve the development of other facts through discovery that would not otherwise be at issue in the case. Furthermore, there is still additional time for any party to conduct any discovery related to the said defenses within the time allowed for discovery under the Case Management Order. Under these circumstances, no party will suffer any prejudice as a result of the amendment.

## CONCLUSION

The Court should grant Counterclaim Defendant Connie Casey's timely Motion for Leave to File her First Amended Answer. No party will be prejudiced by the proposed amendment.

WHEREFORE, Counterclaim Defendant Connie Casey prays that this Court grants her Motion for Leave to File her First Amended Answer, and for such other and further relief this Court deems necessary and proper under the circumstances.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC.

BY: /s/ Victor H. Essen, II
Debbie S. Champion, #38637MO
Victor H. Essen, II, #57629MO
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorney for Plaintiff/Counter-Defendant*
*Connie Braun Casey*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent by email and the Court's electronic filing system on this 8th day of January 2019 to:

Martina Bernstein
PETA FOUNDATION
1536 16th Street NW

Washington, DC 20036
202-483-7382 / FAX: 202-540-2208
martinab@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Marissa Lauren Curran
James P. Martin
Kelly J. Muensterman
POLSINELLI PC
100 S. Fourth Street, Ste. 1000
St. Louis, MO 63102
314-889-8000 / FAX: 314-231-1776
mcurran@polsinelli.com
jmartin@polsinelli.com
kmuensterman@polsinelli.com
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Jared S. Goodman
PETA FOUNDATION
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-210-2266 / FAX: 213-484-1648
jaredg@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Geordie L. Duckler
9397 SW Locust St.
Tigard, OR 97223
503-546-8052
geordied@animallawpractice.com
*Attorney for Andrew Sawyer*

Patrick John Hanley
214 E. Fourth Street
Covington, KY 41011
859-240-5080 / FAX: 859-431-2194
p.hanley@att.net
*Attorney for Vito Stramaeglia*

                                                  /s/ Victor H. Essen, II