IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) ) |
| Plaintiff, | ) ) Case No: 4:16-cv-2163-CDP |
| v | ) ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al. | ) ) ) ) |
| Defendant. | ) |

## COUNTERCLAIM DEFENDANT CONNIE CASEY'S MEMORANDUM IN OPPOSITION TO COUNTERCLAIM PLAINTIFF'S SECOND MOTION TO COMPEL DEPOSITION OF CONNIE CASEY

COMES NOW, Counterclaim Defendant Connie Casey, by and through undersigned counsel, and for her Memorandum in Opposition to Counterclaim Plaintiffs' Second Motion to Compel Deposition of Connie Casey, and states as follows:

### I. INTRODUCTION.

The Second Motion to Compel the Deposition of Counterclaim Defendant Connie Braun Casey (hereinafter the "Motion to Compel") that Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (hereinafter referred to collectively as "PETA") should be denied. In the Motion to Compel, PETA seeks what is essentially an open-ended continuation of a deposition that has already exceeded the length of time allowed under the Federal Rules of Civil Procedure. PETA has failed to articulate a basis for a further indefinite deposition of Casey. Furthermore, PETA rejected Casey's proposal to allow a further deposition

of Casey with a one hour time limitation. *See* December 21, 2018 e-mail attached hereto as Exhibit A. Consequently, the Motion to Compel should be denied in its current form.

## II. ARGUMENT.

PETA's Motion to Compel should be denied in its current form. First, PETA has already exceeded the presumptive time limitation with respect to the deposition of Casey and did this with knowledge that there would be future supplemental production on the part of Casey. Second, PETA has not articulated any reason why Casey's supplemental production warrants a continued deposition of Casey with no time limitation. Third, a reasonable time limitation of one hour is the best way to balance the burdens of the further discovery PETA seeks with the relative importance of the case. There is simply no way to impose any limit to the burdens on Casey if there is not a reasonable limit on the amount of time of any follow up deposition. Finally, nothing warrants the imposition of costs upon Casey.

First, PETA has already exceeded the presumptive time limitation for the deposition of Casey and has done so when it was aware that there would be future supplemental production. Fed. R. Civ. P. 30 provides presumptive limitations on the number and duration of depositions. The Rule states:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination. Fed. R. Civ. P. 30(d)(1).

The clear purpose of the rule is to protect against unduly lengthy depositions that lead to delay, cumulative discovery, and undue burdens on parties and witnesses.

The deposition of Casey in this matter has already exceeded the prescribed time limitation set out in Fed. R. Civ. P. 30(d)(1). The Rule provides for a deposition of no longer than seven hours on a single day. As reflected in the transcript of the deposition, PETA's deposition of Casey in this case began at 9:05 a.m. on October 29, 2018 and concluded at 5:42 p.m. on October 29, 2018, resulting in a total length of eight hours and thirty-seven minutes. *See* Deposition of Connie Casey attached hereto as Exhibit B at p. 4 and 335. Accounting for breaks that were taken in the deposition and reflected in the deposition transcript, the total time of active questioning of Casey was seven hours and sixteen minutes. *See* Exhibit B at pp. 4, 80, 163-64, 196, 254-55, and 335. However one computes the time, PETA exceeded the time the rule allows.

Furthermore, PETA exceeded the length of time for a deposition with full knowledge that other documents may need to be gathered and produced. As PETA points out, it was clear relatively early in Casey's deposition that Casey would need to supplement her production in this matter. This was clearly long before the deposition concluded, and PETA's counsel could have chosen to reserve some of the allotted seven hours for questions on any newly produced items. For whatever reason, PETA chose not to do that.

Second, PETA's Motion to Compel should be denied in its current form because PETA must articulate some factually specific basis for requesting additional time to re-depose or further depose Casey, and PETA has failed to do that here. The question ultimately is whether more time is "needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." This requires a detailed consideration of the facts of the case. *See* Miller v. Waseca Medical Center, 205 F.R.D. 537 (D.Minn. 2002) ("[S]pecific factual inquiry is necessary. A witness may be entitled to a Protective Order after

only an hour has elapsed in one case, and more than seven hours may be needed in another case.").

PETA has not provided the Court with a record from which the Court can make a meaningful determination of the matters at issue to determine whether and to what extent a further deposition of Casey is warranted. PETA attaches neither a complete transcript of Casey's seven-plus hour deposition nor any actual example of the e-mails and photographs from the supplemental production. PETA has the burden to establish that there is some reason for further examination. In other words, PETA has the burden to show the Court that there is some new material of sufficient weight that warrants setting aside the presumptive time limitation on Casey's deposition. PETA does not explain in its Motion or Memorandum how any of the e-mails or photographs from the supplemental production relates to new, unexplored areas in of inquiry that entitle it to continue deposing Casey without some reasonable time limitation.

When one actually considers a meaningful example of how Casey's supplemental production relates to the existing record in the case, it is clear that there is very limited new information in the supplemental production. For instance, a number of the e-mails produced concern the care of a chimpanzee named Angel. Angel passed away in connection with surgical treatment for a tumor. Angel's first signs of illness involved a visible prolapse. One example of the e-mails concerning this issue is attached hereto as Exhibit C, an e-mail sent from Casey to Dr. Douglas Pernikoff on September 5, 2013. Six of the eight pages contain no substantive text at all and are functionally blank. When examining the substance of the e-mail, it is also clear that there is little or no new information in the e-mail itself. The substantive text of the e-mail is the barest discussion of possible logistics in connection with a proposed surgery. Importantly, PETA and its attorneys were well-aware that Angel had passed away in connection with her

treatment for the prolapse and tumor at the time of Casey's deposition. Prior to Casey's deposition, PETA had both received copies of Dr. Pernikoff's veterinary records in connection with the events at issue and had deposed Dr. Pernikoff on the issue. *See* Portions of Deposition of Dr. Douglas Pernikoff attached hereto as Exhibit D at pp. 43-44 and 150-53. Moreover, PETA's attorneys specifically examined Casey on these events. *See* Exhibit at B at p. 134-36. It is hard to conceive how this would warrant any reexamination of Casey.[1]

Third, a further deposition of Casey without any time limitation would impose an undue burden on Casey. Under Fed. R. Civ. P. 26, the Court must consider the burdens of the requested discovery on Casey and balance those against the needs of the case. The Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26

The discovery in this case directed to Casey has been extensive. PETA has served two sets of Interrogatories directed to Casey, four sets of Requests for Admission directed to Casey, and four sets of Requests for Production directed to Casey in addition to the seven-plus hour deposition of Casey. *See* PETA Discovery Requests to Plaintiff attached hereto as Exhibit E. A reasonable time limitation, such as the one hour limitation Casey has proposed, is the only reasonable way to balance the cumulative burden of PETA's discovery in this matter on Casey and the importance of the issues in this case.

Finally, nothing warrants the imposition of costs on Casey in connection with PETA's Motion to Compel. As a matter of law, even if the Court grants PETA's Motion to Compel, the

---

[1] This is obviously merely a single example. Casey will submit complete copies of all of the records to the Court for its review to consider upon the Court's request.

5

Court need not impose the costs of a further deposition and/or the Motion on Casey. Fed. R. Civ. P. 37(5)(A) states:

> But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Here, there is no warrant to impose costs or sanctions on Casey. Casey has never taken the position that she would not submit to further examination in a deposition in light the need for supplemental production on her part. Rather, she has merely requested a reasonable time limitation on any further examination of her in light of the extensive written discovery that has occurred up to this point, her previous deposition that already exceeded the presumptive seven hour limitation, and the relative importance of the items that make up her supplemental production. Casey's position is reasonable and justified.

### III. CONCLUSION.

The Court should deny PETA's Motion to Compel in its current form. Casey's deposition has already exceeded the reasonable time limits imposed by the applicable Rule. Casey's supplemental production does not present new information that warrants an open-ended second deposition with no time limitation. Casey's position that any further deposition should be limited to one hour is substantially justified and reasonable. Finally, to the extent PETA asserts some more specific rationale for a further deposition of Casey in its Reply, Casey requests an opportunity to file a Sur-Reply to address those, as yet, unarticulated assertions.

6

WHEREFORE, Counterclaim Defendant Connie Casey prays that this Court denies PETA's Motion to Compel in its current form and, in the alternative, that this Court limits any further deposition of Casey to one hour as proposed by Casey, and for such other and further relief as this Court deems necessary and proper under the circumstances.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC.

BY:    /s/ Victor H. Essen, II
Debbie S. Champion,    #38637MO
Victor H. Essen, II,    #57629MO
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorney for Plaintiff/Counter-Defendant Connie Braun Casey*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent by email and the Court's electronic filing system on this 9th day of January 2019 to:

Martina Bernstein
PETA FOUNDATION
1536 16th Street NW
Washington, DC 20036
202-483-7382 / FAX: 202-540-2208
martinab@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Marissa Lauren Curran
James P. Martin
Kelly J. Muensterman
POLSINELLI PC
100 S. Fourth Street, Ste. 1000
St. Louis, MO 63102
314-889-8000 / FAX: 314-231-1776
mcurran@polsinelli.com
jmartin@polsinelli.com
kmuensterman@polsinelli.com
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Jared S. Goodman
PETA FOUNDATION
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-210-2266 / FAX: 213-484-1648
jaredg@petaf.org
***Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.***

Geordie L. Duckler
9397 SW Locust St.
Tigard, OR 97223
503-546-8052
geordied@animallawpractice.com
***Attorney for Andrew Sawyer***

Patrick John Hanley
214 E. Fourth Street
Covington, KY 41011
859-240-5080 / FAX: 859-431-2194
p.hanley@att.net
***Attorney for Vito Stramaeglia***

                                      /s/ Victor H. Essen, II