UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) Case No. 4:16-cv-02163 ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) |

**REPLY MEMORANDUM IN SUPPORT OF COUNTERCLAIM
PLAINTIFFS' SECOND MOTION TO COMPEL THE DEPOSITION OF
<u>COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY</u>**

There is an elephant in the room; and Casey's attempt to argue her way around it does not make it disappear.[1]

The fact is that Casey is not the innocent bystander here. For many months, she failed to comply with her discovery obligations, going so far as to instruct her then-counsel not to do any work related to discovery. When she finally did produce some records, she did so begrudgingly, without taking the trouble to understand or comply with her obligations. More troubling still is the fact that—notwithstanding the Court's expectation that her third set of attorneys would take appropriate steps to cure any existing discovery failures[2]—the massive gaps in Casey's

---

[1] "An 'elephant in the room' is an English idiom for a question or problem that very obviously stands, but which is ignored for the convenience of one or the other party. It derives its symbolic meaning from the fact that an elephant would indeed be conspicuous and remarkable in a small room." *United States v. Yazzen*, 187 F. App'x 800, 802 (10th Cir. 2006).
[2] *See* ECF No. 132 at 7-8 (denying Plaintiffs' motion to compel the production of documents, in part because the Court was "confident" that Casey's new lawyers "understand both their duty to

production were only uncovered as a result of Plaintiffs' counsel sleuthing efforts during Casey's deposition on October 29, 2018. Even after the gaps became apparent as a result of Plaintiffs' counsel's questioning, Casey still continued to drag her feet, producing the outstanding records only over the course of many weeks, after much additional prodding by Plaintiffs' counsel. One large batch of emails was not produced until December 19, 2018, *fifty-one days after Casey's deposition*. [ECF No. 135-1, ¶ 4; *see also, e.g.,* ECF No. 139-3 (Casey's exhibit showing that the email was only printed on "12/13/2018").]

Casey now compounds the inequities by forcing the Court and Plaintiffs' counsel to expend *many* additional hours to address whether she should only have to spend one hour at deposition to undo the unfair prejudice caused by her prior dilatory conduct. The sole case on which Casey relies, *Miller v. Waseca Med. Ctr.*, 205 F.R.D. 537, 538 (D. Minn. 2002) [ECF No. 139 at p. 3], demonstrates the flaws in her argument.

As the court in *Miller* pointed out, "the words of the Rule" require that additional time beyond the presumptive seven hours "must" be allowed for a deposition, when it is "needed for a fair examination of the deponent, and that circumstances have impeded … the [previous] examination." *Id.* It is evident here that the initial examination of Casey was impeded because she had not turned over hundreds of pages of responsive records. Therefore, allowing additional time is required by Rule 30(d)(1).

With respect to how much additional time is required, *Miller* also parts ways with Casey's reasoning here. The court "expressly declined to authorize, or forbid, *a specific additional period of time for the completion of the depositions*." *Id.* (emphasis added). The court

---

verify with their client that documents have been produced and their duty to supplement Casey's responses if additional documents are discovered").

explained, "It is to be expected that … counsel for Defendants will refrain from repetition, and will not use an unreasonable period of time. It is also to be expected that Plaintiffs will answer questions directly, and their counsel will refrain from unnecessary colloquy." *Id.* The court further reasoned that specifying a time was unnecessary, because the provisions of Rule 30(d) and Rule 37, among others, already protect the parties from any abuses during the deposition. *Id.*

Lastly, an award of costs and fees is appropriate. Far from justifying her conduct as "reasonable," Casey's opposition brief does not even address (let alone explain) why massive discovery gaps occurred that were only discovered by Plaintiffs' counsel or why they required many more weeks to correct. Nothing about Casey's conduct is "reasonable." Indeed, it is galling for Casey to seek to now put the blame on Plaintiffs' counsel by arguing that Plaintiffs' counsel should have divined the extent, contents, and material nature of hundreds of omitted documents and—based on such pure guesswork—curtailed the initial deposition.

It is time for Casey to face the elephant in the room. Given that Casey herself proffered up the decision in *Miller* as a guiding authority for resolving the pending motion, Plaintiffs respectfully submit that this Court should follow the reasoning and holding in that case by allowing as much unspecified additional time as "is needed for a fair examination," beyond the presumptive seven hours already expended. *See id.*

Dated: January 10, 2019                Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on January 10, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

    Debbie S. Champion, dchampion@rssclaw.com
    Victor Essen, vessen@rssclaw.com
    *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

    Geordie Duckler, geordied@animallawpractice.com
    *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

                                                   /s/ Jared Goodman