# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) ) |

## MEMORANDUM IN RESPONSE TO COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY'S MOTION TO AMEND

Immediately upon receipt of Counterclaim Defendant Connie Braun Casey's ("Casey") Motion for Leave to File First Amended Answer to Counterclaim [ECF No. 137], Counterclaim Plaintiffs ("Plaintiffs") requested Casey's assurances that she will appear for deposition and respond to interrogatories to give Plaintiffs the opportunity to discover the facts supporting her proposed "amended" defenses. As of the time of this filing, Casey has not responded to Plaintiffs' request. Should Casey provide such assurances, the basis for Plaintiffs' opposition (set forth below) becomes moot, and Plaintiffs would withdraw their opposition to this motion.

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court "'may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party[.]'" *Evans v. Blanton Constr. Co.*, No. 4:17-CV-1389 SPM, 2018 WL 3375092, at *9 (E.D. Mo. July 11, 2018) (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)); *see also White v. Ameristep, Inc.,* No. 4:16-CV-1216-SNLJ, 2017 WL 6557369, at *1 (E.D. Mo. Dec. 22, 2017) (stating that a

"district court may deny a motion to amend if . . . the opposing party would be unfairly prejudiced by the amendment"). Such unfair prejudice would be palpable where—as here—a party could plead six additional defenses while denying the opposing party a reasonable opportunity to discover the factual bases for any of them.

For example, Casey alleges that the claims against her are moot "in that any violation of the Endangered Species Act and/or the Animal Welfare Act and/or the regulations thereunder have been remedied." [ECF No. 137-1, at 23 (Amended Affirmative Defense No. 17).] A case becomes moot "if it can be said with assurance that there is no reasonable expectation that the violation will recur or if interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Kennedy Bldg. Assocs. v. Viacom, Inc.,* 375 F.3d 731, 745 (8th Cir. 2004). Plaintiffs would be unfairly prejudiced if they are not permitted to discover (through interrogatories and deposition) what violations have allegedly been remedied, how they have been remedied, and what actions Casey has taken to ensure that they will not recur. Without such discovery, Plaintiffs would be completely blindsided by any assertion of this defense by Casey in, for example, an upcoming motion for summary judgment.

Casey also alleges that the claims against her are moot because "one or more of the animals at issue have been removed from the premises . . . and/or are not within the care, custody and/or control" of Casey. [ECF No. 137-1, at 23 (Amended Affirmative Defense No. 18).] Plaintiffs should not be left to reading the tea lives to figure out to which of the animals (could be one or more) this defense refers.

Casey also alleges that "any effort to remove the chimpanzees at issue from their current home and/or living arrangements would represent a harm and/or create a likelihood of harm to the chimpanzees that would represent an improper 'taking' of the chimpanzees under the

Endangered Species Act." [*Id.* at 24 (Amended Affirmative Defense No. 22).] Plaintiffs should be allowed to discover the facts on which Casey relies to support her conclusion that, on the one hand, removal of the chimpanzees from her facility would constitute an illegal "taking," but on the other, removing "one or more of the animals" referenced in Affirmative Defense No. 18 presumably (at least in Casey's mind) did not.

For these reasons, Plaintiffs respectfully request that Casey's motion to amend be denied, or, in the alternative, that Casey is ordered to appear for deposition and respond to interrogatories for the limited purpose of allowing Plaintiffs to discover the factual bases for any newly alleged matter.[1]

Dated: January 10, 2019

Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
(Admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90032
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000

---

[1] Casey's deposition relating to her amendments could be combined with her deposition relating to belatedly produced documents that Plaintiffs moved to compel in a pending motion. [*See* ECF No. 135.] This would lessen the burden and expense on the parties, their counsel, and the witness.

St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 10, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Debbie S. Champion, dchampion@rssclaw.com
Victor Essen, vessen@rssclaw.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

                                                  /s/ Jared Goodman