IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiff, | ) ) |
| v | ) Case No: 4:16-cv-2163-CDP ) ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al. | ) ) ) ) |
| Defendant. | ) ) |

**COUNTERCLAIM DEFENDANT CONNIE CASEY'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO COUNTERCLAIM**

COMES NOW Counterclaim Defendant Connie Casey (hereinafter "Casey"), by and through undersigned counsel, and for her Reply Memorandum in Support of her Motion for Leave to File her First Amended Answer, states as follows:

Casey's Motion for Leave to File First Amended Answer to Counterclaim should be granted. In their response to the Motion for Leave, Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (hereinafter collectively referred to as "PETA") seem to contend that Casey's Motion for Leave should be denied because the proposed First Amended Answer would prejudicially inject new issues into the case that would leave PETA "completely blindsided." Looking to the examples PETA cites in its Response to the Motion, it is self-evident that the additional affirmative defenses that are set out in the proposed First Amended Answer do not actually raise new issues that would prejudice PETA and/or affect

the course of discovery. Consequently, the Motion for Leave to File First Amended Answer should be granted.

First, PETA is incorrect when it argues that Affirmative Defense No. 17 in the proposed First Amended Answer raises a new issue that prejudices PETA. That affirmative defense asserts that PETA's claim is moot because any violation of the Endangered Species Act and/or the regulations under the Animal Welfare Act has been remedied. See Exhibit A to the Motion for Leave to File First Amended Answer. PETA seems to contend that this injects a new factual issue in this case. That assertion is simply not correct. The very thrust of PETA's Counterclaim is that Casey has violated the Endangered Species Act and has failed to meet the regulatory standards applicable under the Animal Welfare Act. The issue is the condition of Casey's facility. That issue is necessarily part of PETA's affirmative case on its Counterclaim. In the proposed First Amended Answer, Casey merely seeks to assert that the claim is moot to the extent the conditions of her facility do not violate the Endangered Species Act and/or the regulations under the Animal Welfare Act. PETA has already conducted extensive discovery on this very issue. That discovery has included repeated written discovery requests directed to Casey, depositions, and an inspection of Casey's premises by PETA and PETA's experts. This proposed Affirmative Defense No. 17 does not change anything at issue in this case.

Similarly, PETA cannot argue that Affirmative Defense No. 18, concerning the mootness of PETA's claim to the extent any animals are no longer in the custody of Casey, prejudices PETA. PETA is well aware that some animals have been moved from Casey's facility since the time PETA served its notice of suit (PETAT pleads this in its Counterclaim; see Counterclaim at ¶¶ 44-48) and that another has passed away during the course of litigation. This adds nothing other than a legal defense based on a state of facts known to all parties.

Finally, PETA cannot reasonably argue that it is prejudiced by Affirmative Defense No. 22, stating that the removal of Casey's animals might represent a "taking" of the animals under the Endangered Species Act. PETA, in its Counterclaim, seeks to have the Court order Casey to transfer the animals at issue to a new facility that PETA believes will meet the appropriate legal standards for the care of the animals. The removal of the animals from Casey's facility is at the heart of what PETA has sought from the beginning of this case. PETA cannot contend that Casey should not be allowed to argue that the transfer that PETA itself has proposed might be harmful to the chimpanzees at issue. PETA has created this issue and bears the burden of showing that any alternative arrangement for their care is compliant with the dictates of the Endangered Species Act and the regulations under the Animal Welfare Act. Again, the defense only better articulates an issue that has necessarily been a part of this case from the beginning.

At its heart, PETA's opposition to the timely Motion for Leave to File First Amended Answer is nothing more than a way for PETA to reargue its Motion to Compel a continued deposition of Casey. As discussed in Casey's response to that Motion, PETA has already exceeded the presumptive time limitations on Casey's deposition, and PETA has not shown how any further examination of Casey is warranted.

The Court should grant Casey's timely Motion for Leave to File First Amended Answer. PETA will suffer no prejudice with respect to this proposed First Amended Answer in this case because the proposed additional Affirmative Defenses do not inject new issues in this case. Such leave should be granted freely. Fed. R. Civ. P. 15(a)(2).

WHEREFORE, Counterclaim Defendant Connie Casey prays that this Court grants her Motion for Leave to File her First Amended Answer, and for such other and further relief this Court deems necessary and proper under the circumstances.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC.

BY:    /s/ Victor H. Essen, II
Debbie S. Champion,    #38637MO
Victor H. Essen, II,    #57629MO
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorney for Plaintiff/Counter-Defendant Connie Braun Casey*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent by email and the Court's electronic filing system on this 17th day of January 2019 to:

Martina Bernstein
PETA FOUNDATION
1536 16th Street NW
Washington, DC 20036
202-483-7382 / FAX: 202-540-2208
martinab@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Marissa Lauren Curran
James P. Martin
Kelly J. Muensterman
POLSINELLI PC
100 S. Fourth Street, Ste. 1000
St. Louis, MO 63102
314-889-8000 / FAX: 314-231-1776
mcurran@polsinelli.com
jmartin@polsinelli.com
kmuensterman@polsinelli.com
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Jared S. Goodman
PETA FOUNDATION
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-210-2266 / FAX: 213-484-1648
jaredg@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Geordie L. Duckler
9397 SW Locust St.
Tigard, OR 97223
503-546-8052
geordied@animallawpractice.com
*Attorney for Andrew Sawyer*

Patrick John Hanley
214 E. Fourth Street
Covington, KY 41011
859-240-5080 / FAX: 859-431-2194
p.hanley@att.net
*Attorney for Vito Stramaeglia*

                                                /s/ Victor H. Essen, II