UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) Case No. 4:16-cv-02163 ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) |

**COUNTERCLAIM PLAINTIFF ANGELA SCOTT'S MOTION FOR LEAVE TO TESTIFY REMOTELY, PURSUANT TO RULE 30(b)(4)**

Pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff Angela Scott a/k/a Angela G. Cagnasso ("Scott") hereby moves for an order allowing her to be deposed remotely via video-conference.

In support of this motion, Scott states as follows:

1. The Federal Rules of Civil Procedure expressly contemplate that depositions may be taken by remote means. "The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).

2. The party filing a Rule 30(b)(4) motion "must establish a legitimate reason" why the deposition should be taken by remote means. *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008). "Generally, leave to take depositions by remote electronic means should be granted liberally." *Id.* (citing *Jahr v. IU Int'l Corp.,* 109 F.R.D. 429, 431 (M.D.N.C.1986); *Robertson v. Vandt,* No. 1:03-cv-6070, 2007 WL 404896 (E.D.Cal. Feb. 2, 2007)).

3. "[A] Rule 30(b)(4) motion should be granted absent a showing of prejudice to another party." *Clinton v. California Dep't of Corr.*, No. CIVS051600LKKCMKP, 2009 WL 210459, at *4 (E.D. Cal. Jan. 20, 2009).

4. As the party opposing Scott's Rule 30(b)(4) request, Casey bears the burden of showing that she will suffer prejudice if Scott's deposition is conducted remotely. *See, e.g., Johnson v. Sager*, No. C11-1117-RSM-JPD, 2012 WL 213471, at *1 (W.D. Wash. Jan. 24, 2012).

5. For the reasons demonstrated in the accompanying Declaration of Jared Goodman ("Goodman Decl.") and Memorandum, Scott has legitimate reasons why her deposition should be taken by remote means, and requiring Casey's counsel to take the deposition in such a manner will not prejudice Casey.

6. Scott's counsel made several attempts to obtain Casey's consent to conduct the deposition via video-conference. Most recently, on January 18, 2019, at 1 p.m., Scott's counsel Martina Bernstein and Jared Goodman conferred by telephone with Casey's counsel Victor Essen. Goodman Decl. ¶ 3. Casey's counsel rejected Scott's request to testify via videoconference, giving as the sole reason the fact that Scott is "prosecuting" her counterclaims in Missouri. *Id.* ¶ 4. Later that day, Casey served a Notice of Deposition, requiring Scott to appear in St. Louis on February 8. *Id.*, Ex A.

**WHEREFORE,** Scott respectfully requests that the Court enter an Order in the form submitted herewith, granting Scott leave pursuant to 30(b)(4) to testify remotely via videoconference instead of having to appear in person.

Dated: January 19, 2019                    Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 19, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

>Debbie Champion, dchampion@rssclaw.com
>Victor H. Essen, vessen@rssclaw.com
>*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*
>
>Geordie Duckler, geordied@animallawpractice.com
>*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

              /s/ Jared S. Goodman