UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | )<br>)<br>) |
| Plaintiffs and<br>Counterclaim Defendants, | )<br>)<br>) |
| v. | )     Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL<br>TREATMENT OF ANIMALS, INC., et al., | )<br>)<br>)<br>) |
| Defendants and<br>Counterclaim Plaintiffs. | )<br>) |

**MEMORANDUM IN SUPPORT OF COUNTERCLAIM PLAINTIFF ANGELA SCOTT'S MOTION FOR LEAVE TO TESTIFY REMOTELY, PURSUANT TO RULE 30(b)(4)**

Defendant and Counterclaim Plaintiff Angela Scott a/k/a Angela G. Cagnasso ("Scott") moves for an order, pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, allowing her to be deposed remotely via video-conference.

"Depositions by remote means are not unusual, given the strides of technology." *Delgado v. Magical Cruise Co., Ltd.*, No. 615CV2139ORL41TBS, 2017 WL 2346215, at *2 (M.D. Fla. May 30, 2017), *recons. den.*, No. 615CV2139ORL41TBS, 2017 WL 3131443 (M.D. Fla. July 24, 2017). What *is* unusual, however, is that Scott is forced to seek leave from the Court to testify remotely—given that she resides in Maryland and did not initiate this action in this Court, that the burden of having to testify in person would be great, and that effective and convenient alternatives are available for Plaintiff and Counterclaim Defendant Connie Braun Casey ("Casey") to obtain Scott's testimony. As one federal court has pointed out, "in the modern age these types of disputes are usually not necessary because depositions are now readily taken

inexpensively by internet video (e.g., Skype)." *Balu v. Costa Crociere S.P.A.*, No. 11-60031-CIV, 2011 WL 3359681, at *2 (S.D. Fla. Aug. 3, 2011).

Regrettably, Casey has made this motion necessary because she would not accept Scott's reasonable proposal to testify via videoconference, but insisted that Scott appear in person—even after being advised this this would require Scott to undertake an arduous road trip, and spend several days and nights away from home.

## I. FACTUAL BACKGROUND

Scott resides in Gaithersburg, Maryland. Declaration of Jared Goodman, ¶ 2. It is difficult for her to travel to St. Louis, Missouri, because she has a fear of flying. *Id.* Scott's counsel informed Casey's counsel of this fact. *Id.* ¶ 3. In order to appear in person, Scott would have to travel approximately 1,600 miles round trip in freezing winter weather and potentially dangerous driving conditions. *Id.* ¶ 5. By way of example, the Court may take judicial notice of the fact that on January 19, 2019, a continued winter weather warning/advisory remained in effect for the St. Louis area, and the National Weather Service cautioned:

> Snow has overspread a good portion of southeast Missouri and southwest Illinois. Areas of moderate to heavy snow along with falling temperatures have resulted in quick accumulations, snow covered roads, and hazardous travel conditions. Strong and gusty northerly are also producing wind driven snow limiting the visibility and adding to travel difficulties.

Nat'l Oceanic and Atmospheric Admin., Nat'l Weather Serv., Winter Radar Update (Jan. 19, 2019, 12:57 PM), https://www.weather.gov/lsx/weatherstory. Conditions are no better in Scott's home town of Gaithersburg, where a winter weather advisory remains in effect for snow and ice. Nat'l Oceanic and Atmospheric Admin., Nat'l Weather Serv., Hazardous Weather Outlook (Jan. 19, 2019, 2:01 PM), https://www.weather.gov/ (enter "Gaithersburg, MD"; then follow "Hazardous Weather Outlook" hyperlink). Indeed, there is a Winter Storm Warning across

virtually the entire distance that Scott would be required to travel, including "[h]eavy snow up to 18 inches from the Ohio Valley to the Northeast, and ice up to a quarter of an inch." *Id.* ("Powerful Storm to Impact Eastern Third of U.S. this weekend," and map dated Jan. 19, 2019, 20:23 UTC). In addition to exposing herself needlessly to such potentially hazardous conditions, Scott would be forced to miss several days of work and spend several days and nights, including the weekend, away from home. *Id.* ¶ 5.

Casey's counsel rejected Scott's request to testify via videoconference, giving as the sole reason the fact that Scott is "prosecuting" her counterclaims in Missouri. On January 18, Casey served a Notice of Deposition, requiring Scott to appear in St. Louis on February 8. *Id.* ¶ 4, Ex. A.

## II.     APPLICABLE LAW

The Federal Rules of Civil Procedure expressly contemplate that depositions may be taken by remote means. "The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The party filing a Rule 30(b)(4) motion "must establish a legitimate reason" why the deposition should be taken by remote means. *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008). "Generally, leave to take depositions by remote electronic means should be granted liberally." *Id.* (citing *Jahr v. IU Int'l Corp.,* 109 F.R.D. 429, 431 (M.D.N.C.1986); *Robertson v. Vandt,* No. 1:03-cv-6070, 2007 WL 404896 (E.D.Cal. Feb. 2, 2007)). "[A] Rule 30(b)(4) motion should be granted absent a showing of prejudice to another party." *Clinton v. California Dep't of Corr.*, No. CIVS051600LKKCMKP, 2009 WL 210459, at *4 (E.D. Cal. Jan. 20, 2009).

As the party opposing Scott's Rule 30(b)(4) request, Casey bears the burden of showing that she will suffer prejudice if Scott's deposition is conducted remotely. *See, e.g., Johnson v.*

*Sager*, No. C11-1117-RSM-JPD, 2012 WL 213471, at *1 (W.D. Wash. Jan. 24, 2012). For the reasons demonstrated below, Scott has legitimate reasons why her deposition should be taken by remote means, and requiring Casey's counsel to take the deposition in such a manner will not prejudice Casey. Therefore, leave to allow Scott to testify via videoconference should be granted.

III. ARGUMENT

1. **The Presumptive Place of Deposition for Scott is Her Place of Residence or Employment**

The only reason given by Casey's counsel for insisting that Scott testify in person in St. Louis is that she is litigating her counterclaims in this forum. This argument ignores the facts and the law. There is a general presumption that a plaintiff should be required to testify in the district where an action is pending. This "is based on the rationale that the plaintiff has selected the forum and should not be heard to complain about having to appear there for a deposition." *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012). That presumption, however, "may be 'weake[ned] where the plaintiff was constrained to file suit in a particular forum.'" *Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y. 2017) (quoting *Aly*, 320 F.R.D. at 118). The presumption does not apply here because it was Casey and her co-plaintiffs—not Scott—who chose this forum in their tactical race to the courthouse. [*See* ECF No. 12, at 7-10.]

The presumptive place for Scott's deposition is her place of residence or employment. *See, e.g. Grey v. Cont'l M ktg. Associates, Inc.,* 315 F.Supp. 826, 832 (N.D.Ga.1970) ("the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection the objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience"); *Robert Smalls Inc. v. Hamilton*, 2010 WL 2541177, at *1 (S.D.N.Y.

4

2010) ("courts presume that a deposition of a non-resident defendant should generally be conducted in the district where the defendant lives or works"). The fact that Scott filed a compulsory counterclaim does not alter this presumption. "If a counterclaim is compulsory, a defendant remains entitled to protection from deposition anywhere but his or her residence or business location." *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982); *see also, e.g., Marana Aerospace Sols. Inc. v. W. Glob. Airlines LLC*, No. CV-16-00142-TUC-RM, 2016 WL 9343166, at *3 (D. Ariz. June 24, 2016); *In re Prof'l Veterinary Prod., Ltd.*, No. ADV A11-8083-TJM, 2012 WL 3778945, at *2 (Bankr. D. Neb. Aug. 30, 2012) (noting that "defendants would be deterred from filing counterclaims if they were required to submit for examination at the forum site. Such deterrence would unnecessarily duplicate efforts and thwart the goals of economy and expediency").

Where, as here, a "plaintiff notices a defendant's deposition in a place other than defendant's place of residence and defendant objects, the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the Court to suspend the general rule and to order that depositions be held in the other location." *Sloniger v. Deja*, No. 09CV858S, 2010 WL 5343184, at *4 (W.D.N.Y. Dec. 20, 2010) (internal quotations and citations omitted). No such peculiar circumstances exist here. Therefore, Scott's motion should be granted.

   **2. Good Grounds Exist For Permitting Scott To Testify Remotely**

Even assuming *arguendo* that merely by asserting compulsory counterclaims against Casey, Scott is deemed a "plaintiff" for purposes of Rule 30(b)(4), this motion should still be granted. The presumption for deposing a plaintiff in the district where the case is pending is rebuttable. It can be overcome upon a showing of "legitimate reason" for a Rule 30(b)(4) motion—and such a motion will be granted if the party opposing the motion cannot establish

why the depositions should not be conducted in this manner. *Abad v. Maxum Petroleum Operating Co.*, No. MO16CV00001RAJDC, 2016 WL 11261306, at *3–4 (W.D. Tex. Sept. 26, 2016). "[I]f a plaintiff demonstrates hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum may yield to the particular exigencies of the particular case." *Ramirez v. Peters*, No. 1:08-CV-2686-RWS-SSC, 2009 WL 10664927, at *3 (N.D. Ga. May 15, 2009) (internal quotations and citation omitted).

For example, in *Abad*, the court found that "Plaintiffs have established legitimate reason to request that the depositions of those Plaintiffs who reside 300 or more miles away be taken via telephone or video-conferencing." *Abad,* 2016 WL 11261306, at *3–4. The court held that the plaintiffs demonstrated "undue burden and expense placed on Plaintiffs residing 300 or more miles away to appear for a live deposition." *Id.*; *see also, e.g., Lucas v. Mike McMurrin Trucking, Inc.,* No. C14-0116, 2015 WL 5611649, at *4 (N.D. Iowa Sept. 23, 2015) (allowing plaintiff to testify remotely to accommodate his medical condition); *Playboy Enterprises Int'l, Inc. v. Smartitan (Singapore) Pte. Ltd.,* No. 10 C 4811, 2011 WL 5598358, at *2 (N.D. Ill. Nov. 17, 2011) (finding that compelling witness "to travel in excess of thirty hours round-trip to be deposed in Chicago would place an unnecessary hardship upon him. Proceeding with the deposition via video-conference is the most economical solution, by eliminating the time, effort and expense inherent to travel).

Here, the hardship of traveling 1,200 miles in potentially dangerous winter conditions over several days clearly outweighs any prejudice to Casey, whose counsel did not even attempt to articulate *any* prejudice to Casey when conferring regarding this request.

### 3. Casey Will Not Be Prejudiced If Scott Is Permitted To Testify Remotely

"[C]ourts have universally recognized that depositions conducted remotely are a valid, reliable, efficient, and cost-effective method of obtaining required discovery without needless expense." *Uni-Sys., LLC v. U.S. Tennis Ass'n*, No. 17CV147KAMCLP, 2018 WL 1335354, at *4 (E.D.N.Y. Mar. 15, 2018); *see also, e.g., Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116, 119 (S.D.N.Y. 2017) (to avoid potential burden on travel, holding deposition by videoconference "is frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides"); *Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y. 2017) (same); *Balu v. Costa Crociere S.P.A.*, No. 11-60031-CIV, 2011 WL 3359681, at *2 (S.D. Fla. Aug. 3, 2011) ("The Court sees little reason here why a video-conferenced deposition of any corporate representative witnesses will not suffice"); *In re Willingham*, No. 3:11-AP-00269-JAF, 2014 WL 3697556, at *4 (Bankr. M.D. Fla. July 18, 2014) ("ample case law recognizes that a videoconference deposition can be an adequate substitute for an in-person deposition").

Scott should have the option of having her deposition taken by videoconference near her residence because Casey will not be prejudiced. For example, in *Packard v. City of New York*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018), the court found that any prejudice to defendant "of holding a [plaintiff's] deposition by videoconference seems to the Court to be minimal, since the City will be able to observe [the deponent's] demeanor through the video connection." *See also Connell v. City of New York*, 230 F.Supp.2d 432, 437 (S.D.N.Y. 2002) ("A video conference deposition should resolve any concerns defense counsel has over observing plaintiff's demeanor.").

Similarly, in *Cavalieri v. Avior Airlines C.A.*, No. 17-CV-22010, 2018 WL 4193690, at *1 (S.D. Fla. Apr. 25, 2018), the court declined to force defendant to testify in person at her

deposition, because "there was no evidence presented from which the Court could determine that the videoconference is not a viable option here." *See also Graham v. Ocwen Loan Servicing, LLC*, No. 16-80011-CIV, 2016 WL 7443288, at *2 (S.D. Fla. July 1, 2016) (noting that "[c]onducting Plaintiff's deposition via videoconferencing (as requested), therefore, would not compromise the integrity of the deposition and would be appropriate in this case").

Likewise here, nothing suggests that it is not a viable option for Casey's counsel to take Scott's deposition via videoconference, or that it would compromise the integrity or efficacy of her deposition.

**IV.    CONCLUSION**

For all these reasons, Scott requests that the Court enter an Order, in the form submitted herewith, granting this motion.


Dated: January 19, 2019                                Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000

St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on January 19, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

    Debbie Champion, dchampion@rssclaw.com
    Victor H. Essen, vessen@rssclaw.com
    *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

    Geordie Duckler, geordied@animallawpractice.com
    *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

                                    /s/ Jared S. Goodman