IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiff, | ) ) |
| v | ) Case No: 4:16-cv-2163-CDP ) ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al. | ) ) ) ) ) |
| Defendant. | ) |

## COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY'S MEMORANDUM IN OPPOSITION TO COUNTERCLAIM PLAINTIFF ANGELA SCOTT'S MOTION FOR LEAVE TO TESTIFY REMOTELY, PURSUANT TO RULE 30(b)(4)

COMES NOW Counterclaim Defendant, Connie Braun Casey (hereinafter "Casey"), by and through undersigned counsel, and her Memorandum in Opposition to Counterclaim Plaintiff Angela Scott's Motion for Leave to Testify Remotely, Pursuant to Rule 30(b)(4) (hereinafter "Motion to Testify Remotely"), states as follows:

PETA and Scott's Motion for Leave to Testify Remotely should be denied. First, the general rule is that a plaintiff, such as Scott, must appear for his or her deposition in the forum where the litigation at issue is pending. Second, Scott is clearly a plaintiff in this matter for the purposes of the analysis. Third, PETA and Scott have produced no meaningful evidence of prejudice to either PETA or Scott in connection with Scott appearing in the Eastern District of Missouri for her deposition. Fourth, there is in fact prejudice to Casey in allowing Scott to give a deposition from Maryland. Finally, much of the law that PETA and Scott rely upon to support

their position is simply not persuasive on the issue before the Court. Consequently, the Court should deny the Motion.

First, the general rule for conducting depositions is that the defendant is entitled to examine the plaintiff in the forum where the plaintiff has chosen to sue. *Undraitis v. Luke,* 142 F.R.D. 675, 676 (N.D. Ind. 1992).

> Under the federal rules, the location of a deposition is first left to the party noticing the deposition—in this case, the defendant. And, ordinarily, the proper location of plaintiff's deposition is in the form where litigation is pending. However, hardships—whether financial, medical, or legal—may override this presumption when sufficiently demonstrated. In demonstrating a hardship, it is not sufficient that plaintiff's attorneys make naked assertions rather, well prepared and complete affidavits are necessary to corroborate and give substance to the attorneys' assertions. *Warren v. UPS Ground Freight, Inc.*, No. 1:18-CV-00007-SNLJ, 2018 WL 6082955, at *2 (E.D. Mo. Nov. 21, 2018) (internal quotations and citations omitted).

The presumptive rule is that a plaintiff must appear in the forum where the litigation is pending barring some set of truly exigent, documented circumstances in a case. Even the cases that PETA and Scott cite acknowledge this. For example, *Ramirez v. Peters,* No. 1:08-CV-2686-RWS-SSC, 2009 WL 10664827, at *3 (N.D. Ga. May 15, 2009), plainly states that generally "a defendant is entitled to depose a plaintiff in the forum where the case is pending." In addition, counsel for Casey has not found any case originating from the Eighth Circuit that imposes some standard under Fed. R. Civ. P. 30(b)(4) different than the one set out above. There is no reason to treat such a motion differently than any other motion for protective order where a plaintiff seeks to avoid appearing in the forum where the litigation is pending.

Second, PETA and Scott are for all practical purposes the plaintiffs in this case. The only remaining claim in this case is the claim that PETA and Scott have brought under the Endangered Species Act against Casey. Furthermore, although Casey initially commenced this litigation. Casey's claim was defensive in nature. Casey had already received the mandatory

written notice of intent to sue from PETA and Scott under 16 U.S.C. § 1540(g)(2)(A)(i) of the Endangered Species Act. *See* Complaint [Dkt No. 1] at p. 4, ¶ 11 and Exhibit A attached thereto (Notice of Intent to File Suit dated November 2, 2016 and Complaint filed on December 30, 2016). PETA and Scott had already announced their intent to sue Casey and necessarily would have to bring that suit in the United States District Court for the Eastern District of Missouri, where everyone acknowledges that Casey resides and the chimpanzees at issue reside. It is evident that even PETA and Scott consider themselves the plaintiffs in this matter in that they refer to themselves as "plaintiffs" in their own filings in this case. *See e.g.,* Reply Memorandum in Support of Counterclaim Plaintiffs' Second Motion to Compel the Deposition of Counterclaim Defendant Connie Braun Casey [Dkt. No. 140] at pp. 2 and 3. The Court should treat PETA and Scott as the plaintiffs for the purposes of analyzing this issue. PETA and Scott should not be allowed to rely on the caselaw addressing defendants' rights to give depositions in the forum where they reside—which is far from absolute in its own right.

Third, PETA and Scott have produced no meaningful evidence of prejudice on the part of PETA or Scott in allowing Scott's deposition to go forward in the Eastern District of Missouri. As noted above, "it is not sufficient that plaintiff's attorneys make naked assertions rather, well prepared and complete affidavits are necessary to corroborate and give substance to the attorneys' assertions." *Warren*, No. 1:18-CV-00007-SNLJ, 2018 WL 6082955, at *2 (internal quotations and citations omitted). Here, the Court has nothing but the naked assertions of counsel that Scott has a fear of flying that somehow prevents her from traveling. The Court has nothing more than the declaration from counsel attached to the Motion. Further, counsel for PETA and Scott attempt to bolster their position with idle speculation that Scott will not be able to drive from Maryland to Missouri because there could be winter weather conditions that might

make such travel more difficult. The position of counsel for PETA and Scott is unpersuasive. Initially, it should be noted that there are a range of options available to Scott if she desires to avoid flying and driving on her own. There are trains and buses that routinely go between St. Louis, Missouri and the Maryland. PETA and Scott have not explained why either of those alternatives would not be viable options.

More importantly, though, PETA and Scott's position—that it is unduly burdensome for Scott to present herself in the Eastern District of Missouri for a deposition—is belied by the conduct of PETA and Scott in connection with this matter. It should be noted that Scott would not be able plausibly claim the "aesthetic injury" she currently claims in this matter if she had not spent significant time in the Eastern District of Missouri forming some alleged bond and/or affection for the chimpanzees at issue in this case. Furthermore, Scott has participated in undercover recording and filming of both Casey and her facility in coordination with PETA purely for the purposes of preparing for the instant litigation.[1] *See* PETA's Answers to Interrogatories at Interrogatory No. 7 attached hereto as Exhibit A (acknowledging Scott's 2016 "visit" to Casey's residence). It is evident that Scott can travel to the Eastern District of Missouri when it serves her purposes.

Fourth, there is a prejudice to Casey if Scott's deposition is not conducted in an in-person setting in the Eastern District of Missouri. Anyone who has taken a deposition is aware that it is mechanically easier and more effective when all parties are physically present in the same place. However, the real burden to Casey in this case is the needless expense that she is being forced to incur merely to discover what Scott will testify to in this case and to learn first-hand the details of the accusations Scott is making against Casey. Casey either needs to pay for her attorneys to

---

[1] Casey will submit copies of the video recordings to the Court if the Court deems them necessary for review in connection with this Motion. As the Court is no doubt aware, there is not a simple way to attach video files as an exhibit to a filing using the ECF system.

travel to Maryland area to take the deposition of Casey, or she must incur the expense of a more complex videoconferencing service to take an effective deposition of Scott.

Finally, much of the law upon which PETA and Scott rely does not persuasively support their position. For instance in *Ramirez*, the court actually found that traveling from Texas to Atlanta, Georgia for a deposition was not an unreasonable burden to impose on a plaintiff. No. 1:08-CV-2686-RWS-SSC, 2009 WL 10664827, at *3. PETA and Scott also cite *Playboy Enterprise Int'l, Inc. v. Smartitan (Singapore) Pte. Ltd.,* arguing that "to travel in excess of thirty hours round-trip to be deposed in Chicago would place an unnecessary hardship on him." No. 10 C 4811, 2011 WL 5598358 at *2 (N.D. Ill. Nov. 17, 2011). PETA and Scott do not explaint that the witness in question was the defendant's corporate representative who would be traveling from Hong Kong to Chicago and had never flown out of the country for business related matters before. *Id.* PETA and Scott also cite *Packard v. City of New York*, to argue that a videoconference deposition would cause minimal prejudice "since the City will be able to observe [the deponent's] demeanor through the video connection. 326 F.R.D. 66, 68 (S.D.N.Y. 2018). Again, PETA and Scott omit the fact that the Court ruled to allow a video conference in part because the party to be deposed was from in Taiwan. Cases such as this are simply not analogous to the case that confronts the Court here.

WHEREFORE, Counterclaim Defendant Connie Braun Casey prays that this Court deny Scott's Motion to Testify Remotely in its current form and, for such other and further relief as this Court deems necessary and proper under the circumstances.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC.

BY:    /s/ Victor H. Essen, II
Debbie S. Champion,    #38637MO
Victor H. Essen, II,    #57629MO
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorney for Plaintiff/Counter-Defendant Connie Braun Casey*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent by email and the Court's electronic filing system on this 28th day of January 2019 to:

Martina Bernstein
PETA FOUNDATION
1536 16th Street NW
Washington, DC 20036
202-483-7382 / FAX: 202-540-2208
martinab@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Marissa Lauren Curran
James P. Martin
Kelly J. Muensterman
POLSINELLI PC
100 S. Fourth Street, Ste. 1000
St. Louis, MO 63102
314-889-8000 / FAX: 314-231-1776
mcurran@polsinelli.com
jmartin@polsinelli.com
kmuensterman@polsinelli.com
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Jared S. Goodman
PETA FOUNDATION
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-210-2266 / FAX: 213-484-1648
jaredg@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Geordie L. Duckler
9397 SW Locust St.
Tigard, OR 97223
503-546-8052
geordied@animallawpractice.com
***Attorney for Andrew Sawyer***

Patrick John Hanley
214 E. Fourth Street
Covington, KY 41011
859-240-5080 / FAX: 859-431-2194
p.hanley@att.net
***Attorney for Vito Stramaeglia***

                                                /s/ Victor H. Essen, II