UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) ) |

## OBJECTIONS AND RESPONSES TO COUNTERCLAIM DEFENDANT CONNIE CASEY'S FIRST INTERROGATORIES DIRECTED TO COUNTERCLAIM PLAINTIFF PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.

Counterclaim Plaintiff People for the Ethical Treatment of Animals ("PETA" or "Responding Party") hereby submits its objections and responses to Counterclaim Defendant Connie Casey's First Interrogatories Directed to Counterclaim Plaintiff People for the Ethical Treatment of Animals, Inc.

### RESERVATION OF RIGHTS

1. These responses and objections to the Interrogatories (collectively, the "Responses") are based upon Responding Party's investigation to date, knowledge, and belief. These Responses are given without prejudice to subsequent revision, supplementation, or withdrawal based upon any information, evidence, and/or document that hereinafter may be discovered or determined.

2. These Responses were prepared based upon Responding Party's good faith interpretation and understanding of the individual Interrogatories and are subject to correction for inadvertent errors or omissions, if any.



Subject to, and without waiving, the foregoing objections, Responding Party states that it is not aware of any non-privileged statements that have been obtained from any persons that have not been produced in discovery, including PETA-01570-84, 01979-85.

7. **RELATIONSHIP BETWEEN PETA AND ANGELA SCOTT**

    **State the nature of PETA's relationship with Angela Scott, including:**

    **(a) Any payments (monetary or other value) made, or promised, by PETA to Ms. Scott including:**

        (i)    The date of payment
        (ii)   Reason for payment
        (iii)  Form of payment
        (iv)  Amount of payment

    **(b) Any agreements, written or oral, made between PETA and Ms. Scott**
    **(c) The date, or approximate date, when PETA and Ms. Scott were first acquainted**

**ANSWER:**

Responding Party reiterates and incorporates the General Objections stated above. Responding Party specifically objects to this Interrogatory and its discreet subparts on the ground that much of the requested information is not proportional to the needs of the case because, at least in part, the proposed discovery is not important in resolving the issues in the action, and the burden or expense of providing the requested information outweighs its likely benefit. Responding Party moreover objects to the extent the Interrogatory seeks information protected by the Common Interest Doctrine, Joint Defense Doctrine, attorney client privilege, or the work product doctrine.

Subject to, and without waiving, the foregoing objections, Responding Party states that it and Angela Scott were co-defendants, and are currently co-counterclaimants, in this matter. Responding Party further states that it was first acquainted with Angela Scott in May 2016. *See* PETA-01177. On August 1, 2016, Responding Party issued a one-time reimbursement to Ms. Scott

13

for charges she incurred for a hotel room and rental car for her visit to Missouri Primate Foundation, totaling $490.66.

8. **CLAIMS AND LAWSUITS**

Has PETA and/or Angela Scott filed any other lawsuits under the provisions of the Endangered Species Act that allow for citizen suits and injunctive relief for violations of the Endangered Species Act? If your answer is "YES" to this question, please state the following for each claim or lawsuit:

    (a)    The date filed or lodged;
    (b)    The nature or type of lawsuit or claim;
    (c)    The name of the court, commission, or other body in which the claim or lawsuit was brought;

**ANSWER:**

Responding Party reiterates and incorporates the General Objections stated above. Responding Party specifically objects to this interrogatory and its discrete subparts, on the ground that it exceeds the number permitted by Rule 33(a)(1) and the Court's Scheduling Plan.

Responding Party also objects on the ground that the requested information is not proportional to the needs of the case because the proposed discovery is not important in resolving the issues in the action, and the burden or expense of providing the requested information outweighs its likely benefit since the interrogatory is unlimited as to period of time and the provisions of the Endangered Species Act (ESA) under which lawsuits were filed. Responding Party further objects to this Interrogatory to the extent it would require Responding Party to search for and provide information that is already in the possession of Defendants, equally obtainable from third parties, or from some other source than Responding Party.

Subject to, and without waiving, the foregoing objections, Responding Party states that it is not aware that Angela Scott filed any other lawsuits under the provisions of the ESA.