UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MISSOURI PRIMATE FOUNDATION, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs and Counterclaim Defendants, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:16-cv-02163 |
|  | ) |  |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) |  |
|  | ) |  |
| Defendants and Counterclaim Plaintiffs. | ) |  |

**REPLY MEMORANDUM IN SUPPORT OF COUNTERCLAIM PLAINTIFF ANGELA SCOTT'S MOTION FOR LEAVE TO TESTIFY REMOTELY, PURSUANT TO RULE 30(b)(4)**

Casey failed to overcome the "initial presumption" that as a defendant, Scott should be deposed at Scott's place of residence. *Handshoe v. Perret*, No. 1:15-CV-382-HSO-JCG, 2018 WL 3983805, at *1 (S.D. Miss. June 22, 2018) (internal quotations and citation omitted). Nor has Casey established any unfair prejudice to her if the Court grants leave to Scott to testify remotely via videoconference. Therefore, Scott's motion pursuant to Rule 30(b)(4) should be granted.

### A. Casey, Not Scott, Is The Plaintiff Who Chose To Sue In This Forum

There are two fundamental flaws in Casey's assertion that Scott should be treated like a "plaintiff" who has "chosen" to sue in this forum. First, it was Casey who arrogated to herself the role of plaintiff—even boasting to this Court about "the fact that instead of being the named plaintiff, the position in which it [PETA] is used to serving, it is now a defendant," by virtue of Casey having won the race to the courthouse. [ECF No. 17, at 1.] Casey, having made the

strategic decision that she would play the role of plaintiff, should not now be allowed to now disavow the consequences of that decision.

Second, Casey's reliance on the 60-day notice letter demonstrates a misunderstanding of the purpose of that letter. The purpose of giving notice is to allow parties to avoid the need for litigation, by giving "the alleged violator 'an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.'" *Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 650 (9th Cir. 2015) (quoting *Hallstrom v. Tillamook Cty.,* 493 U.S. 20, 29 (1989)). It "provides an opportunity for settlement or other resolution of a dispute without litigation." *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998).

Notwithstanding this clear purpose, Casey ignored the 60-day window in order to gain the perceived advantage of serving as the plaintiff and forcing PETA and Scott into the role of defendants. District courts have found that "[w]hen a declaratory judgment action is filed 'within the response period provided in a recent cease-and-desist letter,' it may be found that the plaintiff acted in bad faith." *Internet Transaction Sols., Inc. v. Intel Corp.*, No. 2:06-CV-035, 2006 WL 1281654, at *7 (S.D. Ohio May 8, 2006) (citation omitted). Specifically with regard to a 60-day notice period, in *Sealco Int'l, Inc. v. Control De Deschechos Industriales Y Monitoreo Ambiental, S.A.*, No. 3:99-CV-2915-H, 2000 WL 380251, at *5 (N.D. Tex. Apr. 13, 2000), the court declined jurisdiction where the plaintiff sought a declaration that it had done nothing to subject it to liability just prior to the expiration of a 60-day notice period, finding "most salient" "the inequitable result" from letting the plaintiffs circumvent the purpose of the notice requirement "to gain precedence in time and forum selection.").

Casey does not dispute that by disavowing the purpose of the notice period and seizing the role of plaintiff for herself, she deprived Scott of the option to obtain an out of court resolution—leaving Scott with no alternative but to assert her claims as compulsory counterclaims to Casey's declaratory judgment and defamation lawsuit. Where, as here, "a counterclaim is compulsory, a defendant remains entitled to protection from deposition anywhere but his or her residence or business location." *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982); *see also, e.g., Marana Aerospace Sols. Inc. v. W. Glob. Airlines LLC*, No. CV-16-00142-TUC-RM, 2016 WL 9343166, at *3 (D. Ariz. June 24, 2016). Casey presented no good cause for stripping Scott of those protections here.

**B. Scott's Previous Visits To Ms. Casey's Facility Do Not Overcome The Presumption That Scott Should Be Deposed At Her Place of Residence**

Just because Scott previously visited Casey's facility does not overcome the presumption that Scott is protected from deposition anywhere but her place of residence.

Even if Scott had been the plaintiff in this case and Casey the defendant, this motion for leave should still be granted. "Ordinarily, a defendant is entitled to examine a plaintiff in the forum where plaintiff has chosen to sue. Where special circumstances are shown that outweigh any prejudice to the defendant, a court will exercise its discretion to designate a different place for the deposition." *McKinzie v. Brown*, No. 4:09CV627 FRB, 2010 WL 750069, at *1 (E.D. Mo. Mar. 2, 2010). Clearly, such circumstances exist here.

Casey's reliance on Scott's previous visits to the Missouri facility, including while living at the facility and otherwise in Missouri [ECF No. 23 ¶¶ 16-17], overlooks that Scott's burden of having to travel to St. Louis goes beyond the "mere" time and inconvenience of being absent from home and work for many days to drive 1600 miles round trip from her home in Gaithersburg—but specifically pertains to hazardous travel conditions during sub-freezing

3

temperatures, of the type evidenced in Scott's opening brief. There is no evidence that Scott previously voluntarily undertook a similar trip under such patently arduous and hazardous conditions. Therefore, no basis exists to compel her to do so now, especially since reasonable alternatives exist for Casey to obtain Scott's testimony—either by having her counsel travel to Scott's place of residence, or by allowing Scott to testify via video conference.[1]

### C. Casey Has Not Demonstrated Any Cognizable Prejudice If Scott Is Granted Leave to Testify Remotely

Furthermore (and still assuming, *arguendo*, that the Court were to indulge in Casey's fiction that Scott is the "plaintiff"), one additional reason exists to grant Scott leave to testify remotely: the lack of any demonstrated prejudice to Casey. For example, in *McKinzie v. Brown*, No. 4:09CV627 FRB, 2010 WL 750069, at *1 (E.D. Mo. Mar. 2, 2010), the court found that plaintiff's disability and financial circumstances constituted "special circumstances . . . that outweigh any prejudice to the defendant," and, "[u]nder these circumstances, the Court will order that the deposition of plaintiff, if it be taken in person, be held near plaintiff's residence."

In her brief, Casey identified no competent evidence of prejudice to herself or her counsel if this motion is granted. Even if it were "mechanically easier and more effective when all parties are physically present in the same place," as Casey speculates (ECF No. 145 at p. 4), such minor logistical factors hardly rise to the level of prejudice that would outweigh the demonstrated burdens to Scott—and, indeed, would substantially undermine the very existence of Rule 30(b)(4). Casey has presented <u>no</u> facts from which this Court could find that the effectiveness of her attorneys' questioning would be diminished if Scott were deposed via video conference.

---

[1] Whether "[t]here are trains and buses that routinely go between St. Louis, Missouri and the [sic] Maryland," *id.*, is not a matter that can be determined from the record, nor does Casey even allege that it would reduce the burden and length of travel; as such, this claim by Casey carries no weight.

Indeed, Casey concedes that the only obstacle to an effective deposition is the imaginary expenses and complexities of a "videoconferencing service [needed] to take an effective deposition of Scott." [ECF No. 135, at 5.]

Since Casey presented no evidence to support the claimed expense and complexity of setting up a video conference deposition, the claim is entitled to no credence. Additionally, contrary to Casey's idle musings about unidentified complexities and expenses, several district courts have recognized the "marginal difference" in effectiveness and that videoconference depositions can be conducted for "free or [at] low-cost."[2] Casey's purely speculative burdens are thus outweighed by the demonstrated actual hardships she would inflict by forcing Scott to travel to St. Louis on February 8.

\* \* \*

If Casey's counsel do not wish to travel to Maryland, that is their prerogative. But that does not warrant imposing the significant and unnecessary burdens and hazards upon Scott to testify in person at her noticed deposition. For all of these reasons, Scott respectfully request that she be granted leave to testify remotely from her place of residence.

Dated: January 29, 2019      Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW

---

[2] *Jibowu v. Target Corp.*, No. 17CV3875PKCCLP, 2018 WL 5282944, at *2 (E.D.N.Y. Sept. 17, 2018) (recognizing the "marginal difference between a live deposition and a video deposition"); *Nelson for Chirdo v. City of New York*, 77 N.Y.S.3d 262, 265 (N.Y. Sup. Ct. 2018) (recognizing that "programs such as Skype and Facetime" have made "the use of expensive equipment, quite obsolete" and are "an inexpensive means in which people can see and talk to one another in real time from remote locations"); *Balu v. Costa Crociere S.P.A.*, No. 11-60031-CIV, 2011 WL 3359681, at *2 (S.D. Fla. Aug. 3, 2011) ("depositions are now readily taken inexpensively by internet video (e.g., Skype)").

Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on January 29, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

    Debbie Champion, dchampion@rssclaw.com
    Victor H. Essen, vessen@rssclaw.com
    *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

    Geordie Duckler, geordied@animallawpractice.com
    *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

                                           /s/ Jared S. Goodman