IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No: 4:16-CV-2163-CDP ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al. | ) ) ) ) |
| Defendants. | ) |

## COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY'S MOTION FOR PROTECTIVE ORDER

COMES NOW Counterclaim Defendant Connie Casey (hereinafter "Casey"), by and through undersigned counsel, and for her Motion for Protective Order, and states as follows:

1. On or about December 31, 2018, Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (hereinafter collectively referred to as "PETA") served a Notice of Deposition for the corporate designee of Defendant Missouri Primate Foundation (hereinafter referred to as "MPF") pursuant to Fed. R. Civ. P. 30(b)(6). *See* Notice of Deposition attached hereto as Exhibit A.

2. MPF is a dissolved Missouri nonprofit corporation, and it is currently in default in this case. *See* Administrative Dissolution attached hereto as Exhibit B; Clerk's Entry of Default, Dkt. No. 61.

3. When MPF was still operating, MPF had extremely limited activities. *See* Excerpts of Deposition of Connie Casey attached hereto as Exhibit C; Excerpts of Douglas

Pernikoff Deposition attached hereto as Exhibit D; Excerpts of Deposition of Lisa Harned attached hereto as Exhibit E.

4. Of the board of directors, only Counterclaim Defendant Connie Casey (hereinafter referred to as "Casey") has any meaningful information concerning the corporation. . *See* Excerpts of Deposition of Connie Casey attached hereto as Exhibit C; Excerpts of Douglas Pernikoff Deposition attached hereto as Exhibit D; Excerpts of Deposition of Lisa Harned attached hereto as Exhibit E; 2016 Annual Registration Report attached hereto as Exhibit F.

5. Casey has already undergone a grueling deposition that exceeded the time limits that Fed. R. Civ. P. 30(d)(1) imposes on depositions that addressed, among other things, MPF and MPF's limited activities.[1] *See* Casey's Memorandum in Opposition to PETA's Motion to Compel a continued deposition of Casey, Dkt. No. 139.

6. Furthermore, PETA has directed extensive and burdensome written discovery to Casey, which also addressed the operations of MPF. *See* Casey's Memorandum in Opposition to Scott's Motion for Leave to Testify Remotely and attachments thereto, Dkt. No. 145.

7. The Notice of Deposition at issue will necessarily expose Casey to another multi-hour deposition rehashing testimony she has already given in this case because Casey is the only person who can reasonably act as a corporate designee of MPF.

8. The Notice of Deposition at issue also has no legitimate discovery purpose in this matter because MPF is dissolved, MPF is in default, and PETA has already been able to obtain any information that exists through other means.

9. Counsel for the parties have conferred regarding this matter and other discovery issues by phone on January 18, 2019 for approximately half an hour and failed to reach an agreement.

---

[1] Casey incorporates by reference the contents of that Response Memorandum in this Motion and Memorandum.

10. However, the parties following the call did make arrangements to avoid incurring further costs relative to the noticed corporate designee deposition based on Casey's stated intent to file a Motion for Protective Order. *See* E-Mail Correspondence attached hereto as Exhibit G.

11. Under Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 26(b)(2)(C), the Court has broad power to limit discovery that is unduly burdensome and/or has little value as a legitimate discovery tool.

12. Here, it is evident that Rule 30(b)(6) Notice of Deposition will impose a significant and unnecessary burden on Casey and that it has no legitimate discovery purpose in this matter.

13. Consequently, Casey is entitled to an order prohibiting PETA from pursuing the corporate designee deposition.

WHEREFORE, Counterclaim Defendant Connie Braun Casey prays that this Court grants Casey's Motion for Protective Order and, for such other and further relief as this Court deems necessary and proper under the circumstances.

                    RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC.

BY:    /s/ Victor H. Essen, II
       Debbie S. Champion,    #38637MO
       Victor H. Essen, II,     #57629MO
       500 North Broadway, Suite 1550
       St. Louis, MO 63102
       314-421-4430 / FAX: 314-421-4431
       dchampion@rssclaw.com
       vessen@rssclaw.com
       *Attorney for Plaintiff/Counter-Defendant*
       *Connie Braun Casey*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent by email and the Court's electronic filing system on this 30th day of January 2019 to:

Martina Bernstein
PETA FOUNDATION
1536 16th Street NW
Washington, DC 20036
202-483-7382 / FAX: 202-540-2208
martinab@petaf.org
***Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.***

Marissa Lauren Curran
James P. Martin
Kelly J. Muensterman
POLSINELLI PC
100 S. Fourth Street, Ste. 1000
St. Louis, MO 63102
314-889-8000 / FAX: 314-231-1776
mcurran@polsinelli.com
jmartin@polsinelli.com
kmuensterman@polsinelli.com
***Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.***

Jared S. Goodman
PETA FOUNDATION
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-210-2266 / FAX: 213-484-1648
jaredg@petaf.org
***Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.***

Geordie L. Duckler
9397 SW Locust St.
Tigard, OR 97223
503-546-8052
geordied@animallawpractice.com
***Attorney for Andrew Sawyer***

Patrick John Hanley
214 E. Fourth Street
Covington, KY 41011
859-240-5080 / FAX: 859-431-2194
p.hanley@att.net
***Attorney for Vito Stramaeglia***

                                                 /s/ Victor H. Essen, II