IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No: 4:16-CV-2163-CDP ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al. | ) ) ) |
| Defendants. | ) |

**COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY'S MEMORANDUM IN SUPPORT COUNTERCLAIM DEFENDANT CONNIE BRAUN CASEY'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Counterclaim Defendant Connie Casey (hereinafter "Casey"), by and through undersigned counsel, and for her Memorandum in Support to her Motion for Protective Order, and states as follows:

## I.   INTRODUCTION

Casey's Motion for Protective Order as to the Notice of Deposition of a corporate designee of Missouri Primate Foundation, Inc. (hereinafter "MPF") should be granted. Counterclaim Plaintiffs People for the Ethical Treatment of Animals and Angela Scott (hereinafter collectively referred to as "PETA") have served Rule 30(b)(6) notice of deposition with respect to MPF. *See* Notice of Deposition attached as Exhibit A. Given the state of the case and the relevant history concerning MPF, PETA's request for a corporate designee deposition of MPF is well beyond the scope of reasonable discovery. Consequently, Casey is entitled to a protective order under Fed. Rule. Civ. P. 26(c) and/or an order under Fed. R. Civ. P. 26(b)(2)(C) prohibiting the deposition of a corporate designee of MPF.

## II. BACKGROUND

This case involves PETA's claims against Casey under the Endangered Species Act, in which PETA seeks to have certain chimpanzees Casey owns removed from her custody. One of the defendants in this case is MPF. MPF a Missouri nonprofit corporation that Casey created in connection with her ownership of primates. MPF is now dissolved; and it is currently in default in this case, although no final default judgment has been entered against it. *See* Administrative Dissolution attached as Exhibit B; Clerk's Entry of Default, Dkt. No. 61; Court's Order of November 26, 2018, Dkt. No. 132. Based on the evidence in the record, it is clear that its operations were extremely limited and that any claim against it is largely irrelevant to the issues in this matter.

Nonetheless, PETA has had a reasonable opportunity to conduct discovery with respect to the operations of MPF. The record in this case is clear that Casey was essentially responsible for all significant aspects of MPF's management and operations, limited as they were, and that Casey would be the only person who could practically act as a corporate designee for MPF. *See* Excerpts of Deposition of Connie Casey attached as Exhibit C at pp. 18-22, 42-46; Excerpts of Deposition of Douglas Pernikoff attached as Exhibit D at pp. 6-15, 26-28; Excerpts of Deposition of Lisa Harned attached as Exhibit E at pp. 10-27  PETA has directed significant discovery to Casey concerning MPF's operations and spent considerable time questioning Casey about MPF and MPF's now discontinued operations in Casey's deposition. *See* Memorandum in Opposition to PETA's Motion to Compel continued deposition of Casey and attachments thereto, Dkt. No. 139.

Despite PETA's clear understanding that MPF is dissolved, that MPF is in default, and that Casey is the only meaningful source of information concerning the operations of MPF,

PETA served a Notice of Deposition for a corporate designee of MPF pursuant to Fed. R. Civ. P. 30(b)(6) identifying topics for deposition that have already been addressed through other discovery in this case.  As more fully set out in Casey's Response Memorandum in Opposition to PETA's Motion to Compel a continued deposition of Casey, Casey has been subjected to extensive, burdensome discovery directed to almost all aspects of her life and history of animal ownership, including MPF.[1]  This proposed corporate designee deposition is a further burden to Casey in a case that has involved many burdens.  It clearly has no meaningful discovery purpose because PETA has already been able to gather what information exists concerning MPF through other discovery directed to Casey.  The deposition appears to be a disguised attempt to reopen Casey's deposition, which already exceeded the limits imposed by the Federal Rules of Civil Procedure.

In light of the foregoing, Casey has communicated her objections to the deposition. PETA proceeded to notice the deposition.  Counsel for PETA and counsel for Casey have conferred by telephone in an effort to resolve this issue on January 18, 2019.  The conference failed to resolve the issues.  However, counsel for PETA and counsel for Casey were able to resolve issues concerning travel arrangements for the noticed deposition.  *See* Correspondence from Counsel for PETA attached hereto as Exhibit G.

### III.   ARGUMENT

Casey's Motion for Protective Order should be granted with respect to PETA's Rule 30(b)(6) notice of deposition directed to MPF.  The Court has the power to limit discovery in this case that is unduly burdensome relative to the potential benefit of the discovery under Fed. R. Civ. P. 26(c), which authorizes the issuance of protective orders, and Fed. R. Civ. P. 26(b)(2)(C), which allows the Court to limit unduly burdensome discovery.  A 30(b)(6) deposition of MPF

---

[1] Casey incorporates by reference the contents of that Response Memorandum in this Motion and Memorandum.

would clearly be unduly burdensome relative to its potential utility in this case. Any deposition of a corporate designee of MPF would be unduly burdensome to Casey because she is the only person who could give such a deposition, and Casey has already been deposed on all issues in this case for a period of time in excess of that allowed under Fed. R. Civ. P. 30(d)(1). More importantly, a further deposition of a corporate designee of MPF would have no utility as a discovery device in this matter. Ultimately, a corporate designee deposition of MPF is simply a thinly disguised attempt to reopen all the issues covered in Casey's prior deposition and to subject her unfairly to hours of additional questioning. Consequently, the Court should grant Casey's Motion for Protective Order.

The Court has broad power to limit unduly burdensome discovery when it would have no legitimate, useful discovery purpose under the provisions of Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 26(b)(2)(C). Under Fed. R. Civ. P. 26(c):

> A party may move for an order protecting disclosure or discovery, which is granted only upon a showing of good cause. *See* Fed.R.Civ.P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. In order to make the requisite showing of good cause, the moving party must make a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements. Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted. The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted. Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. The balance of relative hardships includes an assessment of any substantial detriment to a party caused by the inclusion or failure to include the protection at issue. Heller v. HRB Tax Grp., Inc., 287 F.R.D. 483, 485–86 (E.D. Mo. 2012) (internal citations and quotations omitted).

Similarly, Fed. R. Civ. P. 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

4

> **(i)** *the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive*;
>
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

These rules give the Court broad discretion to limit overly burdensome and cumulative discovery that has limited utility in advancing the claims and/or defenses in the case.

Casey is entitled to an order prohibiting the corporate designee deposition of MPF because the burden of a further deposition of Casey is great, and there is no legitimate discovery purpose in taking such a deposition. Initially, it should be noted that Casey is the only person who, as a practical matter, could act as the corporate designee for MPF. The record in the case makes it clear that the other directors and officers of MPF have little or no information to offer concerning MPF. For example, both Lisa Harned and Dr. Douglas Pernikoff were technically officers and directors of MPF. *See* Annual Registration Report attached as Exhibit F. However, they both testified that they have limited and/or no knowledge of the operations of MPF. See Exhibit D at at pp. 6-15, 26-28; Exhibit E at pp. 10-27. Casey is clearly the only person who is capable of serving as the corporate designee of MPF because she was most responsible for its limited operations. *See* Exhibit C at pp. 42-46.

Casey's Motion should be granted because Casey would suffer a significant burden in giving a further deposition as corporate designee of MPF in that she has already given a wide-ranging deposition that has exceeded the length allowed under the Federal Rules of Civil Procedure on the issues that would be raised in the MPF corporate designee deposition. As set out in the Casey's Response to PETA's Motion to Compel the continuation of Casey's deposition, Casey's deposition exceeded the length of time allowed under Rule 30(d)(1); and

5

Casey has objected to any continued or renewed examination in this matter. Moreover, Casey already testified regarding the issues that PETA seeks to address in its corporate designee deposition of MPF. In that notice, PETA seeks information concerning any meetings of the MPF directors, MPF's finances, and Casey's responses to Requests for Admission in this matter. *See* Exhibit A. In her October 29, 2018 deposition, Casey testified extensively about MPF, MPF's limited board activities, MPF's finances, and Casey's role with MPF. See Exhibit C at pp. 18-22, 42-46. For example, PETA questioned Casey concerning:

a. the limited formal activities of the board of directors of MPF. *See* Exhibit C at pp. 18-22;

b. the bank accounts of MPF and Casey's personal bank accounts. *See* Exhibit C at pp. 44-46;

c. the corporate formalities MPF observed with respect MPF's money. *See* Exhibit C at p. 44; and,

d. Casey's role in making financial decisions regarding MPF. *See* Exhibit C at p. 45.

All of the topics that PETA has identified in the Notice of Deposition were previously addressed by Casey on October 29, 2018. A deposition of Casey as corporate designee would simply force her to undergo another extensive examination covering the same issues about which she has already testified. This is a significant and unnecessary burden.

Furthermore, a Rule 30(b)(6) deposition of an MPF corporate designee has absolutely no legitimate discovery purpose in this matter. The Missouri Secretary of State has administratively dissolved MPF. *See* Exhibit B. In addition, the Court has entered a clerk's entry of default as to MPF; and this Court has only refrained from entering a final default judgment as to MPF because Casey is actively defending this matter. *See* Dkt. No. 61 and Dkt. No. 132. MPF is not

6

defending this case. Discovery directed to it is of no utility and advances no legitimate discovery purpose in this case. Moreover, the only person who would have meaningful information about MPF is Casey. Discovery concerning MPF and its operations has already been directed to Casey, and Casey has responded to that discovery as best as is possible and will supplement those discovery responses with any other information that can be identified as this case proceeds. *See* Dkt. No. 139. Further discovery on the same issue will be cumulative and will not advance the case.

Ultimately, Casey's Motion should be granted because a Rule 30(b)(6) deposition of an MPF corporate designee is just a disguised attempt to take a second deposition of Casey. There is no material that could be covered in such a deposition that has not already been covered in Casey's deposition or other written discovery directed to Casey. This Rule 30(b)(6) notice of deposition is merely another attempt to burden Casey with a grueling deposition and further litigation costs.

## IV.     CONCLUSION

The Court should grant Casey's Motion for Protective Order. The Court has broad power to limit or prohibit discovery when it is unduly burdensome and of no value in developing evidence in a case. That is the very issue that confronts the Court here. Casey has suffered a significant burden in enduring a lengthy, contentious deposition and extensive discovery in this matter. Forcing her to act as the corporate designee of MPF is an unwarranted and unnecessary burden on her. Moreover, such a deposition also has no legitimate discovery purpose in this case given the state of the case. Casey is entitled to an order protecting her from such further discovery.

WHEREFORE, Counterclaim Defendant Connie Braun Casey prays that this Court grants Casey's Motion for Protective Order and, for such other and further relief as this Court deems necessary and proper under the circumstances.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC.

BY:  /s/ Victor H. Essen, II
Debbie S. Champion,        #38637MO
Victor H. Essen, II,        #57629MO
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorney for Plaintiff/Counter-Defendant Connie Braun Casey*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent by email and the Court's electronic filing system on this 30th day of January 2019 to:

Martina Bernstein
PETA FOUNDATION
1536 16th Street NW
Washington, DC 20036
202-483-7382 / FAX: 202-540-2208
martinab@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Marissa Lauren Curran
James P. Martin
Kelly J. Muensterman
POLSINELLI PC
100 S. Fourth Street, Ste. 1000
St. Louis, MO 63102
314-889-8000 / FAX: 314-231-1776
mcurran@polsinelli.com
jmartin@polsinelli.com
kmuensterman@polsinelli.com
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Jared S. Goodman
PETA FOUNDATION
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-210-2266 / FAX: 213-484-1648
jaredg@petaf.org
*Attorney for Angela Scott and People for the Ethical Treatment of Animals, Inc.*

Geordie L. Duckler
9397 SW Locust St.
Tigard, OR 97223
503-546-8052
geordied@animallawpractice.com
*Attorney for Andrew Sawyer*

Patrick John Hanley
214 E. Fourth Street
Covington, KY 41011
859-240-5080 / FAX: 859-431-2194
p.hanley@att.net
*Attorney for Vito Stramaeglia*

                      /s/ Victor H. Essen, II