UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) ) |

Case No. 4:16-cv-02163

**MEMORANDUM OF COUNTERCLAIM PLAINTIFFS IN OPPOSITION TO CONNIE BRAUN CASEY'S MOTION FOR PROTECTIVE ORDER**

"[P]rotective orders that prohibit depositions carry a heavy burden of proof, and should rarely be granted absent extraordinary circumstances." *Digeo, Inc. v. Audible, Inc.,* No. 4:06MC344-DJS, 2006 WL 2088201, at *2 (E.D. Mo. July 25, 2006) (internal quotations and citation omitted). The motion of Connie Braun Casey ("Casey") falls far short of meeting her heavy burden of demonstrating extraordinary circumstances here.

According to Casey, she is the person most knowledgeable about the topics identified in a Notice of Deposition ("Notice") served on the Missouri Primate Foundation ("MPF") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Casey objects to testifying on MPF's behalf on the ground that she was already deposed—albeit in her individual capacity—and has provided written discovery. This is hardly the type of "extraordinary circumstance" justifying a protective order. If Casey's reasoning were adopted, it would eviscerate the express provision of Rule 30(b)(6) that "[t]his paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6).

Casey's contention that Counterclaim Plaintiffs People for the Ethical Treatment of Animals and Angela Scott ("Plaintiffs") somehow forfeited their right to depose an MPF corporate designee because they previously availed themselves of other procedures for conducting individual depositions and written discovery does not withstand even the mildest scrutiny. The motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Contrary to Casey's attempt to minimize the amount and significance of discoverable information known to MPF, the Court will recall that in 2016, MPF was one of the plaintiffs who commenced this action. In relevant part, MPF alleged that it was in possession of certain chimpanzees and it asked the Court to declare that the "housing, care and treatment of the chimpanzees" housed at MPF "do not constitute a 'take' thereof under the Endangered Species Act. [ECF No. 1, at 5.] After Plaintiffs filed a counterclaim, MPF also served an Answer on July 20, 2017, in which it demonstrated ample knowledge of the pertinent facts—enabling it to admit or deny the truth of a numerous allegations concerning the chimpanzees housed at MPF. [ECF No. 31.]

In December 2018, Plaintiffs served their Notice, directing MPF to designate persons to testify on its behalf concerning the following topics:

1. Discussions by the MPF officers and directors regarding actions that would be (or that were) taken with respect to any the chimpanzees housed at Connie Casey's or MPF's facility . . . .

2. Fundraising activities conducted, and donations received, by MPF and use of any remaining funds or assets after MPF's dissolution.

3. Actions taken by members of the MPF Board, in their capacity of [sic] MPF Board members, and records maintained by MPF of such actions . . . .

4. Accounting records maintained by MPF . . . .

2

5. MPF's funds and assets that were kept separate from those of Connie Casey, . . . including how (and from whom) those funds and assets were obtained, decisions made regarding their use, and what became of those funds and assets after MPF's dissolution.

6. The facts upon which MPF relied in denying the allegations against MPF in Counterclaim Plaintiffs' claims.

Casey does not object to testifying about any of these topics on the ground that they seek irrelevant or otherwise non-discoverable information. Casey also does not dispute that MPF has knowledge regarding the matters identified in these topics. Rather, Casey's objections boil down to the contention that Plaintiffs already have obtained all the discovery encompassed within those topics through prior depositions and written discovery. The exhibits attached to Casey's motion do not bear out this assertion. Equally unsupported is Casey's contention that discovery of MPF would be useless because MPF is dissolved and in default.

In short, none of Casey's conclusory assertions meet Casey's burden of establishing good cause for a protective order.

## APPLICABLE LEGAL STANDARD

"Protective orders prohibiting depositions are rarely granted." *In re Complaint Osage Marine Servs., Inc.,* No. 4:10-CV-1674 CEJ, 2011 WL 6813076, at *2 (E.D. Mo. Dec. 28, 2011). "'It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.'" *Id.* (quoting *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979)); *see also S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Commissioners*, No. 4:10-CV-2163 CEJ, 2011 WL 1899211, at *1 (E.D. Mo. May 19, 2011).

As the party moving for the protective order, Casey has the burden to demonstrate good cause for its issuance. *Ezell v. Acosta, Inc.*, No. 4:16CV870 RLW, 2017 WL 6493166, at *2 (E.D. Mo. Dec. 15, 2017). In order to show good cause, the movant "must show that specific

3

prejudice or harm will result if no protective order is granted." *Id.* (internal quotation and citation omitted); *see also Parshall v. Menard, Inc.*, No. 4:16-CV-828 (CEJ), 2017 WL 980501, at *1 (E.D. Mo. Mar. 14, 2017).

The movant bears the burden of demonstrating the necessity of a protective order, "which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.)); *Busch Properties, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 4:12CV2318 SNLJ, 2014 WL 2815655, at *3 (E.D. Mo. June 23, 2014); *In re Complaint Osage Marine Servs., Inc.*, 2011 WL 6813076, at *2 (denying motion for protective order where the movant "has not shown that taking [the requested] deposition will result in a clearly defined and very serious injury"). "Stereotypical and conclusory statements are insufficient to establish good cause. . . ." *Ezell*, 2017 WL 6493166, at *2.

## ARGUMENT

**A. The Fact That MPF's Designee Was Previously Deposed as an Individual Does Not Make the Deposition Unduly Burdensome or Duplicative.**

Casey fails to make the required particularized showing of harm if the deposition goes forward. Instead, she offers only boilerplate and conclusory assertions that the courts have long rejected as grounds for protective orders. *See* Applicable Legal Standard, *supra*. Casey also cites no legal authority for her novel proposition that the discovery rules required Plaintiffs to make an election between two alternatives: either depose Casey in her representative capacity or as an individual. If such reasoning were adopted, it "would eviscerate Rule 30(b)(6)." *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1732369, at *3 (D. Kan. June 11, 2007). Rule 30(b)(6) expressly provides that "[t]his paragraph (6) does not preclude a deposition

by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6). Simply put, "[t]he deposition of an individual and the deposition of the same person as a representative of the organization are two distinct matters and can be utilized as distinct forms of evidence." *Doe v. Trump*, No. C17-0178JLR, 2018 WL 6696678, at *8 (W.D. Wash. Dec. 20, 2018).

The courts "have soundly rejected [the] argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition [and] the fact that individually named witnesses have testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject." *Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co.*, No. CIV.A. 09-6435 FLW, 2011 WL 1466369, at *26 (D.N.J. Apr. 18, 2011) (quoting *Smith v. General Mills, Inc.*, 2006 WL 7276959, at *5–6 (S.D.Oh. 2006)); *see also Cont'l Cas. Co. v. J.M. Huber Corp.*, No. CV 13-4298 (CCC), 2017 WL 6492492, at *9 (D.N.J. Dec. 19, 2017) (finding that the depositions of plaintiffs' employees "are not a substitute for a 30(b)(6) deposition of a [party's] corporate representative, nor do such depositions render Defendant's 30(b)(6) notice . . . unreasonably cumulative); *Taylor v. Shaw*, No. 2:04CV01668LDGLRL, 2007 WL 710186, at *2 (D. Nev. Mar. 7, 2007) ("Rule 30 allows depositions of a witness in his individual capacity and in an organizational capacity because the depositions serve distinct purposes and impose different obligations").

The defendant's arguments in *Linville v. Xanodyne Pharm., Inc.,* No. CIV-11-1082-D, 2012 WL 876769 (W.D. Okla. Mar. 14, 2012), are closely analogous to those Casey attempts here, and the court's reasoning in that case demonstrates why they lack merit. The *Linville* defendant argued that "Plaintiff's counsel should be prohibited from re-examining the witnesses on the same topics because this would be a 'cumulative, duplicative, unnecessary and

burdensome process . . . and there is simply no legitimate need for it.'" *Id.* at *1. Like Casey here, the *Linville* defendant also asserted that one witness was the primary decision maker for the corporation and that because he was previously deposed "for a full day . . . he should not be required to devote a second day of testimony to the same issues." *Id.* The court agreed that the proposed second deposition did "not pose an unreasonable duplication of testimony or an undue burden." *Id.* at *2. It was "unpersuaded . . . that proper grounds exist for Defendant to limit Plaintiff's depositions of its witnesses based on the prior Rule 30(b)(6) deposition." *Id.*; *see also, e.g., Trump*, 2018 WL 6696678, at *8 (holding that parties "are entitled to seek both types of discovery . . . and the court does not consider these forms of discovery 'duplicative' even if they address similar or overlapping subject matters."); *Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.,* No. 2:05-CV-0889, 2007 WL 1026439, at *1 (S.D. Ohio Mar. 30, 2007) (where a corporate designee was previously deposed as an individual, "it would take fairly unusual circumstances for the Court to place significant limits on that deposition when the topics listed in the notice are clearly relevant").

Casey's argument is flawed for another reason: none of the individuals who have been deposed in this case were obligated to inform themselves about all pertinent information available to MPF about the topics identified in the Notice. Casey herself concedes in her brief that two MPF officers and directors who were deposed in their individual capacities were unable to provide much substantive information about MPF. To the extent that such information can be gathered from various documents and other sources with sufficient preparation and diligence, Plaintiffs expect that the deposition of MPF's corporate designee will prove more fruitful—and they should not be deprived of the ability to obtain that information. *See, e.g., Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *5–6 (S.D. Ohio Apr. 13, 2006) (holding that

6

requested testimony of corporation is not duplicative of that of "the 14 witnesses that have been or will be deposed [who] are or were under no duty to educate themselves about all information available to the corporation on a particular topic as a Rule 30(b)(6) deponent is obligated").

The fact that this process of preparation "could be onerous to the corporation-party makes little difference," and "[a]ny other interpretation of the Rule would allow the responding corporation to 'sandbag' the deposition process." *ICE Corp.*, 2007 WL 1732369, at *4; *see also Buehrle v. City of O'Fallon, Mo.*, No. 4:10CV00509 AGF, 2011 WL 529922, at *3 (E.D. Mo. Feb. 8, 2011) (denying motion for protective order, notwithstanding the fact that the burden on a party to prepare a knowledgeable Rule 30(b)(6) deponent "may be . . . onerous").

### B. The Fact That Casey Responded to Written Discovery Does Not Make MPF's Deposition Unduly Burdensome or Duplicative

It hardly needs mention that "[d]iscovery by means of a Rule 30(b)(6) deposition differs from discovery obtained through other means, e.g. interrogatories and requests for production." *Buehrle*, 2011 WL 529922, at *3. Casey provided no legal support for her contention that by obtaining discovery by means of written discovery from Casey, Plaintiffs lost their right to question live witnesses about the same matters. It has long been established that a Rule 30(b)(6) deposition is not made unduly burdensome by the mere fact that the information is available elsewhere. *Id.*

As one court pointed out when it denied a motion for a protective order for a Rule 30(b)(6) deposition:

> [A] plaintiff should not be prevented from questioning a live witness in a deposition setting just because the topics proposed are similar to written requests for admissions already served. Such a result would essentially limit a plaintiff to the first form of discovery served, since topics are bound to overlap.

7

*New Jersey v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 610671, at *2–3 (D. Kan. Feb. 19, 2010). Judge Fleissig moreover noted that if this Court were to adopt the position that protective orders for Rule 30(b)(6) depositions are warranted whenever information has previously been provided "then few Rule 30(b)(6) depositions would ever take place." *Buehrle*, 2011 WL 529922, at *3.

### C. Casey Has Not Shown That All of the Requested Information Has Already Been Obtained Through Other Means

Even if Plaintiffs could be forced to pick and choose between obtaining discovery through written or oral testimony, or from individual deponents or corporate designees—and they should not—Casey's motion must still be denied because it fails to establish its underlying premise. There simply is no support for Casey's sweeping assertion that "any information that exists" has already been obtained by other means. Quite to the contrary: from the scant evidence Casey has provided, the Court could fairly conclude that individual deponents were uninformed and unprepared to answer several questions pertaining to MPF's activities, and that other facts relating to MPF were only vaguely and superficially touched upon. Therefore, Casey's argument falls under its own weight.

Tellingly, Casey's motion does not even mention (let alone discuss) the topics listed in the Notice. The few pages of other discovery appended to her motion falls far short of demonstrating that Plaintiffs have already had a full and fair opportunity to take discovery of each of the topics listed on the Notice. For this additional reason, the motion should be denied. *See, e.g., Wal-mart Stores, Inc. v. PDX Inc.,* No. 4:14CV1805 RLW, 2016 WL 4594144, at *3 (E.D. Mo. Sept. 2, 2016) ("The Court holds that Defendants have a right to conduct a 30(b)(6) deposition in this case because it does not appear that all of the same topics were addressed in the prior corporate deposition in the underlying case.").

### D. MPF's Default and Dissolution Does Not Immunize It from Discovery

Far from being a negligible source of information, the pleadings in this case demonstrate that during the time MPF was in existence, it had access to sufficient information to make numerous factual admissions and denials, and a host of factual representations to the Court in numerous filings. The mere fact that MPF subsequently defaulted and was administratively dissolved is no basis for concluding that this information has disappeared—or to immunize it from having to disclose it. Nor has Casey identify a single legal authority to support such an outlandish suggestion.

### CONCLUSION

"Broad discovery is an important tool for the litigant." *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011). Casey has not contested the relevance of each of the topics in the Notice and she has not established "that the potential harm [to her] outweighs the presumption favoring broad discovery." *See Nat'l Found. For Special Needs Integrity, Inc. v. Reese*, No. 4:16MC102 RLW, 2016 WL 715729, at *2 (E.D. Mo. Feb. 19, 2016). Therefore, her motion should be denied.

Dated: January 31, 2019                    Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026

323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on January 31, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Debbie Champion, dchampion@rssclaw.com
Victor H. Essen, vessen@rssclaw.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

/s/ Jared S. Goodman