UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) ) |

Case No. 4:16-cv-02163

**COUNTERCLAIM PLAINTIFFS' MOTION FOR LEAVE TO FILE [PROPOSED] MOTION FOR JOINDER OF TONIA HADDIX AS A REQUIRED COUNTERCLAIM DEFENDANT**

Counterclaim Plaintiffs ("Plaintiffs") respectfully move for leave to file the attached [Proposed] Motion for Joinder of Tonia Haddix as a Required Counterclaim Defendant, pursuant to Federal Rule of Civil Procedure 19(a)(2), in her capacity as *alleged* successor-in-interest to the chimpanzees at issue in this litigation ("Chimpanzees"). [**Exhibit A.**] In support of their request for leave, Plaintiffs state as follows:

1. In this case, Plaintiffs' primary requested relief asks the Court to order that the Chimpanzees located at the home of Counterclaim Defendant Connie Casey ("Casey") be sent to an accredited sanctuary, in order to remedy existing violations of the Endangered Species Act.

2. Pursuant to the Second Amended Case Management Order, "[a]ny motion to . . . add parties must be filed by **January 8, 2019**." [ECF No. 127 at 4.]

3. On December 19, 2018, a transaction was purportedly entered between Casey and Haddix, transferring and donating the Chimpanzees to Haddix. Even though the transaction was

clearly subject to discovery and any communications and documents related thereto responsive to Plaintiffs' requests, it was kept hidden from Plaintiffs until March 21, 2019, until after the deadline for joining another party had long expired. [**Exhibit B**.]

4. Because Plaintiffs were prevented from meeting the Court's January 8, 2019 deadline for adding parties because of Casey's duplicity and failure to comply with her discovery obligations, Plaintiffs should be granted leave to move for Haddix's joinder at this time.

5. For the reasons set forth in the [Proposed] Motion, joinder is required because Haddix purports to have obtained—as of yet unspecified and unproven—rights in the Chimpanzees. This renders Haddix a "required party" under Federal Rule of Civil Procedure 19(a)(1)(B)(i).

6. Alternatively or additionally, Haddix is a "required party" under Rule 19(a)(1)(A), whose joinder is necessary in order to preserve the Court's ability to grant complete relief to Plaintiffs with respect to the Chimpanzees.

7. Although a stay is currently in place with respect to certain aspects of this case, the Court specifically exempted procedural motions from the stay. Joinder of parties is a question of "federal procedural law." *Scenic Holding, LLC v. New Board of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 665 (8th Cir. 2007); *see also, e.g., Smith v. United Bhd. of Carpenters & Joiners of Am.*, 685 F.2d 164, 166 (6th Cir. 1982) (noting that failure to join indispensable parties under Rule 19 is a "procedural defect"); *Estate of Mitchell v. Modern Woodmen of Am.*, No. 2:10-CV-00965-JEO, 2015 WL 1778375, at *3 (N.D. Ala. Apr. 20, 2015) ("Rule 19 is a procedural device").

8. Furthermore, it would clearly serve the purpose of the stay to file this procedural motion now, because the Court has instructed that the stay should be used, if possible, to

effectuate a settlement. Unfortunately, Haddix is not represented by counsel and she takes the position that, as a non-party, she has nothing to do with this case. [**Exhibit C**.] Haddix even implies that the Temporary Restraining Order relating to the Chimpanzees does not apply to her [*id.*], thus raising concerns of irreparable harm to Plaintiffs if they cannot join her during the pendency of the stay.

9. Without a means to bring Haddix to the negotiating table voluntarily, any attempts by Plaintiffs to resolve this matter with only Casey (and her counsel) will be largely illusory, in light of the fact that Haddix claims to be the current owner of the Chimpanzees. For this additional reason, it appears consistent with the Court's language and spirit of the order that this motion not be delayed until after the stay is lifted.

10. Where, as here, a party is found to be required and has not yet been joined, "the court must order that the person be made a party" pursuant to Rule 19(a)(b), unless the Court determines that joinder is not feasible.

11. No impediments to joinder exist because Haddix is a resident of Missouri and subject to service of process, and joining her in this suit would not impact the Court's federal question and statutory jurisdiction. *See* 16 U.S.C. §§ 1538(g)(1) ("The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce any such provision or regulation"), 1538(g)(3)(A) ("Any suit under this subsection may be brought in the judicial district in which the violation occurs.").

12. Plaintiffs sought Casey's consent to this motion for leave and to the proposed joinder of Haddix, but Casey did not consent.

**WHEREFORE,** Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the attached [Proposed] Motion for an Order requiring that Haddix be joined as a Counterclaim

3

Defendant, in her capacity as alleged successor-in-interest to the rights and potential liabilities of Casey in this case with respect to any Chimpanzees as to which Haddix might be able to establish an enforceable legal right.

Dated: March 25, 2019                                   Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/*
*Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 25, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

    Debbie Champion, dchampion@rssclaw.com
    Victor H. Essen, vessen@rssclaw.com
    *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

    Geordie Duckler, geordied@animallawpractice.com
    *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

                                           /s/ Jared S. Goodman