UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., ) ) ) **Plaintiffs and** ) **Counterclaim Defendants,** ) ) v. ) ) PEOPLE FOR THE ETHICAL ) TREATMENT OF ANIMALS, INC., et al., ) ) **Defendants and** ) **Counterclaim Plaintiffs.** ) | Case No. 4:16-cv-02163 |

**COUNTERCLAIM PLAINTIFFS' MOTION TO LIFT STAY AND SUPPORTING MEMORANDUM**

Due to an irretrievable breakdown in settlement negotiations caused by the refusal of Tonia Haddix ("Haddix")—the *purported* current owner of the chimpanzees at issue in this case ("Chimpanzees")—to allow the Chimpanzees to be moved to an accredited sanctuary, and Counterclaim Defendant Connie Braun Casey's ("Casey") position that Haddix's agreement is "obviously" needed for the Chimpanzees to be moved, Counterclaim Plaintiffs ("Plaintiffs") respectfully move to lift the stay entered by the Court on March 22, 2019. [ECF No. 167.] In support of their motion, Plaintiffs state as follows:

1.  In this case, Plaintiffs' primary requested relief asks the Court to order that the Chimpanzees located at Casey's home be sent to an accredited sanctuary, in order to remedy existing violations of the Endangered Species Act.

2.  On December 19, 2018, a transaction was purportedly entered into between Casey and Haddix, transferring and donating the Chimpanzees to Haddix. Whether the transfer is

temporary, irrevocable, unlawful, or perhaps a sham, is not known. The only "evidence" provided by Casey or Haddix of the purported transaction is an unauthenticated, admittedly "incomplete," one page document. [ECF No. 168-3, at 4.] To date, Plaintiffs' inquiries about facts as to the validity and enforceability—or even the most basic terms—of the purported transaction remain unanswered. [Declaration of Jared Goodman ("Goodman Decl."), ¶¶ 5-8, 12, 14, Exhs. B-E, I, J.]

3.  After Casey informed the Court belatedly of the purported transfer, the Court entered a stay of discovery, directing the parties to work on settling this case. [ECF No. 167.] The stay was extended on April 5 [ECF No. 174], with directions to the parties during the status hearing on that same date to continue their settlement attempts.

4.  Consistent with the Court's directive, Plaintiffs made several attempts to negotiate in good faith with Casey (through her counsel), as well as Haddix (who is unrepresented). [Goodman Decl. ¶¶ 3-13, Exhs. A-J.]

5.  However, settlement discussions proved illusory due to Casey's and Haddix's continuing refusal provide basic information about the terms of the purported Chimpanzees' transfer. As a result, Plaintiffs still have no answer to this threshold question: Whether Casey can enter into a legally binding settlement agreement involving the Chimpanzees. Haddix insists that Casey cannot, because she (Haddix) presently owns the Chimpanzees. [Goodman Decl. ¶¶ 11, 13, Exhs. H, J.].

6.  Haddix is also categorically unwilling to agree to any such transfer—thus preventing any further attempts at a settlement. [*Id.*] Plaintiffs have no means to break this impasse as long as the stay remains in place.

7. Presently, a motion is pending to allow Haddix to be joined as a Counterclaim Defendant as Casey's purported successor-in-interest to the Chimpanzees, pursuant to Federal Rule of Civil Procedure 19(a)(1)(B)(i) and Rule 19(a)(1)(A).

8. Given Haddix's position, the parties cannot settle the case—or achieve a full resolution on the merits—unless the stay is lifted to allow Haddix to be joined and to allow discovery to proceed to determine the *actual* status of Haddix's and Casey's respective rights with respect to the Chimpanzees.

9. Unless the stay is lifted and Haddix is joined, Plaintiffs also continue to fear that Haddix might attempt to thwart the temporary relief the Court has already granted, in light of Haddix's apparent belief that the TRO (which prohibits removal of the Chimpanzees from their current location) is not binding on her [ECF No. 168-4]. As previously noted, this risk of removal or spoliation is particularly great in this case, since one of the Chimpanzees at Casey's facility (Joey) was previously removed from the premises by Counterclaim Defendant Andrew Sawyer—purportedly without Casey's knowledge or consent—while Casey was out getting groceries. [ECF No. 155-15, at 4-5.] Casey still has provided no assurances that she put safety measures in place that would prevent Haddix from similarly attempting to evade justice by absconding with the remaining Chimpanzees.

**WHEREFORE,** Plaintiffs respectfully request that the Court lift the stay as to all aspects of this case, to allow discovery to proceed and Haddix be joined as a Counterclaim Defendant, in her capacity as alleged successor-in-interest to the rights and potential liabilities of Casey in this case with respect to any Chimpanzees as to which Haddix might be able to demonstrate an enforceable legal right through appropriate discovery.

Dated: April 11, 2019

Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

JARED S. GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on April 11, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

Debbie Champion, dchampion@rssclaw.com
Victor H. Essen, vessen@rssclaw.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

/s/ Jared S. Goodman