# Exhibit E



AN INTERNATIONAL ORGANIZATION DEDICATED TO PROTECTING THE RIGHTS OF ALL ANIMALS

PEOPLE FOR
THE ETHICAL
TREATMENT
OF ANIMALS
FOUNDATION

Washington, D.C.
1536 16th St. N.W.
Washington, DC 20036
202-483-PETA

Los Angeles
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-644-PETA

Norfolk
501 Front St.
Norfolk, VA 23510
757-622-PETA

Oakland
554 Grand Ave.
Oakland, CA 94610
510-763-PETA

PETA FOUNDATION IS AN
OPERATING NAME OF FOUNDATION
TO SUPPORT ANIMAL PROTECTION.

AFFILIATES:
• PETA U.S.
• PETA Asia
• PETA India
• PETA France
• PETA Australia
• PETA Germany
• PETA Netherlands
• PETA Foundation (U.K.)

June 29, 2018

*Via email*

Daniel T. Batten
Klar, Izsak & Stenger, LLC
dbatten@lawsaintlouis.com

**Re:     ECF No. 78**

Dear Mr. Batten:

On behalf of Counterclaim Plaintiffs ("Plaintiffs"), I write concerning the purported Offer of Judgment by Plaintiff/Counterclaim Defendant Connie Braun Casey ("Offer") that was improperly filed with the Court on June 14, 2018 [ECF No. 78]. This Offer is just the latest example of Casey's ongoing pattern of abusing the judicial process in an effort to unfairly prejudice Plaintiffs' ability to obtain a fair resolution of this matter.

Rule 68 of the Federal Rules of Civil Procedure is clear: Defendants "may serve an opposing party an offer to allow judgment on specified terms," and *only if the offer is accepted* does either party "then file the offer and notice of acceptance" with the Court. Notwithstanding this unambiguous language, Casey disregarded applicable procedures and immediately filed the document—apparently in an attempt to make entirely unsupported public allegations of her "great care" for the chimpanzees and to protest her innocence in the face of "hurtful" allegations of violations of the Endangered Species Act (ESA).

Moreover, Casey's Offer is not even valid because it is so vague as to render it impossible for Plaintiffs (and subsequently, the Court) to determine what the Offer entails. *See Rice v. Union Pac. R. Co.*, No. 4:12-CV-00108-SWW, 2012 WL 2675474, at *6 (E.D. Ark. July 6, 2012), *aff'd*, 712 F.3d 1214 (8th Cir. 2013); *Struthers v. City of New York*, No. 12-CV-242, 2013 WL 5407221, at *5 (E.D.N.Y. Sept. 25, 2013) ("The ambiguity in the Rule 68 offer renders it invalid.").

First, the Offer is ambiguous as to what declaratory relief is being proposed. The Offer purports to allow entry of judgment to be taken against Casey, but does nothing of the sort. It does not propose a declaratory judgment regarding the subject of this litigation at all, i.e., that Casey's treatment of endangered chimpanzees violated and continues to violate the ESA's prohibition on the take of an endangered species. Rather, Casey proposes the entry of "a declaratory judgment that there is sufficient evidence by which this Court *may* find" that Casey's conduct constituted a take. Offer, at 2 ¶ 1.a (emphasis added). This is not a "judgment" against Casey—as it would remain pure speculation whether Plaintiffs did or did not prevail on this key issue. This

language fails to set forth any cognizable declaratory relief. For this reason alone, there can be no meeting of the minds, and the Offer is legally invalid.

Second, the Offer is unclear as to which chimpanzees are subject to it. The Offer states that Casey has "concluded that it is in the best interest of *her chimpanzees* that this case be resolved and that *her chimpanzees* be taken and placed in an appropriate sanctuary." Offer, at 1 (emphases added). It then states that the Offer is for a judgment against her declaring that her treatment and possession of "endangered chimpanzees" violated the Endangered Species Act, enjoining her from violating the ESA with respect to "endangered chimpanzees," enjoining her from owning or possessing "any endangered chimpanzees," without limitation, and allowing placement of "the forfeited chimpanzees" at an accredited sanctuary. *Id.* at 2-3.

As you know, Plaintiffs sought relief with respect to each and every chimpanzee at issue in this case, and the Court has already found that the current conditions of the chimpanzees removed from Casey's facility remain at issue. [ECF No. 56, at 11-12.] Plaintiffs have been trying for months to obtain documents and testimony to determine the legal status of the subject chimpanzees that Casey improperly spoliated. Instead of providing this discovery, Casey has interposed frivolous objections and produced only a few documents after inordinate delays. Some of the recent documents Casey produced were apparent forgeries, while other documents that Casey should have in her possession have not been produced at all, and no documents have established that Casey has no possessory rights in the spoliated chimpanzees.

In the face of these efforts to obtain discovery regarding the improper transfers, Casey proposes the entry of a judgment that leaves undetermined whether all subject chimpanzees are included in the Offer, or whether the Offer's reference to "her chimpanzees" is intended to narrow the scope of the requested relief. Accordingly, Plaintiffs cannot "know unequivocally what is being offered" and no meeting of the minds that could give rise to a valid offer is possible.

We remain open to consider any valid offers made in good faith. For the reasons stated above, the Offer is neither. Plaintiffs reserve all rights should Casey fail to withdraw this patently inappropriate filing.

Sincerely,

Jared Goodman
PETA Foundation
323-210-2266
JaredG@petaf.org