## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MISSOURI PRIMATE FOUNDATION, )
et al., )
        )
        Plaintiffs and )
        Counterclaim Defendants, )
        )
        vs. )       Case No. 4:16 CV 2163 CDP
        )
PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC., )
et al., )
        )
        Defendants and Counterclaim )
        Plaintiffs. )

## MEMORANDUM AND ORDER

Several motions are currently pending before the Court in this complex

action brought under the citizen suit provision of the Endangered Species Act

(ESA), 16 U.S.C. § 1540 *et seq.* The substance of the motions and my rulings on

each are briefly summarized as follows:

1. Connie Braun Casey, plaintiff and counterclaim defendant, has filed a

   Motion to Dismiss [ECF 191] on mootness grounds under Rule 12(b)(1),

   Fed. R. Civ. P. Casey's motion is opposed by defendant and counterclaim

   plaintiff People for the Ethical Treatment of Animals (PETA). Casey has

   also filed a contested Motion to Supplement her Motion to Dismiss [ECF

214] in order to incorporate the deposition testimony of Tonia Haddix.  I will grant Casey's motion to supplement, but deny her motion to dismiss.

2. PETA has filed a contested Motion for Reconsideration [ECF 184] of this Court's previous Order lifting a temporary restraining order and denying PETA's motion to join Tonia Haddix.  PETA has also filed a Motion to Supplement the aforementioned [ECF 194] in light of allegations raised in the briefing on Casey's Motion to Dismiss.  I will summarily grant PETA's motion to supplement, reconsider my order denying leave to join Tonia Haddix and allow Haddix to be added as an additional counterclaim defendant, and will clarify but maintain my ruling dissolving the temporary restraining order.

3. PETA has filed contested motions in limine seeking to preclude the testimony of three non-retained experts—Thomas Jones [ECF 188], Douglas Pernikoff [ECF 204], and Tonia Haddix [ECF 211]—the second of which triggered the filing of Casey's pending Motion to Clarify [ECF 217].  I will deny all three motions in limine, and deny Casey's motion to clarify as moot.

4. PETA has also filed a Motion to Compel and Application for Order to Show Cause [ECF 206], alleging Tonia Haddix has failed to comply with a

subpoena to produce documents.  Haddix did not respond to this motion.  I will deny PETA's motion as there is no evidence in the record that non-party Haddix was served with the motion and memorandum in support.

5. Casey has filed an unopposed Motion to Clarify [ECF 210] essentially seeking the Court's permission to take the depositions of two witnesses beyond the scope of this Court's subpoena power in order to preserve their testimony for trial.  I will grant Casey's motion.

6. Finally, PETA and counterclaim defendant Andrew Sawyer have filed briefs in response to the Court's Order [ECF 203] to propose suitable accredited sanctuaries for the transfer of chimpanzee Joey.[1]  Good cause appearing, I will adopt PETA's proposal and order the transfer of Joey to the specified sanctuary.

## ECF #191:  Casey's Motion to Dismiss

I address Casey's Motion to Dismiss and related Motion to Supplement first because other pending motions are affected by whether Casey remains a party to the action.

---

[1] The Court entered summary judgment for PETA on its claims against Sawyer in the same Order [ECF 203].

*A. Background*

Casey moves to dismiss the case under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject-matter jurisdiction. At the time PETA filed its counterclaim against plaintiffs,[2] Casey was the principal owner of the Missouri Primate Foundation (MPF), including both the primate housing facility, contained in the lower level of Casey's residence, and several chimpanzees held therein. Casey alleges that she has since transferred "ownership, care, and control" of the chimpanzees and leased the primate housing facility to Tonia Haddix, a former MPF volunteer. ECF 192 at pg. 8-9. Casey further alleges that she has permanently relinquished her animal breeder/exhibitor license, and offers a signed affidavit asserting she has renounced "any intention to exercise any other formal control" or "accept legal ownership of the chimpanzees at issue . . . in the future." *Id*. Accordingly, Casey contends that the "permanent change in the circumstances of the chimpanzees" moots PETA's claims against her because there is "no possibility that Casey could violate the ESA," and consequently, no injunctive relief the Court could fashion to address any alleged violation. *Id*. at pg. 10.

---

[2] The lengthy procedural and factual history of this case need not be reiterated in this Order. Briefly, Casey and the other plaintiffs preemptively filed for declaratory relief after receiving notice of PETA's intent to sue under the ESA; PETA subsequently filed a counterclaim against plaintiffs, and only PETA's counterclaim remains active.

In Casey's Motion to Supplement her Motion to Dismiss, Casey seeks to introduce the deposition testimony of Tonia Haddix as relevant evidentiary support for her claims that Haddix has assumed ownership and control over the at-issue chimpanzees and facility. ECF 214.

PETA opposes Casey's Motion to Dismiss on three grounds: First, PETA asserts Casey remains statutorily liable for the alleged ESA violations; second, PETA contends the Court can still grant its claims for injunctive relief despite the alleged transfer of ownership; finally, PETA argues that the voluntary cessation doctrine is applicable under the circumstances and operates to bar Casey's mootness claims. ECF 193 at pg. 1-2. In response to Casey's Motion to Supplement, PETA contends that the admission of the deposition transcript is procedurally improper, and further, that Haddix's deposition transcript does not alter the substantive deficiencies in her mootness arguments. ECF 221. While PETA is incorrect as to its procedural argument—Local Rule 3.02, E.D.Mo. L.R., permits the filing of deposition testimony excerpts to support any motion or memorandum—PETA is correct that Casey's Motion to Dismiss fails as a matter of law regardless of whether I consider Haddix's testimony. Accordingly, I will

exercise my discretion to allow the introduction of Haddix's deposition testimony[3]

and grant Casey's Motion to Supplement, but for the following reasons, I will

nonetheless deny her Motion to Dismiss.

### B. Discussion

As a threshold matter, "[a] court deciding a motion under Rule 12(b)(1) must

distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Osborn*

*v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  As opposed to a facial

attack, which challenges the sufficiency of the jurisdictional facts alleged in the

complaint, "[a] factual attack occurs when the defendant challenges the veracity of

the facts underpinning subject matter jurisdiction." *Davis v. Anthony*, *Inc*., 886

F.3d 674, 679 (8th Cir. 2018) (citation omitted).  Here, Casey makes a factual

attack by alleging her voluntary acts have mooted PETA's claims and divested the

Court of its subject-matter jurisdiction; accordingly, in ruling on Casey's motion, I

may consider matters outside the pleadings, and PETA is not afforded the benefit

of Rule 12(b)(6)'s protections.  *Id*.

Federal courts are courts of limited jurisdiction and can only hear actual

'cases or controversies' as defined under Article III of the Constitution.

*Hempstead Cty. Hunting Club, Inc. v. Sw. Elec. Power Co*., 558 F.3d 763, 767 (8th

---

[3] *See Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) ("Trial courts have wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." (citation omitted)).

Cir. 2009). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). However, "as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Employees*, 466 U.S. 435, 442 (1984).

PETA's suit against Casey is not moot for several reasons. First, Casey's purported transfer of ownership and control over the chimpanzees does not necessarily shield her from liability under the ESA for the claims asserted against her. The ESA makes it "unlawful for any person" to "take" an endangered species, 16 U.S.C. § 1538(a)(1)(B), or to "attempt to commit, solicit another to commit, or cause to be committed," any ESA violation. § 1538(g). The term "take" includes the definitions "harass" and "harm." § 1532(19). Among other things, PETA alleges Casey is directly and indirectly responsible for keeping primates in social isolation, failing to provide adequate veterinary care, and failing to maintain sanitary or suitably enriched conditions, all of which have been held to constitute "harm" or "harassment" under the ESA. *See Kuehl v. Sellner*, 887 F.3d 845, 853 (8th Cir. 2018).

While there is sparse Eighth Circuit precedent on 16 U.S.C. § 1538(g), the ESA's third party liability provision, the First Circuit held in *Strahan v. Coxe*, 127 F.3d 155, 163 (1st Cir. 1997): "The [ESA] not only prohibits the acts of those parties that directly exact the taking, but also bans those acts of a third party that bring about the acts exacting a taking." The First Circuit further affirmed the district court's holding that § 1538(g) "[applies] to acts by third parties that allow or authorize acts that exact a taking and that, but for the permitting process, could not take place." *Id.* Although there are notable factual differences between *Strahan* and the case at bar, its legal conclusion is instructive and applicable; Casey's lease agreement with Haddix is the "but for" cause allowing Haddix to hold the chimpanzees in conditions that allegedly constitute a "take" under the ESA, thus Casey remains subject to statutory liability under the ESA, § 1538(g).[4]

For this reason, the majority of PETA's claims for declaratory and injunctive relief against Casey remain live, regardless of her transfer of ownership rights over the chimpanzees. For example, the Court could still issue a declaratory judgment that the conditions of the chimpanzees' confinement—for which Casey remains subject to liability—violates the ESA. *See Kuehl v. Sellner*, 161 F. Supp. 3d. 678,

---

[4] I note also the Supreme Court's admonition that, in passing the ESA, "Congress intended endangered species to be afforded the highest of priorities." *Tennessee Valley Auth. v. Hill*, 437 U.S. 153, 174 (1978). I believe a contrary holding here—one which would tacitly authorize an alleged ESA violator to avoid liability simply by leasing to another the allegedly deficient facility after suit is filed—would be inconsistent with the purpose and priorities of the statute.

719-720 (N.D. Iowa 2016), *aff'd*, 887 F.3d 845 (8th Cir. 2018) (issuing a declaratory judgment that the conditions of confinement for endangered lemurs and tigers violated the ESA). The Court could also issue appropriate injunctive relief to effectuate the declaratory judgment, such as an order prohibiting Casey from allowing any additional endangered animals to be kept at her facility without receiving Court approval. *Id.*

Further, neither Casey's voluntary transfer of ownership rights to Haddix, nor her alleged renunciation of intent to repossess the chimpanzees, have any bearing on PETA's claim for prospective injunctive relief to prevent Casey from owning or possessing endangered species in the future. "A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already,* 568 U.S. at 91 (*quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). Casey's deposition testimony[5] and Facebook posts purportedly authored by Haddix[6] reveal that Casey

---

[5] *See* ECF 221 pg. 3 n. 1. PETA highlights Casey's admissions that she continues to pay for utilities, food, and enrichment for the chimpanzees, and that she spends several hours per day caring for the chimpanzees, picking up and preparing their food, and cleaning their cages.
[6] Casey signed her affidavit on December 19, 2018, allegedly signifying her permanent transfer of ownership of the chimpanzees to Haddix. ECF 192-3. However, on December 25, 2018, Haddix created a Facebook group titled "**Saving Connie's Chimps from PETA**." ECF 193-2 (emphasis added). On January 2, 2019, Haddix posted in the group to ask for donations for Casey's legal defense; she further stated that Casey was "on this page" and "aware of all the posts," and that Casey "**has a very good chance of keeping all of her babies**." ECF 193-3

remains closely involved with the care of the at-issue chimpanzees and may,

despite her self-serving assurances, regain possession of the chimpanzees upon the

conclusion of this litigation.  Additionally, there is no evidentiary support for

Casey's claims that the transfer of ownership, lease agreement with Haddix, and

renunciation of her breeder's license are irrevocable.[7]  In short, Casey has not met

her "formidable burden" of proving she will not repossess or regain ownership of

endangered species in the future.  Accordingly, because a case becomes moot

"only when it is impossible for a court to grant any effectual relief whatever to the

prevailing party," PETA's action against Casey remains live.  *Knox v. Service

Employees*, 567 U.S. 298, 307 (2012).

## ECF #184:  PETA's Motion for Reconsideration

PETA has filed a Motion for Reconsideration and/or Clarification of the

Court's order 1) denying its motion for leave to join Tonia Haddix as a

counterclaim defendant, and 2) terminating the injunction against Casey

prohibiting physical transfer of the chimpanzees.  PETA has also filed a Motion for

Leave to Supplement in order to bolster its position with factual and legal

---

(emphasis added).  On January 14, 2019, Haddix again posted in the group asking for donations, and additionally stated, "**help Connie keep what rightfully belongs to her and that's her babies.**" ECF 194-4 (emphasis added).

[7] *See* ECF 192-3.  The APHIS document signifying the legal transfer of the chimpanzees to Haddix contains no indication that the transfer is irrevocable; the half-page lease agreement with Haddix does not contain any provision preventing either party from terminating the lease at will; and the USDA letter signifying Casey's breeder's license has been terminated specifically provides that Casey can obtain a new license if she wishes to do so.

developments which arose in the course of the briefing on Casey's Motion to Dismiss. For the following reasons, I will grant PETA's Motion to Supplement, reconsider my order denying PETA's motion for leave to join Tonia Haddix, and clarify my order dissolving the temporary restraining order.

A. *Joinder of Tonia Haddix*

The Federal Rules of Civil Procedure do not specifically provide for either motions to reconsider or motions to clarify. However, under Rule 54(b), Fed. R. Civ. P., district courts have "inherent power to reconsider and modify an interlocutory order at any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1099, 1016-1017 (8th Cir. 2007). Further, Rule 60(a), Fed. R. Civ. P., affords the court an opportunity to correct any mistakes in an order "arising from oversight or omission." *Thunder Basin Coal Co. v. Zurich Am. Ins. Co.*, No. 4:12CV231 CDP, 2013 WL 6410012, at *2 (E.D. Mo. Dec. 9, 2013). In my interlocutory order denying PETA's motion for leave to join Haddix, I concluded that Haddix's legal ownership of the chimpanzees did not, standing alone, constitute a "take" under the ESA. For this reason, I held that Haddix's interest was not so related as to require Haddix's joinder as an additional counterclaim defendant. I am reconsidering this order consistent with the conclusions reached in my order herein denying Casey's motion to dismiss, which

I believe more accurately reflect the substance of PETA's claims for injunctive relief and the scope of the ESA's applicability to alleged third party violators.

"It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Parklane Hosiery Co., Inc., v. Shore*, 438 U.S. 322, 327 n. 7 (1979). Accordingly, Rule 19 requires the joinder of persons whose participation in the suit is necessary to afford complete relief among the existing parties, as well as persons who claim "an interest relating to the subject of the action" who are "so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect [their] interest." *See* Fed. R. Civ. P. 19(a)(1).

Given the nature of the injunctive relief PETA seeks against Casey—and the unavoidable implications such relief, if granted, would have on Haddix's property interests in the chimpanzees—this case cannot proceed to final disposition absent Haddix's joinder. For example, if I were to enter a declaratory judgment that the conditions of the chimpanzees' confinement were so unsanitary as to constitute an unlawful "take" under the ESA, I would be doing so without granting the lessee of the at-issue facility (and legal owner of the chimpanzees) any opportunity to defend against the allegations. Moreover, if I were to then determine that it was in the chimpanzees' interests to be removed from their present custody and

transferred to an accredited sanctuary,[8] I could not enter such an order, consistent with due process, unless Haddix were joined as a party. *See e.g., Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006 (3d Cir. 1987) (holding that a claim for injunctive relief affecting the alienability of a non-party's property required that non-party's joinder under Rule 19). Accordingly, Haddix must be joined both under Rule 19(a)(1)(B)(i) because entering any order relating to the chimpanzees' conditions would "impair or impede" Haddix's ability to protect her property interests in the chimpanzees, and alternatively under Rule 19(a)(1)(A), because the Court "cannot accord complete relief among existing parties" unless she is joined.

Additionally, because PETA's suit against Casey remains active, and the filing of a separate suit against Haddix would undoubtedly involve similar claims for injunctive relief pertaining to the same at-issue chimpanzees, maintaining separate suits against Casey and Haddix would expose both individuals to a substantial risk of multiple or inconsistent obligations. Haddix is therefore required to be joined under Rule 19(a)(1)(B)(ii), Fed. R. Civ. P., as well.

I am sensitive to the added costs and complexity the joinder of a new party will have at this stage in the already prolonged litigation; however, I see no other way for this case to move forward consistent with the rights of the various

---

[8] *See Kuehl*, 887 F.3d at 854 (holding it was "well within [the district court's] broad equitable powers" to order the transfer of animals to accredited sanctuaries upon finding the conditions of the animals' confinement violated the ESA).

interested parties. PETA is therefore granted leave to file an amended counterclaim joining Haddix as an additional counterclaim defendant.

### B. *Dissolution of the Temporary Restraining Order*

The Court summarily dissolved the temporary restraining order (TRO) prohibiting Casey from transferring physical custody of the chimpanzees on August 19, 2019, concluding there was "no legal reason for it to remain in place." ECF 182. PETA asserts that I erred in dissolving the TRO, suggesting that I did not properly consider the factors underlying whether to grant or deny preliminary injunctive relief. My order dissolving the injunction will stand, but I will clarify my ruling to mitigate the apparent uncertainty over its rationale and implications.

The Court initially entered the TRO on March 22, 2019, after PETA raised concerns that Casey was imminently preparing to relocate several chimpanzees to an unknown third party. ECF 166. By its terms, the TRO prohibited "Connie Braun Casey, her agents, servants, employees and attorneys" from "transferring physical custody of the chimpanzees at Casey's facility." *Id.* On March 25, 2019, PETA moved to join Haddix to the lawsuit, and introduced documentation purportedly showing that Casey had transferred legal ownership of the chimpanzees to Haddix. ECF 168. Throughout the course of the briefing on PETA's motion and in status hearings after entry of the TRO, the parties confirmed that the legal transfer of the chimpanzees had actually occurred, and that Haddix—

not Casey—now had the exclusive authority to control any future transfer of physical custody over the chimpanzees.

The TRO was extended beyond the permissible time limit of Fed. R. Civ. P. 65(b), so it must be treated as if it were a preliminary injunction. *See Waste Mgmt., Inc. v. Deffenbaugh*, 534 F.2d 126 (8th Cir. 1976). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Bierman v. Dayton*, 817 F.3d 1070, 1072 (8th Cir. 2016) (citation omitted). When it is "no longer possible for the grant or denial of preliminary injunctive relief . . . to have any meaning," a claim for preliminary injunctive relief becomes moot. *Forbes v. Arkansas Educ. Television Commc'n Network Found.*, 982 F.2d 289 (8th Cir. 1992). Casey relinquished her authority to commit the specific conduct subject to the preliminary injunction— and ostensibly any power to direct the conduct of Haddix, the legal owner of the chimpanzees—thus the issue became moot and there was no longer any reason for the injunction to remain in place.

To be clear, dissolving the TRO on mootness grounds did not, and does not, have any bearing on the status of PETA's claims against Casey; this is "simply another instance in which one issue in a case has become moot, but the case as a whole remains alive because other issues have not become moot." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 394 (1981) (citation omitted). Nor are any findings of

fact or conclusions of law made in granting the injunction binding at trial. *See*

*Olin Water Servs. v. Midland Research Labs., Inc*., 774 F.2d 303, 308 (8th Cir.

1985). Should PETA believe emergency injunctive relief is warranted against

Haddix, it may file an appropriate motion with the Court under Rule 65, Fed. R.

Civ. P.

### ECF #188, 204 & 211: PETA's Motions in Limine

PETA has also filed three Motions in Limine to preclude Dr. Thomas Jones,

Dr. Douglas Pernikoff, and Tonia Haddix from offering opinions as non-retained

experts. Dr. Jones and Dr. Pernikoff are both veterinarians whom Casey contends

have some degree of familiarity with the conditions and care of the at-issue

chimpanzees. Tonia Haddix, as previously explained, is the current owner of the

chimpanzees and lessee of Casey's primate housing facility.

PETA claims that the proffered opinions of Dr. Jones, Dr. Pernikoff, and

Haddix were not formed as a part of their involvement with the events at issue in

the case, and thus fall beyond the permissible scope of testimony for non-retained

expert witnesses under Rule 26(a)(2)(C). PETA further alleges that each witness's

proffered opinions are inadmissible under Federal Rule of Evidence 702 because

the witnesses allegedly lack the requisite specialized knowledge of the subject

matter of their proposed testimony. Additionally, PETA argues that the summary

disclosure of Dr. Jones' proposed testimony is inadequate under Rule 26(a)(2)(C)(ii).

PETA's objections to the scope of the witnesses' testimonies under Rule 26(a)(2)(C), as well as its objections to the witnesses' competence under Federal Rule of Evidence 702, are not well-taken at this time. Pursuant to its "inherent authority to manage the course of trials," the Court has broad discretion when ruling on evidentiary questions raised by motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Motions in limine are primarily intended to prevent allegedly prejudicial evidence from being heard by a jury without the Court's approval; in a bench trial, as here, "such procedures are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Meade Elec. Co., Inc., v. Milwaukee Metro. Sewerage Dist.*, No. 12-C-1014, 2014 WL 12676235, at *1 (E.D. Wis. Mar. 3, 2014). In short, I will take the admissibility of the testimony with the case and will determine at trial whether to consider any testimony from Dr. Jones, Dr. Pernikoff, and Ms. Haddix, and what evidentiary weight—if any—to give their respective testimonies.[9]

---

[9] From my review of the materials submitted regarding the limited expertise and experience of Drs. Jones and Pernikoff in caring for the at-issue chimpanzees, I am highly skeptical that either would have any evidence that would be helpful to the trier of fact. I will nonetheless defer my evidentiary evaluations at this stage in the proceedings.

I will also deny PETA's motion to preclude Dr. Jones' testimony under Rule 26(a)(2)(C)(ii). "Courts have found that a party cannot comply with its disclosure obligations under this rule by merely stating the topic that will be discussed at a high level and/or identifying documents containing information consistent with the opinion testimony to be offered." *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co*., No. 4:13CV1043SPM, 2015 WL 8770712, at *2 (E.D. Mo. Dec. 15, 2015). While this presents a close case, the nine general topics of Dr. Jones' testimony are clearly identified, and the facts underlying those opinions are adequately—albeit very briefly—summarized in Casey's disclosure. Accordingly, all three motions in limine are denied.

## ECF #206:  PETA's Motion to Compel and Application for an Order to Show Cause Why Tonia Haddix Should Not Be Held in Contempt

PETA moves to compel Haddix to produce documents responsive to a subpoena served on her at her deposition. PETA also moves for an order to show cause why Haddix should not be held in contempt for failing to comply with the subpoena. According to PETA's certificate of service, these motions have not been served on Haddix, who is not yet a party to the case. I will therefore deny the motion without prejudice, and I would advise PETA to wait until after Haddix is joined as a party to revisit this discovery dispute. Once Haddix is joined, I

encourage PETA's counsel and Haddix's counsel to meet and confer and attempt to resolve these issues without Court intervention.

## ECF #210:  Casey's Motion to Clarify

Casey moves for clarification of whether the Third Amended Case Management Order prohibits her from taking the depositions of two potential witnesses, U.S. Department of Agriculture employees William Heine and William Snow, in order to preserve their testimony for trial.  Casey contends that the last known locations of these witnesses is Fort Collins, Colorado, placing them beyond the scope of this Court's subpoena power and authority to compel their appearances at trial.  PETA has not responded to Casey's motion.

The Third Amended Case Management Order imposed a deadline to complete all discovery by no later than December 20, 2019.  ECF 183 at pg. 2. Casey has not offered any explanation for why she did not take the depositions of these witnesses before the close of discovery.  However, I expect that a new scheduling order may be required because PETA has been granted leave to file an amended counterclaim adding an additional counterclaim defendant.  Accordingly, because no prejudice to PETA or undue delay is likely to result, Casey may take the additional depositions to preserve the aforementioned witnesses' testimony for trial.

**<u>ECF #219 & 222: Proposals for the Placement of Chimpanzee "Joey"</u>**

On November 20, 2019, the Court entered summary judgment for PETA against counterclaim defendant Andrew Sawyer. ECF 203. In that order, I terminated Sawyer's ownership and possessory rights with respect to Joey, and ordered the parties to meet and confer to determine if they could reach an agreement as to an acceptable accredited sanctuary for Joey's transfer. *Id.* I also specified that if the parties were unable to reach an agreement, they were directed to file alternative statements setting out their proposals for an acceptable accredited sanctuary. *Id.*

The parties indicate that they were unable to reach an agreement on a mutually acceptable facility. Accordingly, PETA filed a separate proposal identifying the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes"), a GFAS-accredited primate sanctuary located in Wauchula, Florida, as a suitable location for Joey's transfer. ECF 222. Sawyer has again invoked his Fifth Amendment privilege against self-incrimination, declined to offer any proposal to the Court, and takes no position on PETA's proposal. ECF 219.

Having carefully reviewed PETA's brief and supporting documentation, I find that it is in Joey's best interests to be transferred to the Center for Great Apes. No additional evidentiary hearing is required on PETA's unopposed proposal. It is

accordingly ordered that Joey must be transferred to the Center for Great Apes as soon as practicable or no later than 90 days following entry of this Order. To that end, and because I have already terminated Sawyer's ownership and possessory rights with respect to Joey, I will enjoin Sawyer from relocating Joey from his current whereabouts until the Center for Great Apes or its agent takes possession of Joey to effectuate the transfer to the sanctuary.[10]

As there are no remaining issues at this time,

**IT IS HEREBY ORDERED** that Casey's Motion to Dismiss [ECF 191] is **denied**.

**IT IS FURTHER ORDERED** that Casey's Motion for Leave to Supplement the Record on her Motion to Dismiss [214] is **granted**.

**IT IS FURTHER ORDERED** that PETA's Motion for Reconsideration [ECF 184] is **granted** only as to the Court's Order Denying the Joinder of Tonia Haddix, and is **denied** as to the Court's Order Dissolving the Temporary Restraining Order, as set forth herein.

---

[10] At this time, it does not seem necessary to grant PETA temporary ownership and possessory rights over Joey, as requested in its proposal, if the Center for Great Apes or an agent thereof will ultimately be effectuating the transfer to the sanctuary. However, I am aware that Sawyer's continued Fifth Amendment assertions may complicate the execution of this Order—and admittedly, the Court is unfamiliar with the logistical aspects of a chimpanzee's relocation. If further relief is required to carry out the Court's order, PETA is directed to file an appropriate motion with the Court setting forth the necessary relief and underlying legal justification.

**IT IS FURTHER ORDERED** that PETA's Motion to Supplement its Motion for Reconsideration or Clarification [ECF 194] is **granted**.

**IT IS FURTHER ORDERED** that PETA is granted leave to file an amended counterclaim joining Tonia Haddix as an additional counterclaim defendant, provided it does so no later than twenty (20) days following entry of this order. PETA is reminded of its obligation to promptly serve the counterclaim on Haddix.

**IT IS FURTHER ORDERED** that PETA's Motions in Limine to Preclude Thomas Jones, Douglas Pernikoff, and Tonia Haddix from Offering Opinions as Non-Retained Experts [ECF 188, 204, 211] are **denied**.

**IT IS FURTHER ORDERED** that Casey's Motion to Clarify or in the Alternative Leave to File Out of Time [ECF 217] is **denied** as moot because PETA has withdrawn the allegations underlying the motion.

**IT IS FURTHER ORDERED** that PETA's Motion to Compel and Application for Order to Show Cause [ECF 206] is **denied**.

**IT IS FURTHER ORDERED** that Casey's Motion to Clarify [ECF 210] is **granted** as set forth herein.

**IT IS FURTHER ORDERED** that PETA's proposal for the placement of the chimpanzee "Joey" [ECF 222] is **granted**; Joey must be transferred to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for

Great Apes") in Wauchula, FL, as soon as practicable or no later than 90 days following entry of this Order.

      **IT IS FURTHER ORDERED** that counter-defendant Andrew Sawyer is enjoined from transferring the chimpanzee "Joey" from his current whereabouts until such time as the Center for Great Apes or its agent takes possession of Joey to effectuate the transfer to the sanctuary.

      **IT IS FURTHER ORDERED** that no later than **May 1, 2020**, the parties must file a joint status report informing the Court whether the case should be reset from the July 13, 2020 trial docket or whether any other scheduling changes are necessary because of the addition of counterclaim defendant Tonia Haddix.


                                    _____
                                      CATHERINE D. PERRY
                                      UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2020.