# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
|     Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | )    Case No. 4:16-cv-02163 ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
|     Defendants and Counterclaim Plaintiffs. | ) ) |

## COUNTERCLAIM PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY COUNTERCLAIM DEFENDANT ANDREW SAWYER AND NONPARTY BHAGAVAN ANTLE SHOULD NOT BE HELD IN CONTEMPT

Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"), move for an order requiring Counterclaim Defendant Andrew Sawyer and nonparty Bhagavan Antle to show cause why they should not be held in civil contempt of court for defying this Court's March 9, 2020, Order ("Order") requiring the chimpanzee Joey to be transferred to the Center for Great Apes [ECF No. 225, at 20-21]. In support of this motion, Plaintiffs state as follows:

    1.    Upon learning Plaintiffs intended to sue him for keeping Joey under conditions that violated the Endangered Species Act, Sawyer secreted Joey away to an unknown location.

    2.    Plaintiffs have recently learned Joey has been held at private property owned by Antle in Miami, Florida, that is not open to the public.

    3.    Since the Court issued its Order compelling Joey's transfer to the Center for Great Apes, Plaintiffs have attempted to coordinate compliance with Sawyer and Antle.

4. Sawyer has refused to cooperate or facilitate the transfer, asserting his privilege against self-incrimination.

5. Despite receiving copies of the Order and related correspondence, Antle has refused to respond to any of Plaintiffs' counsel's numerous attempts to communicate, aiding and abetting the violation of the Order.

6. "District courts have an inherent authority to enforce their injunctions." *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 189 (8th Cir. 1993) (quoting *Parker v. Ryan*, 960 F.2d 543, 546 (5th Cir.1992)). Courts may use civil contempt to either coerce compliance with the court order, compensate the complainant for losses sustained as a result of the contempt, or both. *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000).

7. Pursuant to Federal Rule of Civil Procedure 65(d)(2), parties and nonparties may be bound by an injunction. Fed. R. Civ. P. 65(d)(2)(A), (C).

8. Although persons who are not parties or in privity with any parties are not usually bound by an injunction, "a nonparty may be held in contempt where the nonparty aids or abets a named party in a concerted violation of a court order." *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998).

9. As a result of Sawyer's and Antle's noncompliance with the Court's March 9, 2020, Order, Plaintiffs are unable to coordinate Joey's transfer to Center for Great Apes and comply with their responsibilities under the Order absent additional relief.

**WHEREFORE**, for these reasons, further discussed in the memorandum submitted herewith, Plaintiffs respectfully request that the Court enter an order:

(1) Requiring Sawyer and Antle to show cause why they should not be held in civil contempt for contravening this Court's March 9, 2020 Order by working in concert to prevent Joey's removal from Antle's property to the Center for Great Apes;

(2) Requiring Sawyer and Antle to comply with the Court's March 9, 2020, Order;

(3) Imposing sanctions as the Court deems appropriate; and

(4) Requiring Sawyer to pay Plaintiffs' costs and fees associated with their efforts to obtain compliance, including filing this motion for additional relief.

Dated: June 8, 2020

Respectfully submitted,

/s/ Jared Goodman
JARED GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on June 8, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

> Debbie Champion, dchampion@rssclaw.com
> Victor H. Essen, vessen@rssclaw.com
> *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*
>
> Geordie Duckler, geordied@animallawpractice.com
> *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*
>
> Tonia Haddix, lazyjet69@yahoo.com
> *Appearing Pro Se*

                                             /s/ Jared Goodman