UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| **Plaintiffs and Counterclaim Defendants,** | ) ) ) ) |
| v. | )   Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| **Defendants and Counterclaim Plaintiffs.** | ) ) |

**COUNTERCLAIM PLAINTIFFS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR AN ORDER COMPELLING DISCOVERY AGAINST COUNTERCLAIM DEFENDANT TONIA HADDIX AND FOR SANCTIONS**

Counterclaim Plaintiffs ("Plaintiffs") submit this brief reply in further support of their motion for an order compelling Counterclaim Defendant Tonia Haddix ("Haddix") to respond fully and completely to certain of Plaintiffs' First Requests for Production of Documents ("Requests"), and related sanctions for Haddix's continuing failure to adequately participate in discovery.

In her response to the pending motion, Haddix bore the burden to provide an explanation and offer legal support to justify her failure to respond to Request No. 1 (after being apprised of the requirement to do so), and to produce documents within her possession, custody, or control that are clearly responsive to the remaining Requests. [ECF No. 255, at 6-11.] She completely failed to do so. To the contrary, her response further buttresses the conclusion that she did not conduct an adequate search for records, as required by Rule 34. The only explanation that she offers for her failure to produce any responsive communications is that she replaced her iPhone, which had not been backed up "for a long while … so things were lost." [ECF No. 257, at 2.] Aside from the fact that this unsworn statement is not competent evidence, Haddix offers no details as to

when her phone was allegedly replaced, when it was last backed up, from what period of time communications have been lost, or why that would be relevant to any of the documents that she failed to produce. In fact, the single item that she provides as an example of "lost" documents (to which she says she did not have access because she replaced her iPhone) is an email from her to Casey's counsel from her Yahoo! email account.

Haddix also inexplicably seeks to blame Plaintiffs for her own failures and omissions, arguing that Plaintiffs' good faith attempts to confer with her pursuant to Local Rule 3.04 somehow caused or justified her own failure. The argument fails for two obvious reasons: First, it is a non-sequitur. Plaintiffs' counsels' "sincere efforts to resolve their dispute" and attempt to "reach an accord" on each disputed issue were aimed at obtaining compliance to avoid the need for court intervention, as required; it did not thereby excuse compliance. Second, Haddix's attempts to re-cast the Rule 3.04 conferences as being "threatening" and "degrad[ing]" should be rejected as unfounded. She fails to back up her broad-brush accusations with competent, sworn testimony. Moreover, the fact that Haddix apparently found requisite conferences with counsel of an opposing party to be an unpleasant experience does not alter Haddix's obligation to comply fully with her discovery obligations.[1] Simply put, it appears that Haddix is not interested in following the rules. However, this does not justify her failure to comply with her discovery obligations.

For the reasons set forth above and in Plaintiffs' motion and supporting memorandum, Plaintiffs' motion should be granted.

---

[1] After all, litigation is an often-stressful adversarial process. *See, e.g.*, *Marek v. Chesny*, 473 U.S. 1, 10 (1985) (recognizing "the burdens, stress, and time of litigation"); *Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-CV-5032-DGK, 2016 WL 593813, at *2 (W.D. Mo. Feb. 12, 2016) (noting that "Defendants cite medical literature describing how individuals can suffer emotional injuries, 'Litigation Response Syndrome,' from the stress of the litigation process").

Dated: July 31, 2020   Respectfully submitted,

/s/ Jared Goodman
JARED GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382
Fax No: 202.540.2208
martinab@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 31, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

 Debbie Champion, dchampion@rssclaw.com
 Victor H. Essen, vessen@rssclaw.com
 *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

 Geordie Duckler, geordied@animallawpractice.com
 *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

 Tonia Haddix, lazyjet69@yahoo.com
 *Appearing Pro Se*

            /s/ Jared Goodman