UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI PRIMATE FOUNDATION, )
et al.,                      )
                             )
        Plaintiffs and       )
        Counterclaim Defendants, )
                             )
    vs.                      )        Case No. 4:16 CV 2163 CDP
                             )
PEOPLE FOR THE ETHICAL       )
TREATMENT OF ANIMALS, INC.,  )
et al.,                      )
                             )
        Defendants and Counterclaim )
        Plaintiffs.          )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Counterclaim Plaintiff People for the

Ethical Treatment of Animals, Inc.'s ("PETA") Motion for Order to Show Cause

Why Counterclaim Defendant Andrew Sawyer and Nonparty Bhagavan Antle

Should Not Be Held in Contempt [ECF 242].  For the following reasons, I will

decline to hold Sawyer and Antle in contempt, although I will clarify my order to

make Sawyer's obligations relative to the chimpanzee "Joey" explicitly clear.

On November 20, 2019, the Court entered summary judgment for PETA

against Sawyer, terminated Sawyer's ownership and possessory rights with respect

to Joey, and directed the parties to meet and confer to determine if they could reach

a mutually acceptable agreement as to an accredited sanctuary for Joey's transfer.

ECF 203.  The parties were unable to reach an agreement; accordingly, on March

9, 2020, the Court entered the following relevant orders:

> **IT IS FURTHER ORDERED** that PETA's proposal for the
> placement of the chimpanzee "Joey" is **granted**; Joey must be
> transferred to the Center for Orangutan and Chimpanzee
> Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula,
> FL, as soon as practicable or no later than 90 days following entry of
> this Order.

> **IT IS FURTHER ORDERED** that counter-defendant Andrew
> Sawyer is enjoined from transferring the chimpanzee "Joey" from his
> current whereabouts until such time as the Center for Great Apes or its
> agent takes possession of Joey to effectuate the transfer to the
> sanctuary.

ECF 225 at pg. 22-23 (emphasis in original).  PETA alleges that it has evidence

that Joey is currently held on private property owned by nonparty Bhagavan Antle,

and that Sawyer moved Joey to Antle's facility before summary judgment was

entered against him.  PETA contends that the above orders imposed an implied

obligation on Sawyer to facilitate the transfer of Joey to an agent of the Center for

Great Apes or otherwise cooperate with PETA's attempts to secure Joey for

transfer, and that he has refused to do within the 90-day deadline set forth above.

For this reason, PETA requests that the Court hold Sawyer in contempt, and

additionally hold Antle in contempt for acting in concert with Sawyer to frustrate

the Court's order.  Sawyer responds that the order imposed no affirmative

obligations on him at all, but merely prohibited him from transferring Joey to any

other location.  PETA indicates that it has taken extensive efforts to notify Antle of

these proceedings, but Antle has not responded to PETA's motion or otherwise entered on the case.

"The Eighth Circuit has articulated a high standard for contempt findings." *In re Fischer*, 501 B.R. 346, 350 (B.A.P. 8th Cir. 2013). "It has held that no one should be held in contempt for violating an ambiguous order; a finding of contempt should be clear and certain." *Id*. (citing *Imageware, Inc. v. U.S. W. Commc'ns*, 219 F.3d 793, 797 (8th Cir.2000)). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *In re Reed*, 888 F.3d 930, 936 (8th Cir.) (citation omitted). "If the underlying order contains no operative commands, only abstract legal conclusions or compels no action then a finding of contempt is not warranted. *Fischer*, 501 B.R. at 350 (citing *Int'l Bhd. of Electr. Workers, Local Union No. 545 v. Hope Electr. Corp.*, 293 F.3d 409, 418 (8th Cir. 2002)).

PETA advocates for a reasonable interpretation of my March 9, 2020 orders. While I did not specifically order Sawyer to "facilitate" Joey's transfer to the Center for Great Apes, the orders were plainly intended to effectuate Joey's transfer in light of my finding that Sawyer's possession of Joey constituted an unlawful taking under the ESA. *See* ECF 203. As Sawyer was alleged to be in possession of Joey—or at least knowledgeable of Joey's whereabouts—the

3

execution of these orders presumptively necessitated some degree of cooperation by Sawyer, which he has evidently refused to provide.  Nonetheless, by its terms, the order directed at Sawyer did not contain any "operative commands" that Sawyer has clearly and certainly violated; the order prohibited Sawyer from transferring Joey to another location from the chimpanzee's then-unspecified whereabouts, but it did not impose on him any affirmative obligation to facilitate or cooperate in the chimpanzee's transfer.  Accordingly, a finding of contempt is not warranted against either Sawyer or Antle at this time, and so I will deny PETA's motion.  However, I will exercise my authority under Rule 60, Fed. R. Civ. P., to clarify any ambiguity in my previous orders.

Accordingly,

**IT IS HEREBY ORDERED** that Counterclaim Plaintiff PETA's Motion for Order to Show Cause [ECF 242] is **denied**.

**IT IS FURTHER ORDERED** that Counterclaim Defendant Andrew Sawyer must transfer the chimpanzee "Joey" to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL, as soon as practicable and by no later than 60 days following the entry of this Order.

**IT IS FURTHER ORDERED** that if Counterclaim Defendant Andrew Sawyer is unable to transfer the chimpanzee "Joey" to the Center for Orangutan

4

and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL, within 60 days of this Order, Sawyer must confer with counsel for Counterclaim Plaintiff PETA and facilitate, cooperate with, assist with, and otherwise lend any support necessary to effectuate the transfer of Joey to the Center for Great Apes or to the possession of an authorized agent thereof.

**IT IS FURTHER ORDERED** that Counterclaim Defendant Andrew Sawyer is prohibited from acting alone or in concert with any other person to transfer, relocate, hide, destroy, or otherwise act or fail to act in any way relative to the chimpanzee "Joey" which would prevent, frustrate, impede, delay, or in any way hinder the transfer of Joey to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL, or into the possession of an authorized agent thereof.

**IT IS FURTHER ORDERED** that any objection, request for clarification, or request for extension must be filed by no later than 30 days following the entry of this Order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of August, 2020.

5