UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, )<br>et al., )<br>   )<br>   Plaintiffs and )<br>   Counterclaim Defendants, )<br>   )<br>   vs. )<br>   )<br>PEOPLE FOR THE ETHICAL )<br>TREATMENT OF ANIMALS, INC., )<br>et al., )<br>   )<br>   Defendants and Counterclaim )<br>   Plaintiffs. ) | Case No. 4:16 CV 2163 CDP |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Counterclaim Defendant Tonia Haddix's

Pro Se Motion to Dismiss [ECF 240].  Because the motion attempts to relitigate

issues already decided by this Court and is otherwise procedurally infirm, the

motion is denied.

Background

Haddix was joined as a counterclaim defendant by the Court's Order dated

March 9, 2020 because that counterclaim defendant Connie Casey had transferred

ownership rights to the at-issue chimpanzees to Haddix.[1]  ECF 225.  Haddix

---

[1] For a more detailed discussion of the facts surrounding Haddix's joinder, *see* ECF 225 pg. 4-5.

answered PETA's Amended Complaint on May 12, 2020.  ECF 236.  Because Haddix filed the instant motion after filing her answer, the motion is construed as if it were a motion for judgment on the pleadings under Rules 12(h)(3) and 12(c), Fed. R. Civ. P.  *See Ketterman v. Bank of Am. Corp.*, No. 4:18-CV-952 JAR, 2019 WL 1275063, at *2 (E.D. Mo. Mar. 20, 2019).

"[W]hen deciding a motion for judgment on the pleadings, the court applies the same standard used for a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Bryant v. Cty. of Cape Girardeau*, No. 1:18-CV-117 RLW, 2019 WL 6219861, at *1 (E.D. Mo. Nov. 21, 2019).  The purpose of a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is to test the legal sufficiency of the complaint.  "When considering a 12(b)(6) motion, the court assumes that the factual allegations in the complaint are true, and construes them in favor of the plaintiff." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The Court "may not grant judgment on the pleadings unless 'the moving party has clearly established that no material issue of fact remains and [she] is entitled to judgment as a matter of law.'" *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004).

When a party moves to dismiss under Rule 12(b)(1), the Court first determines whether the movant presents a "facial attack" or "factual attack" on the Court's jurisdiction.  *See Osborn v. United States*, 918 F.3d 724, 729 n.6 (8th Cir.

2

1990).  Haddix appears to present both a factual and facial attack on the Court's

jurisdiction, as she contests both the sufficiency of PETA's pleadings and the

veracity of the facts alleged in support of subject matter jurisdiction.  *See Davis v.*

*Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018).  However, because the issues she

raises have already been addressed by this Court, and because Haddix did not file

any documentary evidence to support her allegations, her motion will be

summarily denied.

Discussion

Haddix first attacks the standing of Counterclaim Plaintiffs PETA and

Angela Scott.  Haddix contends that Scott's purported interest in the case is to

"visit the animals if the animals' conditions were improved;" she then alleges,

without evidence, that the conditions have improved, such that Scott's interest in

the case is no longer cognizable.  Haddix further alleges—again, without

evidence—that Scott "cannot leave her home state due to court order," and that

Scott accordingly no longer meets the 'injury in fact' requirement because her

injury is not "actual or imminent."  Relatedly, Haddix alleges that PETA "have no

knowledge of the animals current living conditions" and that PETA cannot

"manufacture standing by expending resources to avoid a speculative, hypothetical

3

harm." ECF 240.  For all these reasons, Haddix contends that counterclaim

plaintiffs no longer retain standing to sue. [2]

Haddix's standing claims resemble the arguments raised by counterclaim

defendant Connie Casey in her Motion to Dismiss [ECF 29], which I denied on

March 22, 2018.  *See* ECF 56.  In that Order, I determined that Scott had standing

to sue under the Endangered Species Act due to her "strong interest in viewing

animals in living conditions that do not violate the ESA," and that PETA had

organizational standing by virtue of Scott's cognizable interest.  *See id*. at 6.

Haddix has not presented any factual or legal basis which would justify a different

conclusion here.  Both of her specious allegations related to Scott are entirely

unsupported by evidence, as is her allegation related to PETA's knowledge of the

chimpanzees' present living conditions; construing the facts alleged in the

complaint in the counterclaim plaintiffs' favor, they retain standing to sue, just as

they did over two years ago when I addressed this same question.

I will deny Haddix's challenge to the merits of counterclaim plaintiffs'

complaint for essentially the same reasons.  The question at this stage is not

whether the counterclaim plaintiffs can prove their case, nor whether Haddix can

---

[2] Haddix also asserts in her motion that because PETA allegedly "has a penchant for filing ESA-related lawsuits," "obliterate[s] all animals in captivity," and "use[s] the [ESA] as a weapon against private owners and small private zoos," that they lack standing to sue under the ESA. Even if true, these inflammatory, unsupported allegations simply have no bearing on the legal question of PETA's standing.  Her motion is denied on these grounds.

disprove their allegations—the factual allegations in the complaint are presumed to

be true.  Accordingly, the only question here concerns whether the complaint states

a valid claim under the governing statute, and the allegations against Haddix are

factually and legally identical to the allegations I have already upheld as stating a

valid claim under the ESA.  *See* ECF 65 at pg. 10-11.  Haddix's motion is thus

denied to the extent she seeks dismissal for failure to state a claim.

Finally, Haddix essentially contends that removing the at-issue chimpanzees

from their present facility would cause them "harm" under the ESA, and that the

placement of the chimpanzees in alternative facilities may prevent them from

breeding, contrary to the intent of the ESA; for these reasons, Haddix seeks

dismissal of the lawsuit in its entirety.  These allegations involve factual questions

which are unrelated to the legal sufficiency of the complaint and are not properly

addressed at this stage in the proceedings.  Haddix's motion is denied on these

grounds as well.

As there are no remaining issues,

**IT IS HEREBY ORDERED** that Tonia Haddix's Motion to Dismiss [ECF

240] is **DENIED**.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of August, 2020.

5