UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> vs. <br><br> PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 4:16 CV 2163 CDP |

## MEMORANDUM AND ORDER

This matter is before the Court on Counterclaim Plaintiff People for the Ethical Treatment of Animals, Inc.'s (PETA) Second Motion for an Order Compelling Discovery Against Counterclaim Defendant Tonia Haddix [ECF 254]; Haddix's Motion for a Telephone Conference [ECF 256]; PETA's Motion for Sanctions [ECF 258]; and Haddix's Request for Clarification [ECF 266].

Before addressing each motion in turn, I again urge Haddix to obtain counsel to represent her in this case. Her continued refusal to comply with her discovery obligations under the Federal Rules of Civil Procedure and her unprofessional actions when opposing counsel attempts to meet and confer to resolve discovery issues are risking her ability to defend herself at all in this case. While Haddix's

disregard for the Federal Rules and general derision of the judicial process is troubling, her wholly inappropriate personal attacks against PETA's counsel are inexcusable.  Haddix is warned that her inappropriate language and unprofessionalism towards opposing counsel will not be further tolerated and will result in additional sanctions if continued.

ECF 258: PETA's Motion for Sanctions

On July 13, 2020 I granted PETA's motion to compel Haddix to answer certain interrogatories.  My order directed that within ten days Haddix "serve verified responses to Counterclaim Plaintiff's First Interrogatories to Counterclaim Defendant Tonia Haddix, and provide full and complete information as requested therein."  [ECF 251].  On July 20 Haddix emailed PETA amended responses, and on July 21 she emailed another version of her amended responses.  [ECF 258-3, 258-4].  Neither amendment is signed and verified, and the answers she did provide remain patently deficient.  It appears that Haddix has still not made any good faith effort to respond to the interrogatories, as her responses consist entirely of conclusory, unsupported one- to two-sentence phrases.  For example, in response to interrogatories requesting the facts, including witnesses and documents, supporting various affirmative defenses, Haddix sometimes listed names, sometimes listed documents, but never explained any of the *facts* on which she would be relying in support of those affirmative defenses.  Counsel for PETA

first sent Haddix an email explaining the deficiencies [ECF 258-5] and then attempted a telephone conference with Haddix to attempt to resolve the disputes, to no avail.

PETA now moves to preclude Haddix from presenting evidence at trial or in any motion of any factual information which was omitted from her responses to PETA's Interrogatory Nos. 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24. Those interrogatories asked Haddix to identify the facts supporting her first twelve affirmative defenses. In response to PETA's attempts to confer with Haddix regarding her deficient responses, Haddix has been combative, dismissive, and generally uncooperative with PETA's attempts to inform her of her obligations.

Haddix insists that she has been participating in good faith and that she simply does not have responsive evidence. She further alleges that PETA's counsel have "bullied" her regarding her discovery-related obligations by attempting to confer with her. Haddix requested a telephone conference with the Court, but she also admits that she told PETA's lawyers that she didn't care about the rules, and she has not contradicted the affidavits from PETA's counsel setting out her use of profanity and other inappropriate behavior.

PETA is entitled to the sanctions it seeks under Rule 37, Fed. R. Civ. P. Haddix has willfully failed to comply with an order of this Court. Haddix will not be allowed to present any evidence at trial in support of her affirmative defenses

numbered 1 through 12 (which is the information sought by interrogatories 13 through 24).  *See* Rule 37(A)(ii).  This sanction is limited and is directly related to the subject of Haddix's non-compliance.  And if Haddix is telling the truth when she says that she has provided everything she knows in support of those affirmative defenses, that would show—if truthful—that she could not possibly meet her burden of proof on the affirmative defenses in any event.

<u>ECF 254: PETA's Second Motion for an Order Compelling Discovery</u>

PETA moves for an order compelling Haddix to respond fully and completely to several of its document requests.[1]  PETA asks that I also require Haddix to pay its reasonable attorneys' fees for bringing this motion as a sanction for her failure to participate in good faith in the pretrial discovery process.  PETA contends that Haddix's responses to Requests for Production Nos. 1, 2, 3, 4, 9, 10, 13, and 19 are deficient for several reasons.  Haddix has not formally objected to any of the requests, and her time to do so has passed.[2]   I will grant PETA's motion, but I will not impose additional sanctions at this time.

---

[1] As discussed above, the first Motion to Compel related solely to the interrogatories, not to the document requests.

[2] Requesting a telephone conference does not constitute a valid objection, nor does it extend the deadline to object to a well-supported document request.  Ms. Haddix's unfamiliarity with the Federal Rules of Civil Procedure does not insulate her from the consequences of her procedural failures.  *Russell v. Birdsong*, No. 4:18-CV-01666-4 SRC, 2020 WL 2933213, at *1 (E.D. Mo. June 3, 2020).

PETA has satisfied its obligation of showing that the document requests are relevant to pertinent issues in the case and are not unduly burdensome in their scope or subject matter.  Fed. R. Civ. P. 26(b)(1).  As both a party and a retained expert, it is of particular importance that Haddix respond fully and completely to the requests.

To say Haddix's responses to PETA's requests are deficient would be an understatement.  Haddix failed to respond to Request Nos. 1, 3, and 19.  Haddix failed to produce numerous documents responsive to Requests Nos. 2 and 9, several of which PETA knows, from other discovery, do exist and were previously provided by others to Haddix.  Further, Haddix improperly asserted that she could not produce documents responsive to Requests No. 4, 10, and 13 because they were privileged, but she made no attempt to comply with the requirements of Rule 26(b)(5)(A), Fed. R. Civ. P., and it is not at all clear that there is any valid privilege that would apply.  Whether Haddix believes PETA might already have some of the documents is  irrelevant:  a requesting party is entitled to know what documents the opposing party possesses and is entitled to know if any documents have been withheld; if the documents are withheld the requesting party is entitled to know the basis for the opponent's withholding the items from production.  By failing to file valid objections and otherwise failing to comply with the Rules, Haddix makes it impossible for PETA to know whether it has obtained the full discovery to which it

is entitled.  Haddix has not claimed that producing the requested documents is burdensome.  Haddix's purported excuses for her failures to respond indicate that she is not participating in good faith in the discovery process.[3]

    I will order Haddix to supplement her response.  Haddix must fully respond to PETA's document requests and must produce all documents requested within fourteen days from the date of this order.  If she fails to adequately and completely respond and produce the documents, the Court will at that time consider additional sanctions.

ECF 256 & 266: Haddix's Motions for Telephone Conference<br>and for Clarification

    Haddix requests a telephone conference with the Court regarding the scope of discovery and the conduct of PETA's counsel.  There is no discovery dispute that is ripe for a hearing, as Haddix has not filed any valid objection to any discovery request which would necessitate a ruling by the Court, nor even specified in her motion what the nature of her objections may be.  The scope of discovery is set by the Federal Rules of Civil Procedure.  Additionally, disliking an opposing attorney does not justify requesting the Court to intervene.  PETA's counsel's attempts to confer with Haddix and explain her obligations under the

---

[3] The fact that Haddix's cellphone allegedly broke should have no bearing on her ability to produce paper documents or electronically-stored emails, and PETA presents several examples of Haddix failing to produce documents and disclose communications which it knows Haddix had with various persons associated with this case.

Federal Rules were entirely professional and are required by this Court's Local Rules. Haddix's motion for a conference is denied.

In her second motion, Haddix again requests clarification on the scope of discovery sought by PETA, as well as clarification on discovery deadlines set forth in the Fourth and Fifth Amended Case Management Orders. [ECF 245, 253]. It is not the duty of the Court to further inform litigants of their discovery deadlines that are clearly set out in Court orders and in the Federal Rules of Civil Procedure. In the interests of judicial economy, however, and to avoid further confusion, I will clarify that the deadline to propound requests for interrogatories passed on June 30, 2020. [ECF 245]. The parties mutually agreed to extend certain deadlines, as is reflected in the Fifth Amended Case Management Order, but they did not request to reopen discovery for additional interrogatories, and Haddix did not propound her requests for interrogatories until several weeks after the deadline had passed. Haddix's request for further clarification or a hearing is denied.

I previously recommended to Ms. Haddix that she retain a lawyer to assist her in this matter, and I have repeatedly admonished her that her choice to represent herself means that she is obligated to follow this Court's Orders and Local Rules and the Federal Rules of Civil Procedure, as are all litigants in federal court. I again encourage her to retain a lawyer so that her ability to effectively litigate this case does not continue to be damaged by her failure to follow the rules.

7

As there are no remaining issues at this time,

**T IS HEREBY ORDERED** that Counterclaim Plaintiff PETA's Motion for Sanctions [ECF 258] is **granted** and Tonia Haddix will not be allowed to present any evidence, whether at trial or in motion practice, in support of her affirmative defenses numbered 1 through 12.

**IT IS FURTHER ORDERED** that Counterclaim Plaintiff PETA's Motion for an Order Compelling Discovery [ECF 254] is **granted**; within fourteen (14) days of today, Tonia Haddix must supplement her response to document requests and must produce all documents responsive to requests 1, 2, 3, 4, 9, 10, 13 and 19.

**IT IS FURTHER ORDERED** that Counterclaim Defendant Tonia Haddix's Motion for Telephone Conference is **denied**.

**IT IS FURTHER ORDERED** that Counterclaim Defendant Tonia Haddix's Request for Clarification [ECF 266] is **granted** only to the extent clarified above and **denied** as to her request for a hearing.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of August, 2020.