**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) | |
|       Plaintiffs and Counterclaim Defendants, | ) ) ) ) | |
| v. | ) ) | Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) | |
|       Defendants and Counterclaim Plaintiffs. | ) ) | |

## CONSENT DECREE

Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. ("PETA") and Angela Scott (together, "Plaintiffs") have asserted a counterclaim against defendants Connie Braun Casey ("Casey"), Tonia Haddix ("Haddix"), and Missouri Primate Foundation (collectively, "Defendants") pursuant to Section 11(g)(1)(A) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(1)(A), claiming ongoing violations of the ESA and its implementing regulations arising out of the operation of a facility in Festus, Missouri, that currently houses seven endangered chimpanzees. Defendants and Plaintiffs desire to avoid further litigation and have reached an agreement which is memorialized by this Consent Decree.

Defendants do not admit any liability or wrongdoing on their part and this Consent Decree shall not constitute any admission of any liability or wrongdoing. This Consent Decree constitutes a final judgment binding on Plaintiffs and Defendants.

WHEREFORE, it is ordered that:

**1.     Tammy, Connor, Candy, and Kerry.** Ownership, possession, and custody of chimpanzees Tammy, Connor, Candy, and Kerry ("Four Chimpanzees") shall be transferred to the Center for Great Apes, a Wauchula, Florida, sanctuary accredited by the Global Federation of Animal Sanctuaries (the "Sanctuary") in accordance with the terms set forth below.

    1.1.    Plaintiffs shall advise Defendants of the transfer date within five calendar days of receiving notice of the Sanctuary's capacity to accept the Four Chimpanzees.

    1.2.    Plaintiffs shall cause to be prepared such documentation as is necessary and appropriate to transfer ownership and possession of the Four Chimpanzees and for the Four Chimpanzees' removal from the Festus, Missouri, facility.

    1.3.    Defendants shall cooperate and assist Plaintiffs in facilitating the transfer and removal of each of the Four Chimpanzees, as determined by Plaintiffs and their designees in their sole discretion.

    1.4.    Haddix shall retain custody and ownership of the Four Chimpanzees, and Defendants shall not cause the Four Chimpanzees to be relocated from the Festus facility at any time prior to the transfer of each of the Four Chimpanzees to the Sanctuary.

    1.5.    At all times prior to the transfer, Haddix shall provide or arrange for the Four Chimpanzees to receive appropriate and adequate food, shelter, and veterinary care at their expense, provided however:

        1.5.1. PETA shall reimburse Haddix for actual, reasonable, and appropriate out-of-pocket expenditures for each of the Four Chimpanzees, upon submission of receipts, from the time of the entry of this order to the time of his or her transfer to the Sanctuary;

    1.5.2. Reimbursements shall be capped at $3,000 per month, and any expenditures beyond $1,000 shall require pre-approval by PETA. Provided, however, that should any of the Four Chimpanzees require veterinary care for an injury, illness, or condition that does not exist on the Effective Date of this Consent Decree and is unrelated to the manner in which the chimpanzees are held or cared for at the facility, PETA may pre-approve additional expenditures for such care. Any injury, illness, or condition that is pre-existing or related to the manner in which the chimpanzees are held or cared for at the facility must be treated at Haddix's expense;

    1.5.3. Receipts or other sufficient documentation for expenses incurred must be submitted to PETA within ten days following the end of the calendar month in which they incurred, and payment will be issued within 10 days of receipt. Failure to submit timely and appropriate documentation of an expenditure forfeits the right to reimbursement, but does not absolve Defendants of their responsibility to continue providing care to the Four Chimpanzees;

  1.6.  Defendants shall ensure Plaintiffs' designees (including veterinarian(s)) access to the Festus facility to monitor the care of the Four Chimpanzees during the period of time the Four Chimpanzees remain at the Festus facility. Defendants shall promptly provide Plaintiffs with records of any veterinary visit, diagnosis, and/or treatment of any one or more of the Four Chimpanzees during this time, and not longer than twenty-four hours after such visit, diagnosis, or treatment.

1.7. Defendants shall ensure the Sanctuary's personnel and agents access to the Festus facility to take possession of each of the Four Chimpanzees on the date of their transfer.

1.8. If the transfer of the Four Chimpanzees is not consummated due to a default by one or more Defendants, Plaintiffs shall be entitled to enforce their legal rights and remedies, including specific performance of the agreed upon transfer of the Four Chimpanzees, and shall be entitled to fees and costs incurred in enforcing the agreement against the Defendant or Defendants who are found to have defaulted, and any Defendant or Defendants who have not defaulted shall not be responsible for the fees and costs incurred in enforcing the agreement.

1.9. After the Four Chimpanzees have been removed from the Festus facility, PETA or its designee shall be solely responsible for the transportation, custody, maintenance, and care, including but not limited to veterinary care.

1.10. PETA shall cooperate, as needed, to facilitate Casey and Haddix access to the Sanctuary to visit the Four Chimpanzees, with a minimum of fourteen days' notice to the Sanctuary, and in accordance with all sanctuary guidelines and procedures.

2. **Crystal, Mikayla, and Tonka.** Ownership, possession, and custody of chimpanzees Crystal, Mikayla, and Tonka ("Three Chimpanzees") shall be retained by Haddix, in accordance with the terms set forth below.

2.1. Haddix shall construct, and transfer the Three Chimpanzees to, (a) one primadome with a minimum of 8' vertical walls, 24' total dome height, and 34' diameter footprint; and (b) one night house connected to the primadome that measures a minimum of 50' by 35' with 14' ceilings, which includes sufficient space to separate the Three

Chimpanzees as needed, and has sufficient heating and cooling to ensure the ability to maintain a moderate temperature within the night house at all times.

2.2. Within thirty days from the Effective Date of this Consent Decree, Haddix shall provide Plaintiffs with her chosen contractor's construction plans for the primadome and night houses.

2.3. Within thirty days from the Effective Date of this Consent Decree, Haddix shall provide Plaintiffs with copies of all requisite permits for construction of the primadome and night houses.

2.4. Within sixty days from the Effective Date of this Consent Decree, and every thirty days thereafter, Haddix shall provide Plaintiffs with updates on the status of the construction of the primadome and night houses, including photographs.

2.5. Within six months from the date all requisite permits are obtained pursuant to paragraph 2.3, the construction of the enclosures and transfer of the chimpanzees as referenced in paragraph 2.1 shall be completed.

2.6. If Haddix cannot complete construction of the enclosures and transfer of the chimpanzees within six months from the date all requisite permits are obtained pursuant to paragraph 2.3, due to: (1) a delay by the permitting authority, Haddix shall provide written documentation of the delay from the authority, obtain copies of the permit(s) at the earliest possible time, and provide Plaintiffs with copies immediately upon receipt; or (2) due to labor or material shortage, Haddix shall provide written documentation of the shortage. Under no circumstances shall the construction of the enclosures and transfer of the chimpanzees as referenced in paragraph 2.1 be completed longer than eight months from the Effective Date of this Consent Decree.

2.7. Within six months from the Effective Date of this Consent Decree, Haddix shall have established a nonprofit entity that has been approved by the Internal Revenue Service as a tax-exempt charitable organization pursuant to Section 501(c)(3) of the Internal Revenue Code.

2.8. Within six months from the Effective Date of this Consent Decree, Haddix shall have hired a full-time chimpanzee caregiver with at least two years' experience caring for captive chimpanzees; a part-time maintenance worker; and experienced volunteer(s) sufficient to ensure acceptable chimpanzee care and husbandry.

2.9. If any of the terms set forth in paragraphs 2.1 through 2.8 are not met within the timeframe required, ownership, possession, and custody of the Three Chimpanzees shall be transferred to the Sanctuary, in accordance with the same terms set forth with respect to the Four Chimpanzees in paragraphs 1.1 through 1.10 above.

2.10. If all of the terms set forth in paragraphs 2.1 through 2.8 are met within the timeframe required, Haddix shall provide to the Three Chimpanzees preventive veterinary care and a minimum of monthly veterinary observations, and shall continue to retain an experienced caregiver, maintenance worker, and volunteer(s), as referenced in paragraph 2.8, for the duration of the Three Chimpanzees' lives.

2.11. If all of the terms set forth in paragraphs 2.1 through 2.8 are met within the timeframe required, Haddix shall promptly ensure that Crystal and Mikayla are given combined hormonal contraceptive pills at the prescribed intervals until such time that they are not held with any male chimpanzee, unless contraindicated due to documented medical conditions. If Crystal or Mikayla should give birth while in Haddix's custody, such birth is a material breach of this Consent Decree, and Plaintiffs may require Haddix to transfer

6

the mother and birthed chimpanzee(s) together to an accredited sanctuary at Plaintiffs' election, at full cost to Haddix.

3. **No Breeding or Future Possession.** Defendants are hereby enjoined from breeding any of the chimpanzees, and from owning and/or possessing any other chimpanzee(s) in the future.

4. **Casey References.** Upon the transfer of the Three Chimpanzees pursuant to paragraph 2.1, Plaintiff PETA shall remove from its online written publications all express mentions of Connie Braun Casey by name, and shall not identify Casey by name in any future online publications.

5. **Mutual Release.** Except for the rights, duties, and obligations created by this Agreement, and immediately upon the Effective Date, each party and its respective successors and assigns hereby fully and generally releases and forever discharges the other parties, and their respective volunteers, officers, directors, heirs, executors, administrators, attorneys, insurers, subsidiaries, agents, affiliates, employees, servants and assigns, and all other persons, firms or corporations liable, or who may be claimed to be liable, none of whom admit any liability, but all expressly deny any liability, from any and all claims, liabilities, injuries, demands, damages, actions, causes of action or suits of any kind or nature whatsoever which have arisen from or may in the future arise from and/or in connection with the transactions and/or occurrences referred to in the pleadings in this matter, including but not limited to any claims under the Endangered Species Act.

6. **Contact Between Humans and Chimpanzees.** Defendants are hereby enjoined from entering any enclosure with any chimpanzee, and from inserting any body part into an enclosure in which any chimpanzee is held, with the exception of circumstances during which a qualified veterinarian has chemically immobilized a chimpanzee.

**7.     Fees and Costs.** Each of the parties shall pay their own attorneys' fees, costs, and expenses associated with this lawsuit.

**8.     Jurisdiction and Enforcement.**

8.1.    This Court shall retain jurisdiction over this matter and each of the Plaintiffs and Defendants for the purpose of enforcement of this Consent Decree.

8.2.    In the event Defendants fail to fulfil any obligation under this Consent Decree, Plaintiffs shall, prior to pursuing any remedy with the Court, give written notice of the failure to Defendants. Defendants shall have seven days from receipt of such notice to cure the failure. However, if Plaintiffs determine that an emergency condition exists that places any chimpanzee at risk of serious and imminent harm, Plaintiffs may immediately seek a remedial order from the Court.

**9.     Non-Waiver.**  Failure by any Plaintiff or Defendant to seek enforcement of this Consent Decree pursuant to its terms with respect to any instance or provision will not be construed as a waiver of such enforcement with regard to other instances or provisions.

**10.    Severability.**  If any provision of this Consent Decree is determined by any court to be unenforceable, the other provisions of this Consent Decree shall nonetheless remain in full force and effect, provided, however, that if the severance of any such provision materially alters the rights or obligations of the parties, the parties shall engage in good faith negotiations in order to adopt mutually agreeable amendments to this Consent Decree as may be necessary to restore the parties as closely as possible to the initially agreed upon relative rights and obligations.

11. **Effective Date.** The "Effective Date" of this Consent Decree is the day it is signed by all parties and submitted to the Court for approval.

By their signatures below, the parties respectfully consent to the entry of this Consent Decree.

**IT IS SO ORDERED** this 2nd day of October, 2020.

Date: October 2, 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT COURT JUDGE

FOR THE COUNTERCLAIM PLAINTIFFS

Date: 9/16/20

_____
Tracy Reiman, Executive Vice President
For Counterclaim Plaintiff People for the Ethical Treatment of Animals, Inc.

Date: 9/16/20

_____
Angela Scott
Counterclaim Plaintiff

Date: 9/16/20

_____
Jared Goodman
PETA Foundation
Attorney for Counterclaim Plaintiffs

FOR THE COUNTERCLAIM DEFENDANTS

Date: 9-9-2020

_____
Connie Braun Casey
Counterclaim Defendant

9

Date: 9/15/20

[signature]
Victor Essen
Rynearson, Suess, Schnurbusch & Champion, LLC
Attorney for Counterclaim Defendant Connie Braun Casey

Date: 9-9-2020

[signature]
Connie Braun Casey, President
For Counterclaim Defendant Missouri Primate Foundation

Date: 9/15/2020

[signature]
Tonia Haddix
Counterclaim Defendant

10