Geordie Duckler, OSB #873780
9397 SW Locust St.
Tigard, Oregon 97223
Telephone: (503) 546-8052
Facsimile: (503) 241-5553
geordied@animallawpractice.com
Attorney for Plaintiff and Counter-Defendant Andrew Sawyer

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

|  |  |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et. al., | ) ) ) Case no. 4:16 CV 2163 CDP |
| Plaintiffs and Counter-Defendants, | ) ) ) COUNTER-DEFENDANT ANDREW ) SAWYER'S FRCP 60(b)(5) MOTION TO ) MODIFY ORDER; MEMORANDUM OF ) POINTS AND AUTHORITIES IN SUPPORT |
| vs. | ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et. al., | ) ) ) |
| Defendant and Counter-Plaintiff. | ) ) ) |

Plaintiff and Counter-Defendant Andrew Sawyer ("Sawyer") hereby moves, pursuant to

Fed.R.Civ. P. 60(b)(5), to modify that portion of the Court's Memorandum and Order dated

August 24th which orders that Andrew Sawyer "must confer with counsel for Counterclaim

Plaintiff PETA and facilitate, cooperate with, assist with, and otherwise lend any support

necessary to effectuate the transfer of Joey…", such modification to be a removal of that specific

portion of the Order. Sawyer provides the following memorandum of points and authorities in

support:

I. <u>Procedural Background</u>

First, on August 24, 2020, this Court issued a <u>Memorandum and Order</u> which stated in relevant part at pp. 4-5:

"…if Counterclaim Defendant Andrew Sawyer is unable to transfer the chimpanzee "Joey"…Sawyer must confer with counsel for Counterclaim Plaintiff PETA and facilitate, cooperate with, assist with, and otherwise lend any support necessary to effectuate the transfer of Joey…"

Second, on October 7, 2020, defendant and counter-claimant PETA ("PETA") then made a remarkable concession at page 12 of its <u>COUNTERCLAIM PLAINTIFFS' MEMORANDUM IN OPPOSITION TO COUNTERCLAIM DEFENDANT ANDREW SAWYER'S REQUEST FOR CLARIFICATION</u> in saying that "Under these circumstances, transferring or facilitating the transfer of Joey would add "little or nothing to the sum total" of what is already known about Joey's ownership. Similarly, compliance with the Transfer Order would add "little or nothing to the sum total" of what is already known about Joey's present location."

This motion to modify the order follows.

II. <u>Applicable Law</u>

PETA's explicit admission undeniably now moots the efficacy and necessity of the portion of the Court's order directly commanding that Sawyer provide such information and assistance to PETA.

Fed.R.Civ. P. 60(b)(5) states that, "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... [if] it is no longer equitable that the judgment should have prospective application." Fed.R.Civ.P. 60(b)(5). The district courts have the authority under Rule 60(b)(5) to modify an order when changed circumstances have caused it to

be unjust or unnecessary. Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F3d 897, 903 (8th Cir 2005). Additionally, an order that has prospective effect may be revocable under Fed.R.Civ.P. 60(b)(5) on proof of a "sincere and timely change of attitude". See, Stephen L. LaFrance Holdings, Inc. v. Sorensen, 283 FRD 499 (ED Ark 2012).

The portion of the Court's August 24th Order at issue here certainly has "prospective application" within the meaning of Fed.R.Civ.P. 60(b)(5) since it is executory and involves supervision of Sawyer's changing conduct or conditions. In re Racing Servs., Inc., 571 F3d 729 (8th Cir 2009). Since the Court enjoys the traditional power of every court of equity to modify its decree in the light of changed circumstances, then PETA's recently revealing concession that it now knows about Joey's present location, clearly undermines the propriety of that portion of the order being enforced.

The concession discloses a significant change in factual conditions that renders continued enforcement of the portion against Sawyer to provide information or assistance as both moot and detrimental to the public interest by commanding actions that are now clearly unnecessary in light of a party's admitted knowledge. Horne v. Flores, 557 US 433, 129 S Ct 2579, 174 L Ed 2d 406 (2009); see, Ben Hur Const. Co. v. Goodwin, 116 FRD 281 (ED Mo 1987), aff'd sub nom. Ben Hur Const. v. Goodwin, 855 F2d 859 (8th Cir 1988) (rule applies to change in conditions that makes continued enforcement inequitable); Nyberg v. City of Virginia, 667 F2d 754 (8th Cir 1982).

For all those reasons, Plaintiff and Counter-Defendant Sawyer respectfully submits that the portion of the Court's Memorandum and Order dated August 24th ordering Sawyer to "confer with counsel for Counterclaim Plaintiff PETA and facilitate, cooperate with, assist with, and otherwise lend any support necessary to effectuate the transfer of Joey…", should be removed

from the Order as moot, unnecessary, and detrimental to the public interest since they command

actions to occur that are now clearly unnecessary in light of a party's admitted knowledge that

obviates the need for such actions.

Respectfully submitted,


DATED: October 9, 2020                                        GEORDIE DUCKLER, P.C.


                                                             By: *s/ Geordie Duckler*
                                                             Geordie Duckler, OSB #873780
                                                             Attorney for Plaintiff and Counter-
                                                             Defendant Andrew Sawyer


Geordie Duckler, OSB #873780
9397 SW Locust St.
Tigard, Oregon 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com
Attorney for Plaintiff and Counter-Defendant Andrew Sawyer

# CERTIFICATE OF SERVICE

I certify that on the 9th day of October 2020, the foregoing COUNTER-DEFENDANT ANDREW SAWYER'S FRCP 60(b)(5) MOTION TO MODIFY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served on the following:

Victor Essen vessen@rssclaw.com
Debbie Champion dchampion@rssclaw.com
 *Attorneys for Plaintiffs/Counter-Defendants*
 *Connie Braun Casey and Missouri Primate Foundation*

Martina Bernstein, MartinaB@petaf.org
Marissa Lauren Curran, mcurran@polsinelli.com
Jared S. Goodman, JaredG@petaf.org
James P. Martin, jmartin@polsinelli.com
Kelly J. Muensterman, kmuensterman@polsinelli.com
 *Attorneys for Defendants/Counter-Claimants*
 *People for the Ethical Treatment of Animals, Inc.*
 *and Angela Scott*

DATED this 9th day of October, 2020

**GEORDIE DUCKLER, P.C.**

By: _____
Geordie Duckler, OSB No. 873780
Attorney for Plaintiff/Counter-Defendant
Andrew Sawyer