UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) ) |

**COUNTERCLAIM PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY COUNTERCLAIM DEFENDANT ANDREW SAWYER SHOULD NOT BE HELD IN CONTEMPT**

Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"), move for an order requiring Counterclaim Defendant Andrew Sawyer ("Sawyer") to show cause why he should not be held in civil contempt of court for defying this Court's 24, 2020 Order, that made "Sawyer's obligations relative to the chimpanzee 'Joey' explicitly clear" [ECF No. 267, at 1], by refusing to comply with said obligations. In support of this motion, Plaintiffs state as follows:

1. On November 20, 2019, the Court granted Plaintiffs' motion for summary judgment against Sawyer, ruling that "there is no genuine dispute that Sawyer has violated and continues to violate the Endangered Species Act and its implementing regulations, by unlawfully taking the chimpanzee Joey" and that "Sawyer's ownership and possessory rights with respect to Joey are hereby terminated[.]" [ECF No. 203, at 1-2.]

2. In accordance with the Court's ruling, on January 30, 2020, Plaintiffs filed a proposal for Joey's placement at the Center for Great Apes. [ECF No. 222.] On March 9, 2020,

the Court granted Plaintiffs' proposal and ordered that "Joey must be transferred" to the Center for Great Apes "as soon as practicable or no later than 90 days following entry of this Order." [ECF No. 225.]

3. Sawyer then took the position that this order imposed no affirmative obligations on him at all, but merely prohibited him from transferring Joey to any other location than where Joey was then held. Recognizing that mandatory cooperation by Sawyer was essential to effectuate the Court's judgment, on August 24, the Court clarified its order "to make Sawyer's obligations relative to the chimpanzee 'Joey' explicitly clear." [ECF No. 267, at 1.] "Sawyer must transfer" Joey to the Center for Great Apes "as soon as practicable and by no later than 60 days following the entry" of the order. Further, "if … Sawyer is unable to transfer" Joey as ordered, "Sawyer must confer with counsel for Counterclaim Plaintiff PETA and facilitate, cooperate with, assist with, and otherwise lend any support necessary to effectuate the transfer of Joey to the Center for Great Apes or to the possession of an authorized agent thereof." [*Id.* at 5 ("Cooperation Provision").]

4. Sawyer's next evasive maneuver was to request a declaration by the Court that complying with the Cooperation Provision would require him to divulge incriminating information of Joey's location and ownership, purportedly protected by the Fifth Amendment. [ECF No. 272.] The Court denied Sawyer's inappropriate request for an advisory opinion. [ECF No. 276.]

5. Sawyer then moved for an order striking as moot the provision of the Order that required Sawyer's cooperation in transferring Joey, because Plaintiffs indicated they know where Joey was presently located. [ECF No. 277.] The Court also rejected that attempt by Sawyer to avoid compliance with the August 24 Order. [ECF No. 280.]

6.       In relevant part, the Court noted:

> Joey has still not been transferred to the Center for Great Apes, so it is unclear why Sawyer believes PETA's alleged concession moots the Order he now seeks to avoid. Obviously, there may be other information Sawyer must provide or steps he must take to facilitate Joey's transfer beyond simply confirming where Joey is presently located, and Sawyer has not even confirmed whether PETA's information is correct. Moreover, Sawyer's conclusory assertion that the enforcement of my Order would be detrimental to the public interest is entirely meritless in light of his violations of the Endangered Species Act. In short, no factual circumstances have changed, and my Order remains in effect.

[*Id.*]

7.       On October 9, Plaintiffs' counsel wrote to Sawyer's counsel: "In light of yesterday's Court order [ECF No. 276], I am writing to confer regarding Joey's transfer to Center for Great Apes, in accordance with the Court's order dated August 24 [ECF No. 267]. Please provide proposed date(s) for Joey's arrival at the sanctuary, which I can then work to confirm with them." [ECF No. 279-2.]

8.       Sawyer's counsel responded to the aforementioned communication, in relevant part "I will have no proposed dates or location or transfer information to provide to you, since In response to your specific request for such information or assistance my client invokes his rights against self-incrimination pursuant to the 5th and 14th Amendments to the US Constitution, as well as pursuant to Article 1, Section 19 of the Missouri Constitution, and on that basis declines to provide the information or assistance sought." [*Id.*]

9.       Sawyer's counsel did not provide any legal basis for his curious claim that providing "proposed date(s) for Joey's arrival at the sanctuary" (which was *the only* information Plaintiffs requested of Sawyer) implicated Sawyer's rights against self-incrimination. No other information was requested by Plaintiffs.

10.      The deadline for transferring Joey to the Center for Great Apes has now passed.

3

11. Sawyer has not transferred Joey to the Center for Great Apes, nor has he conferred with Plaintiffs' counsel to "facilitate, cooperate with, assist with, and otherwise lend any support necessary to effectuate the transfer of Joey to the Center for Great Apes or to the possession of an authorized agent thereof," as required by the August 24 Order.

12. "District courts have an inherent authority to enforce their injunctions." *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 189 (8th Cir. 1993) (quoting *Parker v. Ryan*, 960 F.2d 543, 546 (5th Cir.1992)). Courts may use civil contempt to either coerce compliance with the court order, compensate the complainant for losses sustained as a result of the contempt, or both. *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000).

**WHEREFORE**, for these reasons, and as further discussed in the memorandum submitted herewith, Plaintiffs respectfully request that the Court enter an order:

(1) Requiring Sawyer to show cause why he should not be held in civil contempt for contravening this Court's August 24, 2020 Order;

(2) Requiring Sawyer to comply with the Court's August 24, 2020, Order;

(3) Imposing sanctions as the Court deems appropriate; and

(4) Requiring Sawyer to pay Plaintiffs' costs and fees associated with their efforts to obtain compliance, including filing this motion for additional relief.

Dated: October 26, 2020

Respectfully submitted,

/s/ Martina Bernstein
MARTINA BERNSTEIN (#230505CA)
PETA Foundation
1536 16th St. NW
Washington, DC 20036
202.483.7382

4

Fax No: 202.540.2208
martinab@petaf.org

JARED GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 26, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

    Debbie Champion, dchampion@rssclaw.com
    Victor H. Essen, vessen@rssclaw.com
    *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

    Geordie Duckler, geordied@animallawpractice.com
    *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

    Tonia Haddix, lazyjet69@yahoo.com
    *Appearing Pro Se*

                                              /s/ Martina Bernstein