UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
|       Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
|       Defendants and Counterclaim Plaintiffs. | ) ) |

Case No. 4:16-cv-02163

## COUNTERCLAIM PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY COUNTERCLAIM DEFENDANT TONIA HADDIX SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING CONSENT DECREE

Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"), move for an for a temporary restraining order, and for an order requiring Counterclaim Defendant Tonia Haddix ("Haddix") to show cause why she should not be held in civil contempt of court for her willful violation of the Consent Decree's most fundamental requirements. In support of this motion, Plaintiffs state as follows:

1. On March 18, 2021, Haddix contacted Plaintiffs through counsel and attempted to extort payment from Plaintiffs in the amount of $4,000 per day, without which she threatened to transfer physical custody of four chimpanzees remaining in her care to an unidentified location **by March 31**, contrary to and rendering impossible the remedy she explicitly agreed to under the Consent Decree.

2. In relevant part, the Consent Decree entered by the Court and over which it retained jurisdiction [ECF No. 274 ("Decree"), ¶ 8.1], requires that Haddix construct a new outdoor

enclosure and night house ("Enclosure") for the three chimpanzees who will remain in her custody if she complies with the agreement ("Three Chimpanzees"). [Decree ¶ 2.1.]

3. As detailed in Plaintiffs' pending unopposed motion, filed on January 29, 2021, Haddix repeatedly defaulted on her obligations to provide Plaintiffs with the required minimal information since the Court entered the agreement, refusing to cure her defaults and providing Plaintiffs with false and fraudulent information. [ECF No. 287.]

4. Since that filing, Haddix's final deadlines under the Consent Decree have come and gone. By the final Consent Decree deadline of March 17, 2021, Haddix was required to complete and transfer the Three Chimpanzees to the Enclosure; hire a full-time experienced chimpanzee caregiver, part-time maintenance worker, and experienced volunteer(s) sufficient to ensure acceptable chimpanzee care and husbandry; establish a nonprofit entity that has been approved by the Internal Revenue Service as a tax-exempt charitable organization pursuant to Section 501(c)(3) of the Internal Revenue Code; and provide plaintiffs with the final monthly update on the status of the enclosures, including photographs. [Decree ¶¶ 2.1, 2.4, 2.5, 2.7, 2.8.]

5. The Consent Decree provides that if Haddix defaults on and fails to cure *any* of these obligations, the Three Chimpanzees are instead to be transferred to the Center for Great Apes ("Sanctuary"), along with the Four Chimpanzees who are already awaiting transfer there upon the completion of their newly constructed enclosures at the Sanctuary. [Decree ¶ 2.9.]

6. With respect to the Four Chimpanzees, Haddix is required to retain their custody and ownership and cannot relocate them prior to their transfer to the Sanctuary, and must provide or arrange for their continued care with appropriate reimbursement by Plaintiff PETA [Decree ¶¶ 1.4, 1.5, 1.5.1]—which, to date, has been approximately .4% of her current demand. [Decl.]

7. Plaintiffs did not receive Haddix's required monthly update by its deadline of March 17, 2021, nor proof that any of her fundamental obligations had been met. On March 18, when Plaintiffs' counsel informed Haddix of her default and initiated her seven-day cure period, Haddix promptly responded, failing to provide *any* of the requisite information. [Declaration of Jared Goodman ("Goodman Decl."), ¶¶ 2-3, Exs. A-B.]

8. Instead, continuing her willful disregard of the Consent Decree and this Court's order, Haddix informed Plaintiffs that she *will not* comply with her obligations under the Consent Decree. Specifically, Haddix threatened that unless Plaintiffs pay her $4,000 per day, she will not continue providing care to the chimpanzees, will unilaterally relinquish their ownership to "someone in your organization" or the non-party Sanctuary "immediately," or send the chimpanzees to another unnamed location, all in plain violation of the agreement. [Goodman Decl., ¶ 3, Ex. B.]

9. Plaintiffs are entitled to specific performance with the Consent Decree to remedy Haddix's material default. The agreement itself provides that in the event of a breach of these provisions, the Three Chimpanzees must be transferred to the Sanctuary upon the completion of the newly constructed enclosures there. [Decree ¶ 2.9]. The Consent Decree provides for this remedy specifically because Plaintiffs' interests are uniquely in the welfare of each individual chimpanzee at issue in this case, and monetary damages are therefore inadequate to afford "complete justice … between the parties." *See Hoover v. Wright*, 202 S.W.2d 83, 86 (Mo. 1947).

10. The facts of this dispute further support the issuance of a restraining order preserving the status quo of the chimpanzees remaining and receiving care at their current location until the Sanctuary is prepared to accept them. Plaintiffs are likely to prevail on their contempt motion due to Haddix's obvious breach of her material obligations, Haddix following

through with the conduct promised will cause Plaintiffs irreparable injury, Haddix will suffer no harm in preserving the status quo, and preserving the status quo is squarely in the public interest.

11. A memorandum in support of this motion, and proposed order, are filed concurrently.

**WHEREFORE**, for these reasons, and as further discussed in the memorandum submitted herewith, Plaintiffs respectfully request that the Court enter an order:

(1) Temporarily restraining and enjoining Haddix from transferring legal custody or ownership of any of the chimpanzees, except pursuant to the Consent Decree;

(2) Temporarily restraining and enjoining Haddix from transferring physical custody of any of the chimpanzees, except pursuant to the Consent Decree;

(3) Finding that no bond is required because Haddix will not suffer any harm as a result of this injunctive relief, which imposes no obligation on Haddix beyond those reflected in the Consent Decree;

(4) Requiring Haddix to show cause why she should not be held in civil contempt for willfully defying the Consent Decree;

(5) Requiring specific performance of the Consent Decree, including requiring Haddix to transfer all chimpanzees to the Center for Great Apes when the enclosure being constructed at the Center for Great Apes is complete, and to provide or arrange for their care at their current location until that time;

(6) Imposing sanctions as the Court deems appropriate; and

(7) Requiring Haddix to pay Plaintiffs' costs and attorneys' fees associated with the filing of this motion.

Dated: March 19, 2021	Respectfully submitted,

/s/ Jared Goodman
JARED GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com
*Attorneys for Defendants/*
*Counterclaim Plaintiffs*

5

## CERTIFICATE OF SERVICE

I certify that on March 19, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

> Debbie Champion, dchampion@rssclaw.com
> Victor H. Essen, vessen@rssclaw.com
> *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*
>
> Geordie Duckler, geordied@animallawpractice.com
> *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*
>
> Tonia Haddix, lazyjet69@yahoo.com
> *Appearing Pro Se*

                                                     /s/ Jared Goodman