UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., <br><br> Counterclaim Plaintiffs, <br><br> vs. <br><br> ANDREW SAWYER, <br><br> Counterclaim Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:16 CV 2163 CDP |

## ORDER OF CIVIL CONTEMPT

This matter is before the Court on Counterclaim Plaintiff People for the Ethical Treatment of Animals, Inc.'s (PETA) Second Motion for Order to Show Cause Why Counterclaim Defendant Andrew Sawyer Should Not Be Held in Contempt. ECF 283. PETA asserts that Sawyer has failed to comply with numerous orders of this Court relative to the transfer of the chimpanzee "Joey," including this Court's August 24, 2020 Order requiring him to transfer Joey to the Center for Great Apes. ECF 267. Sawyer responded to PETA's motion on November 11, 2020, and asserted that he is unable and/or unwilling to comply with the Court's order because doing so would violate his Fifth Amendment protection against compelled self-incrimination.

For the following reasons, I find that Andrew Sawyer is in civil contempt with this Court's August 24, 2020 Order. I will deny PETA's request for a hearing to show cause as moot, as Sawyer has admitted his noncompliance and has not proffered any defense which would necessitate a hearing.

## Factual and Procedural Background

On November 20, 2019, the Court entered summary judgment for PETA on its Endangered Species Act claims against Sawyer, terminated Sawyer's ownership and possessory rights with respect to Joey, and directed the parties to meet and confer to determine if they could reach a mutually acceptable agreement on an accredited sanctuary for Joey's relocation. ECF 203. The parties were unable to reach an agreement, as Sawyer did not cooperate with PETA or suggest any appropriate sanctuaries; accordingly, on March 9, 2020, the Court entered the following relevant orders:

> **IT IS FURTHER ORDERED** that PETA's proposal for the placement of the chimpanzee "Joey" is **granted**; Joey must be transferred to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL, as soon as practicable or no later than 90 days following entry of this Order.
>
> **IT IS FURTHER ORDERED** that counter-defendant Andrew Sawyer is enjoined from transferring the chimpanzee "Joey" from his current whereabouts until such time as the Center for Great Apes or its agent takes possession of Joey to effectuate the transfer to the sanctuary.

ECF 225 at pg. 22-23 (emphasis in original).  On June 8, 2020, PETA filed its First Motion for Order to Show Cause Why Counterclaim Defendant Andrew Sawyer and Nonparty Bhagavan Antle Should Not Be Held In Contempt.  ECF 242.  In its motion, PETA alleged that Sawyer had transferred Joey to a private facility owned by a third party, and that he was refusing to communicate with PETA with regard to Joey's Court-ordered transfer to the Center for Great Apes.  Sawyer responded by challenging the language of the Order, contending that did not require him to take any affirmative steps with respect to Joey's transfer.  Accordingly, on August 24, 2020, the Court revised the disputed language of the Order as follows:

> **IT IS FURTHER ORDERED** that Counterclaim Defendant Andrew Sawyer must transfer the chimpanzee "Joey" to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL, as soon as practicable and by no later than 60 days following the entry of this Order.
>
> **IT IS FURTHER ORDERED** that if Counterclaim Defendant Andrew Sawyer is unable to transfer the chimpanzee "Joey" to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL, within 60 days of this Order, Sawyer must confer with counsel for Counterclaim Plaintiff PETA and facilitate, cooperate with, assist with, and otherwise lend any support necessary to effectuate the transfer of Joey to the Center for Great Apes or to the possession of an authorized agent thereof.
>
> **IT IS FURTHER ORDERED** that Counterclaim Defendant Andrew Sawyer is prohibited from acting alone or in concert with any other person to transfer, relocate, hide, destroy, or otherwise act or fail to act in any way relative to the chimpanzee "Joey" which would

>prevent, frustrate, impede, delay, or in any way hinder the transfer of Joey to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL, or into the possession of an authorized agent thereof.

ECF 267.  On September 23, 2020, Sawyer filed a Motion for Clarification in which he requested the Court to issue an improper advisory opinion regarding the merits of his asserted Fifth Amendment right not to divulge information related to Joey.  ECF 272.  For that reason, the Court summarily denied Sawyer's motion on October 8, 2020.  ECF 276.  The next day, on October 9, 2020, Sawyer filed a Motion to Modify the August 24, 2020 Order.  ECF 277.  Sawyer's motion raised a borderline frivolous argument that PETA's general assertion that it knew of Joey's present whereabouts rendered the Court's Order to provide information and assistance to PETA as moot.  As Joey had not yet been transferred as ordered, the Court denied Sawyer's motion on October 14, 2020, reaffirming that "no factual circumstances have changed, and my [August 24, 2020] Order remains in effect." ECF 280.

PETA thereafter filed the pending motion for an order to show cause as to why Sawyer should not be held in contempt on October 26, 2020.  PETA indicates that its counsel communicated with Sawyer's attorney regarding proposed dates for Joey's arrival at the approved sanctuary, and that Sawyer, through his attorney, flatly refused to provide any information or assistance to PETA regarding Joey's

4

transfer.  Sawyer responds by again asserting that divulging any information whatsoever regarding Joey—and the act of transferring Joey itself—would implicate his Fifth Amendment right against self-incrimination and potentially form the basis for a federal criminal investigation.

## Legal Analysis

The Court has entered judgment against Sawyer, terminated Sawyer's rights of ownership and possession of Joey, and ordered Sawyer to transfer custody of Joey to the Center for Great Apes.  The Court has thus found that Sawyer was in physical possession of Joey or otherwise in control of and responsible for the conditions of Joey's confinement, and that he possessed Joey in a manner which violated various provisions of the Endangered Species Act, 16 U.S.C. §1531 *et seq*.[1]  Accordingly, to avoid being held in contempt for his failure to comply with my Order to transfer Joey, Sawyer bears the burden of producing evidence to support his claim that he is presently unable to comply:

> [A] mere assertion of 'present inability' is insufficient to avoid a civil contempt finding.  Rather, alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why 'categorically and in detail;' (2) that their

---

[1] Sawyer additionally admitted in a Court filing that he had "already transferred a chimpanzee known as Joey from the Missouri Primate Foundation" before PETA's counterclaim was filed, indicating Sawyer is personally knowledgeable of and responsible for Joey's present whereabouts.  ECF 29.  Sawyer has not presented any evidence to suggest otherwise.

> inability to comply was not 'self-induced;' and (3) that they made 'in good faith all reasonable efforts to comply.'"

*Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 506 (8th Cir. 2000) (internal citations omitted). A bare, unsupported assertion of the Fifth Amendment privilege against self-incrimination is not a proper substitute for the *evidentiary* proof required to show one's present inability to comply with an enforcement order: "This testimonial [Fifth Amendment] privilege, however, does not relieve [defendant] of his burden to demonstrate a present inability to comply with the turnover orders." *United States v. Rylander*, 460 U.S. 752, 758 (1983); *accord United States v. Baker*, 721 F.2d 647, 650 (8th Cir. 1983) ("[T]he district court incarcerated appellant solely for his failure to produce documents that the court determined were in his possession or control, not his failure to testify.").

## Civil Contempt Sanctions

The deadline for transferring Joey to the Center for Great Apes has long passed; Sawyer has not personally transferred Joey, he has not cooperated with PETA's efforts to effectuate Joey's transfer, and he is apparently collaborating with a non-party to obfuscate Joey's whereabouts, further frustrating the execution of my Orders. Sawyer's bare Fifth Amendment assertion is plainly insufficient to excuse his noncompliance—nothing in my Orders compels Sawyer to testify against himself, but simply orders that he relinquish possession of a chimpanzee he

6

no longer has any right to keep. As discussed above, Sawyer has previously admitted that he relocated Joey, and he has not since offered any evidence showing that he is presently unable to comply with the Court's clear directives.

Because Sawyer's noncompliance is willful, and in light of his expressed intention to indefinitely ignore this Court's commands, I hereby find him in civil contempt of my August 24, 2020 Order, and I will impose a civil contempt coercive sanction against him in the amount of $50.00 per day for each day that he refuses to comply, beginning on the date this Order is issued and continuing each day until he purges himself of contempt by taking any of the following actions:

1. Personally arranging for and effectuating the safe transfer of the chimpanzee "Joey" into the custody of the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL;

2. Producing the chimpanzee "Joey" and relinquishing physical custody to PETA or an authorized agent thereof for the purpose of transferring Joey to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL;

3. Submitting a joint status report with PETA indicating that the parties have reached an agreement as to a specific plan for Joey's safe and timely

    transfer to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the "Center for Great Apes") in Wauchula, FL.; or

4. Filing with the Court a specific plan for Joey's safe and timely transfer to the Center for Orangutan and Chimpanzee Conservation, Inc. (d/b/a the Center for Great Apes) in Wauchula, FL.  Any proposal shall include the date of Joey's relocation to the Center of Great Apes, which must occur as soon as the Center for Great Apes is able to accommodate Joey's placement or within twenty-one (21) days following the entry of this Order, whichever is later.  If PETA does not join in Sawyer's filing or objects to Sawyer's proposal, the Court shall, in its discretion, hold an evidentiary hearing to assess the adequacy of Sawyer's proposal and determine whether additional contempt sanctions are warranted.

I will additionally require Sawyer to pay PETA its reasonable attorneys' fees and expenses incurred in the filing of this motion both as a sanction under the Court's inherent powers to enforce its own orders, and to partially compensate PETA for the substantial time and expense incurred attempting to obtain compliance with my Order.  Sawyer is warned that his continued and intentional refusal to obey the orders of this Court, including the August 24, 2020 Order and this Order of Civil

Contempt, will result in continued sanctions, which may include incarceration until the contempt is purged.

Accordingly,

**IT IS HEREBY ORDERED** that Counterclaim Plaintiff People for the Ethical Treatment of Animals' Second Motion for Order to Show Cause Why Andrew Sawyer Should Not be Held Contempt [283] is **GRANTED** in part; Counterclaim Defendant Andrew Sawyer is held in civil contempt for his willful failure to comply with this Court's August 24, 2020 Order.

**IT IS FURTHER ORDERED** that PETA's request for a show cause hearing is denied as moot.

**IT IS FURTHER ORDERED** that a civil contempt coercive sanction is levied against Andrew Sawyer in the amount of $50.00 per day for each day that he refuses to comply with this Court's August 24, 2020 Order and this Order of Civil Contempt, beginning on the date this Order is issued and continuing until Sawyer purges himself of contempt by taking any of the actions specified herein. Payment shall be made to the Clerk of Court.

**IT IS FURTHER ORDERED** that PETA shall serve a copy of this Order by mail upon Sawyer, and the Clerk of Court shall mail a copy of this Order to Andrew Sawyer at <u>9397 S.W. Locust St., Tigard, OR 97223.</u>

**IT IS FURTHER ORDERED** that Andrew Sawyer shall pay to PETA its reasonable attorneys' fees and expenses incurred in the filing of this motion.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2021.