NIXIE          462  DE  1700      0004/22/21
RETURN TO SENDER
NO SUCH NUMBER
UNABLE TO FORWARD
BC: 63102112599          2184N112175-00543

FIRST-CLASS MAIL
Hasler
04/09/2021
US POSTAGE $01.20⁰
ZIP 63102
011D11622820



Tonia Haddix
12388 State Road CC
Festus, MO 63028

RECEIVED
MAY 03 2021
BY MAIL



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., )<br><br>Counterclaim Plaintiffs, )<br><br>vs. )<br><br>TONIA HADDIX, )<br><br>Counterclaim Defendant. ) | Case No. 4:16 CV 2163 CDP |

## ORDER OF CIVIL CONTEMPT

Upon review of the evidence submitted by Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc., *et al.*, (PETA) in support of their Motion to Hold Counterclaim Defendant Tonia Haddix in Contempt [ECF 287], and after consideration of the arguments presented by the parties at the hearing on the motion for temporary retraininig order on March 25, 2021 and at the show cause hearing on April 7, 2021, I find that Tonia Haddix is in civil contempt of Court because she has violated the Consent Decree negotiated by the parties and entered by the Court on October 26, 2020.[1]  ECF 274.

---

[1] Ms. Haddix appeared *pro se* at the show cause hearing and requested a continuance until she was able to obtain legal counsel. PETA opposed her motion to continue. I denied Ms. Haddix's motion in part because it was untimely, as counsel for PETA had already travelled across the country for the in-person hearing, and also because the remedy PETA sought was simply an order that Ms. Haddix specifically perform her pre-existing obligations under the Consent Decree. In any event, this Order grants Ms. Haddix additional time to obtain counsel and/or

## Haddix Has Violated the Consent Decree

The evidence presented by PETA conclusively shows that Ms. Haddix has failed to comply with numerous provisions of the Consent Decree. Ms. Haddix's violations include:

1. Routinely ignoring her deadlines to provide PETA with status updates regarding the construction of a new enclosure for the three chimpanzees which were to remain under her care;[2]

2. Transferring three chimpanzees to a new facility which did not contain a completed primadome facility consistent with the dimensions specified in the Consent Decree;

3. Failing to provide PETA with accurate photographs documenting the progress being made on the new enclosure, and instead providing photographs of an already-built enclosure in an attempt to mislead PETA into believing adequate progress was being made;

4. Falsely representing to PETA that she had completed the "ground work and all septic and sewer and water and electric" for the new enclosure when in fact little or no work had been completed;

---

specifically perform her obligations under the Consent Decree before additional civil contempt measures are taken to enforce her compliance with my Orders.

[2] Specifically, Ms. Haddix failed to provide status reports on October 17, 2020, November 16, 2020, December 16, 2020, and January 16, 2021. She failed entirely to cure her default as to the fourth missing status report.

2

5. Failing to provide proof that she has hired a) a full-time chimpanzee caregiver with at least ywo years' experience; b) a part-time maintenance worker; and c) experienced volunteers to assist in the care of the chimpanzees; and

6. Failing to establish a non-profit entity approved by the Internal Revenue Service as a tax-exempt charitable organization pursuant to Section 501(c)(3) of the Internal Revenue Code.

Ms. Haddix has not offered any evidence to excuse her aforementioned violations. To the extent Ms. Haddix suggests that she was unaware the Consent Decree constitued a binding judgment of this Court, I note that the front page of the Consent Decree clealry states: "This Consent Decree constitutes a final judgment binding on Plaintiffs and Defendants." ECF 274 pg. 1.[3] Moreover, I have previously cautioned Ms. Haddix that her "unfamiliarity with the Federal Rules of Civil Procedure does not insulate her from the consequences of her procedural failures," ECF 269 at pg. 4 fn. 2, and I have repeatedly admonished her to retain counsel due to the complexities of this case.

Ms. Haddix's noncompliance with the Consent Decree places her in contempt of Court: "While a judge has the authority to enforce the terms of a

---

[3] This is consistent with the law in this Circuit: "A consent decree is a judicial act, and possesses the same force and character as a judgment rendered following a contested trial." *Siebring v. Hansen*, 346 F.2d 474, 477 (8th Cir. 1965) (citation omitted).

consent decree, noncompliance with a consent decree is enforceable by citation for contempt of court." *Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 993 (8th Cir. 2003) (citation and internal quotation marks omitted). Ms. Haddix may purge herself of contempt by taking either of the following actions:

1. Obtaining legal counsel and filing a **joint** status report with counsel for PETA no later than April 26, 2021 indicating that Ms. Haddix is working in good faith to fulfill her obligations under the Consent Decree such that additional contempt orders are not warranted at this time; or

2. Specifically performing her obligations under the Consent Decree and presenting adequate proof of performance to PETA no later than April 26, 2021. If proof of performance is tendered to PETA, PETA shall promptly file a report with the Court indicating whether her proof is satisfactory and brings her into compliance with the Consent Decree.

As to both avenues, PETA shall act reasonably and in good faith in assessing Ms. Haddix's efforts to cooperate and with regard to any proof of performance. If requested by the parties, the Court may hold an evidentiary hearing to assess Ms. Haddix's compliance.

I will Order that Ms. Haddix pay PETA's resonable attorneys fees and expenses of bringing motion. I will not impose additional contempt citations at this time; however, if nothing is filed in this matter reflecting that Ms. Haddix has

purged herself of contempt by **April 26, 2021,** I will impose civil contempt citations in the amount of $50.00 per day for each day that she remains in contempt.

Accordingly,

**IT IS HEREBY ORDERED** that Counterclaim Plaintiff People for the Ethical Treatment of Animals' Motion to Hold Tonia Haddix in Contempt [ECF 287] is **GRANTED**, and Tonia Haddix is held in civil contempt for her failure to comply with the Consent Decree.

**IT IS FURTHER ORDERED** that if Ms. Haddix has not purged herself of the contempt as set out in this order by **April 26, 2021**, a coercive civil contempt sanction of $50.00 per day will be imposed for each additional day in which she remains in contempt.

**IT IS FURTHER ORDERED** that Tonia Haddix shall pay to PETA its reasonable attorney's fees and expenses incurred in the filing of this motion.

**IT IS FURTHER ORDERED** that PETA shall serve a copy of this Order by mail upon Haddix, and the Clerk of Court shall mail a copy of this Order to Tonia Haddix at 12388 State Road CC, Festus, MO 63028.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this X day of April, 2021.

5