UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., </br></br>       **Plaintiffs and Counterclaim Defendants,** </br></br> v. </br></br> PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., </br></br>       **Defendants and Counterclaim Plaintiffs.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Case No. 4:16-cv-02163 |

## MOTION REQUESTING TRANSFER ORDER AND ATTENDANCE OF THE UNITED STATES MARSHALS SERVICE

Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"), move for an order requiring Counterclaim Defendant Tonia Haddix ("Haddix") to transfer Crystal, Mikayla, Tonka, Tammy, Connor, Candy, and Kerry (the "chimpanzees") to the Center for Great Apes on ▮▮▮▮▮▮▮▮, requiring Haddix's and Counterclaim Defendant Connie Casey's (together, "Defendants") cooperation to effectuate the transfer, and requiring attendance of the United States Marshals Service at the time of the transfer. In support of this motion, Plaintiffs state as follows:

1. On June 1, 2021, this Court ordered the transfer of the chimpanzees to the Center for Great Apes "as soon as the sanctuary is able to accept their custody." [ECF No. 307.]

2. The Consent Decree further provides that the chimpanzees cannot be relocated from the Festus facility at any time prior to the transfer [ECF No. 274, ¶¶ 1.3, 2.9.], that Defendants must ensure access to the facility to take possession of the chimpanzees on the date of their transfer [*id.* ¶¶ 1.7, 2.9], and "Defendants shall cooperate and assist Plaintiffs in facilitating the transfer

and removal of each of the Four Chimpanzees, as determined by Plaintiffs and their designees in their sole discretion." [ECF No. 274, ¶ 1.3.]

3. Despite the Court's June 1 ruling and Haddix's prior agreement, Haddix has made clear her intention to continue to willfully defy the Court's orders and attempt to obstruct the transfer.

4. In a video interview with Fox2 news after the Court's June 1 order, and published on June 7, Haddix stated the Plaintiffs are "not getting the chimps," that she will instead keep them "just for the principal (sic) of the matter, because they don't deserve the chimps," and that Plaintiffs **"[a]re going to have to bring sheriffs and they're going to have to bring everything that they can"** to transfer the chimpanzees in accordance with the Court's order. [ECF Nos. 308-2 ¶ 2, 308-3.]

5. Similarly, an article published by the St. Louis Post-Dispatch on June 3 reflects that "Haddix said she has no plans to comply with the order" and Plaintiffs will not be allowed on the property—which Casey owns. Haddix added: "'I guarantee you right now, they don't want to encounter me,' she said of the group, adding, 'cause it will not end nicely.'" [ECF Nos. 308-2 ¶ 3, 308-4.]

6. Plaintiffs, in coordination with Center for Great Apes, have arranged for the availability of appropriate equipment on loan, and veterinary and other experienced staff oversight for the chimpanzees' transfer to occur on ████████████, beginning at ████████. There are a substantial number of individuals involved to ensure appropriate loading and transport from Festus to Center for Great Apes, in Wauchula, Florida, and both Plaintiffs and sanctuary representatives will incur substantial expense and invest considerable resources in traveling to the Festus facility for the transfer.

7.      Haddix's statements raise serious concerns that, without the presence of the U.S. Marshals, she will continue to violate this Court's orders and jeopardize the safety of the chimpanzees, and those involved in their transfer and transport.

8.      Plaintiffs' concerns are well founded, as they were previously refused entry to the Festus facility to proceed with an agreed-upon site inspection, at which time a volunteer at the facility physically threatened Plaintiffs' counsel. [ECF No. 95, at 4-5 ("The first PETA guy that comes through here, and I know you're an attorney now, I'm gonna knock his ass out. Right on the spot. I'll lay him out flat."]

9.      In view of Haddix's stated intent to interfere with the safe loading and transfer of the chimpanzees to Center for Great Apes, Plaintiffs urge the Court to enter an order in the form submitted herewith to detail Defendants' specific obligations and requirements for the transfer, and to order the U.S. Marshals to attend the chimpanzee transfer to ensure the safety of the chimpanzees and the individuals involved in their transfer and transport, and to ensure execution of this Court's June 1, 2020, and subsequent Order.

10.     Plaintiffs note that while the scheduled transfer date allows for the standard briefing schedule as set forth by the Court's local rules, there would be limited time for any subsequent hearing the Court may wish to schedule before the transfer date. Accordingly, to the extent that the Court wishes to hear from the parties further with respect to this motion, Plaintiffs request that it be heard at the motion hearing already scheduled for July 14, 2021, at 10:00 a.m.

**WHEREFORE**, for these reasons, Plaintiffs respectfully request that the Court enter an Order:

(1) Providing that the legal and physical transfer, loading, and transport of chimpanzees Crystal, Mikayla, Tonka, Tammy, Connor, Candy, and Kerry to Center for Great Apes, as

provided in this and previous Court Orders, shall occur on ▇▇▇▇, beginning at ▇▇▇▇, at the Festus facility, located at 12338 State Rd. CC, Festus, MO 63028 ("Transfer");

(2) Prohibiting Defendants, and any agents or other persons or entities under their direct or indirect control, from moving, transferring, or relocating any chimpanzee other than as provided by the Court's Orders;

(3) Requiring all parties to cooperate to effectuate the Transfer in a manner that is safe for the chimpanzees and for all persons present or working in connection with the Transfer. To that end:

    a. Defendants, and any agents or other persons under their direct or indirect control, shall not interfere with, impede, threaten, harass, or intimidate any person working to implement the Transfer or who is on the premises in connection with the Transfer, attempt any such conduct, or otherwise attempt to obstruct the transfer of the chimpanzees or create any dangerous condition or hostile environment.

    b. Defendants shall continue to provide requisite food, water, and other care to the chimpanzees pending their removal and transfer. However, to mitigate risks in connection with any sedation deemed required for their removal and transfer, Defendants, and any agents or other persons under their direct or indirect control, shall withhold all food from the chimpanzees, including removing all remnants of food material from their enclosures and holding areas, beginning at ▇▇▇▇ on ▇▇▇▇. Defendants shall provide clean, potable water at all times prior to the Transfer.

    c. Defendants shall allow representatives of PETA, Center for Great Apes, and their designees, and their vehicles and equipment, full access to the chimpanzees and

4

    entry to their enclosures and to all facility ingress and egress points in order to allow for the effectuation of the Transfer.

d. Defendant Casey shall provide to representatives of Center for Great Apes any codes, keys, or other means necessary to access all chimpanzees immediately upon the Center for Great Apes' arrival to the Festus facility on ███████, and the same shall be returned to Defendant Casey or to a law enforcement officer upon the conclusion of the transfer process.

e. Defendants, and any agents or other persons under their direct or indirect control, must cooperate with any reasonable requests for information or instructions by PETA and/or Center for Great Apes about the chimpanzees and their enclosures that are reasonably necessary to effect a safe Transfer.

f. Defendants, or any of their agents or other persons under their direct or indirect control, shall not permit any enclosures or cages at the respective facilities to be unlocked other than at the request of representatives of Center for Great Apes or a United States Marshal. Defendants, or any of their agents or other persons under their direct or indirect control, shall not otherwise allow any animals to be outside of their shift or holding cages at any time, shall block access to outdoor enclosures and chutes, except upon request of Center for Great Apes, and shall ensure that no dogs or any other animals are outside of their respective enclosures or roaming freely while activities are occurring in conjunction with the Transfer, including but not limited to any time representatives of Center for Great Apes, PETA, or a United States Marshal are on the premises in connection with carrying out the Transfer.

(4) Requiring the United States Marshal Service to be present at the Festus facility for the duration of the Transfer. The purposes of its presence are to (a) provide security, (b) help to ensure safety of all persons, and (c) ensure compliance by all parties with orders of the Court. The United States Marshal Service is authorized to take all measures deemed in its discretion to be necessary to ensure the safety of all involved in the Transfer. This authorization includes but is not limited to:

    a. To the extent desired, establishing a command post at the Festus facility,

    b. Establishing a perimeter within which the activities for the safe Transfer take place,

    c. Establishing safe ingress and egress for the Festus facility and controlling access to and from the facility,

    d. Establishing a sign-in and sign-out procedure for all persons present at the facility during the Transfer,

    e. Enforcing the court's orders,

    f. Removing from the premises, using reasonable force as necessary, any person(s) whom the Marshal deems to be engaged in behavior that interferes with or impedes the timely and safe Transfer, including any behavior that is harassing, threatening, or intimidating in nature,

    g. Requiring all person(s) at the facility to identify and surrender or sequester any firearms within their possession while the United States Marshal Service is on site,

    h. Ensuring that other than law enforcement personnel, only representatives of PETA and Center for Great Apes and their designees, Casey, and counsel to the parties are permitted on the premises of the facility.

      i. Appointing or designating any other law enforcement personnel, including members of state or county law enforcement, to assist the Marshal.

      j. Escorting the transport vehicle for thirty minutes after it leaves the premises to ensure a safe and unobstructed Transfer.

      k. All persons, including Defendants, shall cooperate with any request or demand by any member of the United States Marshal Service or its designee.

(5) In light of Haddix's threats to impede the Transfer and implication of potential violence and/or harassment [ECF Nos. 308-3, 308-4],[1] prohibiting Haddix's presence at the facility during the Transfer and requiring that she be located a sufficient distance away from the facility to allow for a safe and timely Transfer. Haddix must remain at least two miles away from the facility during the Transfer, beginning at ▇▇▇▇ on ▇▇▇▇, and continuing until the United States Marshal determines that the Transfer is complete and all persons associated with the Transfer have left the facility;

(6) Prohibiting Defendants from administering any sedation drug to any chimpanzee until the Transfer date except when required in the event of a medical or public safety emergency. In the event Defendants administer or cause a third-party to administer any drug to any of the chimpanzees between now and the day of the Transfer, Defendants shall notify Plaintiffs' counsel within twenty-four hours of such administration;

---

[1] *See, e.g.,* Order on Plaintiff's Motion for Protective Order, PETA v. Wildlife in Need and Wildlife in Deed, et al., No. 4:17-cv-00186 (Sept. 15, 2020) (ordering that Defendant Stark, whose actions and statements "includ[ed] actions directed at interfering with removal [of big cats from the facility] and inciting violence," can not be present during that case's transfer and must be located a sufficient distance from the facility to ensure a safe and unobstructed transfer process).

7

(7) Prohibiting the recording of video (including via any surveillance cameras at the Festus property), taking of photographs, or monitoring by unmanned aerial vehicle (i.e., drone) of the Transfer;

(8) Requiring Haddix to reimburse Plaintiffs for all costs associated with securing the service of the U.S. Marshals;

(9) Requiring that the time and date of the Transfer remain confidential, except as is necessary for Plaintiffs to effectuate the transfer of the chimpanzees, and prohibiting Defendants from sharing the date and/or time of the transfer with any non-party; and

(10)    Advising that any willful violation of the Court's Orders in relation to the Transfer will result in the initiation of contempt proceedings.

Dated: July 1, 2021                         Respectfully submitted,

/s/ Jared Goodman
JARED GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com
*Attorneys for Defendants/
Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 1, 2021, the foregoing was served by e-mail and/or U.S. Mail, as follows:

Debbie Champion, dchampion@rssclaw.com
Victor H. Essen, vessen@rssclaw.com
*Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

Geordie Duckler, geordied@animallawpractice.com
*Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

Tonia Haddix, lazyjet69@yahoo.com
12388 State Rd. CC
Festus, MO 63028
*Appearing Pro Se*

/s/ Jared Goodman