UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI PRIMATE FOUNDATION, )
et al., )
                                                 )
        **Plaintiffs and** )
        **Counterclaim Defendants,** )
                                                 )
v.                                                 )        Case No. 4:16-cv-02163
                                                 )
PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC., et al., )
                                               )
        **Defendants and** )
        **Counterclaim Plaintiffs.** )

**ORDER GRANTING MOTION REQUESTING TRANSFER ORDER AND
ATTENDANCE OF THE UNITED STATES MARSHALS SERVICE**

Before the Court is Counterclaim Plaintiffs' Motion Requesting Transfer Order and Attendance of the United States Marshals Service. [311-3, redacted 312] Good cause appearing, **IT IS HEREBY ORDERED** that Counterclaim Plaintiffs' motion is **GRANTED** as follows:

1. The legal and physical transfer, loading, and transport of chimpanzees Crystal, Mikayla, Tonka, Tammy, Connor, Candy, and Kerry to Center for Great Apes, as provided in this and previous Court Orders, shall occur on ▮▮▮▮▮▮▮, beginning at ▮▮▮▮▮▮▮, at the Festus facility, located at 12338 State Rd. CC, Festus, MO 63028 ("Transfer");

2. Defendants, and any agents or other persons or entities under their direct or indirect control, are prohibited from moving, transferring, or relocating any chimpanzee other than as provided by the Court's Orders;

3. All parties shall cooperate to effectuate the Transfer in a manner that is safe for the chimpanzees and for all persons present or working in connection with the Transfer. To that end:

a. Defendants, and any agents or other persons under their direct or indirect control, shall not interfere with, impede, threaten, harass, or intimidate any person working to implement the Transfer or who is on the premises in connection with the Transfer, attempt any such conduct, or otherwise attempt to obstruct the transfer of the chimpanzees or create any dangerous condition or hostile environment.

b. Defendants shall continue to provide requisite food, water, and other care to the chimpanzees pending their removal and transfer. However, to mitigate risks in connection with any sedation deemed required for their removal and transfer, Defendants, and any agents or other persons under their direct or indirect control, shall withhold all food from the chimpanzees, including removing all remnants of food material from their enclosures and holding areas, beginning at ▮▮▮▮ on ▮▮▮▮. Defendants shall provide clean, potable water at all times prior to the Transfer.

c. Defendants shall allow representatives of PETA, Center for Great Apes, and their designees, and their vehicles and equipment, full access to the chimpanzees and entry to their enclosures and to all facility ingress and egress points in order to allow for the effectuation of the Transfer.

d. Defendant Casey shall provide to representatives of Center for Great Apes any codes, keys, or other means necessary to access all chimpanzees immediately upon the Center for Great Apes' arrival to the Festus facility on ▮▮▮▮, and the same shall be returned to Defendant Casey or to a law enforcement officer upon the conclusion of the transfer process.

2

e. Defendants, and any agents or other persons under their direct or indirect control, must cooperate with any reasonable requests for information or instructions by PETA and/or Center for Great Apes about the chimpanzees and their enclosures that are reasonably necessary to effect a safe Transfer.

f. Defendants, or any of their agents or other persons under their direct or indirect control, shall not permit any enclosures or cages at the respective facilities to be unlocked other than at the request of representatives of Center for Great Apes or a United States Marshal. Defendants, or any of their agents or other persons under their direct or indirect control, shall not otherwise allow any animals to be outside of their shift or holding cages at any time, shall block access to outdoor enclosures and chutes, except upon request of Center for Great Apes, and shall ensure that no dogs or any other animals are outside of their respective enclosures or roaming freely while activities are occurring in conjunction with the Transfer, including but not limited to any time representatives of Center for Great Apes, PETA, or a United States Marshal are on the premises in connection with carrying out the Transfer.

4. The United States Marshal Service shall be present at the Festus facility for the duration of the Transfer. The purposes of its presence are to (a) provide security, (b) help to ensure safety of all persons, and (c) ensure compliance by all parties with orders of the Court. The United States Marshal Service is authorized to take all measures deemed in its discretion to be necessary to ensure the safety of all involved in the Transfer. This authorization includes but is not limited to:

a. To the extent desired, establishing a command post at the Festus facility,

b. Establishing a perimeter within which the activities for the safe Transfer take place,

3

    c. Establishing safe ingress and egress for the Festus facility and controlling access to and from the facility,

    d. Establishing a sign-in and sign-out procedure for all persons present at the facility during the Transfer,

    e. Enforcing the court's orders,

    f. Removing from the premises, using reasonable force as necessary, any person(s) whom the Marshal deems to be engaged in behavior that interferes with or impedes the timely and safe Transfer, including any behavior that is harassing, threatening, or intimidating in nature,

    g. Requiring all person(s) at the facility to identify and surrender or sequester any firearms within their possession while the United States Marshal Service is on site,

    h. Ensuring that other than law enforcement personnel, only representatives of PETA and Center for Great Apes and their designees, Casey, and counsel to the parties are permitted on the premises of the facility.

    i. Appointing or designating any other law enforcement personnel, including members of state or county law enforcement, to assist the Marshal.

    j. Escorting the transport vehicle for thirty minutes after it leaves the premises to ensure a safe and unobstructed Transfer.

    k. All persons, including Defendants, shall cooperate with any request or demand by any member of the United States Marshal Service or its designee.

5. In light of Ms. Haddix's threats to impede the Transfer and implication of potential violence and/or harassment [ECF Nos. 308-3, 308-4], Ms. Haddix shall not be present at the facility during the Transfer, and shall be located a sufficient distance away from the

4

    facility to allow for a safe and timely Transfer. Ms. Haddix must remain at least two miles away from the facility during the Transfer, beginning at ▇▇▇ on ▇▇▇, and continuing until the United States Marshal determines that the Transfer is complete and all persons associated with the Transfer have left the facility;

6. Defendants are prohibited from administering any sedation drug to any chimpanzee until the Transfer date except when required in the event of a medical or public safety emergency. In the event Defendants administer or cause a third-party to administer any drug to any of the chimpanzees between now and the day of the Transfer, Defendants shall notify Plaintiffs' counsel within twenty-four hours of such administration;

7. The recording of video (including via any surveillance cameras at the Festus property), taking of photographs, or monitoring by unmanned aerial vehicle (i.e., drone) of the Transfer is prohibited;

8. Ms. Haddix shall reimburse Plaintiffs for all costs associated with securing the service of the U.S. Marshals;

9. The time and date of the Transfer shall remain confidential, except as is necessary for Plaintiffs to effectuate the transfer of the chimpanzees; Defendants are prohibited from sharing the date and/or time of the transfer with any non-party; and

10. Any willful violation of the Court's Orders in relation to the Transfer will result in the initiation of contempt proceedings.

Date: _____7/14/21_____

                                                    CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE