UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) ) ) |
|       Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) |
|       Defendants and Counterclaim Plaintiffs. | ) ) |

Case No. 4:16-cv-02163

### MOTION FOR WRIT OF BODY ATTACHMENT OF COUNTERCLAIM DEFENDANT ANDREW SAWYER

Counterclaim Plaintiffs, People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"), submit this motion for a writ of body attachment in light of Counterclaim Defendant Andrew Sawyer's continuing noncompliance with the Court's contempt Order of April 9, 2021 [ECF No. 300], in order to effectuate the Order's requirement that Sawyer transfer chimpanzee Joey to the Center for Great Apes. Plaintiffs further state as follows:

1. On November 20, 2019, the Court entered summary judgment against Sawyer. [ECF No. 203.]

2. On March 9, 2020, the Court ordered that chimpanzee Joey be transferred to the Center for Great Apes "as soon as practicable and no later than 90 days following the entry of this Order." [ECF No. 225, at 22-23.]

3. In response to Sawyer's assertion that the Order was not sufficiently clear to require Sawyer to transfer Joey to the sanctuary [ECF No. 247], on August 24, 2020, the Court ordered, in relevant part: (1) Sawyer must transfer Joey to the Center for Great Apes "as soon as practicable

and by no later than 60 days following the entry of this Order"; (2) if Sawyer was unable to transfer Joey as provided, he must confer with PETA's counsel to "facilitate, cooperate with, assist with, and otherwise lend any support necessary to effectuate the transfer"; and (3) "Sawyer is prohibited from acting alone or in concert with any other person to transfer, relocate, hide, destroy, or otherwise act or fail to act in any way relative to" Joey that "would prevent, frustrate, impede, delay, or in any way hinder" his transfer to the sanctuary. [ECF No. 267, at 4-5.]

4. On April 9, 2021, the Court entered an Order finding Sawyer in contempt for failing to comply with its August 24, 2020, Order. [ECF No. 300.] The Court rejected Sawyer's "bare Fifth Amendment assertion," finding it "plainly insufficient to excuse his non-compliance—nothing in my Orders compels Sawyer to testify against himself, but simply orders that he relinquish possession of a chimpanzee he no longer has any right to keep." [*Id.* at 6-7.]

5. Accordingly, the Court found that, "Because Sawyer's noncompliance is willful, and in light of his expressed intention to indefinitely ignore this Court's commands, I hereby find him in civil contempt of my August 24, 2020 Order, and I will impose a civil contempt coercive sanction against him in the amount of $50.00 per day for each day that he refuses to comply, beginning on the date this Order is issued and continuing each day until he purges himself of contempt by taking any of the following actions," all of which required Joey's transfer to the sanctuary. [*Id.* at 7-8.]

6. On April 9, promptly after the Court issued its Order, Plaintiffs' counsel sought to confer with Sawyer's counsel regarding Joey's transfer. [Declaration of Jared Goodman, ¶ 2, Ex. A.]

7. Notwithstanding the Court's Order, Sawyer, through counsel, responded that he had "no proposed transfer to discuss nor information to provide to you, since in response to any

2

request or demand for such information or assistance my client invokes his rights against self-incrimination pursuant to the 5th and 14th Amendments to the US Constitution, as well as pursuant to Article 1, Section 19 of the Missouri Constitution, and on that basis declines to provide the information or assistance sought." [*Id.*]

8. Shortly after that time, the sanctuary no longer had the space available to accept Joey. [*Id.*, ¶ 3.]

9. On July 30, 2021, when the sanctuary again had the capacity to accept Joey, Plaintiffs' counsel again sought to confer with Sawyer's counsel regarding Joey's transfer. [*Id.*, ¶¶ 4-5, Ex. A.] However, Sawyer's counsel responded that his prior "position remains unchanged." [*Id.*]

10. On August 2, 2021, Plaintiffs submitted a Notice to advise the Court of Sawyer's continuing noncompliance with its contempt Order of April 9, 2021. [ECF No. 334.]

11. To date, nearly *thirteen months* after the Court's deadline, Sawyer has still not transferred Joey to the sanctuary or conferred with PETA's counsel to "facilitate, cooperate with, assist with, and otherwise lend any support necessary to effectuate the transfer." [ECF No. 267, at 4-5.] Rather, Sawyer's refusal to transfer Joey or facilitate Joey's transfer prevents, frustrates, impedes, delays, and otherwise hinders the transfer, in further violation of the Court's order. [*Id.* at 5.]

12. Sawyer's actions have made clear that the monetary contempt sanction levied against him (which, to Plaintiffs' knowledge, has not been paid) is insufficient to obtain his compliance with the Court's orders that Joey be transferred to the Center for Great Apes. Plaintiffs request that the Court issue a writ of body attachment in an effort to obtain such compliance.

13. Pursuant to Federal Rule of Civil Procedure 4.1(b), an "order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district." This provision allows enforcement of contempt orders "in any district," as long as the case arises under federal law. *See, e.g.*, *Gaulden v. City of Desloge, Missouri*, No. 4:07CV01637 ERW, 2009 WL 690157, at *2 (Mar. 12, 2009) ("this Court will enter an order requiring that his body be seized by the United States Marshals Office for the Eastern District of Kentucky"); Memorandum and Order (ECF No. 45), *Conway v. Portfolio Recovery Group, LLC and Daniel Olcott*, No. 4:12CV02244 ERW (E.D. Mo. Mar. 24, 2014) (issuing a writ of body attachment where defendant's last known address was in New York); *S.E.C. v. Res. Dev. Int'l L.L.C.*, 86 Fed. Appx. 14 (5th Cir. 2003); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10 (D.D.C. 2001) (ordering defendant to be incarcerated at "the nearest appropriate federal facility to Tampa, Florida").

14. Plaintiffs' claims arise under the federal Endangered Species Act. [*See* ECF No. 23.] This Court entered an Order holding Sawyer in contempt to enforce its prior Order requiring him to transfer Joey to the Center for Great Apes. [ECF No. 300.] As a result, this Court may issue an Order committing Sawyer for civil contempt in any district.

15. Accordingly, Plaintiffs respectfully request that the Court issue a Writ of Body Attachment against Sawyer in order to compel him to transfer Joey to the sanctuary promptly, and award such other and further relief as this Court deems just and proper. Plaintiffs request to be heard on this issue at the scheduled December 1, 2021, hearing date.

Dated: November 11, 2021         Respectfully submitted,

                                                /s/ Jared Goodman
                                                JARED GOODMAN (#1011876DC)

PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com
*Attorneys for Defendants/*
*Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 11, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to the following:

    Debbie Champion, dchampion@rssclaw.com
    Victor H. Essen, vessen@rssclaw.com
    *Attorneys for Plaintiff/Counterclaim Defendant Connie Braun Casey*

    Geordie Duckler, geordied@animallawpractice.com
    *Attorney for Plaintiff/Counterclaim Defendant Andrew Sawyer*

    Tonia Haddix, lazyjet69@yahoo.com
    *Appearing Pro Se*

                          /s/ Jared Goodman