UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI PRIMATE FOUNDATION,
et al.,
Plaintiffs and
Counterclaim Defendants

Case No. 4:16 CV 2163 CDP

VS

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC., et al.

## PRO SE MOTION TO DISMISS WITH PREJUDICE

Defendant Tonia Haddix moves the court for an order to dismiss the contempt claim against her with prejudice.

The defendant has reached out to Mr. Jared Goodman in a good faith attempt to find a way to settle this based on the facts about Tonka's unfortunate passing.

During a conference call on 12/01/2021, Goodman explained that the reason for their belief that Tonka is alive is based on a hearsay rumor that I still had the deceased chimpanzee. The concept of a 5'2 woman with acute myeloid Leukemia lugging a live 225 lb chimp around with her became a subject of mockery and derision within my circle after the plaintiff publicly made the claim in the media. There were many lengthy Facebook threads where people joked that I was "hiding him in my purse" or that he was in my sock drawer. I regretfully joined in some of the jokes, believing everyone understood it to be satire.

Mr. Goodman additionally asserted that Mrs. Casey being uncooperative and not answering questions about Tonka during the seizure, while she was distressed and angry, is evidence of my wrongdoing. It is not.

To rectify the situation and ease the plaintiff's concerns, I, defendant Haddix, went above and beyond the burden placed upon me by the court by offering to take a lie detector test, provide a photo of the deceased chimpanzee in the position in which we found him (provided that they agreed not to use the photo to further smear myself or Mrs. Casey), and offered to provide them with ashes (see attached email). None of these methods appeared to be satisfactory to the plaintiff.

Again, I, Tonia Haddix, had already provided the court and the plaintiff with enough proof of Tonka's death to be in compliance with the court's original order prior to these offers. Since I know Tonka has passed away, I felt comfortable attempting to work with them.

Unfortunately, it is now my true belief that the plaintiffs are acting in bad faith and seeking to punish me instead of trying to actually retrieve the deceased chimp. I believe that if this case is not dismissed with prejudice that they will never stop using the courts as a means to harass me.

The Plaintiff has provided no proof of their theory that Tonka is alive — while myself, the defendant, has made every effort to work with them, despite the emotional and physical toll it is taking on me to keep reliving that day.

At the contempt hearing on July 14, 2021, the Court stated, "I'm going to order that within seven days of today's date, Ms. Haddix provide to Mr. Goodman proof that the chimpanzee, Tonka, has -- is deceased. And I don't know what that proof will be, but we need something." [Tr. at 20:19-21:3.]. I, defendant Haddix, assert that I have provided ample evidence, above and beyond the requirements of the court. The court's assertion that I provide proof as to Tonka's death, did not set forth a set standard of proof or certain requirements as to what constituted proper proof, however, the evidence provided is enough for even a layman to reasonably conclude that Tonka is deceased.  (As used in a proceeding to declare a person legally dead, "clear and convincing" standard does not require an absolute certainty; it merely requires that the evidence make the conclusion highly probable. McKinney's EPTL 2–1.7(a).

Plaintiff's assertion that I should have taken steps to preserve Tonka's remains as "evidence" is cruel and illustrates Plaintiff's clear lack of empathy and understanding of the bond I had with these animals. In comparison, my bond with Tonka was like the bond one might have with their own offspring, and no ethical and compassionate person would ever think to make such a demand of someone who had just lost their child. Plaintiff shows a clear lack of concern and regard for not only the deep loss that I felt, but also the loss and trauma the other chimps suffered in Tonka's passing.

Tonka, by plaintiff's own exhibit filed on 03/18/19, Exhibit T, represents Tonka's age at the time of the veterinary visit, to be 37 years old. (Doc. #: 155-19 Filed: 03/18/19 Page: 3 of 3 PageID #: 2387)  According to Project Chimps, a Global Federation of Animal Sanctuaries accredited facility, (PETA used this facility to transport the chimps to the Center for Great Apes) the mean life expectancy of a male chimpanzee in captivity is 32.5 years. Tonka, if Plaintiff's exhibits are to be believed, would have been far past that mean life expectancy, reaching the age of 40 years old before he succumbed to his underlying health conditions.

Tonka's rapidly deteriorating health was noted by Dr. Talbot on or about 5/20/21. At that time, Dr. Talbot noted that Tonka had lost significant musculature, had noticeable edema around his ankles and wrists, and was having difficulty moving around his enclosure due to weakness in both his left arm and leg. Gravely, Dr. Talbot noted that Tonka was exhibiting coughing and shortness of breath after any period of exertion, and was struggling to climb or jump. After

performing radiographs, Dr. Talbot noted that Tonka's pre-existing issue with his heart had worsened and he felt that he was exhibiting clinical signs of congestive heart failure. Indeed, Dr. Talbot goes on to state in his declaration that due to Tonka's rapid physical decline, his prognosis was poor and he began the discussions of end of life decisions with me during the days following Tonka's exam, and was expecting his passing within a short period of time due the to serious nature of Tonka's condition. Dr. Talbot is a licensed veterinary professional, with both a doctorate and a master degree in the field of veterinary medicine. As Tonka's acting veterinarian, there is simply no person more qualified to state with any certainty as to Tonka's mortality.

Incredibly, Plaintiff both acknowledges the receipt of the various plethora of documentation submitted concerning Tonka's death, while also arguing that no such evidence has been submitted. Plaintiff's refusal to believe something is or is not factual, does not change the circumstances of the situation. Plaintiff's cited definition of "Proof" is further evidence that the Plaintiff's demands and actions are not reasonable or fair by their blatant refusal to accept any evidence provided. Plaintiffs and their counsel continue to attempt to persecute me by filing four separate motions to hold me in contempt of court, even after I had complied with their constant barrage of demands for yet further and further evidence of the death of Tonka.

Despite Plaintiff's apparent insistence and belief that these animals are going to live happily ever after in a fairy tale forever, sadly, we must acknowledge Tonka's death. He lived 40 exceedingly happy years in his home with people, and other chimpanzees, who loved him dearly.

As well per the courts request and my desire to rectify this situation a conference call was attempted on December 1 2021 to no avail. I, Tonia Haddix offered again.a polygraph test, a picture of the in question chimp deceased, and his ashes for DNA testing (with the stipulation that PETA treat the remains with dignity and return them once completed. I, Tonia Jaddix after not hearing whether or not PETA and Miss Scott would accept my offering or ever here of any counter offers assume plaintiffs are not willing to negotiate.

As well per the consent decree at the time of said chimp (Tonka) death he was to remain with I, Tonia Haddix so in which case there is no where in the consent decree does it states updates, status changes need to be reported to PETA except on the four chimps Tammy, Candy, Kerrie and Connor so for PETA to be asking I, Tonia Haddix to be held in contempt per the consent decree has no merit.


I, Tonia Haddix, am a normal Missouri woman, who is also battling cancer, and do not have the resources or legal knowledge to take on a multi-million dollar organization with seemingly endless time and money to use lawfare against me. It is my belief that this case should be dismissed with prejudice as the plaintiff is using this court as an instrument for baseless and ongoing harassment.

**I understand that the filing of this motion does not cancel the hearing or trial scheduled for December 20, 2021.**

I certify that a copy of this motion was emailed to clerk Tiffani Tillman on 12/02/2021.

Tonia Haddix
1234 State Rd. CC
Festus, MO 63028                    *Tonia Haddix*
417-440-1351