UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI PRIMATE FOUNDATION, )
et al., )
　 )
　　Plaintiffs and )
　　Counterclaim Defendants, )
　 )
v. ) Case No. 4:16-cv-02163
　 )
PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC., et al., )
　 )
　　Defendants and )
　　Counterclaim Plaintiffs. )

*Removed from seal per 6/2/22 order. Cathi DPry*

~~EX PARTE~~  cd
~~FILED UNDER SEAL~~

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

In accordance with Federal Rule of Civil Procedure 65(b) and (d), Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott's ("Plaintiffs") Motion for Temporary Restraining Order, and Order to Show Cause why Counterclaim Defendant Tonia Haddix should not be held in contempt for perjury, having come before this Court, and good cause appearing therefor, namely evidence showing that:

(i) Tonia Haddix ("Haddix") asserted at several hearings and in sworn affidavits that Plaintiffs could not effectuate Tonka's court-ordered transfer because he died on May 30, 2021;

(ii) Plaintiffs have submitted an audio recording they assert was captured on May 22, 2022, in which Haddix acknowledges that Tonka is alive, specifically discussing his purported current health condition and her veterinarian's supposed insistence that Haddix euthanize Tonka tomorrow, June 2, 2022.

(ii) Plaintiffs face a credible and imminent threat of irreparable harm should Haddix euthanize Tonka without any assessment of his well-being by a qualified veterinarian designated by Plaintiffs, or should she abscond with Tonka, because either would prevent Plaintiffs from obtaining the primary relief they seek, and which this Court has already ordered—Tonka's transfer to an accredited facility that has the resources and expertise to provide appropriate and lawful care to him; and

(iii) Haddix is in material breach of the Consent Decree,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order is **GRANTED**, and

1. Tonia Haddix, her agents, servants, employees and associates are hereby **TEMPORARILY RESTRAINED FROM** euthanizing Tonka, taking any steps to end his life, or relocating Tonka from the Property in any manner;

2. Plaintiffs' designee veterinarian must examine Tonka as soon as possible after entry of this Order. To that end:

    a. If Plaintiffs' designee veterinarian determines, in their sole discretion, that Tonka can be safely relocated, Plaintiffs shall transfer him to an accredited facility of their choosing within 7 days of the examination.

    b. If Plaintiffs' designee veterinarian determines at the time of the examination that Tonka cannot be safely relocated soon after, Plaintiffs shall promptly submit a notice and report for the Court's further consideration.

3. All parties must cooperate to effectuate the veterinary examination and transfer in a manner that is safe for Tonka and for all persons present. To that end:

a. Haddix, and any agents or other persons or entities under her direct or indirect control, are prohibited from interfering with or impeding Plaintiffs' veterinary assessment and transfer.

b. Haddix must continue to provide requisite food, water, and other care to Tonka pending his veterinary examination and transfer. However, to mitigate risks in connection with any sedation deemed required for his examination and transfer, Haddix, and any agents or other persons under her direct or indirect control, shall withhold all food from Tonka, including removing all remnants of food material from his enclosure(s), beginning at 8:00 p.m. on the night prior to the veterinary examination and transfer. Haddix shall provide clean, potable water at all times.

c. Haddix must allow representatives of PETA and their designees, and their vehicles and equipment, full access to Tonka and entry to his enclosure and to all ingress and egress points on her property, located at 1835 State Rd. TT, Sunrise Beach, MO 65079 ("Property"), in order to allow for the effectuation of the transfer.

d. Haddix, and any agents or other persons under her direct or indirect control, must cooperate with any reasonable requests for information or instructions by PETA or their designee about Tonka and his enclosure(s) that are reasonably necessary to effect a safe transfer.

e. Haddix, and any agents or other persons under her direct or indirect control, shall not permit any enclosures or cages at the Property to be unlocked other than at the request of representatives of Plaintiffs' designee or a United States

Marshal. Haddix, and any agents or other persons under her direct or indirect control, shall not otherwise allow any animals to be outside of their shift or holding cages at any time, shall block access to outdoor enclosures and chutes, except upon request of Plaintiffs' designee, and shall ensure that no dogs or any other animals are outside of their respective enclosures or roaming freely while activities are occurring in conjunction with the examination and transfer, including but not limited to any time representatives of PETA or a United States Marshal are on the Property in connection with carrying out the examination and transfer.

4. The United States Marshals Service shall serve Haddix with a copy of the Court's order at the Property, and shall remain at the Property until a representative of PETA arrives no later than 8:00 p.m. on June 2, 2022, or until further order of the Court. It is anticipated that the Court will make further orders for presence of the United States Marshals Service for the examination and transfer once arrangements are completed. The purposes of its presence are to (a) provide security, (b) help to ensure safety of all persons, and (c) ensure compliance by all parties with orders of the Court. The United States Marshal Service is authorized to take all measures deemed in its discretion to be necessary to ensure the safety of all involved in the Transfer. This authorization includes but is not limited to:

a. Requiring all person(s) at the facility to identify and surrender or sequester any firearms within their possession while the United States Marshal Service is on site.

    b. Ensuring that other than law enforcement personnel, only Haddix, representatives of PETA and their designees, and counsel to the parties, are permitted on the Property.

    c. Requesting any other law enforcement personnel, including members of state or county law enforcement, to assist the Marshal.

5. Haddix is prohibited from administering any sedation drug to Tonka until the examination and transfer, except when required in the event of a medical or public safety emergency. In the event Haddix administers or causes a third-party to administer any drug to Tonka between now and the examination and transfer, Haddix shall notify Plaintiffs' counsel within two hours of such administration.

6. Haddix must provide Plaintiffs, within four hours of receiving service of this order, all records of Tonka's care, husbandry, and/or treatment, and a list of all drugs and medications given to Tonka, from May 30, 2021, to present.

7. If Tonka should die naturally before Plaintiffs conduct the examination and transfer, Haddix must notify Plaintiffs and the Court within two hours of such death, and must preserve Tonka's body and make it available to Plaintiffs to have a necropsy conducted.

8. Recording of video (including via any surveillance cameras at the Property), taking of photographs, or monitoring by unmanned aerial vehicle (i.e., drone) of the examination and transfer is prohibited.

9. Haddix is prohibited from sharing the date(s) and/or time(s) of the examination and transfer with any non-party.

10. No bond is required because Haddix will not suffer any harm as a result of this injunctive relief; and

11. Such order will remain in effect until 5:00 p.m. on the 15th day of June, 2022.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Order to Show Cause Why Counterclaim Defendant Tonia Haddix Should Not Be Held in Contempt is **GRANTED**, and

1. Tonia Haddix shall appear at a hearing scheduled on **June 15, 2022 at 1:00 p.m. in Courtroom 3-North** and show cause why she should not be held in civil contempt for perjury and continued violations of the Consent Decree;

2. Tonia Haddix shall pay Plaintiffs' costs and attorneys' fees associated with the filing of this motion and their continued efforts to secure Haddix's compliance with the Consent Decree.

**SO ORDERED.**

Dated this 1st day of June, 2022 at 4:20 p.m.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

6