UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, et al., | ) <br> ) <br> ) |
| Plaintiffs and Counterclaim Defendants, | ) <br> ) <br> ) |
| v. | )    Case No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) <br> ) <br> ) <br> ) |
| Defendants and Counterclaim Plaintiffs. | ) <br> ) |

**SUPPLEMENT TO COUNTERCLAIM PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS INCURRED TO OBTAIN COMPLIANCE WITH THE CONSENT DECREE**

Counterclaim Plaintiffs People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs") submit this supplement in support of their motion for an award of attorneys' fees and other costs incurred in litigating Tonia Haddix's contempt [ECF No. 365]. In support of this supplement, Plaintiffs state:

1. In response to Plaintiffs' Motion to Hold Counterclaim Defendant Tonia Haddix in Contempt [ECF No. 287], this Court ordered that "Haddix shall pay to PETA its reasonable attorney's fees and expenses incurred in the filing of this motion." [ECF No. 299.]

2. In response to Plaintiffs' Third Motion for An Order to Show Cause Why Counterclaim Defendant Tonia Haddix Should Not Be Held in Contempt for Violating Consent Decree and Second Order of Civil Contempt [ECF No. 308], this Court ordered Haddix to "pay PETA's reasonable costs and attorney's fees associated with their efforts to obtain compliance with the Consent Decree and Second Order of Civil Contempt." [ECF No. 309.]

1

3. On July 28, 2021, Plaintiffs' counsel and Center for Great Apes' representatives and its designees arrived at the Festus facility to transfer seven chimpanzees to that sanctuary, as provided by the Court's order. [ECF No. 323]. Upon arrival at the facility, Plaintiffs learned that only six chimpanzees were present (Candy, Connor, Crystal, Kerry, Mikayla, and Tammy), and Haddix continued to assert that Tonka was dead. Accordingly, only those six chimpanzees were removed from the facility and successfully transported to Center for Great Apes. [ECF No. 332.]

4. On April 4, 2022, Plaintiffs filed a motion, supporting memorandum, and documentation requesting an award of $155,269.50 in attorneys' fees and $8,341.53 in costs to reimburse Plaintiffs for expenditures that they were required to incur because of Haddix's contempt of the Consent Decree and subsequent Court orders. [ECF Nos. 365-66.]

5. On June 1, Plaintiffs filed an ex parte motion for a temporary restraining order after receiving evidence demonstrating that chimpanzee Tonka is alive, that Haddix's filings and sworn testimony to the contrary were fabricated, and that she planned on "euthanizing" Tonka the next day. [ECF No. 367.] The court promptly held a hearing and entered a temporary restraining order, noting that Haddix was in material breach of the Consent Decree, preventing Haddix from relocating Tonka or ending his life, and providing for Plaintiffs' ability to transfer Tonka to an accredited facility. [ECF No. 371.]

6. On June 5, a veterinary examination revealed that Tonka could be safely relocated and that his planned "euthanasia" by Haddix was unwarranted. On June 6, the transfer was completed when Tonka arrived safely at the Global Federation of Animal Sanctuaries-accredited Save the Chimps sanctuary in Fort Pierce, Florida. [*See* ECF No. 374.]

7. At the time of the July 2021 transfer, Center for Great Apes had capacity and intended to accept Tonka along with the six other chimpanzees. After Haddix secreted Tonka

2

away, however, the sanctuary could not reserve that space indefinitely should Plaintiffs ever be able to locate Tonka and secure his transfer. [Goodman Declaration, ¶ 2.] Accordingly, on June 1, 2022, when Tonka needed to be urgently removed from Haddix's custody before she could abscond with or kill him, Center for Great Apes no longer had the capacity to accept him. [*Id.* ¶ 4.] Instead, Plaintiffs were required to identify another accredited facility that had the space and ability to care for him—Save the Chimps. [*Id.* ¶ 5.]

8. Tonka will remain at Save the Chimps at least until Center for Great Apes again has capacity to transfer him to that sanctuary, which is anticipated by September 2022. [Goodman Declaration, ¶ 6.]

9. Whereas Center for Great Apes was not requiring Plaintiff PETA to pay for care costs for any of the chimpanzees pursuant to a previous agreement, Save the Chimps requires reimbursement for their expenditures incurred for Tonka's transportation and continuing care. [Goodman Declaration, ¶¶ 3, 7.]

10. Accordingly, Plaintiffs have been required to incur substantial expense in continuing to litigate Haddix's contempt and in relocating Tonka, *none* of which would have been necessary if Haddix had allowed Tonka to be moved in July 2021 as required by the Court's orders. [Goodman Declaration, ¶ 8.]

11. As detailed in the accompanying declaration, Plaintiffs have incurred an additional $24,535.50 in attorneys' fees and $40,721.37 in costs. They therefore request a **total award of $179,805.00 in attorneys' fees and $49,062.90 in costs**.

12. In light of Haddix's repeated demonstration of contempt for the judicial system and process, and disregard of the legal consequences of her conduct, Plaintiffs further request that Haddix be ordered to pay the full amount of the award within seven days of the Court's

order on Plaintiffs' motion, and if she cannot, to post a bond for the full amount of the award within seven days of the Court's order and to pay the full amount of the award within thirty days of the order.

Dated: July 8, 2022                         Respectfully submitted,

/s/ Jared Goodman
JARED GOODMAN (#1011876DC)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323.210.2266
Fax No: 213.484.1648
jaredg@petaf.org

POLSINELLI PC
JAMES P. MARTIN (#50170)
KELLY J. MUENSTERMAN (#66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com
*Attorneys for Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on July 8, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent and served to counsel of record.

/s/ Jared Goodman