# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| MIssouri Primate Foundation et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:16-cv-02163 |
| People for the Ethical Treatment of Animals, Inc. and Angela Scott ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Jerry Aswegan, 1835 State Road TT, Sunrise Beach, MO 65079

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Polsinelli PC<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102 (or e-mail to JaredG@petaf.org) | Date and Time:<br>05/29/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/27/2023

*CLERK OF COURT*

_____   OR   *[signature]*
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* People for the Ethical Treatment of Animals, Inc. and Angela Scott , who issues or requests this subpoena, are:

Jared Goodman, 2154 W. Sunset Blvd., Los Angeles, CA 90026; JaredG@petaf.org; 323-210-2266

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A

**TO:** Jerry Aswegan
1835 State Road TT
Sunrise Beach, MO 65079

**YOU ARE COMMANDED** to produce the documents, electronically stored information, or objects described below, in accordance with the following Instructions and Definitions:

## INSTRUCTIONS

1. The use of the singular form of any word includes the plural and vice versa.

2. This subpoena covers all documents, including electronically stored information (ESI), in, or subject to, your possession, custody, or control, including, but not limited to, all documents (including ESI) that you have the ability to obtain, that are responsive, in whole or in part, to the subpoena. *Information that exists in electronic form is specifically requested to be produced in native or near-native formats* and should not be converted to imaged formats. Native format requires production in the same format in which the information was customarily created, used and stored by you. The table below supplies examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced.

| Source ESI | Native or Near-Native Form or Forms Sought |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint presentations | .PPT, .PPTX |
| Microsoft Access databases | .MDB, .ACCDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat documents | .PDF |

1

| Images | .JPG, .JPEG, PNG |
|---|---|
| Video | .AVI, .FLV, .WMV, .MOV, .MP4 |
| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard). For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. For Lotus Notes mail, furnish .NSF files or convert to .PST. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |
| Databases | Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving metadata values, keys and field relationships. If doing so is infeasible, please identify the database and supply information concerning the schemae and query language of the database, along with a detailed description of its export capabilities, so as to facilitate crafting a query to extract and export responsive data. |

3. Documents that do not exist in native electronic formats or which require redaction of privileged content should be produced in searchable .PDF formats or as single page .TIFF images with OCR text furnished and logical unitization and family relationships preserved.

4. Unless otherwise specified in a particular numbered Documents to Produce, the documents requested are those that have been generated by or have been in your possession, custody, or control at any time from September 1, 2020 to the present.

**DEFINITIONS**

1. "You" and "your" shall refer to the Responding Parties and any representatives,

2

agents, volunteers, employees, and others acting on their behalf.

2. The words "and" and "or" shall be construed either conjunctively or disjunctively as broadly as necessary to make the requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

3. "Communication" means any oral statement, dialogue, colloquy, discussion, correspondence or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

4. "Document" means all written, typed, or printed documents and tangible things and all magnetic, electronic, or other recording or documentation of any kind in your possession, custody, or control, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of this arbitration. The term "document" includes, without limitation, books, papers, records, letters, notes, schedules, tabulations, vouchers, accounts, statements, financial statements, balance sheets, income or revenue statements, debt summaries, profit-and-loss statements, spreadsheets, data bases, affidavits, memoranda, records, communications, electronic mail ("e-mail"), text messages, minutes, reports, abstracts, agreements, contracts, calendars, drafts, drawings, photographs, blueprints, slides, sketches, video recordings, audio recordings (including voicemails), charts, graphs and similar items, including originals, copies, or reproductions of any kind, and shall also include any kind of transcript, transaction, or recording of any audio or visual presentation or communication of any kind. The term "document" shall further include other data compilations or Electronically Stored Information of any kind, including data or information that can be obtained or translated through detection devices or other means into any reasonably useable or readable format.

5. "Electronically Stored Information" or "ESI" means all documents that are stored in any electronic medium from which information can be obtained.

6. "Financial transfer" means any transfer, payment, gift, exchange of any money, securities, shares, bonds, real property, personal property, goods, negotiable instruments, promissory notes, checks, cash, wages, salaries, bonuses, fees, consulting fees, management fees, or loans from you to any other person or other entity.

7. "Relating to" or "related to" means directly or indirectly concerning, respecting, referring to, pertaining to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, arising or resulting from, disagreeing with, showing, describing, analyzing, representing, constituting, including, or in any way legally, logically, or factually connected with the matter discussed.

## DOCUMENTS TO PRODUCE

1. All Federal and State tax returns, including all schedules, for you separately or jointly with another or others, for the years 2020 to date.

2. All documents evidencing, relating to, or reflecting any loans made by you to any person or entity from 2020 to date.

3. All documents evidencing, relating to, or reflecting any loans made to you from any person or entity from 2020 to date.

4. All documents evidencing any financial transfer and/or sale and/or transfer of assets by you to any third party, and all documents evidencing any sums of money received by you, as a result of any such sale or transfer of assets from 2020 to date.

5. All documents evidencing, relating to or referring to the ownership of personal property with an original purchase price of at least $100 by you for the years 2020 to date.

6. All documents evidencing or related to any financial transfers between you and Tonia Haddix, or any entities in which you or Tonia Haddix have any interest, from 2020 to date.

7. All documents evidencing any cash currently in your possession.

8. All documents evidencing any government and/or corporate bonds or other negotiable and/or nonnegotiable instruments in which you have or claim an interest.

9. All documents evidencing any loans, loan contracts, promissory notes or deeds of trust that you are or were a party to, signatory on, or guarantor of, either separately or jointly with another or others. Please include copies of any notices of default, statements, or correspondence received from a creditor within the last year indicating default or alleging a breach of the terms of said obligation.

10. A list of any lawsuits, judicial proceedings, or administrative proceedings to which you are or were a party, either separately or jointly with another or others, within the last three (3) years, including the caption of the suit or administrative proceeding, the case number, the nature of the proceeding, the court or agency in which such case is or was pending, and the status or disposition of such proceeding.

11. Copies of all judgments entered against you within the last three (3) years.

12. All documents evidencing the transfers of money or property (real or personal), including gifts, with a value in excess of $500.00, to any third party during the last three (3) years, made by you, either separately or jointly with another or others.

13. All contracts for the purchase or sale of goods or services, all business agreements, all employment contracts and agreements, and all other contracts or agreements, to which you are

5

or were a party since September 1, 2020, which provide or provided for the payment of any money to you, or which provide or provided for the receipt of any tangible or intangible property, service, compensation, or other benefit to you of any kind or nature whatsoever, whether directly or indirectly, whether tangible or intangible, real or personal, intellectual, non-intellectual or mixed.

14. All receipts, appraisals, titles and any other documents evidencing your interest, either separately or jointly with another or others, in any property with a value in excess of $1,000.00.

15. All applications for loans or leases made or executed by you or on behalf of you since September 1, 2020.

16. A list of all property valued over $100, other than property transferred in the ordinary course of your business or financial affairs, transferred either absolutely or as security for repayment of any debt, since September 1, 2020.

17. A list of all property owned by another person that is currently in your possession or control. Please include the name and address of the owner, the description and value of the property, and the location of the property.

18. All documents evidencing any transfers of money, goods, equipment or other property valued over $100 owned by you, or in which you claimed an interest, or by any entity in which you have any interest, to Tonia Haddix or any entity in which Tonia Haddix has any interest, since September 1, 2020.

19. All checks, cancelled checks, drafts, money orders, wire transfers, receipts, statements or other documents evidencing the receipt of money by you or by any entity in which you have any interest, from Tonia Haddix or any entity in which Tonia Haddix has any interest, since September 1, 2020.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:16-cv-02163

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).