UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC., )
et al., )
)
      Counterclaim Plaintiffs, )
)
   v. )      Case No. 4:16 CV 2163 CDP
)
TONIA HADDIX, )
)
     Counterclaim Defendant. )

## MEMORANDUM AND ORDER

Presently before the Court is counterclaim plaintiff People for the Ethical Treatment of Animals, Inc.'s (PETA's) Sixth Motion for Civil Contempt directed toward counterclaim defendant Tonia Haddix and others "for Violating the Consent Decree, Transfer Order, Hearing Order, and Restraining Order" of this Court.  (ECF 392.)  PETA also seeks leave to conduct discovery to aid in its civil contempt motion.  (*Id.*)  Haddix moves to stay proceedings on PETA's civil contempt motion as it relates to her given that the subject matter of the motion substantially overlaps with a criminal investigation against her for perjury and a separate criminal contempt proceeding against her for violating Court orders. Because PETA does not identify a proper basis for seeking civil contempt, I will deny the motion.  I will deny Haddix's motion to stay as moot.

PETA's motion sets out some of Haddix's numerous past violations of Court orders, and it identifies ways in which others[1] assisted Haddix to accomplish those violations.  But PETA does not state exactly what it would hope to achieve by an order of civil contempt, as opposed to a criminal contempt proceeding.  "Civil contempt involves imprisonment or monetary sanctions that are designed to coerce the contemnor to comply with a court order or to compensate a litigant for damages caused by the contemnor's noncompliance."  *Josephs v. Marzan*, Civ. No. 21-749 (JRT/DTS), 2024 WL 3904646 at *3 (D. Minn. Aug. 22, 2024).  Persons held in civil contempt must be able to purge themselves of the contempt by taking an action to bring them into compliance with the Court order.  *See*, *e.g.*, *In re Steward*, 828 F.3d 672, 686 (8th Cir. 2016) ("Civil contempt is distinguished from criminal contempt by the presence of a purgation provision, which allows the contemnor to purge himself of contempt by complying with the court's orders.").  In other words, an order of civil contempt may not be used simply to punish an offender for past acts of contempt.

In this sixth motion for civil contempt, PETA argues that Haddix and her accomplices should be held in contempt for violating the Consent Decree (ECF 274), Transfer Order (ECF 322), Hearing Order (ECF 360), and Restraining Order

---

[1] PETA identifies Jerry Aswegan, Connie Casey, and Cy Viestra as accomplices in Haddix's violations of Court orders.

(ECF 371) entered by this Court.  But Haddix has already been held in civil

contempt for those violations, and PETA has already been awarded its attorneys'

fees and costs as compensation for Haddix's noncompliance with those orders.

(*See* ECF 386, Memo. & Ord., filed Mar. 27, 2023.)  PETA does not identify what

action either Haddix or her alleged accomplices could now take to purge

themselves of civil contempt either by compliance with Court orders or by

additional compensation.  In short, PETA presents nothing in its motion showing

how it would benefit with an additional finding of civil contempt.

"[W]hether a contempt is civil or criminal turns on the character and purpose

of the sanction involved."  *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S.

821, 827 (1994) (internal quotation marks omitted).  "If the sanction is punitive

and vindicates the authority of the court, it is criminal, but if it is remedial and for

the benefit of the complainant, it is civil."  *United States v. Two Gen. Elec. Aircraft*

*Engines*, 317 F. Supp. 3d 516, 521 (D.D.C. 2018).  Criminal contempt proceedings

against Haddix have been initiated under Rule 42, Federal Rules of Criminal

Procedure, for much of the conduct alleged in PETA's motion (*see* ECF 403), and

the United States Attorney has recently informed the Court that it will undertake

the prosecution of Haddix for criminal contempt.

Because PETA's sixth motion for civil contempt does not seek any remedial

sanction for its own benefit, I will deny the motion.  As Haddix seeks to stay

proceedings against her on PETA's motion for civil contempt, her request to stay those proceedings is now moot.

Accordingly,

**IT IS HEREBY ORDERED** that counterclaim plaintiff People for the Ethical Treatment of Animals, Inc.'s (PETA's) Sixth Motion for Civil Contempt and for discovery relating thereto [392] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that counterclaim defendant Tonia Haddix's Motion to Stay Civil Proceedings [404] is **DENIED as moot.**


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2024.