UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION et al., | ) ) ) |
| Plaintiff and Counter Defendants, | ) ) |
| v. | ) ) ) |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., et al., | ) ) ) ) Case No. 4:16-cv-02163-SRC |
| Counter Claimants, | ) ) |
| v. | ) ) ) |
| TONIA HADDIX, | ) ) |
| Counter Defendant. | ) |

## Order

The sole pending motion in this case relates to a subpoena *duces tecum* dating back to June 2023.  See doc. 398 at 3.[1]  Counterclaimants, People for the Ethical Treatment of Animals, Inc. and Angela Scott, served Jerry Aswegan—husband of Tonia Haddix—with the subpoena on June 20, 2023, *id.*, "to aid" Counterclaimants' "efforts to locate eligible assets belonging to Haddix to satisfy" their "fees and costs award," *id.* at 1.

Fast forward to November 2024, and Counterclaimants filed their motion to compel, arguing that "Aswegan has completely ignored both the subpoena as well as" their "efforts to meet and confer with him."  *Id.* at 1–2.  And so Counterclaimants request that the Court "compel Aswegan to respond to the subpoena."  *Id.* at 7.  Counterclaimants also go a step further.  They argue that, because Aswegan has "a well-documented history and pattern of ignoring directives

---

[1] The Court cites to page numbers as assigned by CM/ECF.

lawfully issued pursuant to this Court's authority," *id.* at 2, the Court should also "require Aswegan to show cause why he should not be held in civil contempt for willfully defying the subpoena," *id.* at 7.  Counterclaimants also request that the Court "require Aswegan to pay" their "costs and fees associated with the filing of" their motion to compel.  *Id.* at 7.  Thus, the Court takes each of Counterclaimants' requests in turn; but first, some background is in order.

This case presents a lengthy history, as evidenced by the voluminous docket.  And the Court need not rehash a blow-by-blow account here.  Shortly after Counterclaimants filed their instant motion, the Court, pursuant to Federal Rule of Criminal Procedure 42(a)(2), requested "that the United States Attorney for the Eastern District of Missouri prosecute" Haddix "for criminal contempt."  Doc. 403 at 10.  Some days later, the U.S. Attorney's Office "accepted that referral and" explained that "a criminal investigation" was "under way."  Doc. 407 at 1.  Then, the Honorable Catherine D. Perry recused herself from the case "to avoid any potential appearance of impropriety," doc. 411 at 1, and the Clerk of Court randomly reassigned the case to the undersigned, doc. 412.

In March 2025, the Court held a status conference to discuss the status of the case and set a plan for any next steps in the case.  *See* docs. 415, 421.  Before the status conference, the parties indicated in their proposed agenda that they would like to discuss, among other things, Counterclaimants' motion to compel, which they noted "is ripe for a ruling."  Doc. 419 at 1.  At the status conference, the Court inquired about, among other things, the motion, whether Aswegan filed any response in opposition to the motion, whether Haddix's counsel represented Aswegan, and whether Aswegan had his own counsel.  *See* doc. 421.

Based on the parties' representations, Aswegan did not and does not have counsel. Further, Haddix's counsel does not represent Aswegan.  And lastly, all parties agree that the

2

criminal referral of Haddix (and any potential criminal charges brought against her) does not impact Counterclaimants' motion.  Likewise, when the Court asked Counterclaimants if they would like to submit additional briefing on their motion, they declined and directed the Court to their already-filed papers.  In the end, the Court took Counterclaimants' motion under advisement, *see* doc. 421, and rules on it now.

**I.      Motion to compel**

Pursuant to Federal Rule of Civil Procedure 45, Counterclaimants issued a subpoena in April 2023, requesting a host of documents from Aswegan—a non-party to this case.  *See* doc. 398-2 at 2–10.  The Camden County Sherriff's Office served Aswegan with the subpoena on June 20, 2023.  Doc. 398 at 3; *see also* doc. 398-3 at 2–4.  To date, Aswegan has not responded to the subpoena or Counterclaimants' numerous attempts to meet and confer with him.  Doc. 398 at 3.  Also, neither Aswegan nor any counsel on his behalf has entered an appearance in this case, and so he has not filed any response in opposition to Counterclaimants' motion.

To the point, Counterclaimants issued a valid subpoena and complied with the requirements of Federal Rule 45; therefore, Aswegan must respond to the subpoena.  *See, e.g.*, *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340–41 (8th Cir. 1975) ("A subpoena is a lawfully issued mandate of the court issued by the clerk thereof," and "it is within the court's power to force that response."); *Terraform Labs PTE, Ltd. v. RH Montgomery Props. Inc.*, No. 4:23-mc-01459-MTS, 2024 WL 21472, at *1 (E.D. Mo. Jan. 2, 2024) (compelling non-party to respond to subpoena after it "failed to object to the subpoena or move to quash it").

And so the Court compels Aswegen to, no later than April 30, 2025, respond to Counterclaimants' subpoena.  To ensure Aswegan has a copy of the subpoena and this order, the Court orders that Counterclaimants must, no later than April 16, 2025, serve on Aswegan a copy

3

of the subpoena and this order. Once service is complete, Counterclaimants must, within two days after completing service, file proof of service with the Court.

## II.     Show-cause request

In addition to compelling Aswegan's response to the subpoena, Counterclaimants request that the Court "teach[] Aswegan that ignoring and disrespecting the judicial process will not be tolerated." Doc. 398 at 2. Counterclaimants highlight Aswegan's "well-documented history and pattern of ignoring directives lawfully issued pursuant to this Court's authority." *Id.*

Also, during the status conference, Counterclaimants reminded the Court that Judge Perry, in a June 2022 letter (a copy of which the Court attaches to this order), requested that the U.S. Attorney's Office "conduct a criminal investigation into and, if appropriate, to bring criminal charges against . . . Aswegan for perjury." Doc. 392-4 at 5. And so now Counterclaimants request that the Court also "require Aswegan to show cause why he should not be held in civil contempt for willfully defying the subpoena." Doc. 398 at 7.

"The court," pursuant to Federal Rule 45(g), "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "The contempt power is a most potent weapon, and therefore it must be carefully and precisely employed." *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998) (quoting *Mahers v. Hedgepeth*, 32 F.3d 1273, 1275 (8th Cir. 1994)). And so while a "subpoena is a judicial process, punishable by the judicial remedy of contempt," *Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018), the advisory committee notes to the most recent amendments to Federal Rule 45 explain that, "[i]n civil litigation, it would be *rare* for a court to use contempt sanctions *without first ordering compliance with a subpoena*," Fed. R. Civ. P. 45 advisory

4

committee's note to 2013 amendment (emphases added). "Disobedience of such an order may" then "be treated as contempt." *Id.*

Thus, while the Court needs no reminder of Aswegan's conduct throughout this case and in conjunction with the subpoena, the Court declines Counterclaimants' request—at this juncture—to issue a show-cause order related to Aswegan's potentially contemptuous avoidance of Counterclaimants' subpoena. But, to be clear, if Aswegan does not comply with the Court's order, it very well may resort to contempt proceedings pursuant to Federal Rule 45(g), upon proper motion.

### III.   Request for costs and fees

In the final sentence of their motion, Counterclaimants also request that the Court "require Aswegan to pay" their "costs and fees associated with the filing of" their motion. Doc. 398 at 7. But other than their conclusory request, Counterclaimants do not provide any information as to the amount of fees and costs expended in filing the motion or, most importantly, shed any light on the Court's authority to provide the relief that they seek. To the extent that Counterclaimants seek reimbursement of their fees and costs as a contempt sanction under Federal Rule 45(g), the Court has already declined taking this step, for now.

Therefore, the Court declines Counterclaimants' request to order Aswegan to pay their costs and fees associated with the filing of their motion to compel. In the event Aswegan fails to comply with this order, the Court may revisit its decision, again upon proper motion.

### IV.   Conclusion

Accordingly, the Court grants in part and denies in part Counterclaimants' [398] motion to compel. Specifically, the Court compels Aswegen to, no later than April 30, 2025, respond to Counterclaimants' subpoena. To ensure Aswegan has a copy of the subpoena and this order, the

5

Court orders that Counterclaimants must, no later than April 16, 2025, serve on Aswegan a copy of the subpoena and this order. The Court also recommends that Counterclaimants employ appropriate methods to effect service. Further, once service is complete, Counterclaimants must, within two days after completing service, file proof of service with the Court.

At this juncture, the Court declines Counterclaimants' request to issue a show-cause order relating to Aswegan's potentially contemptuous behavior; however, if Aswegan fails to comply with this order, the Court very well may resort to contempt proceedings pursuant to Federal Rule 45(g), upon proper motion. The Court also declines Counterclaimants' request for Aswegan to reimburse their fees and costs expended in filing their motion to compel. But again, if Aswegan fails to comply with this order, the Court may revisit its decision, likewise upon proper motion.

So ordered this 9th day of April 2025.

_SL R. Cl_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE